IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, and JOHN MEINERS, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 4:23-cv-00788-SRB<br>) |
| v. | ) Honorable Judge Bough<br>) |
| NATIONAL ASSOCIATION OF REALTORS, COMPASS, INC., EXP WORLD HOLDINGS, INC., REDFIN CORPORATION, WEICHERT RELATORS, UNITED REAL ESTATE, HOWARD HANNA REAL ESTATE SERVICES, and DOUGLAS ELLMAN, INC. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANT NATIONAL ASSOCIATION OF REALTORS'® MOTION TO STAY

Defendant National Association of REALTORS® respectfully moves this Court to stay this action pending this Court's resolution of NAR's post-trial motions and, should the Court deny those motions, NAR's appeal in *Burnett v. National Association of Realtors*, No. 4:19-cv-0332-SRB (W.D. Mo. Apr. 29, 2019).

The *Burnett* post-trial motions and appeal will address issues central to this action. Both actions are brought on behalf of home sellers who (incorrectly) allege they were damaged by paying a "commission to the buyer's broker in connection with the sale of the home." *Compare Gibson* Complaint (ECF No. 1) ¶ 151, *with Burnett* Third Amended Complaint (*Burnett* ECF No. 759) ("*Burnett* Complaint") ¶ 118. The complaints even use identical language to articulate their claims. *E.g., compare Gibson* Complaint ¶ 3 ("The cornerstone of Defendants' conspiracy is NAR's adoption and implementation of a rule that requires all seller's brokers to make a blanket,

unilateral and effectively non-negotiable offer of buyer broker compensation … when listing a property on a Multiple Listing Service[.]"), *with Burnett* Complaint ¶ 3 (substantially same). Among other issues, NAR's forthcoming post-trial motions and appeal will challenge (1) the *Burnett* plaintiffs' standing theory on the basis that they purchased services from their own listing agents, who then purchased buyer broker services, and thus are indirect purchasers of buyer broker services, and (2) whether a rule of reason or per se analysis should be applied to plaintiffs' legal theories. The *Gibson* Complaint implicates these same issues. If successful, NAR's appeal of these and other issues will result in a binding appellate decision that eliminates this case entirely or, at a minimum, significantly impacts the scope of discovery. Thus, a stay would save substantial resources for both the Court and litigants by avoiding duplication of efforts and preventing conflicting decisions that would require additional time and resources to reconcile.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 945 (8th Cir. 2007) (internal quotation omitted). A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket. *See Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). "Factors relevant to the determination of whether a stay is warranted include, but are not limited to, conserving judicial resources, providing for the just determinations of cases before the court and balancing the hardships that a stay might cause for the parties." *See Ceska zbrojovka Defence SE v. Vista Outdoor, Inc.*, No. 22-cv-1256 (WMW/DJF), 2023 WL 171886, at *2 (D. Minn. Jan. 12, 2023) (internal citation omitted). All these factors—judicial economy, just determination of the case, and balance of the hardships—weigh in favor of a stay in this case.

**Judicial Economy.** A stay is warranted here because it raises duplicative issues already pending before a federal court that "could well have meaningful implications" on the claims at issue in this litigation. *See Reese v. Tyson Poultry, Inc.*, No. 3:22-cv-05053-RK, 2023 WL 3015703, at *2 (W.D. Mo. Mar. 27, 2023) (granting stay where issue on appeal to Supreme Court could affect resolution of district court litigation). Courts in this Circuit have stayed cases in highly similar situations. For example, in *Prism Technologies, LLC v. United States Cellular Corporation*, the plaintiffs sued multiple defendants and prevailed at a high-stakes trial against one, resulting in post-trial motions and an anticipated appeal. No. 8:12CV125, 2015 WL 13215454, at *1-2 (D. Neb. Sept. 29, 2015). The district court stayed proceedings "pending resolution of post-trial motions and future appeals to the United States Court of Appeals [] arising from this Court's rulings" in related matters. *Id*. at *2; *see also Midwest Eng'g Components, Inc. v. Bonfiglioli USA, Inc*., No. 23-cv-0347 (WMW/TNL), 2023 WL 6163970, at *2 (D. Minn. Sept. 21, 2023) ("Issuance of a stay would conserve judicial resources by saving this Court from deciding the same issue. . ."); *Ceska zbrojovka Defence SE*, 2023 WL 171886, at *3 (holding that a stay was warranted because any decision by the court would "necessarily duplicate the Tenth Circuit's efforts through the contemporaneous expenditure of judicial resource"). Staying this action pending the *Burnett* post-trial motions and appeal would avoid inefficiently duplicating judicial efforts to address identical legal questions that could have a dispositive impact on this case.

