# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, ET AL.,<br><br>    Defendants. | C/A NO.: 4:23-CV-00788-SRB<br><br>OBJECTION TO NATIONAL CLASS ACTION SETTLEMENTS FOR COMPASS, INC. ("COMPASS"), THE REAL BROKERAGE, INC. AND REAL BROKER, LLC (TOGETHER, "REAL BROKERAGE"), REALTY ONE GROUP, INC. ("REALTY ONE"), AT WORLD PROPERTIES, LLC (@PROPERTIES), DOUGLAS ELLIMAN, INC. AND DOUGLAS ELLIMAN REALTY, LLC, (TOGETHER, "DOUGLAS ELLIMAN"), REDFIN CORPORATION ("REDFIN"), ENGEL & VÖLKERS GMBH AND ENGEL & VÖLKERS AMERICAS, INC., AND THEIR AFFILIATE ENGEL & VÖLKERS NEW YORK REAL ESTATE LLC (TOGETHER "ENGEL & VÖLKERS"), HOMESMART HOLDINGS, INC. ("HomeSmart"), FIVE D L, LLC (D/B/A UNITED REAL ESTATE), PREMIERE PLUS REALTY CO., CHARLES RUTENBERG REALTY - ORLANDO, LLC ("CRR-ORLANDO") (TOGEHTER, (UNITED REAL ESTATE") AND SUGGESTIONS IN SUPPORT OF THE OBJECTION |

       In compliance with the Preliminary Approval Order and the Long Form Notice of Proposed Settlements of Compass, Inc. ("Compass"), The Real Brokerage, Inc. and Real Broker, LLC (together, "Real Brokerage"), Realty ONE Group, Inc. ("Realty ONE"), At World Properties, LLC ("@properties"), Douglas Elliman, Inc. and Douglas Elliman Realty, LLC, (together "Douglas Elliman"), Redfin Corporation ("Redfin"), Engel & Völkers GmbH and Engel & Völkers Americas, Inc., and their affiliate Engel & Völkers New York Real Estate LLC (together "Engel & Völkers"),

HomeSmart Holdings, Inc. ("HomeSmart"), Five D L, LLC (d/b/a United Real Estate), Premiere Plus Realty Co., Charles Rutenberg Realty - Orlando, LLC ("CRR-Orlando") (together, ("United Real Estate"), the following members, who have only once objected previously in *Burnett, et al. V. The NAR, et al.*, C/A No. 19-CV-00332-SRB, object on behalf of the proposed class of individuals who sold homes on an MLS Listing Service servicing the District of South Carolina:

>
> Robert Benjamin Douglas
> Rdoug2172@gmail.com
> Address: 63 ½ Maple Street
> Charleston, SC 29403
> Phone # (859) 699-3952
> Home Sold: 14 N. Tracy Street
> Charleston SC 29403
> Date of Sale: 2/28/2023
> Listing Broker: Daniel Ravenel
> Sotheby's International Realty
> Buyer's Broker: Maven Realty
>
> Benny D. Cheatman
> Benny_cheatham@yahoo.com
> 101 Five Oaks Drive, Landrum, SC 29356
> Home Sold: 513 Minnow Drive, Pawleys Island, SC 29585
> Date of Sale: 7/24/2023
> Listing Broker: The Litchfield Company
> Buyers Broker: The Litchfield Company
>
> Douglas W. Fender II, Dena Marie Fender
> doug.w.fender@gmail.com
> 134 Lancelot Court
> Lexington, SC 29072
> Telephone: (803) 542-8019
> Home Sold: 208 Spring Water Drive
> Columbia, SC 29233
> Date of Sale: 8/30/23
> Listing Broker: Century 21 Vanguard
> Buyer's Broker: Coldwell Bank Realty

## I. Introduction

The Objectors oppose the national class action settlements in their present form and propose that the settlements be denied final approval for a number of reasons.

## II. The Settlements are Inadequate.

To begin, the settlements are inadequate based on the size of the national class. There appears to be no rational bases for the settlement amounts which provide class members very small remuneration for the damages which they suffered. Objectors are part of a second class action which they filed in South Carolina against local realtors, MLSs, and local Boards of Realtors. Two of the MLSs are not members of the National Association Board of Realtors and have formed their own independent MLSs. The aggregate settlement for the now settling Defendants totals $110,000,000.00, and if totaled with the earlier settlements in the *Burnett* decision, the total recovery is only $318,500,000.00. While this seems like a large number, during the relevant period of time, the average sales price in the United States for a residence was $470,000.00, and therefore, three (3%) of that amount would be equal to $14,100.00. (See Exhibit 1, www.statista/statistics.com). Given the fact that it appears the class exceeds thirty (30) million members, the total damage to the members is $4.371 Trillion Dollars, excluding trebling under the Sherman Anti-Trust Act and a separate award of

3

attorneys' fees.

