## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DON GIBSON, LAUREN CRISS, JOHN
MEINERS, and DANIEL UMPA,
individually and on behalf of all others
similarly situated,

          Plaintiffs,

v.

NATIONAL ASSOCIATION OF
REALTORS, ET AL.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:23-CV-00788
[Consolidated with 4:23-CV-00945]

Honorable Stephen R. Bough

**ORAL ARGUMENT REQUESTED**

## DEFENDANTS' JOINT REPLY SUGGESTIONS IN SUPPORT OF THEIR
## MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION[1]

---

[1] "Defendants" refers to Baird & Warner Real Estate, Inc.; Berkshire Hathaway Energy
Company; Crye-Leike, Inc.; Hanna Holdings, Inc.; K Company Realty, LLC d/b/a LoKation;
William L. Lyon & Associates, Inc.; William Raveis Real Estate, Inc.; and Windermere Real
Estate Services Company, Inc. In addition to this joint reply addressing the proper interpretation
of the Clayton Act, Defendants are separately filing individual replies in support of their motions
to dismiss for lack of personal jurisdiction that address Defendant-specific arguments.

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................1

ARGUMENT .............................................................................................................................1

CONCLUSION...........................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**

Page(s)

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*,
368 F.3d 1174 (9th Cir. 2004) ................................................................3

*Corr Wireless Communications, L.L.C. v. AT & T, Inc.*,
907 F. Supp. 2d 793 (N.D. Miss. 2012)....................................................7

*Cox v. CoinMarketCap OPCO, LLC*,
112 F.4th 822 (9th Cir. 2024) ...............................................................5

*Cumberland Truck Equipment Co. v. Detroit Diesel Corp.*,
401 F. Supp. 2d 415 (E.D. Pa. 2005) ......................................................6

*Daniel v. American Board of Emergency Medicine*,
428 F.3d 408 (2d Cir. 2005).............................................................2, 3, 8

*DataCell ehf v. Visa, Inc.*,
2015 WL 4624714 (E.D. Va. July 30, 2015) .....................................7

*Delong Equipment Co. v. Washington Mills Abrasive Co.*,
840 F.2d 843 (11th Cir. 1988) ...............................................................6

*Diamond Chemical Co. v. Atofina Chemicals, Inc.*,
268 F. Supp. 2d 1 (D.D.C. 2003) ............................................................4

*Eastman Kodak Co. v. Southern Photo Materials Co.*,
273 U.S. 359 (1927)..............................................................................3

*Fire & Police Pension Association of Colorado v. Bank of Montreal*,
368 F. Supp. 3d 681 (S.D.N.Y. 2019)......................................................5

*Howard Hess Dental Laboratories Inc. v. Dentsply International, Inc.*,
516 F. Supp. 2d 324 (D. Del. 2007)........................................................6

*Hyland v. Homeservices of America, Inc.*,
2007 WL 1959158 (W.D. Ky. June 28, 2007)..........................................7

*In re Auto Refinishing Paint Antitrust Litigation*,
358 F.3d 288 (3d Cir. 2004).................................................................6

*In re Blue Cross Blue Shield Antitrust Litigation*,
26 F. Supp. 3d 1172 (N.D. Ala. 2014) ....................................................6

*In re Polyester Staple Antitrust Litigation*,
2008 WL 906331 (W.D.N.C. Apr. 1, 2008) .............................................7

*Jasperson v. Purolator Courier Corp.*,
    765 F.2d 736 (8th Cir. 1985) ...................................................................................1

*Kentucky Speedway, LLC v. National Association of Stock Car Auto Racing, Inc.*,
    410 F. Supp. 2d 592 (E.D. Ky. 2006) ....................................................................4

*KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*,
    725 F.3d 718 (7th Cir. 2013) ...........................................................................4, 5, 7

*Leroy v. Great Western United Corp.*,
    443 U.S. 173 (1979)...............................................................................................2

*Management Insights, Inc. v. CIC Enterprises, Inc.*,
    194 F. Supp. 2d 520 (N.D. Tex. 2001) ...................................................................7

*MNG 2005, Inc. v. Paymentech, LLC*,
    2020 WL 6582660 (E.D. Mo. Nov. 9, 2020)......................................................7, 8

*Prakash v. Altadis U.S.A. Inc.*,
    2012 WL 1109918 (N.D. Ohio Mar. 30, 2012) .....................................................7

*Sanzone v. Mercy Health*,
    954 F.3d 1031 (8th Cir. 2020) ...............................................................................8

