IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION OF REALTORS, et al. <br><br> Defendants. | Case No. 4:23-cv-00788-SRB <br> [Consolidated with 4:23-cv-00945-SRB] |

## PLAINTIFFS' OPPOSITION TO
## EXP DEFENDANTS' MOTION TO STAY CASE

Defendants eXp World Holdings, Inc. and eXp Realty LLC ("**eXp**") ask this Court to stay proceedings against it. *See* Doc. 489 ("**Motion**"). eXp requests a stay based on a proposed settlement that eXp reached using a reverse auction process with the "*Hooper* Plaintiffs," who filed their copycat case weeks after the October 31, 2023 Complaint was filed in this case and who have done nothing to advance that case.[1] This Court should reject eXp's request for at least two reasons.

**First**, in the *Hooper* case, Plaintiffs filed a Motion to Intervene and to Transfer that case to this Court. *See* **Ex. A** (*Gibson* Plaintiffs' Motion to Intervene and to Transfer Case, Doc. 94 in the *Hooper* case). As shown in that Motion, eXp reached its proposed settlement in the later-filed

---

[1] *See 1925 Hooper LLC, et al. v. The Nat'l Ass'n of Realtors, et al.*, 1:23-cv-05392 (N.D. Ga.) (the "***Hooper* case**"). The one thing that the *Hooper* Plaintiffs have done is repeatedly ask the court to *stay their case*.

1

*Hooper* case by conducting a reverse auction. Both the law and the facts strongly support transferring that later-filed action to this Court, which should evaluate the adequacy and fairness of eXp's proposed settlement. *See* **Ex. A, 94-1,** at 1, 12 (citing *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013), and *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695–98 (11th Cir. 2017)).

As the Manual on Complex Litigation warns, courts should be skeptical of the adequacy and fairness of a proposed settlement arrived at via a reverse auction, where a "defendant selects among attorneys for competing classes and negotiates an agreement with the attorneys who are willing to accept the lowest class recovery (typically in exchange for generous attorney fees)." Manual on Complex Litig. (4th) § 21.61. Indeed, numerous courts have recognized the irreparable harm from a reverse auction. *See, e.g.*, *Reynolds v. Beneficial National Bank*, 288 F.3d 277 (7th Cir. 2002) (reversing and remanding case due to "reverse auction," and criticizing "the practice whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant."); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) (suggesting that "[p]erhaps [defendant] found a plaintiff (or lawyer) willing to sell out the class"); *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313 (S.D. Fla. 2012) (enjoining defendant from settling a competing later-filed class action, citing the court's power to enjoin under the All Writs Act).

Plaintiffs here engaged in settlement negotiations with eXp, including conducting an in-person mediation and further discussions after the mediation. After eXp rejected Plaintiffs' proposed terms for settling this case, eXp then announced a settlement with the plaintiffs in the *Hooper c*ase, where virtually no litigation has occurred and at the same time that Plaintiffs and

2

Defendants in this case completed extensive briefing on motions to dismiss. Based on publicly available information about eXp's financial condition, the settlement in the *Hooper* case does not provide adequate and fair value for the class given eXp's financial resources, which equal or exceed those of Anywhere, RE/MAX, Keller Williams, and Compass — defendants in *Burnett* and *Gibson* that all agreed to materially larger settlements than eXp.

For example, Plaintiffs reached settlements in the *Burnett* and *Moehrl* actions with Re/Max and Anywhere of $55 million and $83.5 million, respectively, before the jury verdict in the *Burnett* action. Re/Max and Anywhere have combined market capitalizations of $865 million and significant debt. *See* https: https://finance.yahoo.com/quote/RMAX/ (last viewed Oct. 22, 2024 at 1:50pm CT); https:// https://finance.yahoo.com/quote/HOUS/ (last viewed Oct. 22, 2024 at 1:51pm CT). By contrast, eXp has a market capitalization of $1.974 billion — more than double the combined market caps of Re/Max and Anywhere — but its settlement is 24% of what Re/Max and Anywhere paid. *See* https://finance.yahoo.com/quote/EXPI/ (last viewed Oct. 22, 2024 at 1:52pm CT). And eXp has substantial cash and cash equivalents of $108.4 million and almost no debt. *See* https://expworldholdings.com/wp-content/uploads/2024/08/expi_Current_Folio_10Q_Taxonomy2024-FINAL.pdf.

