IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, et al., <br><br> Defendants. | Case No. 4:23-cv-00788-SRB |

# ORDER

Before the Court is Defendants Weichert Real Estate Affiliates, Inc. ("WREA") and Weichert Co.'s (collectively, "Weichert") Notice of Pending Settlement and Motion to Stay Case. (Doc. #536.) For the following reasons, Weichert's motion is DENIED.

## I. FACTUAL BACKGROUND

The facts of this case are discussed in prior Orders and in the parties' briefs and will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the claims asserted in this case. Only those facts and issues necessary to resolve the pending motion are discussed below.

On November 06, 2024, Weichert notified the Court that they had "reached a settlement with plaintiffs 1925 Hooper LLC, Robert J. Arko, and Andrew M. Moore (collectively, the "Hooper plaintiffs") in the litigation captioned *1925 Hooper LLC, et al. v. The National Association of Realtors, et al.*" (the "*Hooper* case") which is pending in the United States District Court for the Northern District of Georgia. (Doc. #536, p. 1.) The settlement was "jointly negotiated with counsel for the *Hooper* Plaintiffs," and "subject to approval of the Hon.

1

Mark H. Cohen." (Doc. #536, p. 1.) The *Hooper* case is currently stayed "pending preliminary and final approval." (Doc. #489, p. 2.) Weichert moved for this Court to stay the case pending the *Hooper* settlement. Plaintiffs oppose Weichert's motion to stay the case. The parties' arguments are addressed below.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also McKeage v. Bass Pro Outdoor World, L.L.C.*, No. 12-03157-CV-S-GAF, 2014 WL 12754994, at *4 (W.D. Mo. Apr. 10, 2014) ("[I]t is within a court's inherent power to manage its docket and discovery matters."). Accordingly, a court has "broad discretion to stay proceedings when appropriate to control [its] docket." *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (E.D. Mo. 2018) (citing *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006)). In considering whether a stay is appropriate, district courts must weigh the competing interests of the parties, including the potential of prejudice or hardship to either party as well as concerns of judicial economy. *See Gould*, 326 F.R.D. at 531 (citation omitted). A stay is extraordinary relief such that the requesting party "must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis*, 299 U.S. at 255.

## III. DISCUSSION

Weichert argues a stay is warranted because Plaintiffs will not be prejudiced, namely because "[t]his case is in its early stages, . . .the Court has yet to rule on various Defendants' motion to dismiss," and the *Hooper* plaintiffs' class definition "subsumes" Plaintiffs, providing

2

them with "rights . . . to opt-out or object to the proposed [*Hooper*] settlement." (Doc. #536, p. 3.)

Plaintiffs oppose the stay and incorporate their prior Opposition to Defendant eXp's Motion to Stay (Doc. #513) in full against Weichert's motion. (Doc. #549, p. 2.) Plaintiffs allege that "the settlement in the *Hooper* case does not provide adequate and fair value for the class given [Weichert's] financial resources[.]" (Doc. 513, p. 3.) Specifically, Plaintiffs state that Weichert reached its proposed settlement in the later-filed *Hooper* case by "conducting a reverse auction" where "virtually no litigation activity has occurred." (Doc. #513, pp. 2, 4.)

After considering the parties' arguments, the relevant factors, and the circumstances of this case, the Court declines to grant Weichert's requested stay. Specifically, the Court finds that Weichert has failed to "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

Reverse auctions "pit[] the various class counsel against one another [by] agreeing to settle with the lawyer willing to accept the lowest bid on behalf of the class." *China Agritech, Inc. v. Resh*, 584 U.S. 732, 754 (2018). Reverse auctions require a "collusive element" where

> ineffectual lawyers are happy to sell out a class . . . in exchange for generous attorneys' fees, and the defendants are happy to pay generous attorneys' fees since all they care about is the bottom line—the sum of the settlement and the attorneys' fees—and not the allocation of money between the two categories of expense. However, a [party] cannot show inadequate representation simply by floating out the specter of a reverse auction. Rather, the [party] must provide evidence of underhanded activity. Otherwise, the reverse auction argument would lead to the conclusion that no settlement could ever occur in the circumstances of parallel or multiple class actions—none of the competing cases would settle without being accused by another of participating in a collusive reverse auction.

