IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>NATIONAL ASSOCIATION OF REALTORS, et al.,<br><br>   Defendants. | Case No. 4:23-cv-00788-SRB<br>[Consolidated with 4:23-cv-00945-SRB] |

## **DEFENDANT HANNA HOLDINGS, INC.'S MOTION FOR CLARIFICATION**

Defendant Hanna Holdings, Inc. respectfully moves this Court for clarification of its December 16, 2024 order (Dkt. 590), which denied (among other motions) Hanna Holdings' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Western District of Pennsylvania (Dkt. 308), without addressing the request to transfer.

On July 15, 2024, Hanna Holdings filed a motion asking the Court to dismiss for lack of personal jurisdiction, or in the alternative, to transfer the case to the Western District of Pennsylvania. Dkt. 308. That motion separately set out Hanna Holdings' explanation for why transfer was warranted. *See* Dkt. 309 at 20. In its December 16, 2024 order, the Court denied Hanna Holdings' motion along with several other Defendants' motions to dismiss for lack of personal jurisdiction, but did not address Hanna Holdings' alternative request to transfer this case under 28 U.S.C. § 1631 and 28 U.S.C. § 1404. *See* Dkt. 590.

The purpose of this motion is to ask the Court to rule on Hanna Holdings' motion to transfer, which was timely made. Because Hanna Holdings is asking the Court to consider Hanna

1

Holdings' previously raised transfer argument for the first time, Hanna Holdings is neither rehashing old arguments that the Court already rejected nor raising arguments for the first time in a motion for reconsideration. As explained in Hanna Holdings' suggestions in support of its motion, Dkt. 309 at 20, this case should be transferred under 28 U.S.C. § 1631 because this Court lacks jurisdiction over Hanna Holdings. Hanna Holdings does not transact business in Missouri or have any contacts in Missouri relating to Plaintiffs' claim—indeed, no Hanna Holdings entity has ever represented a client in a real estate transaction in Missouri or participated in a local realtor association in Missouri. *See id.* In denying Hanna Holdings' motion to dismiss, the Court stated that Hanna Holdings has affiliates in Missouri—it does not, and Plaintiffs do not even allege that it does—and held that Hanna Holdings transacted business in Missouri even though it is not licensed to do business in Missouri, has no agents, affiliates, subsidiaries, and does not engage in any activity inside the state of Missouri. *See* Dkt. 590 at 9-10. The Court pointed to a small amount of referral income that Hanna Holdings has earned from the sale of homes where Hanna Holdings was not involved in the underlying transaction (i.e., where it did *not* transact business), *see id.*, but presumably the Court did not determine that these referrals constituted transacting business in light of the case law holding the opposite, *see, e.g.*, *Childers v. Schwartz*, 262 S.W.3d 698, 702-703 (Mo. Ct. App. 2008) (holding that sending referral fees to or from a forum state is insufficient to establish minimum contacts); *accord NEXTEP, LLC v. Kaba Workforce Solutions, Inc.*, 2007 U.S. Dist. LEXIS 88265, at *13-14 (E.D. Mo. Oct. 5, 2007) (calls and emails to obtain a client referral were insufficient to establish personal jurisdiction); *Brandon v. Belmont Motel Corp.*, 1990 U.S. Dist. LEXIS 7959, at *11-12 (E.D. Pa. June 25, 1990) (similar).

As Hanna Holdings also explained, the Court should transfer this case to the Western District of Pennsylvania under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses.

*See In re TikTok, Inc.*, 85 F.4th 352, 356 (5th Cir. 2023) (granting writ of mandamus and directing district court to transfer case under 28 U.S.C. § 1404(a)). Because the alleged material events relating to Hanna Holdings occurred in other states where Hanna Holdings entities operate—particularly Pennsylvania, where Hanna Holdings is incorporated and headquartered—"the convenience of the witnesses" and "the accessibility to records" weigh in favor of transfer there. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691, 696 (8th Cir. 1997); *see also In re Extended Stay Hotel Antitrust Litigation*, 2024 WL 5089159 (N.D. Ill. Dec. 12, 2024) (transferring purported nationwide class action under Section 1404 to the "location of Defendants' corporate decisionmakers"). And given "the national issue of alleged conspiracy," "the interest of justice" would "be served by a central location for" proceedings against Hanna Holdings, "together with … reducing the number of appearances required by [defendant's] witnesses" and "reducing the cost of separate preparation of … cases and by better accessibility of documents in" Pennsylvania. *IT-E Cir. Breaker Co. v. Regan*, 348 F.2d 403, 405 (8th Cir. 1965). Moreover, because the class is nationwide (though largely devoid of Missouri residents), Plaintiffs' choice of forum is entitled to little weight. *E.g.*, *Cunningham v. United Air Lines, Inc.*, 2013 WL 3984513, at *4 (E.D. Mo. Aug. 1, 2013).

Because the Court's order did not address Hanna Holdings' motion to transfer, Hanna Holdings requests that the Court clarify and address the balance of the motion.

Dated: December 19, 2024

Robert Adams (MO #34612)
Michael S. Cargnel (MO #52631)
Hannah M. Smith (MO #73949)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 559-2101
rtadams@shb.com
mcargnel@shb.com

John Brumberg (*pro hac vice* forthcoming)
William Pietragallo II (*pro hac vice* forthcoming)
Quintin DiLucente (*pro hac vice* forthcoming)
PIETRAGALLO GORDON ALFANO
　BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Fl.
Pittsburgh, PA 15219
(412) 263-1836
JRB@Pietragallo.com
WP@Pietragallo.com
QD@Pietragallo.com

Respectfully submitted,

*/s/ David Z. Gringer*
David Z. Gringer (*pro hac vice*)
Emily Barnet (*pro hac vice*)
WILMER CUTLER PICKERING
　HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.gringer@wilmerhale.com
emily.barnet@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Karin Dryhurst (*pro hac vice*)
Claire Bergeron (*pro hac vice*)
WILMER CUTLER PICKERING
　HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
seth.waxman@wilmerhale.com
karin.dryhurst@wilmerhale.com
claire.bergeron@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

/s/ *David Z. Gringer*

David Z. Gringer

5
Case 4:23-cv-00788-SRB     Document 593     Filed 12/19/24     Page 5 of 5