IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION OF REALTORS, et al., <br><br> Defendants. | Case No. 4:23-cv-00788-SRB <br> [Consolidated with 4:23-cv-00945-SRB] |

## DEFENDANT HANNA HOLDINGS, INC.'S SECOND MOTION FOR CLARIFICATION

Defendant Hanna Holdings, Inc. respectfully moves this Court again for clarification of its December 16, 2024 order (Dkt. 590)—which denied (among other motions) Hanna Holdings' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Western District of Pennsylvania (Dkt. 308), without addressing the request to transfer—and of its December 19, 2024 order (Dkt. 595), which denied Hanna Holdings' request for transfer under 28 U.S.C. § 1631 but still did not address Hanna Holdings' request for transfer under 28 U.S.C. § 1404.

On July 15, 2024, Hanna Holdings filed a motion asking the Court to dismiss for lack of personal jurisdiction, or in the alternative, to transfer the case to the Western District of Pennsylvania. Dkt. 308. That motion separately set out Hanna Holdings' explanation for why transfer was warranted, both under 28 U.S.C. § 1631 because this Court lacks jurisdiction over Hanna Holdings and under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses. *See* Dkt. 309. In its December 16, 2024 order, the Court denied Hanna Holdings' motion along with

1

several other Defendants' motions to dismiss for lack of personal jurisdiction, but did not address Hanna Holdings' alternative request to transfer this case under 28 U.S.C. § 1631 and 28 U.S.C. § 1404. *See* Dkt. 590. On December 19, 2024, Hanna Holdings filed a motion for clarification asking the Court to rule on Hanna Holdings' timely motion for transfer under 28 U.S.C. § 1631 or 28 U.S.C. § 1404, explaining again why transfer was separately warranted under each provision. Dkt. 593. Less than an hour later, the Court denied that motion, explaining that it previously found that Plaintiffs "adequately showed that this Court has jurisdiction" over Hanna Holdings and "as such their request for transfer under 28 U.S.C. § 1631 is DENIED." Dkt. 595. But the Court did not address Hanna Holdings' request for transfer under 28 U.S.C. § 1404, which does not hinge on whether this Court has jurisdiction.

As Hanna Holdings explained in both its motion to transfer and its prior motion for clarification, the Court should transfer this case to the Western District of Pennsylvania under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses. *See In re TikTok, Inc.*, 85 F.4th 352, 356 (5th Cir. 2023) (granting writ of mandamus and directing district court to transfer case under 28 U.S.C. § 1404(a)). Because the alleged material events relating to Hanna Holdings occurred in other states where Hanna Holdings entities operate—particularly Pennsylvania, where Hanna Holdings is incorporated and headquartered—"the convenience of the witnesses" and "the accessibility to records" weigh in favor of transfer there. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691, 696 (8th Cir. 1997); *see also In re Extended Stay Hotel Antitrust Litigation*, 2024 WL 5089159 (N.D. Ill. Dec. 12, 2024) (transferring purported nationwide class action under Section 1404 to the "location of Defendants' corporate decisionmakers"). And given "the national issue of alleged conspiracy," "the interest of justice" would "be served by a central location for" proceedings against Hanna Holdings, "together with … reducing the number of appearances

required by [defendant's] witnesses" and "reducing the cost of separate preparation of … cases and by better accessibility of documents in" Pennsylvania. *IT-E Cir. Breaker Co. v. Regan*, 348 F.2d 403, 405 (8th Cir. 1965). Moreover, because the class is nationwide (though largely devoid of Missouri residents), Plaintiffs' choice of forum is entitled to little weight. *E.g.*, *Cunningham v. United Air Lines, Inc.*, 2013 WL 3984513, at *4 (E.D. Mo. Aug. 1, 2013).

Because neither the December 16 order nor the December 19 order addressed Hanna Holdings' motion to transfer under 28 U.S.C. § 1404, Hanna Holdings requests that the Court clarify and address the balance of the motion.

Dated: December 19, 2024

Robert Adams (MO #34612)
Michael S. Cargnel (MO #52631)
Hannah M. Smith (MO #73949)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 559-2101
rtadams@shb.com
mcargnel@shb.com

John Brumberg (*pro hac vice* forthcoming)
William Pietragallo II (*pro hac vice* forthcoming)
Quintin DiLucente (*pro hac vice* forthcoming)
PIETRAGALLO GORDON ALFANO
  BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Fl.
Pittsburgh, PA 15219
(412) 263-1836
JRB@Pietragallo.com
WP@Pietragallo.com
QD@Pietragallo.com

Respectfully submitted,

*/s/ David Z. Gringer*
David Z. Gringer (*pro hac vice*)
Emily Barnet (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.gringer@wilmerhale.com
emily.barnet@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Karin Dryhurst (*pro hac vice*)
Claire Bergeron (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
seth.waxman@wilmerhale.com
karin.dryhurst@wilmerhale.com
claire.bergeron@wilmerhale.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of December 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

      /s/ *David Z. Gringer*

      David Z. Gringer