IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, and JOHN MEINERS, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) Case No. 4:23-cv-00788-SRB |
| Plaintiffs, | ) |
| v. | ) |
| NATIONAL ASSOCIATION OF REALTORS, COMPASS, INC., EXP WORLD HOLDINGS, INC., REDFIN CORPORATION, WEICHERT REALTORS, UNITED REAL ESTATE, DOUGLAS ELLIMAN, INC., and BERKSHIRE HATHAWAY ENERGY COMPANY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANT BERKSHIRE HATHAWAY ENERGY COMPANY'S
## MOTION FOR RECONSIDERATION AND MOTION TO COMPEL ARBITRATION

December 31, 2024

| | |
|---|---|
| Jeffrey J. Simon<br>Taylor Concannon Hausmann<br>**HUSCH BLACKWELL LLP**<br>4801 Main Street, Suite 1000<br>Kansas City, Missouri 64112<br>(816) 983-8000 | Katherine B. Forrest (*pro hac vice*)<br>Andrew G. Gordon (*pro vice*)<br>Anna R. Gressel (*pro hac vice*)<br>Yotam Barkai (*pro hac vice*)<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, New York 10019<br>(212) 373-3000 |

Defendant Berkshire Hathaway Energy Company ("BHE") respectfully moves this Court to reconsider its Order Denying BHE's Motion to Strike Class Allegations and to Dismiss for Failure to State a Claim, ECF No. 589 (the "Order"). In the Order, the Court concluded that BHE could not enforce arbitration and mediation agreements and class action waivers that absent putative class members may have signed because those agreements did not expressly identify BHE. The Court also held that the named Plaintiffs could pursue their claims against BHE even though *none* of them sold property through a subsidiary of HomeServices of America, Inc. ("HomeServices"), which BHE owns, or through a franchisee of one of HomeServices' subsidiaries. The Court's principal reasoning was twofold: *first*, the Court and the Eighth Circuit previously construed similar agreements in the *Sitzer* litigation and found that HomeServices could not enforce them; and *second*, revised language in the "New Agreements," which had been executed only *after* this Court's and one of the Eighth Circuit's rulings in *Sitzer*, identified HomeServices as the "ultimate parent" and thus precluded BHE from enforcing them, even though the New Agreements also expressly covered "affiliates." Order at 11–12.

Respectfully, the Court's Order contains significant and manifest errors of both fact and law. As an initial matter, the Court failed to provide a ruling on an independent basis that BHE offered for dismissal: the absence of any plaintiff who is able to allege a single fact with regard to conduct by BHE. In addition, the Court's Order provided an interpretation of only a few of the numerous contracts containing arbitrability provisions that BHE had provided in support of its motion. The Court's failure to consider each contract at issue here constitutes significant legal error, because many of the agreements relevant here (unreviewed by this Court) differ materially from the agreements considered in *Sitzer*.

1

Separately, BHE seeks an order compelling arbitration. To the extent that some absent class member plaintiff did enter a home seller contract with a HomeServices subsidiary or a franchisee of a HomeServices subsidiary, that contract would have likely contained an arbitration provision. *See* ECF Nos. 345-2–345-42. BHE accordingly moves to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 4, 206, as to any claims against it in this matter since it is virtually inevitable that any plaintiff's claims would have arisen from a contract containing an explicit and mandatory agreement to arbitrate. Because the question of enforceability is for the arbitrator—and, in any event, BHE is able to enforce these agreements to compel arbitration—the Court should grant BHE's motion to compel. The crux of Plaintiffs' claims relates to the home seller contracts that are fundamentally intertwined with the antitrust allegations in this suit—and if BHE must litigate a case relating to those contracts, it would be inequitable *not* to allow BHE to enforce them.

Accordingly, and for the reasons more fully set forth in BHE's Suggestions in Support of this Motion, BHE hereby moves the Court to reconsider its Order and:

1. Find that no action can be maintained against BHE because there is no named plaintiff that has or could have a claim against BHE or any entity associated with BHE;

2. Find that language in a number of the contracts was not previously considered by this Court or the Eighth Circuit, and that such contracts both waive class actions and require any disputes be arbitrated;

3. Compel arbitration of any disputes by putative class members who are subject to arbitration or mediation agreements with any BHE subsidiaries or affiliates; and

4. In the event the Court denies the motion to compel arbitration, stay this litigation as to BHE until the Eighth Circuit has the opportunity to consider an appeal of such order.

2

Dated: December 31, 2024  /s/ Taylor Concannon Hausmann

**HUSCH BLACKWELL LLP**
Jeffrey J. Simon, MO #35558
Taylor Concannon Hausmann, MO #67056
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Jeff.Simon@huschblackwell.com
Taylor.Hausmann@huschblackwell.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew G. Gordon (*pro hac vice*)
Katherine B. Forrest (*pro hac vice*)
Anna R. Gressel (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
agordon@paulweiss.com
kforrest@paulweiss.com
agressel@paulweiss.com
ybarkai@paulweiss.com

*Attorneys for Defendant Berkshire Hathaway Energy Company*

3

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served on December 31, 2024, on all counsel of record by virtue of the Court's CM/ECF system.

                                                              */s/ Taylor Concannon Hausmann*