IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br> NATIONAL ASSOCIATION OF REALTORS, ET AL., <br><br> Defendants. | Case No. 4:23-cv-00788 <br> [Consolidated with 4:23-cv-00945] <br><br> Hon. Stephen R. Bough <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANT WILLIAM RAVEIS REAL ESTATE, INC.'S MOTION FOR RECONSIDERATION, AND MOTION TO COMPEL ARBITRATION AND/OR STAY PROCEEDINGS PENDING ARBITRATION PURSUANT TO SECTIONS 3 AND 4 OF THE FEDERAL ARBITRATION ACT**

Defendant William Raveis Real Estate, Inc. ("Raveis") respectfully moves this Court to reconsider and reverse its order (ECF No. 589) (the "Order") denying Raveis' Motion to Strike Class Action Allegations (ECF No. 306) (the "Prior Motion") because the Court's prior ruling contained errors of both fact and law. In the Order, the Court concluded that Raveis could not enforce arbitration agreements and class action waivers that absent putative class members may have signed because those agreements did not expressly identify Raveis. The Court also held that the named Plaintiffs could pursue their claim against Raveis even though *none* of them sold property through Raveis, or any Raveis affiliated entity or subsidiary.

Respectfully, the Order contains significant and manifest errors of both fact and law that warrant reconsideration as to Raveis. The Order erred factually in that it did not acknowledge that Raveis itself is a signatory to contracts in at least Connecticut and erred legally by misapplying the law of the states of New York, Massachusetts, and Florida.

If, however, the Court declines to reconsider its Order and still refuses to strike the class allegations against Raveis, then Raveis, in the alternative, moves to compel any home seller who signed an arbitration or mediation agreement with Raveis or an affiliate of Raveis to arbitrate those claims and/or to stay this case pending arbitration by these putative class members pursuant to Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4.

Accordingly, and for the reasons set forth more fully in Raveis' Suggestions in Support of this Motion, Raveis hereby moves this Court to reconsider its Order and grant Raveis' Motion to Strike Class Action Allegations; or, in the alternative, if the Court declines to reconsider its Order, stay this case as to Raveis and compel arbitration pursuant to FAA Sections 3 and 4.

Respectfully submitted,

Dated: January 6, 2025

By: */s/ Benjamin H. Diessel*
Benjamin H. Diessel (*pro hac vice*)
John M. Doroghazi (*pro hac vice*)
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06510
Tel: (203) 498-4400
bdiessel@wiggin.com
jdoroghazi@wiggin.com

Christopher J. Kaufman (#62991 MO)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
ckaufman@shb.com

*Counsel for Defendant, William Raveis Real Estate, Inc.*

## **CERTIFICATION**

I hereby certify that on this 6th day of January 2025, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all personal identified on the Notice of Electronic Filing.

/s/ *Benjamin H. Diessel*
Benjamin H. Diessel
