IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DON GIBSON, LAUREN CRISS, and JOHN MEINERS, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 4:23-cv-00788-SRB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE NATIONAL ASSOCIATION OF REALTORS, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT BERKSHIRE HATHAWAY ENERGY COMPANY'S
MOTION TO CERTIFY THE COURT'S ORDER DENYING BERKSHIRE
HATHAWAY ENERGY COMPANY'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO
28 U.S.C. § 1292(b) AND FOR A STAY PENDING INTERLOCUTORY APPEAL**

January 10, 2025

Jeffrey J. Simon
Taylor Concannon Hausmann
**HUSCH BLACKWELL LLP**
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000

Katherine B. Forrest (*pro hac vice*)
Andrew G. Gordon (*pro hac vice*)
Anna R. Gressel (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Pursuant to 28 U.S.C. § 1292(b), Defendant Berkshire Hathaway Energy Company ("BHE") respectfully moves this Court to certify for immediate interlocutory review its December 16, 2024 order denying BHE's motion to dismiss for lack of personal jurisdiction and for improper venue, *see* ECF No. 590 (the "MTD Order"), given that the MTD Order involves several important controlling questions of law as to which there is substantial ground for difference of opinion and whose resolution would materially advance the ultimate termination of the litigation, including:

1) *When a defendant challenges personal jurisdiction, does* Twombly*'s "plausibility" standard apply, or must the plaintiff offer evidence supporting jurisdiction?*
2) *Under Section 12 of the Clayton Act, can a district court attribute the jurisdictional contacts of a subsidiary to its direct or indirect parent without finding that the parent controlled and dominated the subsidiary so as to warrant piercing its corporate veil?*
3) *Is nationwide service of process under Section 12 of the Clayton Act available when an antitrust plaintiff fails to satisfy Section 12's venue provision?*

The reasons for this motion are more fully set forth in the accompanying Suggestions.

Dated: January 10, 2025　　　　　　　　　／s/ Taylor Concannon Hausmann

**HUSCH BLACKWELL LLP**
Jeffrey J. Simon, MO #35558
Taylor Concannon Hausmann, MO #67056
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Jeff.Simon@huschblackwell.com
Taylor.Hausmann@huschblackwell.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Katherine B. Forrest (*pro hac vice*)
Andrew G. Gordon (*pro hac vice*)
Anna R. Gressel (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kforrest@paulweiss.com
agordon@paulweiss.com
agressel@paulweiss.com
ybarkai@paulweiss.com

*Attorneys for Defendant Berkshire Hathaway Energy Company*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on January 10, 2025, on all counsel of record by virtue of the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　　／s/ Taylor Concannon Hausmann
　　　　　　　　　　　　　　　　　　　Attorney