**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DON GIBSON, LAUREN CRISS, and JOHN MEINERS, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 4:23-cv-00788-SRB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE NATIONAL ASSOCIATION OF REALTORS, et al., | ) ) ) | |
| Defendants. | ) ) | |

**SUGGESTIONS IN SUPPORT OF**
**DEFENDANT BERKSHIRE HATHAWAY ENERGY COMPANY'S**
**MOTION TO CERTIFY THE COURT'S ORDER DENYING BERKSHIRE**
**HATHAWAY ENERGY COMPANY'S MOTION TO DISMISS FOR LACK OF**
**PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO**
**28 U.S.C. § 1292(b) AND FOR A STAY PENDING INTERLOCUTORY APPEAL**

January 10, 2025

Jeffrey J. Simon
Taylor Concannon Hausmann
**HUSCH BLACKWELL LLP**
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000

Katherine B. Forrest (*pro hac vice*)
Andrew G. Gordon (*pro hac vice*)
Anna R. Gressel (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................... 1

BACKGROUND ............................................................................................................. 4

ARGUMENT ................................................................................................................. 6

    I.    The Jurisdictional Questions Are Controlling Questions of Law ............................ 6

    II.   Substantial Caselaw Supports BHE's Positions, Raising a Substantial Basis for Disagreement as to Each Jurisdictional Question ............................... 10

    III.  Immediate Review by the Eighth Circuit Will Advance, or Even Resolve, This Litigation as to BHE .................................................................. 13

    IV.  Proceedings Should Be Stayed as to BHE While Its Appeal Is Pending ............... 14

CONCLUSION ............................................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.O.A.* v. *Rennert*,
2023 WL 8641601 (E.D. Mo. Sept. 5, 2023) ...........................................................15

*Adair* v. *Conagra Foods, Inc.*,
2012 WL 12903713 (W.D. Mo. Sept. 11, 2012) ....................................................13

*E.E.O.C.* v. *Allstate Ins. Co.*,
2007 WL 38675 (E.D. Mo. Jan. 4, 2007) .............................................................6, 8

*In re Auto. Refinishing Paint Antitrust Litig.*,
358 F.3d 288 (3d Cir. 2004)....................................................................................9

*Campos* v. *Ticketmaster Corp.*,
140 F.3d 1166 (8th Cir. 1998) ..............................................................................2, 3

*Coinbase, Inc.* v. *Bielski*,
599 U.S. 736 (2023)................................................................................................15

*In re Cornerstone Therapeutics Inc., S'holder Litig.*,
115 A.3d 1173 (Del. 2015) ......................................................................................9

*Dairy Farmers of Am., Inc.* v. *Bassett & Walker Int'l, Inc.*,
702 F.3d 472 (8th Cir. 2012) .....................................................................1, 2, 7, 10

*Dever* v. *Hentzen Coatings, Inc.*,
380 F.3d 1070 (8th Cir. 2004) ...............................................................................10

*Emerson Elec. Co.* v. *Yeo*,
2013 WL 440578 (E.D. Mo. Feb. 5, 2013)............................................................14

*Epps* v. *Stewart Info. Servs. Corp.*,
327 F.3d 642 (8th Cir. 2003) .................................................................................11

*Fast* v. *Applebee's Int'l, Inc.*,
2010 WL 816639 (W.D. Mo. Mar. 4, 2010), *aff'd on other grounds*,
638 F.3d 872 (8th Cir. 2011) .................................................................................14

*Fastpath, Inc.* v. *Arbela Techs. Corp.*,
760 F.3d 816 (8th Cir. 2014) ..............................................................................2, 10

*Go-Video, Inc.* v. *Akai Elec. Co.*,
885 F.2d 1406 (9th Cir. 1989) .................................................................................9

*Golf City, Inc.* v. *Wilson Sporting Goods, Co.*,
555 F.2d 426 (5th Cir. 1977) ...........................................................................8

*GreenState Credit Union* v. *Hy-Vee, Inc.*,
500 F. Supp. 3d 799 (D. Minn. 2020).................................................................7

*GTE New Media Servs. Inc.* v. *BellSouth Corp.*,
199 F.3d 1343 (D.C. Cir. 2000) .........................................................................9

*Hovsepian* v. *Adel Wiggins Group*,
2016 WL 6577105 (E.D. Mo. Nov. 7, 2016) ......................................................7

*Jet Charter Serv., Inc.* v. *Koeck*,
907 F.2d 1110 (11th Cir. 1990) .......................................................................10

