IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DON GIBSON, LAUREN CRISS, and JOHN MEINERS, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 4:23-cv-00788-SRB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE NATIONAL ASSOCIATION OF REALTORS, et al., | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT BERKSHIRE HATHAWAY ENERGY COMPANY'S MOTION TO COMPEL ARBITRATION

January 17, 2025

Jeffrey J. Simon
Taylor Concannon Hausmann
**HUSCH BLACKWELL LLP**
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000

Katherine B. Forrest (*pro hac vice*)
Andrew G. Gordon (*pro hac vice*)
Anna R. Gressel (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Defendant Berkshire Hathaway Energy Company ("BHE") moves for an order compelling arbitration. No named plaintiff contracted or transacted with BHE, BHE's direct subsidiary—HomeServices of America, Inc. ("HSA")—or any associated entity, broker, or agent. *See* Consolidated Amended Class Action Complaint ¶¶ 29-32. To the extent that some absent putative class member did enter a home seller contract with an HSA subsidiary or a franchisee of an HSA subsidiary, that contract likely would have contained an arbitration provision. *See* Declaration of Anna R. Gressel in Support of BHE's Motion to Compel Arbitration ("Gressel Declaration"), Exs. B-PP. BHE moved to strike class allegations on that basis, *see* ECF No. 343, but the Court denied that motion and then denied BHE's motion to reconsider that ruling, *see* ECF Nos. 589, 630. Accordingly, it is now clear that there will be putative class members who entered home seller contracts with an HSA subsidiary or a franchisee of an HSA subsidiary.

BHE therefore moves to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 4, 206, as to any absent putative class member who signed an agreement containing an arbitration or class-action waiver provision with any BHE subsidiary or affiliate. Because the question of enforceability is for the arbitrator—and, in any event, BHE is able to enforce these agreements to compel arbitration—the Court should grant BHE's motion to compel. The crux of Plaintiffs' claims relates to the home seller contracts that are fundamentally intertwined with the antitrust allegations in this suit—and if BHE must litigate a case relating to those contracts, it would be inequitable *not* to allow BHE to enforce them.

Accordingly, and for the reasons more fully set forth in BHE's Suggestions in Support of this Motion, BHE hereby moves the Court to:

1. Compel arbitration of any disputes by putative class members who are subject to arbitration or mediation agreements with any BHE subsidiaries or affiliates; and

2. In the event the Court denies this motion, stay this litigation as to BHE until the Eighth Circuit has the opportunity to consider an appeal of such order.

Dated: January 17, 2025	/s/ Taylor Concannon Hausmann

**HUSCH BLACKWELL LLP**
Jeffrey J. Simon, MO #35558
Taylor Concannon Hausmann, MO #67056
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Jeff.Simon@huschblackwell.com
Taylor.Hausmann@huschblackwell.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Katherine B. Forrest (*pro hac vice*)
Andrew G. Gordon (*pro hac vice*)
Anna R. Gressel (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kforrest@paulweiss.com
agordon@paulweiss.com
agressel@paulweiss.com
ybarkai@paulweiss.com

*Attorneys for Defendant Berkshire Hathaway Energy Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on January 17, 2025, on all counsel of record by virtue of the Court's CM/ECF system.

*/s/ Taylor Concannon Hausmann*
