# Exhibit A

**RESIDENTIAL REAL ESTATE BROKER COMMISSIONS
ANTITRUST SETTLEMENTS**

# NOTICE OF PROPOSED SETTLEMENTS FOR OVER $8 MILLION WITH KEYES, ILLUSTRATED, NEXTHOME, JOHN L. SCOTT, LOKATION, REAL ESTATE ONE, AND BAIRD & WARNER

**If you sold a home and paid a commission to a real estate agent, then you *may* be part of class action settlements. Please read this Notice carefully because it may affect your legal rights.**

*Para una notificación en español, visite www.RealEstateCommissionLitigation.com*

*A federal court has ordered this Notice. It is not from a lawyer, and you are not being sued.*

- These Settlements resolve claims against the following Defendants in a lawsuit that alleges the existence of an anticompetitive agreement that resulted in home sellers paying inflated commissions to real estate brokers or agents in violation of antitrust law for a total of over **$8 million**: The Keyes Company ("Keyes"), Illustrated Properties, LLC ("Illustrated"); NextHome, Inc. ("NextHome"); John L. Scott Real Estate Affiliates, Inc., and John L. Scott, Inc. ("John L. Scott"); The K Company Realty, LLC d/b/a LoKation ("LoKation"); Real Estate One, Inc. ("Real Estate One"); Baird & Warner Real Estate, Inc. ("Baird & Warner"); and related entities and affiliates as defined in the Settlement Agreements.

- The current value of all settlements with these and other Defendants is over **$1 billion**.

- To be eligible to receive the benefits of the Settlements, you must have: (1) sold a home during the Eligible Date Range (see below); (2) listed the home that was sold on a multiple listing service ("MLS") anywhere in the United States; and (3) paid a commission to any real estate brokerage in connection with the sale of the home. The Eligible Date Range depends on the state where you listed your home for sale. The terms "multiple listing service" and "MLS" encompass multiple listing services nationwide, regardless of whether they are affiliated with NAR or not, including, for example, NWMLS, WPMLS, and REBNY/RLS. You may be eligible for benefits under one or more of the proposed Settlements.

- If you have already submitted a claim form in this case for a prior settlement with other Defendants on the website: *www.RealEstateCommissionLitigation.com*, you do not need to submit another claim form. You may be eligible for a share of multiple settlements. With one claim form, you will receive your share of each settlement that you are eligible for.

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

Case 4:23-cv-00788-SRB    Document 673-1    Filed 02/10/25    Page 2 of 13

| What Eligible Date Ranges* apply to me? | |
|---|---|
| **Where was my home listed?** | **Eligible Date Ranges* to make a claim** |
| On an MLS in Alabama, Georgia, Indiana, Maine, Michigan, Minnesota, New Jersey, Pennsylvania, Tennessee, Vermont, Wisconsin, or Wyoming | October 31, 2017, through February 26, 2025 |
| On an MLS in Arkansas, Kentucky, or Missouri | October 31, 2018, through February 26, 2025 |
| On an MLS anywhere in the United States, other than in the states listed above. | October 31, 2019, through February 26, 2025 |

\* *The Eligible Date Ranges for the date of home sale vary across the multiple Settlements. You may be eligible for a share of another settlement with a different eligible date range. For more information, see the Settlement Agreements and/or FAQs for the multiple settlements at [www.RealEstateCommissionLitigation.com](www.RealEstateCommissionLitigation.com).*

Your Legal rights are affected whether or not you act. ***Please read this Notice carefully***

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAY 9, 2025** | The only way to get a payment. |
| **ASK TO BE EXCLUDED BY MAY 9, 2025** | If you do not want to be included in the Settlements with Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, or Baird & Warner, you must exclude yourself. This is called "opting out." This is the only option that allows you to sue these Defendants for these same issues again. |
| **OBJECT BY MAY 9, 2025** | You may write to the Court about why you don't like the proposed Settlements with Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, or Baird & Warner. You cannot object if you opt-out. |
| **GO TO A HEARING ON JUNE 24, 2025** | You may ask to speak in Court about the fairness of the proposed Settlements with Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, or Baird & Warner. |
| **DO NOTHING** | If you do nothing and the Court approves the proposed Settlements, you will get no payment. You will not be able to sue Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, or Baird & Warner for these same issues again. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the proposed Settlements. Payments will be made if the Court approves the Settlements and after appeals are resolved. Please be patient.

