IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION OF REALTORS, et al. <br><br> Defendants. | Case No. 4:23-cv-00788-SRB <br> [Consolidated with 4:23-cv-00945-SRB] |

**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiffs will take the videotaped deposition(s) of the designated representative(s) of eXp World Holdings, Inc. and eXp Realty, LLC (collectively "eXp") best able to testify as to the matters set forth in Exhibit 1. The deposition will take place on March 7, 2025, at Snell & Wilmer, 15 West South Temple, Suite 1200, Salt Lake City, Utah 84101, commencing at 9:00 a.m. Mountain Time. eXp has a duty to designate one or more officers, directors, managing agents, or other persons with knowledge to testify fully regarding the topics listed in Exhibit 1. eXp must also promptly confer in good faith about the matters for examination.

The deposition(s) will be taken before a Notary Public or some other officer authorized by law to administer oaths for use at trial.

1

Dated: February 21, 2025

Respectfully submitted by:

| | |
|---|---|
| **BOULWARE LAW LLC** | **KETCHMARK AND MCCREIGHT P.C.** |

/s/ Brandon J.B. Boulware
Brandon J.B. Boulware    MO # 54150
Jeremy M. Suhr    MO # 60075
1600 Genessee Street, Suite 956A
Kansas City, MO 64102
Tele:  (816) 492-2826
Fax:  (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Benjamin D. Brown (*pro hac vice*)
Robert A. Braun (*pro hac vice*)
Sabrina Merold (*pro hac vice*)
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
bbrown@cohenmilstein.com
rbraun@cohenmilstein.com
smerold@cohenmilstein.com

Daniel Silverman (*pro hac vice*)
769 Centre Street
Suite 207
Boston, MA 02130
Telephone: (617) 858-1990
dsilverman@cohenmilstein.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

**KETCHMARK AND MCCREIGHT P.C.**
Michael Ketchmark    MO # 41018
Scott McCreight    MO # 44002
11161 Overbrook Rd. Suite 210
Leawood, Kansas 66211
Tele:  (913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

**WILLIAMS DIRKS DAMERON LLC**
Michael A. Williams    MO # 47538
Eric L. Dirks    MO # 54921
1100 Main Street, Suite 2600
Kansas City, MO 64105
Tele: (816) 945 7110
Fax: (816) 945-7118
mwilliams@williamsdirks.com
dirks@williamsdirks.com

**SUSMAN GODFREY L.L.P.**
Marc M. Seltzer (*pro hac vice*)
Steven G. Sklaver (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Beatrice C. Franklin (*pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
bfranklin@susmangodfrey.com

Rio S. Pierce (*pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
riop@hbsslaw.com

Nathan Emmons (Mo. Bar. No. 70046)
Jeannie Evans (*pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
nathane@hbsslaw.com
jeannie@hbsslaw.com

Matthew R. Berry (*pro hac vice*)
Floyd G. Short (*pro hac vice*)
Alexander W. Aiken (*pro hac vice*)
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
mberry@susmangodfrey.com
fshort@susmangodfrey.com
aaiken@susmangodfrey.com

*Attorneys for Plaintiffs and the Class*

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

/s/ Brandon J.B. Boulware
*Attorney for Plaintiffs*

# EXHIBIT 1

## Definitions

The following definitions shall apply to these deposition topics:

1. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of the requests documents which might otherwise be construed to be outside the scope so as to give the broadest possible meaning to a particular request in which either or both is used. The singular includes the plural number and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

2. The terms "any" and "all" shall be understood to mean "any and all."

3. The term "*Hooper* case" means *1925 Hooper LLC, et al. v. The National Association of Realtors, et al.*, 1:23-cv-05392 (N.D. Ga.).

4. "Communications" mean any electronic, written, or oral exchange of information by any means.

## Topics

1. Communications between eXp and any mediator used or considered in connection with any settlement negotiations in the *Hooper* case.

2. Communications between eXp and plaintiffs' counsel in the *Hooper* case, including but not limited to all substantive settlement communications, scheduling communications, mediation statements, financial documents, and draft and final settlement agreements.

3. Communications between eXp and Weichert regarding any settlement negotiations or agreements in the *Hooper* case.

4. Any documents provided to plaintiffs' counsel in the *Hooper* case in advance of mediation.

5. Any binding term sheet executed in the *Hooper* case.

6. The Settlement Agreement executed in the *Hooper* case, including but not limited to the amount agreed to be paid.

7. Any disclosures to any mediator and/or plaintiffs' counsel in the *Hooper* case regarding settlement negotiations actually conducted or that might be conducted with plaintiffs' counsel in the *Gibson* case, *Umpa* case, or any other case alleging an anticompetitive agreement to adopt, enforce, or maintain a rule requiring cooperative compensation offers on a listing service.

8. Settlement communications with plaintiffs' counsel in any case, other than *Hooper*, that alleges an anticompetitive agreement to adopt, enforce, or maintain a rule requiring cooperative compensation offers on a listing service.

9. Communications with any mediator in any case, other than *Hooper*, that alleges an anticompetitive agreement to adopt, enforce, or maintain a rule requiring cooperative compensation offers on a listing service.