NAR anticipates its post-trial motions and appeal will argue, among other things, that Plaintiffs (home sellers) were, at most, indirect purchasers of the named Defendants who lacked standing under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) and *Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1169 (8th Cir. 1998), that the Court should have applied rule of reason, and

that the Court should not have allowed plaintiffs to submit certain evidence and make certain arguments to the jury that will be detailed for this Court in NAR's post-trial motions. These issues are directly implicated by the *Gibson* Complaint, which alleges that "Defendants' conspiracy is a per se violation under the federal antitrust laws, specifically 15 U.S.C. § 1," *Gibson* Complaint ¶ 172, and raises claims "on behalf of home sellers who paid a buyer broker commission," *Gibson* Complaint ¶ 29. If the Eighth Circuit were to rule in NAR's favor on either of these questions, that decision would "very likely determine the disposition of this case." *Gillick v. Willey*, No. 4:19-CV-03095-SEP, 2020 WL 5017291, at *3 (E.D. Mo. Aug. 25, 2020). "Subjecting the parties to costly discovery—and devoting substantial judicial resources to an unsettled question of law—would not be prudent when directly relevant guidance from the Eighth Circuit is forthcoming." *Id.*

**Just Determination.** The just-determination factor weighs in favor of a stay because a stay would "effectuate attendant principles of wise judicial administration." *See Ceskazbrojovka Defence SE*, 2023 WL 171886, at *3 (citing *Selph v. Nelson, Reabe & Snyder, Inc.*, 966 F.2d 411, 413 (8th Cir. 1992) (internal quotation marks omitted) (reversing denial of stay when parties were engaged in concurrent litigation in another federal court). Failure to stay this case while the *Burnett* motions and/or appeal are pending leaves the parties and this Court vulnerable to uncertainty and the possibility that issues will need to be relitigated. In other words, waiting for the Eighth Circuit to first issue a decision in *Burnett* will provide clarity on relevant law and assist this Court in rendering a decision on the merits. *See Midwest Eng'g Components*, 2023 WL 6163970, at *3 (citing *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 924 (D. Minn. 2016)) (In this matter, "a stay may simplify disputed issues, clarify the law and assist the Court in its decision on the merits, the just-determination factor, therefore, favors the issuance of a stay."). For the same reasons as above, justice supports a stay.

**Balance of Hardships.** A stay would conserve resources for *all* parties, notwithstanding Plaintiffs' apparent opposition. Without a stay, the Court and parties would waste time and expenses in this case litigating many of the same legal issues already before this Court and on appeal in *Burnett*. Further, they would incur significant time and expenses *relitigating* any decisions by this Court that conflict with the Eighth Circuit. Moreover, compelling Defendants to be subject to discovery without final rulings from this Court and clarity from the Eighth Circuit would impose a lopsided and undue burden since Plaintiffs have little discovery to give and Defendants will likely incur significant time and expense responding to discovery. And the delay will not harm Plaintiffs. Plaintiffs have filed their Complaint and a stay will not bear on the question of whether their claims are timely. A delay to resolve the important legal issues benefits Plaintiffs and does not unduly prejudice them. *See Flockhart v. Synchrony Bank*, No. 17-CV-4019-MWB, 2017 WL 3276266, at *3 (N.D. Iowa Aug. 1, 2017) (granting stay over plaintiff's objections where "no party is unduly prejudiced" by a stay, but continuing "active discovery" while a relevant D.C. Circuit decision was pending would "unduly burden[]" the parties and the Court). In short, a delay is necessary to ensure fair adjudication of the action and will not prevent Plaintiffs from pursuing their claims in a timely manner after the *Burnett* post-trial motions and/or appeal are ruled on. *See Midwest Eng'g Components*, 2023 WL 6163970, at *3 (granting a stay that would delay Plaintiff from pursuing its claims, stating a delay was "necessary to a fair adjudication of the matter").

\* \* \*

NAR respectfully moves this Court to stay this action pending the resolution of *Burnett*.

Dated: December 27, 2023                          Respectfully submitted,

/s/ Ethan Glass
Ethan Glass (*pro hac vice*)
Samantha Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 776-2244
eglass@cooley.com
sastrauss@cooley.com

Beatriz Mejia (*pro hac vice*)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
mejiab@cooley.com

Charles W. Hatfield (MO Bar # 40363)
Alexander C. Barrett (MO Bar # 68695)
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
(573) 636-6263
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

***Attorneys for Defendant NATIONAL ASSOCIATION OF REALTORS®***

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2023, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/ *Ethan Glass*
Ethan Glass (pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 776-2244
eglass@cooley.com

***Attorney for Defendant NATIONAL ASSOCIATION OF REALTORS®***

293820735