Next, the settlement agreements at issue release local realtors whose annual sales volume is less than Two Billion ($2,000,000.00) Dollars per year without any consideration. Elementary contract law provides that there cannot be a bilateral contract without mutual consideration. It is axiomatic in our law that a release is a contract and subject to contractual principles. It is further axiomatic that, for a contract to form, there must be consideration. Consideration is "the exchange of something of value as between the parties, which may include a promise." *Crutcher v. Multiplan, Inc.*, 22 F.4th 756, 768 (8th Cir. 2022). The proposed settlement in no way binds local realtors, Real Estate Boards, or MLSs because there is no exchange between the parties despite the fact that Plaintiffs' Complaint is replete with examples of local entities taking an active part in price fixing activities complained of and the formulation of the rules by which price fixing was accomplished. It is uncontroverted that these local entities in this case paid no money toward the monetary settlement. The second class action filed by these Objectors explicitly demands payment of damages by these local entities in the State of South Carolina. These local entities must be held accountable. The second class action lawsuit in South Carolina by these Objectors endeavors to hold these local realtors, Real Estate Boards, and MLSs accountable in

4

the State of South Carolina.

### III. Pre-Certification Settlements

The Judge in charge of approving the settlement has a fiduciary responsibility to insure that the settlements are fair, adequate, and reasonable. It is incumbent that the district court act as a fiduciary serving as a guardian of the rights of the absent class members. *In re: Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). A Court sitting as fiduciary for absent class members weighs four factors: (1) the merits of the Plaintiffs' case weighed against the terms of the settlement; (2) the Defendants' financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Id*.

### IV. The Inadequacy of the Class Notices Denies to Class Due Process.

Where a class is certified under Rule 23(b)(3), Rule 23 and due process require that putative members be properly notified of the class action and that they must receive notice plus an opportunity to be heard and participate in the litigation in order to be bound by the judgment. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812, 105 S.Ct. 2965 (1985). To vindicate that right, the notice must describe the action and class members' rights including their right to exclude themselves from the class. *Id.* Where a class member's claim is extinguished by

5

a class settlement, that extinguishment is essentially a waiver of her due process right to vindicate the wrong done her.  As such, for a class member's relinquishment of her right, due process required "notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  *Mullane* v. *Central Hanover Bank & Trust Co., et al.*, 339 U.S. 306, 314 (1950). *Mullane* continues, pointing out that "when notice is a person's due, process which is a mere gesture is not due process."  *Id.*

*In Re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104 (5th Cir. 1977), in crafting a test to vindicate *Mullane*'s explication of due process principles, correctly points out that

> Absentee class members will generally have had no knowledge of the suit until they receive the initial class notice.  This will be their primary, if not exclusive, source of information for deciding how to exercise their rights under rule 23.  Although absentee class members are encouraged to make inquiry of the clerk of the district court where the case is filed, this worthwhile advice cannot justify omitting material information.

Next, the Class is being denied due process in that it is being denied an important constitutional right without due process, that being giving up their rights to a jury trial

6

without adequate compensation.

The Fifth Circuit has held that "not only must substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain in the class and be bound by the final judgment or opt out of the class." *Id*. at 1104-1105. As such the standard crafted is "that the notice required by subdivision (c)(2) must contain information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class." *Id*. 552 F.2d 1088 (5th Cir. 1977). Although no rigid standard governs the contents of the class notice to members. The notice must fairly apprise the prospective members of the class of the terms of the proposed and the options that are open to them in connection with the proceedings. *Weinberger v. Kendrick*, 698 F.2d 61 (2nd Cir. 1982).

Finally, the proposed class action class notices are inadequate in that (1) there is no mention of the 1.8 Billion Dollar verdict against only a few defendants demonstrating the tremendous value of the claims against the other defendants; (2) there is no explanation regarding the size of the class which appears to be in excess of thirty (30) million home purchasers; (3) there is no way for class members to evaluate whether there could be better outcomes in their own jurisdictions.

7

## V. Presence

Objectors believe that this objection has merit and so intend at this time to be present at the fairness hearing in the person of the undersigned attorneys.

        KNIE & SHEALY

        */s/ Patrick E. Knie*
        _____
        Patrick E. Knie
        Federal I.D. No. 2370
        Matthew W. Shealy
        Federal I.D. No. 12823
        P.O. Box 5159
        250 Magnolia Street
        Spartanburg, S.C. 29304
        Telephone No. (864) 582-5118
        Telefax No. (864) 585-1615

        Mitch Slade
        MITCH SLADE LAW OFFICE, P.A.
        Federal I.D. No. 5352
        P.O. Box 1007
        Spartanburg, S.C. 29304
        Telephone: (864) 582-4212
        mitch@mitchsladelaw.com

        ATTORNEYS FOR PLAINTIFFS

October 3, 2024