*Small v. Federal Home Loan Mortgage Corp.*,
    2012 WL 715823 (W.D. Mo. Mar. 5, 2012)..........................................................1

*United States v. National City Lines*,
    334 U.S. 573 (1948)...........................................................................................3, 4

*United States v. Scophony Corporation of America*,
    333 U.S. 795 (1948)...............................................................................................3

*West Virginia v. Morton International, Inc.*,
    264 F. Supp. 689 (D. Minn. 1967).........................................................................3

*Westerfeld v. Independent Processing, LLC*,
    621 F.3d 819 (8th Cir. 2010) .................................................................................2

*Willis Electric Co. v. Polygroup Macau Ltd. (BVI)*,
    437 F. Supp. 3d 693 (D. Minn. 2020).................................................................7, 8

*Zeavision, LLC v. Bausch & Lomb Inc.*,
    2022 WL 17092453 (E.D. Mo. Nov. 21, 2022).................................................7, 8

## STATUTES, RULES, AND REGULATIONS

15 U.S.C. § 5.................................................................................................................3

15 U.S.C. § 22............................................................................................................2, 8

28 U.S.C. § 1391.....................................................................................................4, 6, 8

## INTRODUCTION

Plaintiffs do not counter, and therefore concede, Defendants' arguments that there is no general or specific personal jurisdiction over any Defendant here.[2]  Instead, Plaintiffs' sole basis for asserting personal jurisdiction over Defendants is Section 12 of the Clayton Act.  Plaintiffs, however, rely on a flawed interpretation of Section 12 that disregards its text and history and places no limits on personal jurisdiction in antitrust cases.  The Court should instead adopt the correct reading of Section 12, which requires Plaintiffs to satisfy its venue provision in order to take advantage of the nationwide service provision.  Under that interpretation, as Defendants separately explain in their individual replies, Plaintiffs cannot establish jurisdiction.

## ARGUMENT

Plaintiffs claim that Section 12 of the Clayton Act—which contains both a venue provision and a nationwide service provision—allows a plaintiff to rely solely on the nationwide service provision without also satisfying the venue provision.  *See* Dkt. 443 (Opp.) at 2.  They argue that this interpretation is supported by the statutory text, the history and purpose of the Clayton Act, and other courts' understanding of purportedly analogous statutes and of the Clayton Act itself.  *See id.* at 9-10.  Plaintiffs err on all points.

*First*, Plaintiffs' reading of Section 12's nationwide service provision misinterprets the phrase "such cases" as referring to any antitrust case brought against a corporation.  Plaintiffs ignore the presence of a semi-colon in Section 12, which confirms that the proper reference for "such cases" is the entire venue provision (underlined below):

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district

---

[2] "'A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.'"  *Small v. Fed. Home Loan Mortg. Corp.*, 2012 WL 715823, at *2 (W.D. Mo. Mar. 5, 2012) (quoting *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985)).

1

> wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22. Under basic rules of grammar, the nationwide service provision must be read to apply only to "such cases" "brought in the particular venues approved by Section 12." *Daniel v. Am. Bd. of Emerg. Med.*, 428 F.3d 408, 423-424 (2d Cir. 2005) ("[W]e conclude from the language and context of 'in such cases' … that the phrase plainly refers to those cases qualifying for venue in the immediately preceding clause.").

Moreover, Plaintiffs fail to address that their proposed interpretation of Section 12 would render its venue provision entirely superfluous. *See* Dkt. 309 (Hanna Holdings Br.) at 10-11. It therefore violates the canon of statutory construction that courts must "avoid interpreting a statute in a manner that renders any section of the statute superfluous or fails to give effect to all of the words used by Congress." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 824 (8th Cir. 2010). Plaintiffs' observation that the question of personal jurisdiction "is typically decided in advance of venue" is beside the point. Opp. 11 (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)). This may be true when personal jurisdiction and venue are based on separate statutes. But as the Supreme Court found in *Leroy*, statutes that speak to both venue and nationwide service should be read cohesively. *See* 443 U.S. at 180-182 (concluding that the Securities Exchange Act's nationwide service provision did not confer personal jurisdiction "for the reasons discussed in" its analysis of the venue provision). That is certainly the case where the service of process provision was "added … to an already drafted venue provision" and done so with a "semicolon" preceding. *Daniel*, 428 F.3d at 425 & n.15 (describing Section 12's legislative history).