Counsel for Plaintiffs in the *Hooper* case, however, have stated that they did **_not_** consider eXp's financials when negotiating a settlement with eXp. **Ex. B** (Boulware Decaration) at ¶5. That is a stunning admission and explains why, at least in part, eXp was able to secure an improper sweetheart deal that is not fair or reasonable to the class.

The *Gibson* Plaintiffs cannot at this point disclose the substance of their settlement discussions with eXp that occurred as part of the confidential mediation. Plaintiffs are willing, however, to waive the confidentiality provisions of the mediation agreement and disclose the

3

proposed settlement amounts, if eXp also agrees to waive confidentiality. If disclosed — publicly or *in camera* — the settlement discussions between Plaintiffs and eXp will provide additional evidence that eXp engaged in a reverse auction. In addition, it is notable that eXp's local counsel in this action (attorneys at the firm Armstrong Teasdale) withdrew en masse on October 7, 2024 (Doc. 477), just days before eXp sought to halt this matter due to eXp's proposed settlement of the *Hooper* case (Doc. 489, October 11, 2024 Motion to Stay).

But eXp's Motion omits any mention of these important facts regarding the prior mediation efforts with Plaintiffs here and the withdrawal of its attorneys as it prepared to implement its strategy. eXp's silence speaks volumes about its conduct.

**Second**, eXp does not cite any case law that remotely supports its position. Indeed, its cases actually support Plaintiffs and show that eXp is not entitled to a stay here after conducting an improper reverse auction to settle on the cheap in another, later-filed action where virtually no litigation activity has occurred (except for repeated requests to stay the *Hooper* case).

For example, eXp cites two cases where the stays at issue were entered ***not*** in the first-filed case (i.e., this case) but rather in courts where later-filed tag-along actions (like the *Hooper* case) were stayed in light of apparently good faith settlements reached in the first-filed case.[2] And the court in *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288 (E.D.N.Y. 2015), the first case cited by eXp (*see* Motion at 2), largely ***denied*** the requested stay. Instead, the *HSBC Bank* court ordered that "discovery is not stayed and the deadlines set by" the

---

[2] *See* Motion to Stay (Doc. 489) at 2 (citing *Advanced Internet Techs., Inc. v. Google, Inc.*, No. C-05-02579 RMW, 2006 WL 889477, at *1 (N.D. Cal. Apr. 5, 2006) (staying cases before it which were filed in June/July 2005 in favor of settlement reached in Arkansas state court, where a second amended complaint had been filed months earlier in February 2005)), and *Ali v. Wells Fargo Bank, N.A.*, No. CIV-13-876-D, 2014 WL 819385, at *1 (W.D. Okla. Mar. 3, 2014) (staying second-filed case in favor of settlement reached in first-filed case)).

scheduling order "remain in effect." 99 F. Supp. 3d at 317. So too should this Court deny the requested stay, direct eXp to continue participating in discovery, and decline to adjust any scheduling deadlines.

eXp also cites *In re RC2 Corp. Toy Lead Paint Prod. Liab. Litig.*, No. 07-cv-7184, 2008 WL 548772, at *4 (N.D. Ill. Feb. 20, 2008), *see* Motion (Doc. 489) at 3, but there the court noted the "record here does not show that Defendants settled with the [state court] plaintiffs after failing to reach a settlement with the federal Plaintiffs." The opposite is true here, though eXp failed to advise the Court of this fact: eXp's proposed settlement in the *Hooper* case came only after an in-person mediation and follow-on negotiations with Plaintiffs here did not result in a settlement. The *In re RC2 Corp.* case thus supports rejecting eXp's requested stay.