*Swinton v. SquareTrade, Inc.*, No. 418CV00144SMRSBJ, 2018 WL 8458862, at *5–6 (S.D. Iowa Sept. 21, 2018), aff'd, 960 F.3d 1001 (8th Cir. 2020) (cleaned up).

3

The Court finds that Plaintiffs raise genuine issues of potentially questionable behavior regarding Weichert's *Hooper* settlement which warrant further discovery in this case. Plaintiffs allege that following a breakdown in settlement discussions with Plaintiffs, Weichert straight away announced a settlement with the *Hooper* plaintiffs where "virtually no litigation has occurred" and the "[c]ounsel for [plaintiffs] in the *Hooper* case . . . stated that they did ***not*** consider . . . financials when negotiating a settlement." (Doc. #513, pp. 2, 3) (emphasis in original). Given the alleged lack of financial considerations and quick settlement in the later-filed *Hooper* case, granting a stay would not serve in the best interests of justice due to the possible irreparable harm resulting Plaintiffs' claims in this case being estopped due to a binding, underfunded class settlement in *Hooper*. *China Agritech, Inc.*, 584 U.S. at 754. ("This gamesmanship is not in class members' interest, nor in the interest of justice."). This is evidenced by eXp's statement that the proposed class settlement with the *Hooper* Plaintiffs "will cover claims that are substantially similar to the class asserted this case," and therefore "*Hooper* subsumes the class alleges in this the class[.]" (Doc. #536, p. 3.)

Given this Court's "broad discretion to stay proceedings when appropriate to control [its] docket," it is well within the Court's power to continue this case and allow further discovery into whether a reverse auction occurred in the *Hooper* settlement. *Gould*, 326 F.R.D. at 531. Further, non-privileged communication regarding settlement negotiations is discoverable. Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party), *see Borup v. CJS Solutions Group, LLC*, No. CV 18-1647 (PAM/DTS), 2019 WL 2137369, at *1 (D. Minn. May 16, 2019) (approving discovery of settlement agreements to determine if there was a reverse auction). Specifically, under the Western District of Missouri Mediation and Assessment Program ("MAP"), exceptions to the embargo on sharing confidential information from mediation sessions include disclosures when

"required by court order" or when the disclosure "involves one or more of the parties that were involved in a prior or related confidential [Alternative Dispute Resolution] session." *General Order*, Western District of Missouri Mediation and Assessment Program 1, 18 (2023), https://www.mow.uscourts.gov/sites/mow/files/MAP_GO.pdf.

Here, Plaintiffs have stated they are "willing . . . to waive the confidentiality provisions of the mediation agreement [in this case] and disclose the proposed settlement amounts, if [Weichert] also agrees to waive confidentiality," either "publicly or *in camera*" to determine if a reverse auction occurred during the *Hooper* settlement. (Doc. #513, pp. 3-4.) In line with the Court's previous order, Weichert and Plaintiffs are ordered to engage in discovery regarding the timing and circumstances of Weichert's *Hooper* settlement with all documents produced for *in camera* review and opposing counsel under seal. The parties shall meet and confer to discuss how to most expeditiously share the discovery concerning Weichert's *Hooper* settlement. Further, the producing party shall email all documents to the Court's Courtroom Deputy to facilitate *in camera* review.

## IV.  CONCLUSION

Accordingly, Weichert's Notice of Pending Settlement and Motion to Stay Case (Doc. #536) is DENIED. Plaintiffs and Weichert shall engage in discovery regarding the timing and circumstances of the *Hooper* settlement with documents produced for *in camera* review and to opposing counsel under seal.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>December 5, 2024</u>