*Karsjens* v. *Lourey*,
988 F.3d 1047 (8th Cir. 2021) .......................................................................7, 8

*King* v. *Johnson Wax Assocs., Inc.*,
565 F. Supp. 711 (D. Md. 1983) ........................................................................8

*KM Enters., Inc.* v. *Glob. Traffic Techs., Inc.*,
725 F.3d 718 (7th Cir. 2013) .......................................................................8, 11

*Lakota Girl Scout Council, Inc.* v. *Havey Fund-Raising Mgmt., Inc.*,
519 F.2d 634 (8th Cir. 1975) .......................................................................3, 11

*Leflar* v. *Target Corp.*,
57 F.4th 600 (8th Cir. 2023) .............................................................................7

*M & B Oil, Inc.* v. *Federated Mut. Ins. Co.*,
2021 WL 4963524 (E.D. Mo. Oct. 26, 2021) ...................................................14

*Mazzocchio* v. *Cotter Corp.*,
2023 WL 7181676 (E.D. Mo. Nov. 1, 2023),
*aff'd*, 120 F.4th 565 (8th Cir. 2024).................................................................9

*McNamara* v. *Katten Muchin Rossman LLP*,
2017 WL 11493632 (W.D. Mo. Apr. 21, 2017) .................................................6

*MDKC, LLC* v. *City of Kansas City*,
2023 WL 6406403 (W.D. Mo. Oct. 2, 2023)....................................................14

*MNG 2005, Inc.* v. *Paymentech, LLC*,
2020 WL 6582660 (E.D. Mo. Nov. 9, 2020)....................................................12

*Taylor* v. *Portland Paramount Corp.*,
383 F.2d 634 (9th Cir. 1967) ..........................................................................10

*White* v. *Nix*,
43 F.3d 374 (8th Cir. 1994) ....................................................................6

*Willis Elec. Co.* v. *Polygroup Macau Ltd. (BVI)*,
437 F. Supp. 3d 693 (D. Minn. 2020) ....................................................12

*Zeavision, LLC* v. *Bausch & Lomb Inc.*,
2022 WL 17092453 (E.D. Mo. Nov. 21, 2022) .....................................12

**Statutes**

28 U.S.C. § 1292(b) ..............................................................................1, 6, 9, 14

15 U.S.C. § 22 ................................................................................................. *passim*

**Other Authorities**

16 Charles Alan Wright & Arthur R. Miller,
*Federal Practice & Procedure: Jurisdiction* § 3930 (3d ed. 2024) ...........................................6

Fed. R. Civ. P. 12(b)(6)........................................................................................7

## PRELIMINARY STATEMENT

Defendant Berkshire Hathaway Energy Company ("BHE") has separately moved for reconsideration of the Court's order denying BHE's motion to strike class allegations and to compel arbitration, *see* ECF No. 611, and hereby asks that the Court consider that motion first. However, in order to preserve its position on personal jurisdiction, BHE also respectfully requests that the Court certify for immediate appellate review under 28 U.S.C. § 1292(b), its December 16, 2024 order denying BHE's motion to dismiss for lack of personal jurisdiction and for improper venue, ECF No. 590 (the "MTD Order"). As the Court is aware from ECF No. 611, BHE maintains that this matter should be arbitrated and intends to pursue that process for resolving this dispute. Should the Court deny that motion, however, BHE respectfully submits that the MTD Order presents three controlling questions of law as to which there are substantial grounds for difference of opinion and that immediate appeal would materially advance the ultimate termination of the litigation. The MTD Order is therefore appropriate for immediate review by the Eighth Circuit.

The first question ("First Jurisdictional Question") is as follows: *When a defendant challenges personal jurisdiction, does* Twombly*'s "plausibility" standard apply, or must the plaintiff offer evidence supporting jurisdiction?* The MTD Order applied the *Twombly* "plausibility" standard and determined that the Court had personal jurisdiction over BHE because Plaintiffs had "plausibly alleged" jurisdictional facts. MTD Order at 9–10. There are grounds for substantial disagreement on this purely legal question, because the controlling standard requires Plaintiffs to "prov[e] facts" showing that jurisdiction exists—not merely plausibly allege them. *Dairy Farmers of Am., Inc.* v. *Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012) (citation omitted). The Court should have considered the declaration of Natalie Hocken submitted by BHE, ECF No. 337 (the "Hocken Declaration"), which challenged Plaintiffs' core jurisdictional

allegations and thus shifted the burden to Plaintiffs to submit evidence rebutting the Hocken Declaration's sworn statements.[1] *Dairy Farmers*, 702 F.3d at 475. But the MTD Order does not even acknowledge the Hocken Declaration, much less hold Plaintiffs to their burden to "prov[e] facts supporting personal jurisdiction." *Id.* Resolving this question will materially advance the litigation because, if the Eighth Circuit agrees that the Court should have considered the Hocken Declaration and required Plaintiffs to "prove facts" supporting jurisdiction, the resulting analysis would lead to BHE's dismissal from the action pending before this Court.