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

- Along with these proposed settlements with Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner, other proposed settlements have been reached with the National Association of Realtors ("NAR"), Anywhere, RE/MAX, Keller Williams, HomeServices, Compass, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Redfin, Engel & Völkers, HomeSmart, and United Real Estate (and certain of their affiliates). Those settlements have already received final approval from the District Court. Additional settlements may be reached with other Defendants. See www.RealEstateCommissionLitigation.com for more information about these settlements and any additional settlements. You may not receive any additional written notice about future Settlements, so it is important that you continue to check the website to stay up to date.

## BASIC INFORMATION

### 1. Why did I get this Notice?

This Notice has been posted for the benefit of potential members of the Settlement Class. If you are uncertain about whether you are a member of the Settlement Class, you may contact the Settlement Administrator at 888-995-0207.

This Notice has been posted because members of the Settlement Class have a right to know about the proposed settlements of a class action lawsuit in which they are class members, and about all of their options, before the Court decides whether to approve the Settlements. If the Court approves the Settlements, and after objections or appeals relating to the Settlements are resolved, the benefits provided by the Settlements will be available to members of the Class.

This Notice explains the lawsuits, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Settlement Agreements may be viewed at the settlement website: www.RealEstateCommissionLitigation.com. This Notice contains only a summary of the Settlements.

The Court in charge of the Settlements with Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner is the United States District Court for the Western District of Missouri. The case before this Court is known as *Gibson et al. v. National Association of Realtors et al.*, (W.D. Mo. Case No. 23-CV-788-SRB) ("*Gibson*"). *Umpa v. National Association of Realtors, et al.,* Case No. 23-cv-0945 (W.D. Mo.), was consolidated into *Gibson* on April 23, 2024. The people who filed this lawsuit are called the Plaintiffs. The people being sued are called the Defendants. Defendants in the *Gibson* action include large real estate brokerage firms and families of firms, including:

| | | |
|---|---|---|
| HomeServices of America, | @properties, | William Raveis, |
| Keller Williams, | The Real Brokerage, | John L. Scott Real Estate, |
| Compass, | Realty ONE, | The Keyes Company, |
| Exp Realty, | HomeSmart, | Illustrated Properties, |
| Redfin, | Engel & Völkers, | Parks Pilkerton, |
| Weichert Realtors, | NextHome, | Crye-Leike, |
| United Real Estate, | Exit Realty, | Baird & Warner, |
| Howard Hanna, | Windermere, | Real Estate One, |
| Douglas Elliman, | Lyon Real Estate, | LoKation Real Estate |

Many Defendants have already settled, and more Defendants may settle in the future. Of these Defendants, this Notice concerns only Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

Estate One, and Baird & Warner. Notice of additional settlements is also available on the settlement website: www.RealEstateCommissionLitigation.com.

These Settlements may also release claims against Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner raised in other lawsuits involving alleged anticompetitive conduct in connection with commissions charged by brokers and agents in residential real estate transactions. Those other lawsuits are discussed further below in response to Question 21.

### 2. What is this lawsuit about?

The lawsuits claim that Defendants, including Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner, created and implemented rules that require home sellers to pay commissions to the broker or agent representing the buyer and that caused home sellers to pay total commissions at inflated rates. They also allege that Defendants enforced these rules through anticompetitive and unlawful practices.

The lawsuits claim that these rules are anticompetitive and unfair, and that they violate antitrust laws. You can read Plaintiffs' complaints at www.RealEstateCommissionLitigation.com. Specifically, the lawsuits allege violations of the Sherman Act (a federal antitrust statute found at 15 U.S.C. § 1 *et seq.*) among other things. The Sherman Act claims apply to home sales that occurred anywhere in the United States during the Eligible Date Range.