*Second*, Plaintiffs wrongly claim that their reading of Section 12 "better accords with the legislative history" and "broad and liberalizing policies behind the [Clayton Act]." Opp. 11-12.

2

They rely exclusively on the Ninth Circuit's telling of Section 12's legislative history to support their interpretation. *See id.* (citing *Action Embroidery Corp. v. A. Embroidery, Inc.*, 368 F.3d 1174, 1178 (9th Cir. 2004)). But the Ninth Circuit admitted this was a "sparse history" and mainly relied on the absence of "debate or objection" regarding the addition of the service provision. *Action Embroidery*, 368 F.3d at 1178. In contrast, multiple Supreme Court decisions (which Plaintiffs ignore) describe Section 12's nationwide service provision as purposely predicated upon its venue provision. *See* Hanna Holdings Br. 11-12 (citing *Eastman Kodak Co. v. S. Photo Materials Co.*, 273 U.S. 359, 372-373 (1927); *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 802 (1948)). As courts have noted, Congress was "quite careful" in writing the venue provision, "rejecting several broader proposals than the one finally enacted in Section 12." *Daniel*, 428 F.3d at 425 (citing *United States v. Nat'l City Lines*, 334 U.S. 573, 588 (1948)). In doing so, Congress intended to "fix[] the limits … [of] venue … beyond which neither [party] could seek it" and thus anticipated some limiting principle based on "the defendant company's inconvenience." *Nat'l City Lines*, 334 U.S. at 588.

Had Congress intended to allow for "private antitrust litigation involving" the entirety of "a single industry … in a single district," it could have included such a provision as it did in 15 U.S.C. § 5 regarding antitrust actions brought by the government. *W. Va. v. Morton Int'l, Inc.*, 264 F. Supp. 689, 695-696 (D. Minn. 1967); *see also* 15 U.S.C. § 5 ("Whenever it shall appear to the court before which any proceeding under section 4 of this title may be pending, that the ends of justice require that other parties should be brought before the court, the court may cause them to be summoned, whether they reside in the district in which the court is held or not; and subpoenas to that end may be served in any district by the marshal thereof."). This provision specifically allows "the *Attorney General*" to "bring in other parties than those properly served[,]

… i.e., those 'inhabitant,' 'transacting business,' or 'found,'" in the district if "the ends of justice require." *Nat'l City Lines*, 334 U.S. at 598 (Jackson, J. concurring) (emphasis added).

Plaintiffs thus grossly overreach when they claim that Defendants' interpretation would return antitrust litigation "to an era when corporations could compel plaintiffs to pursue [defendants] only on [their] home turf." *See* Opp. 3. Defendants do not argue that, under the proper construction of Section 12, they can be sued only on their "home turf." To the contrary, under Defendants' interpretation, they could be sued in *any* jurisdiction in which they are "found" or "transact business"—a list that for all Defendants includes multiple states and even more judicial districts, just not the Western District of Missouri.

Defendants' interpretation is consistent with common sense. While Section 12 may have been intended to expand a plaintiff's venue options, it does not follow that "Congress wanted *nationwide* venue" regardless of any countervailing concerns. *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 730 (7th Cir. 2013). Reading Section 12's provisions together still provides plaintiffs with significantly greater flexibility in selecting a venue than they normally would have under 28 U.S.C. § 1391, the general venue statute. It simply does not permit them to bring their case where a defendant is neither found, nor transacts business. And Plaintiffs are wrong to claim that antitrust venue would be narrower than general venue (and therefore a nullity) under Defendants' interpretation. *See* Opp. 12-13 (quoting *Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 410 F. Supp. 2d 592, 600 (E.D. Ky. 2006)). Not every state's long-arm statute has the same reach as Section 12's venue provision. *See, e.g.*, *Diamond Chem. Co. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 10 (D.D.C. 2003) (describing Section 12's venue provision as more permissive than Washington, D.C.'s long-arm statute). And to the extent they do, the use of a long-arm statute still must comport with the additional due

process requirements of specific jurisdiction: "the plaintiff's cause of action [must] relate to the defendant's contacts with the forum [state]." *KM Enters.*, 725 F.3d at 732-733; *cf.* Opp. 7 (acknowledging that "business activity 'need not be connected to the subject matter of the antitrust suit'" under Section 12's venue provision). That imposes a constraint on the exercise of personal jurisdiction under the general venue provision that is absent in Congress's carefully expanded venue provision in the Clayton Act.