In short, eXp failed to present any authority that supports its position in these circumstances. This Court should decline eXp's invitation to break new ground and refuse to aid eXp in using a reverse-auction process to reach a premature and cheap settlement that is inadequate and unfair to the class.

Dated: October 22, 2024

Respectfully submitted by:

**BOULWARE LAW LLC**

/s/ Jeremy M. Suhr
Brandon J.B. Boulware     MO # 54150
Jeremy M. Suhr            MO # 60075
1600 Genessee Street, Suite 956A
Kansas City, MO 64102
Tele:  (816) 492-2826
Fax:   (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

**KETCHMARK AND MCCREIGHT P.C.**
Michael Ketchmark         MO # 41018
Scott McCreight           MO # 44002
11161 Overbrook Rd. Suite 210
Leawood, Kansas 66211
Tele:  (913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

5

| | |
|---|---|
| **COHEN MILSTEIN SELLERS & TOLL PLLC** <br> Benjamin D. Brown (*pro hac vice*) <br> Robert A. Braun (*pro hac vice*) <br> Sabrina Merold (*pro hac vice*) <br> 1100 New York Ave. NW, Fifth Floor <br> Washington, DC 20005 <br> Telephone: (202) 408-4600 <br> bbrown@cohenmilstein.com <br> rbraun@cohenmilstein.com <br> smerold@cohenmilstein.com <br><br> Daniel Silverman (*pro hac vice*) <br> 769 Centre Street, Suite 207 <br> Boston, MA 02130 <br> Telephone: (617) 858-1990 <br> dsilverman@cohenmilstein.com <br><br> **HAGENS BERMAN SOBOL SHAPIRO LLP** <br> Steve W. Berman (*pro hac vice*) <br> 1301 Second Avenue, Suite 2000 <br> Seattle, WA 98101 <br> Telephone: (206) 623-7292 <br> steve@hbsslaw.com <br><br> Rio S. Pierce (*pro hac vice*) <br> 715 Hearst Avenue, Suite 202 <br> Berkeley, CA 94710 <br> Telephone: (510) 725-3000 <br> riop@hbsslaw.com <br><br> Nathan Emmons (Mo. Bar. No. 70046) <br> Jeannie Evans (*pro hac vice*) <br> 455 North Cityfront Plaza Drive, Suite 2410 <br> Chicago, IL 60611 <br> Telephone: (708) 628-4949 <br> nathane@hbsslaw.com <br> jeannie@hbsslaw.com | **WILLIAMS DIRKS DAMERON LLC** <br> Michael A. Williams    MO # 47538 <br> Eric L. Dirks    MO # 54921 <br> 1100 Main Street, Suite 2600 <br> Kansas City, MO 64105 <br> Tele: (816) 945 7110 <br> Fax: (816) 945-7118 <br> mwilliams@williamsdirks.com <br> matt@williamsdirks.com <br> dirks@williamsdirks.com <br><br> **SUSMAN GODFREY L.L.P.** <br> Marc M. Seltzer (*pro hac vice*) <br> Steven G. Sklaver (*pro hac vice*) <br> 1900 Avenue of the Stars, Suite 1400 <br> Los Angeles, California 90067 <br> Telephone: (310) 789-3100 <br> mseltzer@susmangodfrey.com <br> ssklaver@susmangodfrey.com <br><br> Beatrice C. Franklin (*pro hac vice*) <br> One Manhattan West <br> New York, New York 10001 <br> Telephone: (212) 336-8330 <br> bfranklin@susmangodfrey.com <br><br> Matthew R. Berry (*pro hac vice*) <br> Floyd G. Short (*pro hac vice*) <br> Alexander W. Aiken (*pro hac vice*) <br> 401 Union St., Suite 3000 <br> Seattle, Washington 98101 <br> Telephone: (206) 516-3880 <br> mberry@susmangodfrey.com <br> fshort@susmangodfrey.com <br> aaiken@susmangodfrey.com |

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of October 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

                                        /s/ Jeremy M. Suhr
                                        *Attorney for Plaintiffs*