The second question ("Second Jurisdictional Question") is as follows: *Under Section 12 of the Clayton Act, can a district court attribute the jurisdictional contacts of a subsidiary to its direct or indirect parent without finding that the parent controlled and dominated the subsidiary so as to warrant piercing its corporate veil?* In the instant matter, the Court held that it could exercise jurisdiction over BHE, even though BHE does not transact business in Missouri, because BHE "has control over a wholly owned subsidiary in this District." MTD Order at 9. There are again grounds for substantial disagreement on this question because the standard set forth in *Campos* v. *Ticketmaster Corp.* for attributing a subsidiary's contacts to its parent for the purpose of establishing jurisdiction under Section 12 requires evidence that the parent exercised "*sufficient control*" over its in-district subsidiary so as to "render[] the subsidiary the instrument, rather than the investment, of the parent." 140 F.3d 1166, 1173 (8th Cir. 1998) (emphasis added). As the *Campos* court explained, the proper measure for determining whether a corporation exercised "sufficient control" over a subsidiary is set forth in *Lakota Girl Scout Council, Inc.* v. *Havey Fund-*

---

[1] Indeed, although the Court "must view the *evidence* in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor" when no hearing on a defendant's motion is held, "the party seeking to establish the court's personal jurisdiction carries the burden of proof *and that burden does not shift to the party challenging jurisdiction.*" *Fastpath, Inc.* v. *Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (emphasis added). Here, the only *evidence* before the Court was the Hocken Declaration, as Plaintiffs chose to stand on their conclusory allegations.

*Raising Management, Inc.*, which requires determining whether the parent "so controlled and dominated the activities of [a] resident subsidiary that the latter's separate corporate existence was in effect disregarded." 519 F.2d 634, 637 (8th Cir. 1975). The MTD Order failed to analyze whether BHE exercised "sufficient control" over any direct subsidiary and, in turn, whether that direct subsidiary exercised such control over its own in-District subsidiaries to render personal jurisdiction proper. *Campos*, 140 F.3d at 1173. But even if the Court had undertaken such an inquiry, Plaintiffs could not satisfy the standard set forth by *Campos* at *any* level to warrant attributing a subsidiary or affiliate's jurisdictional contacts to BHE to establish jurisdiction under Section 12.

The third controlling question of law ("Third Jurisdictional Question") presented by the MTD Order is as follows: *Is nationwide service of process under Section 12 of the Clayton Act available when an antitrust plaintiff fails to satisfy Section 12's venue provision?* The Court determined that it could exercise jurisdiction over BHE because venue was proper in this District *regardless* of whether the Court interpreted Section 12 of the Clayton Act broadly or narrowly. MTD Order at 7–8. But that was error: Plaintiffs *cannot* satisfy Section 12's venue provision for the reasons discussed above, so the Court *must* decide this issue to resolve whether personal jurisdiction exists. There are substantial grounds for difference of opinion given the existence of a Circuit split on this issue, with the weight of authority holding that a plaintiff must first show that venue is proper under Section 12 *before* nationwide service of process may be used to establish personal jurisdiction over a defendant. Resolving this question will materially advance this litigation because application of the proper interpretation of Section 12 would result in BHE being dismissed from this action.

BHE respectfully asks that the Court certify the MTD Order because it presents at least three controlling questions of law, as to which substantial ground for difference of opinion exists, and their resolution will materially advance—and likely end—this litigation. The Court should accordingly certify the MTD Order for interlocutory appellate review and stay proceedings in this Court pending resolution of the appeal.