### 3. Has the Court decided who is right?

Although the Court has authorized notice to be given of the proposed Settlements, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side of the lawsuit.

Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner dispute Plaintiffs' allegations and deny all liability to Plaintiffs and the Class. On October 31, 2023, a jury found in favor of Plaintiffs against different defendants in an action involving similar claims and allegations: *Burnett et al. v. National Association of Realtors, et al.*, Case No. 19-CV-00332-SRB (Western District of Missouri) ("Burnett"). On November 4, 2024, the Court granted final approval of the Settlements with Defendants Compass, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Redfin, Engel & Völkers, HomeSmart and United Real Estate in the previously consolidated *Gibson* action.

### 4. Why is this case a class action?

In a class action, one or more people called Class Representatives sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The consumers who sued Defendants—and all the Class Members like them—are called Plaintiffs. The companies they sued are called the Defendants. One court resolves the issues for everyone in the Class – except for those who choose to exclude themselves from the Class.

Here, the Court decided that this lawsuit can be a class action for settlement purposes because it preliminarily meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that: (1) there are numerous people who fit the class definition; (2) there are legal questions and facts that are common to each of them; (3) the Plaintiffs' claims are typical of the claims of the rest of the Class; (4) Plaintiffs, and the lawyers
*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

Case 4:23-cv-00788-SRB    Document 1673-1    Filed 02/10/25    Page 5 of 13

representing the Class, will fairly and adequately represent the Class Members' interests; (5) the common legal questions and facts are more important than questions that affect only individuals; and (6) this class action will be more efficient than having individual lawsuits.

### 5. Why are there Settlements?

Although Plaintiffs prevailed at trial against other defendants in the related *Burnett* action, involving similar claims and allegations, the Court has not ruled in favor of the Plaintiffs or Defendants in this *Gibson* action. Counsel for the Settlement Class investigated the facts and applicable law regarding Plaintiffs' claims and Defendants' defenses, potential issues at trial and on appeal, and the Defendants' ability to pay. The parties engaged in arms-length negotiations to reach the Settlements. Plaintiffs and Counsel for the Settlement Class believe that the proposed Settlements are fair, reasonable, and adequate, and in the best interest of the Class.

Both sides agree that by settling, Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner are not admitting any liability or that they did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## WHO IS IN THE SETTLEMENTS?

### 6. How do I know if I am a part of the Settlements?

You are a part of the Settlement Class if you: (1) sold a home during the Eligible Date Range (as defined above); (2) listed the home that was sold on a multiple listing service (as defined above) anywhere in the United States; and (3) paid a commission to a real estate brokerage in connection with the sale of the home. More information about the Eligible Date Range for each Settlement can be found in each Settlement Agreement, at www.RealEstateCommissionLitigation.com.

If you are uncertain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator at 888-995-0207 to find out.

## THE SETTLEMENT BENEFITS

### 7. What do the Settlements provide?

If you are a member of the Settlement Class, you are eligible to receive a benefit under the Settlements.

The Settling Defendants named here have agreed to pay over $8 million into a settlement fund:

Keyes and Illustrated ($2.4 million total), NextHome ($600,000), John L. Scott ($1 million), LoKation ($925,000), Real Estate One ($1.5 million), Baird & Warner ($2.2 million). The current value of all settlements with these and other Defendants is over $1 billion. The settlement fund will be distributed to qualifying Settlement Class Members who submit an approved claim form, after any awarded attorneys' fees, expenses, settlement administration costs, and service awards have been deducted. Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner have also agreed to implement Practice Changes and provide Cooperation. You can learn more about the Practices Changes and Cooperation in the Settlement Agreements, which are available at www.RealEstateCommissionLitigation.com.