*Third*, Plaintiffs' attempted analogies to the venue and service of process provisions in other statutes are unpersuasive. The RICO statute is not similar. As Defendants have explained (*see, e.g.*, Hanna Holdings Br. 12), RICO's nationwide service of process provision employs meaningfully different language and structure from Section 12. It does not even include the phrase—"such cases"—that provides the basis for Plaintiffs' interpretation of Section 12. Plaintiffs' reliance on the Ninth Circuit's interpretation of the Commodity Exchange Act (CEA) fares no better. That interpretation relies on that Circuit's erroneous interpretation of the Clayton Act provision, discussed *supra* at 2-3. *See* Opp. 13 (citing *Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 830-832 (9th Cir. 2024) (finding its "holdings in *Action Embroidery* [and] *Go-Video* [regarding Section 12] … directly applicable here")). And courts that have adopted Defendants' interpretation of Section 12 have adopted the same approach for the CEA. *See, e.g., Fire & Police Pension Ass'n of Colorado v. Bank of Montreal*, 368 F. Supp. 3d 681, 695 n.11 (S.D.N.Y. 2019).

*Fourth*, Plaintiffs are clearly wrong that a majority of courts have adopted their interpretation. Plaintiffs claim that "every Defendant overlooked the Eleventh Circuit's decision in *Delong*," Opp. 13-14, but that is because *Delong* did not grapple with the question at issue in this case: whether a plaintiff may use Section 12's nationwide service provision as the *sole* basis

of personal jurisdiction over a defendant without first satisfying Section 12's venue provision.  In *Delong*, the Eleventh Circuit simply found that so long as personal jurisdiction exists outside of Section 12—as it did in that case under Georgia's long-arm statute—a plaintiff may proceed under *either* Section 12 *or* the general venue provision.  *See Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 847-853, 855 (11th Cir. 1988).  Plaintiffs' "reading of *Delong* is off the mark because it ignores the entirety of the court's analysis—including an extensive evaluation of the propriety of service under the forum state's long-arm statute—and fails to acknowledge that the court's opinion was not rendered in the context of the current circuit split." *In re Blue Cross Blue Shield Antitrust Litig.*, 26 F. Supp. 3d 1172, 1195-1196 (N.D. Ala. 2014).

Nor should this Court apply the Third Circuit's reasoning in *In re Auto Refinishing Paint Antitrust Litigation*, 358 F.3d 288 (3d Cir. 2004), a case involving foreign defendants, to a case involving domestic defendants.  *See* Hanna Holdings Br. 13 n.4.  In applying Section 12 to foreign corporations, the Third Circuit relied heavily on interpretations of an earlier version of 28 U.S.C. § 1391(d), which was then the alien venue provision.  *See In re Auto Refinishing Paint*, 358 F.3d at 296.  The court noted that Section 1391(d) was "not like other general venue provisions" and "states a principle of broad and *overriding application* which prevent[s] an alien defendant from using a narrower venue provision in another statute as a shield against suit."  *Id.* (emphasis added).  For this reason, multiple district courts in the Third Circuit have limited its holding to cases involving foreign defendants.  *See, e.g.*, *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 420 (E.D. Pa. 2005) ("*Automotive Refinishing* suggests that this Circuit … allow[s] Section 12's venue clause to be supplemented for alien but not domestic defendants."); *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.,* 516 F. Supp. 2d 324, 339 (D. Del. 2007) ("[E]xtend[ing] *Automotive Refinishing*" to domestic corporations

6

"would effectually, and improperly, create unlimited venue for antitrust actions against domestic corporations."), *aff'd on other grounds*, 602 F.3d 237 (3d Cir. 2010). It would be anomalous if a district court in the Eighth Circuit adopted an interpretation that even district courts in the Third Circuit have rejected.

Plaintiffs also wrongly claim that there is "a clear consensus" in favor of their interpretation at the district court level in the circuits that have not considered this issue. *See* Opp. 15. Numerous district courts in other circuits have adopted Defendants' interpretation of Section 12. *See, e.g.*, *In re Polyester Staple Antitrust Litig*., 2008 WL 906331, at *8 (W.D.N.C. Apr. 1, 2008); *DataCell ehf. v. Visa, Inc*., 2015 WL 4624714, at *4 (E.D. Va. July 30, 2015); *Mgmt. Insights, Inc. v. CIC Enters., Inc.,* 194 F. Supp. 2d 520, 530 (N.D. Tex. 2001); *Corr Wireless Commc'ns, L.L.C. v. AT & T, Inc*., 907 F. Supp. 2d 793, 799-800 (N.D. Miss. 2012); *Hyland v. Homeservs. of Am., Inc*., 2007 WL 1959158, at *6 (W.D. Ky. June 28, 2007); *Prakash v. Altadis U.S.A. Inc*., 2012 WL 1109918, at *35 (N.D. Ohio Mar. 30, 2012).