## BACKGROUND

BHE moved to dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") for lack of personal jurisdiction and improper venue in July 2024. *See* ECF Nos. 333, 335. The briefing supporting BHE's motion and the accompanying Hocken Declaration demonstrated that the Court lacks personal jurisdiction over BHE. Among other things, BHE explained that it is a foreign holding corporation—formed and headquartered in Iowa—that does not transact business, or have any offices or other physical presence, in Missouri. *See* ECF No. 335 at 14; Hocken Decl. ¶¶ 3–8. BHE does not have any employees, officers, or board members who currently reside in the state, and none of its "direct subsidiaries transact business in Missouri, are currently registered to do business in Missouri, or were registered to do business in Missouri during the Putative Class Period." ECF No. 335 at 14–15; *see* Hocken Decl. ¶¶ 5–7. Even its direct subsidiary, HomeServices of America, Inc. ("HSA")—a Delaware holding corporation headquartered in Minnesota—lacks direct connections to Missouri, having no in-state offices or physical presence. ECF No. 335 at 14; Hocken Decl. ¶¶ 15–16, 25, 34.

BHE also explained that while some of its indirect subsidiaries and their franchisees participate in the real estate industry, BHE does not. *See* ECF No. 335 at 12–13; Hocken Decl. ¶¶ 9–14, 25–32. All those entities are subsidiaries of HSA or franchisees of BHH Affiliates, LLC ("BHH"), itself an indirect subsidiary of HSA. ECF No. 335 at 13; Hocken Decl. ¶¶ 12, 25–32. And while some of those indirect subsidiaries and franchisees transact business in this District,

HSA does not. ECF No. 335 at 14–15, 15 nn.10–11; Hocken Decl. ¶¶ 36, 38. Because HSA itself has no presence or contacts within this District, as BHE explained, the only possible way that Plaintiffs could prove the Court has jurisdiction over BHE in the Western District of Missouri is to establish that BHE exercises "sufficient control" over in-District entities: that is, *HSA's* subsidiaries and *BHH's* franchisees. ECF No. 499 at 17–18. But in neither the CAC nor in any briefing did Plaintiffs even attempt to show that BHE, through HSA, exercised sufficient control over HSA's subsidiaries or BHH's franchisees such that their jurisdictional contacts could be properly attributed to BHE under controlling Eighth Circuit law. *Id.*; Hocken Decl. ¶¶ 25–32, 38.

BHE also argued that the Court should apply the "integrated" interpretation of Section 12 of the Clayton Act. *See* ECF No. 335 at 23–24. Under that interpretation, the jurisdictional and venue components of the statute must be read together, such that a plaintiff must first establish venue under Section 12 by showing that the defendant is found or transacts business in the jurisdiction *before* it can invoke nationwide service of process under the statute. *Id.* at 24. Most circuit courts and several district courts in this Circuit that have addressed Section 12's interpretation have endorsed the integrated interpretation. *See id.*; ECF No. 492 at 10–13. Because BHE neither is found nor transacts business in this District, nationwide service is unavailable as to BHE, and the Court lacks jurisdiction.

In its denial of BHE's motion, the Court stated that "Plaintiffs *plausibly allege* that [BHE] has control over a wholly owned subsidiary in this District," and thus concluded that jurisdiction over BHE was proper. MTD Order at 9–10 (emphasis added). Importantly, the Court did so without addressing the Hocken Declaration, which Plaintiffs did not even attempt to rebut. The Court thus did not evaluate whether Plaintiffs had carried their burden to prove that BHE actually exercised sufficient control over an in-District subsidiary such that its contacts could be attributed to BHE

to establish jurisdiction. With regard to Section 12, the Court declined to adopt either the independent or integrated interpretation, concluding instead that venue would be proper under either approach. *Id.* at 8–10.

## ARGUMENT

Under 28 U.S.C. § 1292(b), the Court may certify an order for interlocutory review when: (1) "the order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" as to that legal question; and (3) immediate appeal "may materially advance the ultimate termination of the litigation." Certification is particularly appropriate "where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." *White* v. *Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (quotation marks and citation omitted). Because each requirement for certification is satisfied and a decision on appeal may avoid years-long litigation that could cost the parties many millions of dollars in litigation expenses, the Court should certify the MTD Order.