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

Case 4:23-cv-00788-SRB    Document 673-1    Filed 02/10/25    Page 6 of 13

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| **8.** | **How can I get a benefit?** |

*Note: If you have already submitted a claim form in this case for a prior settlement with other Defendants through the website: www.RealEstateCommissionLitigation.com, you do not need to submit another claim form.* **With one claim form, you will receive your share of each settlement that you are eligible for.**

To receive a benefit, a Settlement Class Member must submit a claim form with information pertaining to and/or evidence of your home sale and commissions paid to the Notice and Claims Administrator. The Notice and Claims Administrator will be responsible for reviewing all claim forms and evidence of purchase to determine whether a claim is an approved claim. The Notice and Claims Administrator will reject any claim that is not: (a) submitted timely and in accordance with the directions on the claim form, the provisions of these Settlement Agreements, and the Preliminary Approval Order; (b) fully and truthfully completed by a Settlement Class Member or their representative with all of the information requested in the claim form; and (c) signed by the Settlement Class Member. Claims that cannot be confirmed by the Settlement Administrator may be subject to challenge, nonpayment, or a reduced share of the available funds.

You can submit a claim form by clicking this link, or by printing the claim form from the website and returning it to the Settlement Administrator via mail or email on or before **May 9, 2025**.

*Gibson et al. v. The National Association of Realtors et al.*
c/o JND Legal Administration
PO Box 91479
Seattle, WA 98111

Email: info@RealEstateCommissionLitigation.com

| **9.** | **When would I get my benefit?** |

The Court will hold a final Fairness Hearing at **1:30 PM** on **June 24, 2025**, in the United States District Court for the Western District of Missouri, 400 E. 9th St., Courtroom 7B, Kansas City, Missouri 64106, to decide whether to finally approve the Settlements. If the Settlements are approved, there may be appeals. Payments to members of the Settlement Class will be made only if the Settlements are approved and after any claims period and appeals are resolved. This may take some time, so please be patient.

| **10.** | **What am I giving up to get a benefit?** |

Upon the Court's approval of the proposed Settlements, all members of the Settlement Class who do not exclude themselves (as well as their representatives) will release Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner (and their affiliates, subsidiaries, franchisees, employees, and certain others as specified in the Settlement Agreements).

All members of the Settlement Class who do not exclude themselves will release claims whether known or unknown that they ever had, now have, or hereafter may have and that have accrued as of the date of preliminary approval of the Settlements arising from or related to the Released Claims. "Released Claims" means any and all manner of claims regardless of the cause of action arising from or relating to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including but not

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*
6
Case 4:23-cv-00788-SRB     Document 1673-1     Filed 02/10/25     Page 7 of 13

limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home. The release does not extend to any individual claims that a Class Member may have against his or her own broker or agent based on a breach of contract, breach of fiduciary duty, malpractice, negligence or other tort claim, other than a claim that a Class Member paid an excessive commission or home price due to the claims at issue.

This release may affect your rights, and may carry obligations, in the future. To view terms of the release, review the Settlement Agreements, which are available at www.RealEstateCommissionLitigation.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

If you do not want a payment from the Settlements, and you want to keep the right to sue or continue to sue Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner and affiliated entities on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

### 11. How do I ask to be excluded?

To ask to be excluded, you must execute and send a Request for Exclusion to the Settlement Administrator postmarked on or before **May 9, 2025**. A Request for Exclusion must include the potential Settlement Class Member's present name and address, the address of the home(s) sold and approximate date(s) of sale of the home(s), a clear and unequivocal statement that the potential Settlement Class Member wishes to be excluded from the Settlement Class as to Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and/or Baird & Warner, and the signature of the putative Settlement Class Member or, in the case of a potential Settlement Class Member who is deceased or incapacitated only, the signature of the legally authorized representative of the putative Settlement Class Member.

*Note: if you did not exclude yourself from previous settlements, you may still exclude yourself from some or all of these six Settlements.*

If the request is not postmarked on or before **May 9, 2025**, your exclusion will be invalid, and you will be bound by the terms of the Settlements approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims against Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, Baird & Warner, or their affiliates as outlined in Question 10 above which arise out of or relate in any way to the claims in the case as specified in the release referenced in Question 10 above.