And importantly, district courts *in this Circuit* have lent support to Defendants' interpretation of Section 12. *See Willis Elec. Co. v. Polygroup Macau Ltd. (BVI)*, 437 F. Supp. 3d 693, 703 (D. Minn. 2020); *MNG 2005, Inc. v. Paymentech, LLC*, 2020 WL 6582660, at *3 n.3 (E.D. Mo. Nov. 9, 2020); *Zeavision, LLC v. Bausch & Lomb Inc*., 2022 WL 17092453, at *2-3 (E.D. Mo. Nov. 21, 2022); *see also, e.g.*, Hanna Holdings Br. 9. Plaintiffs shrug off *Willis Electric* because the court found venue was proper under Section 12 and, as a result, the defendant "would be subject to personal jurisdiction under either theory." Opp. 15. But that is nonsensical. The *Willis Electric* court made no reference to Plaintiffs' theory as a viable construction of Section 12. *See* 437 F. Supp. 3d at 703. On the contrary, it cited case law that engaged with (and rejected) Plaintiffs' construction. *See id*. (citing *KM Enters.*, 725 F.3d at 730-

7

731; *Daniel*, 428 F.3d at 422-427).[3]  Plaintiffs similarly misread *MNG 2005*, where the court clearly decided that Section 12's two provisions must be read together as Defendants argue. That court required the plaintiff to "make [a] prima facie showing of personal jurisdiction under the traditional due process requirements" because it could not "establish venue under the Clayton Act" and thereby leverage its nationwide service provision.  2020 WL 6582660, at *3 n.3.  And Plaintiffs admit, albeit begrudgingly, that the district court in *Zeavision* "adopted" Defendants' interpretation of Section 12.  Opp. 16; *see also* 2022 WL 17092453, at *2-3.  Plaintiffs there "specifically allege[d] venue pursuant to 28 U.S.C. § 1391," but the court did not engage in any analysis of venue under that statute after finding Plaintiffs failed to demonstrate venue pursuant to Section 12.  *Zeavision*, 2022 WL 17092453, at *2.

If nothing else, the Court should certify this crucial question to the Eighth Circuit so that it may finally decide this important issue of law.  It will be a waste of the parties' and judicial resources for this case to go through discovery, dispositive motion practice, and possibly trial, only for the Eighth Circuit to later conclude that there was no personal jurisdiction all along.

## CONCLUSION

This Court should adopt Defendants' interpretation of Section 12 of the Clayton Act and require Plaintiffs to first satisfy the venue provision in order to benefit from the nationwide service provision.

---

[3] *Sanzone v. Mercy Health*, 954 F.3d 1031, 1039 (8th Cir. 2020) does not, as Plaintiffs contend (Opp. 16), support a different conclusion.  The court in *Sanzone* merely acknowledged that "[d]icta is [a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential[.]"  *Id.* (citation omitted). The *Willis Electric* court's adoption of Defendants' interpretation was necessary to its decision and is therefore not mere dicta.  437 F. Supp. 3d at 703 (holding that "the Clayton Act provides for personal jurisdiction over a corporate defendant so long as venue is established under 15 U.S.C. § 22").

Dated: October 11, 2024

Respectfully submitted,

/s/ Benjamin Diessel
Christopher Kaufman (MO #62991)
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
(816) 474-6550
ckaufman@shb.com

Benjamin Diessel
John Doroghazi
WIGGIN AND DANA LLP
265 Church Street
New Haven, CT 06510
(203) 498-4400
bdiessel@wiggin.com
jdoroghazi@wiggin.com

*Attorneys for Defendant William
Raveis Real Estate, Inc.*

/s/ Arsenio Lenell Mims
Arsenio Lenell Mims (MO #68771)
DOWD BENNETT LLP
7676 Forsyth Blvd., Ste. 1900
St. Louis, MO 63105
(314) 889-7300
amims@dowdbennett.com

Michelle Ann Mantine (*pro hac vice*)
REED SMITH LLP
225 Fifth Ave., Ste. 1200
Pittsburgh, PA 15222
(412) 288-4268
mmantine@reedsmith.com