## I.   The Jurisdictional Questions Are Controlling Questions of Law

Each Jurisdictional Question presents a controlling question of law, the resolution of which "may contribute to the determination, [at] an early stage, of a wide spectrum of cases." *E.E.O.C.* v. *Allstate Ins. Co.*, 2007 WL 38675, at *3 (E.D. Mo. Jan. 4, 2007) (quotation marks and citation omitted). As this Court itself has recognized, "the question[s] need not be dispositive of the lawsuit in order to be regarded as controlling." *McNamara* v. *Katten Muchin Rossman LLP*, 2017 WL 11493632, at *2 (W.D. Mo. Apr. 21, 2017) (Bough, J.). In any event, "[t]here is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district-court proceeding." 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3930 (3d ed. 2024). Accordingly, courts have specifically recognized that questions

concerning personal jurisdiction are "controlling questions" because they are "non-discretionary" and subject to "*de novo* review" on appeal, *Hovsepian* v. *Adel Wiggins Group*, 2016 WL 6577105, at *2 (E.D. Mo. Nov. 7, 2016) (collecting cases), and thus if a district court "were found to have lacked personal jurisdiction over the defendant on appeal, any decision by [the district] court would be reversed and [the] action would be dismissed." *GreenState Credit Union* v. *Hy-Vee, Inc.*, 500 F. Supp. 3d 799, 807 (D. Minn. 2020).

      **First Jurisdictional Question**. The First Jurisdictional Question—whether *Twombly*'s "plausibility" standard governs a plaintiff's burden to establish personal jurisdiction, even in the face of contravening evidence introduced by the defendant—presents a controlling question of law. As an initial matter, "whether the district court employed the correct legal standard" is a pure "question of law." *Karsjens* v. *Lourey*, 988 F.3d 1047, 1050 (8th Cir. 2021); *see also Leflar* v. *Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023) (concluding upon de novo review that the "district court applied the wrong legal standard"). This question is also controlling. The Court imported the *Twombly* standard from the Rule 12(b)(6) context, assessing only the four corners of the CAC and granting Plaintiffs favorable inferences that were refuted by BHE's sworn, unrebutted statements to the contrary. MTD Order at 9–10. Had the Court applied the standard set forth by the Eighth Circuit in *Dairy Farmers*, Plaintiffs would have had to "prov[e] facts" supporting jurisdiction. 702 F.3d at 475. And because Plaintiffs did not introduce *any* facts supporting jurisdiction—even after BHE established through the Hocken Declaration that it does not "transact business" in this District—Plaintiffs clearly failed to satisfy their burden of proof in demonstrating that the Court could properly exercise personal jurisdiction over BHE under Section 12.

      **Second Jurisdictional Question**. The Second Jurisdictional Question—whether Section 12 of the Clayton Act requires a court to find that a parent corporation controlled and

dominated a subsidiary or other affiliate prior to imputing the affiliate's jurisdictional contacts to the parent—also presents a pure "question of law," because it likewise addresses whether the "district court employed the wrong legal standard." *Karsjens*, 988 F.3d at 1049–50. This question, too, is controlling. For one, its resolution would "contribute to the determination, [at] an early stage, of a wide variety of cases," *Allstate*, 2007 WL 38675, at *3, involving antitrust claims asserted against defendants based on the purported in-district conduct of their subsidiaries or other affiliates. Other decisions addressing the standard under Section 12 for attributing a subsidiary's in-district contacts to its parent demonstrate this issue's importance. *See, e.g.*, *KM Enters., Inc.* v. *Glob. Traffic Techs., Inc.*, 725 F.3d 718, 733 (7th Cir. 2013) ("The activities of a subsidiary may suffice to assert jurisdiction over the parent if there is some basis for piercing the corporate veil, such as the parent's unusual degree of control over the subsidiary, *but this does not apply in the case of an ordinary parent-subsidiary relationship that observes corporate formalities*." (emphasis added)); *Golf City, Inc.* v. *Wilson Sporting Goods, Co.*, 555 F.2d 426, 437 (5th Cir. 1977) (holding that venue was improper based on in-district contact of separate legal entity, absent showing of "a total disregard for the separate corporate entities"); *King* v. *Johnson Wax Assocs., Inc.*, 565 F. Supp. 711, 718–19 (D. Md. 1983) (equating "sufficient control" with "pierc[ing] [the company's] corporate veil").

The MTD Order creates tremendous uncertainty for out-of-state corporations with Missouri subsidiaries or affiliates, as those corporations now must navigate the possibility that, contrary to well-settled principles of corporate law, Missouri federal courts might disregard those entities' separate corporate existence without applying veil-piercing principles. An appellate ruling would, at minimum, reduce the destabilizing effect of the MTD Order on out-of-state businesses by providing guidance to the lower courts facing these issues in the first instance. *See In re*

*Cornerstone Therapeutics Inc., S'holder Litig.*, 115 A.3d 1173, 1179 (Del. 2015) (noting in decision on interlocutory appeal that the trial court recommended interlocutory review in light of the "important and uncertain issue of corporate law at stake").