You must mail your Exclusion Request to:

*Gibson et al. v. The National Association of Realtors et al.*
c/o JND Legal Administration – Exclusion Dpt.
PO Box 91486
Seattle, WA 98111

### 12. If I don't exclude myself, can I sue Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, or Baird & Warner for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and/or Baird & Warner, and their Released Parties for the

claims that the Settlements resolve. If you have a pending lawsuit against Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, Baird & Warner, their Released Parties, or certain affiliated entities such as MLSs or small brokers, speak to your lawyer in that case immediately. You may have to exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **May 9, 2025.**

### 13. If I exclude myself, can I get benefits from the Settlements?

No. If you exclude yourself as to the Settlements with Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and/or Baird & Warner, do not send in a claim form to ask for any money. If you exclude yourself only as to some of these Defendants, you may still ask for money from the Settlements with other Defendants. If you exclude yourself as to Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and/or Baird & Warner, you may sue, continue to sue, or be a part of a different lawsuit against these Defendants.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court decided that the law firms Ketchmark and McCreight P.C.; Williams Dirks Dameron LLC; Boulware Law LLC; Hagens Berman Sobal Shapiro LLP; Cohen Milstein Sellers & Toll PLLC; and Susman Godfrey LLP, are qualified to represent you and all other Settlement Class Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. They are experienced in handling similar cases against other entities. More information about the law firms, their practices, and their lawyers' experience is available at: www.kansascitylawoffice.com, www.williamsdirks.com, www.boulware-law.com, www.hbsslaw.com, www.cohenmilstein.com, and www.susmangodfrey.com.

Class Counsel represent the interests of the Settlement Class. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

### 15. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees, in an amount not to exceed one-third (33.3%) of the settlement fund, plus out-of-pocket expenses incurred during the case. The Court may award less. Class Counsel may also seek compensation for each current and/or former class representative in the action captioned *Gibson*.

The Class Representatives will make their request for attorneys' fees, costs, and service awards on or before March 26, 2025 and that request will be published at www.RealEstateCommissionLitigation.com.

Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner will pay the fees and expenses that the Court awards from the settlement fund. You are not responsible for any fees or expenses that the Court awards.

## OBJECTING TO THE PROPOSED SETTLEMENTS

You can tell the Court that you don't agree with the any or all of the Settlements or some parts of them.

| **16.** | **How do I tell the Court that I don't like the Settlements?** |

If you are a Class Member, you can object to these Settlements if you do not like any part of them, including the forthcoming motion for attorneys' fees, costs and service awards. You can give reasons why you think the Court should not approve them. The Court will consider your view. To object, you must file or send a written objection to the Court, as instructed by the Court, by **May 9, 2025,** or you will waive your right to object (whether in opposition to the motion for Final Approval, motion for attorneys' fees, costs and service awards, on appeal, or otherwise) to the Settlements. Be sure to include the case name and number (*Gibson et al. v. The National Association of Realtors et al., Case No. 23-cv-788-SRB*), as well as the following information: (a) your full name, address, telephone number and email address, if any; (b) the address of the home(s) sold, the date of the sale, the listing broker(s), and the buyer's broker(s); (c) a specific statement of all grounds for your objection and, if applicable, any legal support for the objection; (d) a statement whether the objection applies only to you, to a specific subset of one or more of the Settlement Classes, or to the entirety of all of the Settlement Classes; (e) a statement whether the objection applies to all of the Settlement Classes addressed in this order or only those with certain of the Settling Defendants; (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (g) a list of all class action settlements to which you have objected in the past five (5) years, if any; (h) copies of any papers, briefs, or other documents upon which the objection is based; and (i) your signature.