M. Patrick Yingling (*pro hac vice*)
REED SMITH LLP
10 S. Wacker Dr., 40th Fl.

/s/ David Z. Gringer
David Z. Gringer (*pro hac vice*)
Emily Barnet (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.gringer@wilmerhale.com
emily.barnet@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Karin Dryhurst (*pro hac vice*)
Claire Bergeron (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
seth.waxman@wilmerhale.com
karin.dryhurst@wilmerhale.com
claire.bergeron@wilmerhale.com

Robert Adams (MO #34612)
Michael S. Cargnel (MO #52631)
Hannah M. Smith (MO #73949)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 559-2101
rtadams@shb.com
mcargnel@shb.com

Eric Soller (*pro hac vice* forthcoming)
William Pietragallo II (*pro hac vice*
forthcoming)
Quintin DiLucente (*pro hac vice*
forthcoming)
PIETRAGALLO GORDON ALFANO
  BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Fl.
Pittsburgh, PA 15219
(412) 263-1836

9

Chicago, IL 60606
(312) 207-2834
mpyingling@reedsmith.com

*Attorneys for Defendant Baird & Warner Real Estate, Inc.*

/s/ Marcus Angelo Manos
Marcus Angelo Manos (*pro hac vice*)
MAYNARD NEXSEN PC
1230 Main Street, Ste. 700
Columbia, SC 29201
(803) 771-8900
MManos@maynardnexsen.com

Carl S. Burkhalter (*pro hac vice*)
MAYNARD NEXSEN PC
1901 Sixth Avenue N, Ste. 1700
Birmingham, AL 35203
(205) 254-1081
cburkhalter@maynardnexsen.com

Alexandra Harrington Austin (*pro hac vice*)
MAYNARD NEXSEN PC
205 King Street, Ste. 400
Charleston, SC 29401
(843) 579-7827
aaustin@maynardnexsen.com

Joseph C Blanton, Jr
Thomas W. Collins, III
Diedre A Peters
Mark D. Blanton
Shaune D. Hanschen (*pro hac vice*)
BLANTON, NICKELL, COLLINS, DOUGLAS,
  HANSCHEN, AND PETERS, LLC
219 South Kingshighway
P.O. Box 805
Sikeston, MO 63801
(573) 471-1000
jblanton@blantonlaw.com
tcollins@blantonlaw.com
dpeters@blantonlaw.com
mblanton@blantonlaw.com
shanschen@blantonlaw.com

EGS@Pietragallo.com
WP@Pietragallo.com
QD@Pietragallo.com

*Attorneys for Defendant Hanna Holdings, Inc.*

/s/ Jeffrey J. Simon
Jeffrey J. Simon (MO #35558)
Taylor Concannon Hausmann (MO #67056)
HUSCH BLACKWELL LLP
4801 Main Street, Ste. 1000
Kansas City, MO 64112
(816) 983-8000
Jeff.Simon@huschblackwell.com
Taylor.Hausmann@huschblackwell.com

Katherine B. Forrest (*pro hac vice*)
Andrew G. Gordon (*pro hac vice*)
Anna R. Gressel (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
kforrest@paulweiss.com
agordon@paulweiss.com
agressel@paulweiss.com
ybarkai@paulweiss.com

*Attorneys for Defendant Berkshire Hathaway Energy Company*

/s/ Jonathan Vine
Jonathan Vine (*pro hac vice*)
Joshua Molina (*pro hac vice*)
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Ste. 120
West Palm Beach, Florida 33401
(561) 383-9203
jonathan.vine@csklegal.com
joshua.molina@csklegal.com

John L. Mullen (MO #42309)

10

*Attorneys for Defendant Crye-Leike*
*Real Estate Services*

*/s/ Edward C. Duckers*
Edward C. Duckers (*pro hac vice*)
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
(415) 617-8900
Ed.duckers@stoel.com

*Attorney for Defendants Windermere Real Estate*
*Services Company, Inc. and William L. Lyon &*
*Associates, Inc.*

Christopher M. Harper (MO #59000)
FRANKE, SCHULTZ & MULLEN PC
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100
jmullen@fsmlawfirm.com
charper@fsmlawfirm.com

*Attorneys for Defendant The K Company*
*Realty, LLC d/b/a LoKation*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2024, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.


*/s/ David Z. Gringer*
David Z. Gringer
*Attorney for Hanna Holdings, Inc.*