This issue is also controlling as to BHE. If the Eighth Circuit were to rule in BHE's favor, Plaintiffs could not satisfy Section 12's venue provision because they have not even attempted to show that BHE exercises sufficient control over HSA—*or* that HSA, in turn, exercises sufficient control over its in-District subsidiaries and BHH's in-District franchisees—to warrant imputing those jurisdictional contacts to BHE.

**Third Jurisdictional Question**. The Third Jurisdictional Question—whether Plaintiffs must satisfy Section 12's venue provision to obtain nationwide service of process—is a purely legal question of statutory interpretation. *See Mazzocchio* v. *Cotter Corp.*, 2023 WL 7181676, at *2 (E.D. Mo. Nov. 1, 2023) ("A 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision[.]" (quotation marks and citation omitted)), *aff'd*, 120 F.4th 565 (8th Cir. 2024). Other Circuits have recognized it as such by addressing it on interlocutory appeal under Section 1292(b). *See In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 292 (3d Cir. 2004); *GTE New Media Servs. Inc.* v. *BellSouth Corp.*, 199 F.3d 1343, 1345 (D.C. Cir. 2000); *Go-Video, Inc.* v. *Akai Elec. Co.*, 885 F.2d 1406, 1407 (9th Cir. 1989).

The proper interpretation of Section 12 is also a controlling question. Plaintiffs have not satisfied (and cannot satisfy) Section 12's venue provision. *See* ECF No. 335 at 24–26; ECF No. 499 at 15–18. So, if the Eighth Circuit agrees with BHE (and the weight of authority) and holds that Plaintiffs first must satisfy Section 12's venue provision to avail themselves of its nationwide service of process provision, then BHE must be dismissed for lack of personal jurisdiction.

9

## II. Substantial Caselaw Supports BHE's Positions, Raising a Substantial Basis for Disagreement as to Each Jurisdictional Question

The second requirement for certification requires that there be a substantial basis for disagreement as to each question of law. That requirement is satisfied here in light of the ample caselaw supporting BHE's positions on each controlling legal question.

**First Jurisdictional Question**. As to the First Jurisdictional Question, the Eighth Circuit has expressly held that a more onerous standard than *Twombly* applies where, as here, a defendant challenges jurisdiction with evidence: "[i]f the defendant controverts or denies jurisdiction, the *plaintiff* bears the burden of *proving facts* supporting personal jurisdiction." *Dairy Farmers*, 702 F.3d at 475 (emphases added); *Dever* v. *Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, *the burden shifts to the plaintiff to prove jurisdiction* by affidavits, testimony or documents." (internal quotation marks omitted) (emphasis added)).

In other words, it is not enough for a plaintiff to "plausibly allege" facts that would establish jurisdiction, as the Court held, *see* MTD Order at 9, as *Dairy Farmers* requires that plaintiffs "prov[e] facts" supporting jurisdiction. 702 F.3d at 475; *see also Fastpath, Inc.* v. *Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (finding prima facie showing of jurisdiction "must be tested" by affidavits and exhibits); *Jet Charter Serv., Inc.* v. *Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990) ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."); *Taylor* v. *Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant."). There are thus

grounds for substantial disagreement with the MTD Order's application of *Twombly* to BHE's motion.

**Second Jurisdictional Question**. As to the Second Jurisdictional Question, there is substantial authority to disagree with the Court's conclusion that it could exercise jurisdiction over BHE simply because Plaintiffs alleged that BHE "has control over a wholly owned subsidiary in this District," MTD Order at 9, without undertaking *any* veil-piercing analysis *or* accounting for the fact that HSA itself does not operate within this District. ECF No. 335 at 12–14, 18; ECF No. 499 at 15; Hocken Decl. ¶¶ 3–8, 16, 33–37. To the contrary, substantial authority shows that the Court should have analyzed whether BHE exercised "sufficient control" over HSA because it "so controlled and dominated the activities of" HSA such that HSA's "separate corporate existence was in effect disregarded." *Lakota Girl Scout Council*, 519 F.2d at 637; *see also Epps* v. *Stewart Info. Servs. Corp.*, 327 F.3d 642, 649 (8th Cir. 2003) ("[P]ersonal jurisdiction can be based on the activities of the nonresident corporation's in-state subsidiary, but only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." (citations omitted)). Other Circuits agree that attributing a subsidiary's jurisdictional contacts to a parent corporation requires plaintiffs to satisfy a rigorous veil-piercing analysis. *See, e.g.*, *KM Enters.*, 725 F.3d at 733–34 (declining to attribute jurisdictional contacts to parent corporation absent "some basis for piercing the corporate veil, such as an abnormal level of involvement or control by the parent" over its subsidiary).