**You must file any objection with the Clerk of the Court at the address below by May 9, 2025:**

United States District Court for the Western District of Missouri
400 E. 9th St., Room 7462, Kansas City, Missouri 64106
*Gibson et al. v. The National Association of Realtors et al., Case No. 23-cv-788-SRB*

**You must also send your objection by first class mail, postmarked on or before May 9, 2025,** to Class Counsel and Defendants' Counsel at the following addresses:

| **Counsel for the Settlement Class:** | **Counsel for Keyes and Illustrated:** | **Counsel for NextHome:** |
|---|---|---|
| WILLIAMS DIRKS DAMERON LLC<br>c/o Eric Dirks<br>1100 Main Street, Ste 2600<br>Kansas City MO 64105 | GUNSTER<br>c/o Timothy McGinn<br>Brickell World Plaza<br>600 Brickell Ave., Ste 3500<br>Miami, FL 33131 | DLA PIPER LLP (US)<br>c/o David H. Bamberger<br>500 Eighth Street, NW<br>Washington, DC 20004 |
| **Counsel for John L. Scott:** | **Counsel for LoKation:** | **Counsel for Real Estate One:** |
| DAVIS WRIGHT TREMAINE LLP<br>c/o Yoni Rosenzweig | COLE, SCOTT & KISSANE<br>Cole, Scott & Kissane Building<br>c/o Joshua D. Molina or Jonathan Vine | Dykema Gossett PLLC<br>c/o Howard Iwrey |

| 865 South Figueroa Street Ste 2400 Los Angeles, CA 90017-2566 | 9150 S. Dadeland Blvd Ste 1400 Miami, Florida 33156 | 39577 Woodward Avenue, Ste 300 Bloomfield Hills, MI 48304 |
|---|---|---|
| **Counsel for Baird & Warner:** | | |
| REED SMITH LLP c/o Michelle Mantine 225 5th Ave, Ste 1200 Pittsburgh, PA 15222 | | |

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later. If you send an objection, you may need to personally appear at the Fairness Hearing on **June 24, 2025**, or your objection may be waived. Please check the settlement website and/or Court docket for the Court's instruction.

**17. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlements. You can object to a Settlement only if you stay in it. Excluding yourself is telling the Court that you do not want to be part of a Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

**18. When and where will the Court decide whether to approve the Settlements?**

There will be a final Fairness Hearing to consider approval of the proposed Settlements, **at 1:30 PM on June 24, 2025** at the United States District Court for the Western District of Missouri, 400 E. 9th St., Courtroom 7B, Kansas City, Missouri 64106. The hearing may be postponed to a later date without further notice. Any such postponements will be posted on the Court docket and/or settlement website at www.RealEstateCommissionLitigation.com. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of the Settlements, whether the Settlement Class is adequately represented by the Plaintiffs and Class Counsel, and whether an order and final judgment should be entered approving the proposed Settlements. The Court will also consider Class Counsel's application for an award of attorneys' fees and expenses, and any class representative service awards.

If you do not object to the Settlements, you will be represented by Class Counsel at the Fairness Hearing unless you choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the Fairness Hearing. If you send an objection, you may need to personally appear at the Fairness Hearing on June 24, 2025, or your objection may be waived. Please check the settlement website and/or Court docket for the Court's instruction.

| **19.** | **Do I have to come to the hearing?** |

If you do not object, you do not need to come to the hearing. Class Counsel will represent the Settlement Class at the Fairness Hearing, but you are welcome to come at your own expense. You may also pay your own lawyer to attend if you wish. If you send an objection, you may need to personally appear at the Fairness Hearing on June 24, 2025, or your objection may be waived. Please check the settlement website and/or Court docket for the Court's instruction.

| **20.** | **May I speak at the hearing?** |

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Gibson et al. v. National Association of Realtors et al., Case No. 23-CV-788-SRB*." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be postmarked no later than **May 9, 2025**, and be sent to the Clerk of the Court, Class Counsel and Counsel for Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, and Baird & Warner at the addresses in Question 16. You cannot speak at the hearing if you excluded yourself.