Here, that analysis requires determining whether veil-piercing is appropriate not once but *twice*: first, to show that BHE sufficiently controlled HSA, and second, to show that HSA sufficiently controlled *its own* in-District subsidiaries or BHH's franchisees. *See* ECF No. 335

at 26; ECF No. 499 at 17. Respectfully, that analysis, if properly undertaken, would not support the Court's holding. Plaintiffs have not proven facts sufficient to pierce the veil between BHE and HSA, much less *alleged a single non-conclusory fact* sufficient to establish a prima facie case for piercing the veil between HSA and any of its in-District subsidiaries or BHH's in-District franchisees. ECF No. 499 at 17. And even if Plaintiffs *had* alleged facts supporting jurisdiction, the unrebutted facts in the Hocken Declaration—the *only* evidence submitted in support of or in opposition to BHE's motion—demonstrates that Plaintiffs could not carry their burden by satisfying the rigorous veil-piercing standard required to establish jurisdiction. ECF No. 499 at 15, 18; Hocken Decl. ¶¶ 25–32, 38, 47.

**Third Jurisdictional Question**. As to the Third Jurisdictional Question, there are substantial grounds to disagree with the Court's conclusions as to Section 12 of the Clayton Act. As BHE explained in its motion to dismiss, the majority of Circuits to have addressed Section 12's interpretation have adopted the integrated view and held that a plaintiff must establish venue under Section 12 (i.e., by showing that the defendant is found or transacted business in the district) before invoking the statute's nationwide service of process provision. *See* ECF No. 335 at 17 (citing *KM Enters.*, 725 F.3d at 727, 730; *Daniel* v. *Am. Bd. of Emergency Med.*, 428 F.3d 408, 424–25 (2d Cir. 2005); *GTE*, 199 F.3d at 1351). Indeed, although the Eighth Circuit itself has not opined on the issue, other district courts within the Eighth Circuit have endorsed or adopted the integrated view. *See Willis Elec. Co.* v. *Polygroup Macau Ltd. (BVI)*, 437 F. Supp. 3d 693, 703 (D. Minn. 2020); *MNG 2005, Inc.* v. *Paymentech, LLC*, 2020 WL 6582660, at *3 n.3 (E.D. Mo. Nov. 9, 2020); *Zeavision, LLC* v. *Bausch & Lomb Inc.*, 2022 WL 17092453, at *2–3 (E.D. Mo. Nov. 21, 2022). Because most courts to have addressed the issue have adopted BHE's view, ECF No. 492 at 5–8, there are substantial grounds to disagree with the Court's reasoning and to support BHE's

interpretation. *See Adair* v. *Conagra Foods, Inc.*, 2012 WL 12903713, at *2 (W.D. Mo. Sept. 11, 2012) (reviewing Circuit split and concluding that substantial grounds for disagreement existed).

## III. Immediate Review by the Eighth Circuit Will Advance, or Even Resolve, This Litigation as to BHE

Immediate appeal will materially advance this litigation and likely end the case before this Court as to BHE.

**First Jurisdictional Question**. If the Eighth Circuit reverses the MTD Order, finding that *Twombly* does not apply to jurisdictional challenges supported by sworn declarations, then this Court will need to consider the unrebutted Hocken Declaration. The uncontroverted facts in that declaration directly refute Plaintiffs' barebones jurisdictional allegations in the CAC; thus, the Court would likely find jurisdiction lacking, and the case would end for BHE. Accordingly, resolving the First Jurisdictional Question will significantly advance the case before this Court towards its conclusion.

**Second Jurisdictional Question**. Resolving the Second Jurisdictional Question would similarly advance the litigation toward its ultimate conclusion before this Court. An Eighth Circuit ruling in BHE's favor would mean that this Court lacks jurisdiction over BHE or, at the very least, that the Court must conduct a more rigorous, detailed veil-piercing analysis regarding (*i*) BHE's purported control of HSA and (*ii*) HSA's purported control of its in-District subsidiaries or BHH's in-District franchisees. Given that Plaintiffs' entire theory of jurisdiction (and liability, for that matter) rests on BHE's alleged control of HSA, which is contradicted by the unrebutted Hocken Declaration, certification could resolve the litigation as to BHE.