## ARE THERE OTHER REAL ESTATE COMMISSIONS LAWSUITS OR OTHER DEFENDANTS?

| **21.** | **Are there other similar cases?** |

In addition to *Gibson*, there are numerous other class actions involving similar claims, including: *Keel, et al. v. Washington Fine Properties LLC, et al.,* Case No. 4:25-cv-00055-FJG (W.D. Missouri); *Burnett et al., v. National Ass'n of Realtors et al.*, Case No. 19-CV-00332-SRB (W.D. Missouri); *Moehrl et al., v. National Ass'n of Realtors et al.,* Case No. 1:19-cv-01610 (N.D. Illinois); *Batton v. NAR*, Case No. 1:21-cv-00430 (N.D. Ill.); *Batton v. Compass*, Case No. 1:23-cv-15618 (N.D. Ill.); *Burton v. NAR*, Case No. 7:23-cv-05666-JD (D.S.C.); *QJ Team, LLC and Five Points Holdings, LLC v. TAR*, Case No. 4:23-cv-01013 (E.D. Tx.); *March v. REBNY*, Case No. 1:23-cv-09995 (S.D.N.Y.); *1925 Hooper LLC v. NAR*, Case No. 1:23-cv-05392-SEG (N.D. Ga.); *Kay v. West Penn Multi-List, Inc.*, Case No. 2:23-cv-2061 (W.D. Pa.); *Grace v. NAR*, Case No. 3:23-cv-06352 (N.D. Cal.); *Masiello v. Arizona Association of Realtors*, Case No. 2:24-cv-00045 (D. Ariz.); *Tuccori v. At World Properties, LLC*, Case No. 2:24-cv-00150 (N.D. Ill.); *Whaley v. Arizona Association of Realtors*, Case No. 2:24-cv-00105 (D. Nev.); *Fierro v. National Association of Realtors*, Case No. 2:24-cv-00449 (C.D. Cal.); *Friedman v. REBNY et al.*, Case No. 1:23-cv-00405 (S.D.N.Y.); *Willsim Latham v. MetroList*, Case No. 2:24-cv-00244 (E.D. Cal.); *Jensen v. National Ass'n of Realtors et al*, Case No. 2:24-cv-00109 (D. Utah); *Peiffer v. Latter & Blum Holding, LLC, et al.,* Case No. 2:24-cv-00557 (E.D. La.); *Wang v. National Ass'n of Realtors et al.*, Case No. 1:24-cv-02371 (S.D.N.Y.); *Jutla v. Redfin Corporation*, 2:24-cv-00464 (W.D. Wash.); *Burton v. Bluefield Realty*, Case No. 7:24−cv−01800-JDA (D.S.C.); *1925 Hooper LLC v. Watson Realty Corp.*, Case No. 3:24-cv-00374 (M.D. Fla.); *Wallach v. Silvercreek Realty Group LLC*, Case No. 1:24-cv-3356 (N.D. Ill.); *Lutz v. HomeServices of America, Inc., et al.* 4:24-cv-10040-KMM (S.D. Fla.); *Davis v. Hanna Holdings, Inc.* 2:24-cv-02374 (E.D. Pa.); *Hartz v. Real Estate One*, *Inc.*, Case No. 1:24-cv-03160 (N.D. Ill.); *Maslanka, et. al. v. Baird & Warner, Inc.*, Case No. 1:24-cv-02399 (N.D. Ill.); among others.

The Settlements may release claims against Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, Baird & Warner, and their Released Parties, asserted on behalf of members of the

putative classes in those cases. But the Settlements may not release claims against other Defendants in those cases. If you are a member of a putative class in any other cases involving similar claims, you may have additional rights to participate in or exclude yourself from ongoing litigation or settlements in those cases.

## GETTING MORE INFORMATION

| **22.** | **Are there more details available?** |
|---|---|

This Notice is only a summary. For a more detailed statement of the matters involved in the lawsuit or the Settlements, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th St, Kansas City, Missouri 64106: *Gibson et al. v. The National Association of Realtors et al.*, Case No. 23-CV-788-SRB. The full Settlement Agreements and certain pleadings filed in the cases are also available at www.RealEstateCommissionLitigation.com, or can be requested from Class Counsel, identified in the answers to Questions 14 and 16 above, or from the Settlement Administrator, with the contact information provided in Question 8 above.

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

Case 4:23-cv-00788-SRB    Document 673-1    Filed 02/10/25    Page 13 of 13