**Third Jurisdictional Question**. If the Eighth Circuit joins the majority of Circuits to have addressed the interpretation of Section 12's venue and service of process provisions, and in doing so adopts the integrated approach, then the litigation would conclude as to BHE. As explained in

the Hocken Declaration, BHE is not a Missouri corporation, has no presence in the state, and does not transact business in the District. *See* Hocken Decl. ¶¶ 3–8, 16. As a result, Plaintiffs cannot rely on Section 12's venue provision to establish personal jurisdiction over BHE.[2]

**The Stage of Proceedings**. The early stage of the proceedings also favors granting immediate review. *See M & B Oil, Inc.* v. *Federated Mut. Ins. Co.*, 2021 WL 4963524, at *4 (E.D. Mo. Oct. 26, 2021) ("[I]t would benefit both parties and the orderly administration of justice if an early determination of jurisdiction is made."); *Emerson Elec. Co.* v. *Yeo*, 2013 WL 440578 (E.D. Mo. Feb. 5, 2013) ("The most persuasive argument to this Court is that both parties are set to engage in expensive, time-consuming discovery . . . . Under the circumstances, the Court finds an interlocutory appeal would promote judicial economy by settling these contested questions before—potentially needlessly—occupying the Court's and parties' time and attention."). Resolving these issues now would potentially save the parties and the Court years and millions of dollars in litigation expenses. Accordingly, it is in the parties' interest, and the interest of judicial economy, to have these questions answered now.[3]

## IV. Proceedings Should Be Stayed as to BHE While Its Appeal Is Pending

If the Court certifies the MTD Order for immediate review by the Eighth Circuit, it should also stay the litigation as to BHE until the appeal is resolved. Such stays are permitted by Section 1292(b) and have been granted in the Eighth Circuit. *See, e.g.*, *Fast* v. *Applebee's Int'l, Inc.*, 2010 WL 816639, at *10 (W.D. Mo. Mar. 4, 2010), *aff'd on other grounds*, 638 F.3d 872 (8th

---

[2] Plaintiffs attempted to establish personal jurisdiction over BHE exclusively through Section 12 of the Clayton Act, *see* ECF No. 443 at 18–35, and therefore waived any argument that jurisdiction is proper under the Missouri long-arm statute or the constitutional standards for specific and general personal jurisdiction—arguments that BHE advanced in its opening suggestions. *See* ECF No. 335 at 16–23; *MDKC, LLC* v. *City of Kansas City*, 2023 WL 6406403, at *4 (W.D. Mo. Oct. 2, 2023) (Kays, J.) ("And by failing to address these arguments, Plaintiffs have waived their opposition to them.").

[3] BHE hereby incorporates by reference and joins in the arguments advanced regarding this issue in Hanna Holdings, Inc.'s Suggestions in Support of Motion to Certify Questions for Interlocutory Appeal and for a Stay Pending Interlocutory Appeal. *See* ECF No. 607 at 19–21.

Cir. 2011). A stay is particularly appropriate where, as here, the certified questions relate to the Court's jurisdiction, as such questions concern whether the action should continue in this Court at all. *See A.O.A.* v. *Rennert*, 2023 WL 8641601, at *1 (E.D. Mo. Sept. 5, 2023); *cf. Coinbase, Inc.* v. *Bielski*, 599 U.S. 736, 741 (2023) (indicating that it "makes no sense for trial to go forward while" an appellate court considers "whether there should be one," in the context of a dispute about arbitrability (citation omitted)).

## CONCLUSION

For the foregoing reasons, BHE respectfully moves the Court to certify the MTD Order for immediate interlocutory review and stay proceedings as to BHE until that review is complete.

Dated: January 10, 2025

*/s/ Taylor Concannon Hausmann*

**HUSCH BLACKWELL LLP**
Jeffrey J. Simon, MO #35558
Taylor Concannon Hausmann, MO #67056
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Jeff.Simon@huschblackwell.com
Taylor.Hausmann@huschblackwell.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Katherine B. Forrest (*pro hac vice*)
Andrew G. Gordon (*pro hac vice*)
Anna R. Gressel (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kforrest@paulweiss.com
agordon@paulweiss.com
agressel@paulweiss.com
ybarkai@paulweiss.com

*Attorneys for Defendant Berkshire Hathaway Energy Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on January 10, 2025, on all counsel of record by virtue of the Court's CM/ECF system.

/s/ *Taylor Concannon Hausmann*
Attorney