IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, ET AL.,<br><br>Defendants. | Case No. 4:23-CV-00788<br>[Consolidated with 4:23-CV-00945]<br><br>Honorable Stephen R. Bough |

**SUGGESTIONS IN SUPPORT OF**
**DEFENDANT HANNA HOLDINGS, INC.'S UPDATED MOTION TO TRANSFER**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1
BACKGROUND ..................................................................................................................2
ARGUMENT........................................................................................................................3
I.      Plaintiffs Are Not Entitled To Deference In Their Choice Of Forum ................................4
II.     The Convenience Of The Parties And Witnesses Warrant Transfer ..................................6
III.    The Interest Of Justice Favors The Western District Of Pennsylvania ..............................9
CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*In re Apple, Inc.*,
 602 F.3d 909 (8th Cir. 2010) ............................................................................................... *passim*

*Bogard v. TikTok Inc.*,
 725 F. Supp. 3d 897 (S.D. Ind. 2024) ................................................................................. 10

*C-Mart, Inc. v. Metropolitan Life Insurance Co.*,
 2013 WL 2403666 (E.D. Mo. May 31, 2013) ................................................................... 4, 5

*Cunningham v. United Air Lines, Inc.*,
 2013 WL 3984513 (E.D. Mo. Aug. 1, 2013) ..................................................................... 5, 6

*Dale v. First American National Bank*,
 395 F. Supp. 2d 451 (S.D. Miss. 2005) .................................................................................. 8

*In re Eyewear Antitrust Litigation*,
 2024 WL 2956631 (D. Minn. June 12, 2024) ................................................................... 5, 6

*Geismann v. ZocDoc, Inc.*,
 2014 WL 4230910 (E.D. Mo. Aug. 26, 2014) .................................................................. 4, 5

*Guenther v. Cooper Life Sciences, Inc.*,
 1988 WL 131340 (D. Minn. Dec. 5, 1988) ........................................................................... 4

*Interlink Products International, Inc. v. Crowfoot*,
 2020 WL 6707946 (D.N.J. Nov. 16, 2020) ......................................................................... 10

*Moratis v. West Penn Multi-List, Inc.*,
 2024 WL 4436425 (W.D. Pa. Oct. 7, 2024) ..................................................................... 8, 10

*Sitzer v. NAR*,
 2019 WL 11648563 (W.D. Mo. Aug. 22, 2019) ............................................................ 6, 8, 10

*Terra International, Inc. v. Mississippi Chemical Corp.*,
 119 F.3d 688 (8th Cir. 1997) .................................................................................................. 9

*Valspar Corp. v. Kronos Worldwide, Inc.*,
 50 F. Supp. 3d 1152 (D. Minn. 2014) .................................................................................... 6

## DOCKETED CASES

*In re Hanna Holdings, Inc.*,
 No. 25-1352 (8th Cir. Feb. 18, 2025) ..................................................................................... 3

## STATUTES

28 U.S.C. § 1404(a) ................................................................................................................. 2, 3

28 U.S.C. § 1631 .......................................................................................................................... 2

## OTHER AUTHORITIES

Wright & Miller, *Standard in Considering Transfer-Plaintiff's Privilege of
 Choosing Forum*, 15 Fed. Prac. & Proc. Juris. § 3848 (4th ed.) ............................................ 4

**INTRODUCTION**

The Eighth Circuit has directed this Court to address Hanna Holdings' motion to transfer in light of *In re Apple, Inc.*, 602 F.3d 909 (8th Cir. 2010). Applying *In re Apple* to these facts, there is little question that transfer is appropriate. In *In re Apple*, the Eighth Circuit granted a writ of mandamus and ordered the district court to transfer the case to the Northern District of California, where the defendant Apple's headquarters were located. The Eighth Circuit held the district court abused its discretion in denying transfer because it improperly deferred to the plaintiff's choice of forum and ignored the inconvenience to Apple of litigating in a district where it had no meaningful ties.

*In re Apple* is materially indistinguishable from the circumstances here. Plaintiffs' choice of forum (this Court) is not entitled to deference because Plaintiffs purport to represent a nationwide class of home sellers in the United States since December 2019 and most named Plaintiffs do not live in Missouri. And since the only reason to even conceivably allow the case to proceed here is that Plaintiffs selected the forum, transfer is warranted.

That is especially true since Hanna Holdings has no connection to this District whatsoever—even less than Apple—and faces significant burdens litigating here, including travel expenses for its witnesses and disruption to their work and personal lives. The Western District of Pennsylvania, meanwhile, offers a more convenient forum: many of Hanna Holdings' witnesses and documents are located there and the alleged misconduct giving rise to Plaintiffs' claims against Hanna Holdings would have originated there. Finally, the interest of justice supports transfer because the claim against Hanna Holdings will eventually have to be re-litigated (if it is re-litigated) in another district because this Court lacks personal jurisdiction over Hanna Holdings. And given Hanna Holdings' pending motion to recuse, transfer to the Western

1

District of Pennsylvania—where another suit is pending—will ensure this case is supervised by a judge familiar with some of its legal issues. This Court should therefore follow the Eighth Circuit's decision in *In re Apple* and transfer this case.

## BACKGROUND

Plaintiffs brought this case against the National Association of Realtors and dozens of real estate brokerage companies alleging that they participated in a nationwide conspiracy orchestrated by NAR to inflate the price home sellers pay for buyer-broker commissions in violation of the Sherman Act. *See* Dkt. 232 ("Compl.") ¶ 1. Among the Defendants was Hanna Holdings, a family-owned corporation headquartered in Pittsburgh, Pennsylvania.

Because Hanna Holdings does not operate in Missouri and has no other ties to the District, it moved to dismiss for lack of personal jurisdiction or, in the alternative, transfer to the Western District of Pennsylvania under 28 U.S.C. § 1404(a) and § 1631. *See* Dkt. 308. In that motion, Hanna Holdings explained that transfer was warranted under Section 1404(a) because "in a nationwide class action, [a plaintiff's] choice of forum is not entitled to traditional weight." *See* Dkt. 309 at 20. It also explained that "the alleged material events as to Hanna Holdings occurred" in the Western District of Pennsylvania and "[n]o named Plaintiff or class member was represented by a Howard Hanna entity in any home sale in Missouri." *See id.*; *see also* Dkt. 496 at 7. Finally, Hanna Holdings noted a similar case against an affiliate pending in the Western District of Pennsylvania. *See* Dkt. 309 at 20.

In a docket entry, the Court denied Hanna Holdings' motion to transfer. *See* Dkt. 598. The order observed that "'[i]n general, federal courts give considerable deference to a plaintiff's choice of forum,'" and concluded that transfer was not warranted based on "the circumstances of

the case and all relevant factors." *Id.*

Hanna Holdings filed a petition for mandamus seeking review of this Court's order denying transfer under Section 1404(a), as well as its order denying Hanna Holdings' personal jurisdiction motion. *See* Petition for Writ of Mandamus, *In re Hanna Holdings, Inc.*, No. 25-1352 (8th Cir. Feb. 18, 2025). The Eighth Circuit denied Hanna Holdings' petition but "directed" "[t]he district court … to address" Hanna Holdings' "motion to transfer in light of *In re Apple, Inc.*," *see* Dkt. 692, a case where the Eighth Circuit granted a petition for mandamus and required the district court to transfer a case after it had previously refused to do so.

## ARGUMENT

"[A] district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting 28 U.S.C. § 1404(a)). While there is no "'exhaustive list of specific factors to consider' in making the transfer decision," a "district court[] should weigh … 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *Id.*

Here, these factors warrant transfer to the Western District of Pennsylvania, a district where the claim against Hanna Holdings "might have been brought." 28 U.S.C. § 1404(a). *First*, Plaintiffs' choice of forum is not entitled to deference. Plaintiffs have brought a putative nationwide class action in a district where most named Plaintiffs do not live and that has no connection to Hanna Holdings' alleged conduct. *Second*, the convenience of parties and witnesses supports transfer because Hanna Holdings, its employees, and nonparty witnesses face substantial inconvenience in litigating in this forum. *Third*, transfer is in the interest of justice because it would minimize litigation costs and promote judicial efficiency.

3

## I.      Plaintiffs Are Not Entitled To Deference In Their Choice Of Forum

"An important issue in this case is the deference owed to [Plaintiffs'] choice of forum." *In re Apple*, 602 F.3d at 912.  Here, Plaintiffs, who purport to represent a sprawling nationwide class on a federal claim, are not entitled to such deference.  In *In re Apple*, the Eighth Circuit found the district court committed a "clear abuse of discretion" by deferring to the plaintiff's choice of forum because the plaintiff "hail[ed] from a foreign nation" and "no relevant connection exist[ed] between" the parties "or the dispute and Western Arkansas."  *Id.* at 912-913, 916.  Plaintiffs in this case likewise are not entitled to deference because they intend to represent a nationwide class, because this venue is not actually convenient for Plaintiffs given that most named Plaintiffs do not reside in the District, and because the District has no connection to Hanna Holdings' alleged misconduct.

A plaintiff's choice of forum generally is "entitled to little weight … in class actions" and that is especially true where, as here, plaintiffs seek to represent a nationwide class.  *See* Wright & Miller, *Standard in Considering Transfer—Plaintiff's Privilege of Choosing Forum*, 15 Fed. Prac. & Proc. Juris. § 3848 (4th ed.) (citing cases).  In a nationwide class action, "there is 'no unique local interest or contact with the transferring district.'"  *Geismann v. ZocDoc, Inc.*, 2014 WL 4230910, at *4 (E.D. Mo. Aug. 26, 2014); *C-Mart, Inc. v. Metro. Life Ins. Co.*, 2013 WL 2403666, at *4 (E.D. Mo. May 31, 2013) (similar).  That is true even when the named plaintiffs live in the district.  As a district court in this circuit explained, "[b]ecause a class … action potentially involves a vast number of plaintiffs, those few plaintiffs who seek to represent the body cannot be accorded special attention, particularly in their choice of forum."  *Guenther v. Cooper Life Scis., Inc.*, 1988 WL 131340, at *4 (D. Minn. Dec. 5, 1988).  That court accordingly granted the defendants' motion to transfer the case from the District of Minnesota—where all

4

eight named plaintiffs lived—to the Northern District of California. *Id.*; *see also Geisman*, 2014 WL 4230910, at *1 (transferring case even though plaintiff was domiciled in the transferor district); *C-Mart*, 2013 WL 2403666, at *1 (same). Because this is a putative nationwide class action involving a vast number of class members—virtually every home seller in the United States who used a listing broker affiliated with Defendants between December 2019 and the present, *see* Compl. ¶ 246—there is no "'unique local interest or contact with'" this District and Plaintiffs' choice of forum is not entitled to deference. *Geismann*, 2014 WL 4230910, at *4.

Yet another reason not to defer to the Plaintiffs' choice of forum is that only one of the four named Plaintiffs even alleges residence in Missouri. A "plaintiff's choice is afforded significantly less deference when the plaintiff does not reside, and the underlying events did not occur, in the chosen forum." *Cunningham v. United Air Lines, Inc.*, 2013 WL 3984513, at *4 (E.D. Mo. Aug. 1, 2013). Plaintiff Don Gibson lives in Florida, Plaintiff John Meiners lives in Kansas, and Plaintiff Daniel Umpa lives in Maryland; only Plaintiff Lauren Criss alleges to be a "resident and citizen of Missouri," although the operative Complaint does not specify whether she resides in *this* District. *See* Compl. ¶¶ 29-32. Thus, transfer "will not greatly shift inconvenience to the [named] Plaintiffs," as Plaintiffs Gibson, Meiners, and Umpa would be required to travel across state lines even if the Court denies this motion. *See In re Eyewear Antitrust Litig.*, 2024 WL 2956631, at *6 (D. Minn. June 12, 2024). And the "practical realities of litigation make it very unlikely that" named Plaintiffs will have to "personally attend court proceedings on more than a few occasions," if at all. *See id.*

Finally, the lack of any meaningful connection between Plaintiffs' claim against Hanna Holdings and the District confirms that their choice of forum is entitled to no weight. The "underlying events" giving rise to named Plaintiffs' claim against Hanna Holdings did not occur

5

here, *Cunningham*, 2013 WL 3984513, at *4, leaving only a minimal "connection between this dispute" and this District, *In re Apple*, 602 F.3d at 913. None of Hanna Holdings' alleged conduct occurred in this District because it does not do any business in this District. None of its subsidiaries or affiliates has ever sold a home in Missouri, let alone to a named Plaintiff or class member. *See* Dkt. 309-1 ¶¶ 10-11, 13. Nor does it have any employees, offices, or records in this District. *See id.* ¶¶ 6-9.

That three Plaintiffs allege they sold homes in this District—using brokers affiliated with different brokerages—does not weigh against transfer. As another district court recently explained, in evaluating motions to transfer, including "in antitrust cases," "courts generally focus on the locus of the allegedly unlawful conduct rather than the place where a plaintiff felt its effects." *In re Eyewear*, 2024 WL 2956631, at *10; *see also Valspar Corp. v. Kronos Worldwide, Inc.*, 50 F. Supp. 3d 1152, 1157 (D. Minn. 2014) (granting defendant's motion to transfer where plaintiff failed to "argue[] that *any* of the facts supporting the alleged conspiracy transpired here"). Plaintiffs do not allege any acts that formed the basis of Defendants' alleged conspiracy took place in the District and thus fail to establish a relevant connection between the District and their dispute. And while this Court previously denied transfer in *Sitzer* because the entire class experienced the "effect[s]" of the alleged conspiracy in Missouri, all the *Sitzer* defendants engaged in "alleged unlawful conduct" in the District by selling homes there—a crucial distinction between those claims and the claim here. *See Sitzer v. NAR*, 2019 WL 11648563, at *1, 3 (W.D. Mo. Aug. 22, 2019).

## II. The Convenience Of The Parties And Witnesses Warrant Transfer

The convenience of the parties and witnesses weigh strongly in favor of transfer for the same reasons they did in *In re Apple*. *First*, Hanna Holdings is headquartered in the Western

6

District of Pennsylvania. *In re Apple* admonished the district court for "understat[ing] the significance of" a defendant's ability to litigate in the district in which it is headquartered and held that this "weigh[s] strongly in favor of transfer." 602 F.3d at 915. Indeed, the Eighth Circuit so held even though Apple—unlike Hanna Holdings here—conducted business in the Western District of Arkansas, selling "the iPod and its other products there." *Id.* at 913.

*Second*, many of Hanna Holdings' witnesses "work in" its Western Pennsylvania "headquarters." 602 F.3d at 913. Plaintiffs have proposed 53 current and former employees of Hanna Holdings and its subsidiaries as document custodians—a reasonable proxy for potential witnesses. *See* Declaration of Tracy Rosetti Delvaux ¶ 2. 28 of the 37 current employees on Plaintiffs' list, including senior leadership like Hanna Holdings' Chair, reside within driving distance of Pittsburgh, with 12 residing in the Pittsburgh metropolitan area itself. *See id.* ¶¶ 5-6. None live in Missouri or within driving distance of Missouri.

As in *Apple*, if these "witnesses were required to travel to [Missouri], [Hanna Holdings] would likely incur expenses for airfare, meals and lodging, and losses in productivity from time spent away from work." 602 F.3d at 913. And these "witnesses [would] suffer the 'personal costs associated with being away from work, family, and community,'" costs that "would be significantly minimized or avoided by transfer to" Western Pennsylvania. *Id.* at 913-914.

*Third*, the Western District of Pennsylvania is "more convenient for the place where the alleged wrongs occurred." *In re Apple*, 602 F.3d at 914. Howard Hanna's involvement in the alleged wrongs would have "originated from" its Pittsburgh "headquarters." *In re Apple*, 602 F.3d at 914. And while Plaintiffs may argue that Hanna Holdings' alleged misconduct occurred elsewhere, *see, e.g.*, Compl. ¶ 184 (alleging Defendants promoted conspiracy by "attend[ing] NAR meetings"), *In re Apple* makes clear this is irrelevant. What mattered there was that

7

Apple's "alleged misconduct *originated* from the Cupertino headquarters" even if the "misconduct [ultimately] occurred in various countries." *See* 602 F.3d at 914 (emphasis added).

*Fourth*, transfer would be more convenient for the nonparty witnesses Hanna Holdings plans to call and would not burden other nonparty witnesses. For example, Hanna Holdings intends to call West Penn Multi-List, a Pittsburgh-based MLS not affiliated with NAR, to show that Hanna Holdings was not part of the alleged conspiracy and that any conspiracy could not have been nationwide. *Cf. Sitzer*, 2019 WL 11648563, at *2 (observing that the existence of nonparty witnesses "associated with the four Subject MLSs," all of which were based in Missouri, weighed against transfer); *see also Moratis v. W. Penn Multi-List, Inc.*, 2024 WL 4436425, at *2-4 (W.D. Pa. Oct. 7, 2024) (dismissing Sherman Act claim against Hanna Holdings), *on appeal*, No. 24-3101 (3d Cir. Nov. 8, 2024). Caselaw also treats former employees as nonparty witnesses for purposes of this inquiry. *See, e.g.*, *Dale v. First Am. Nat'l Bank*, 395 F. Supp. 2d 451, 456 n.9 (S.D. Miss. 2005) ("[F]ormer employees are … considered to be 'non-party' … witnesses; a party has no control over persons with whom it no longer has an employment relation."). Here, 12 of the 16 former Hanna Holdings employees that Plaintiffs have identified as document custodians (a reasonable proxy for potential witnesses) live within driving distance of Pittsburgh; 6 have last known addresses in the Pittsburgh metropolitan area, 4 in Northern Ohio, and 2 in Western New York. *See* Delvaux Decl. ¶¶ 3-4. And again, none has an address in Missouri.

And Plaintiffs will likely seek testimony from former Defendants in this case. *See, e.g.*, Dkt. 161-2 at 23 (settlement agreement with Compass requiring that it make a "witness available at trial"). However, no former Defendant is based in Missouri, *see* Compl. ¶¶ 29-116, and, in fact, many argued they were not subject to jurisdiction here, *see, e.g.*, Dkt. 590. And since

8

Plaintiffs allege a nationwide conspiracy, other nonparty witnesses necessarily would be required to travel from across the United States whether this case remains in this District or is transferred.

*Fifth*, the location of documents favors transfer. A considerable amount of Hanna Holdings' "relevant documentary evidence is located in its [Pittsburgh] headquarters," a fact that weighs in favor of transfer. *In re Apple*, 602 F.3d at 914. And while *In re Apple* found this factor satisfied even in "'this age of electronic document transmission,'" *see id.*, Plaintiffs here seek certain documents from Hanna Holdings—the only Hanna Holdings entity they have sued—dating back to 1993. To the extent they exist, documents from these early years have not been digitized, and any physical copies would be in Pittsburgh, where Hanna Holdings stores its documents. *See* Delvaux Decl. ¶¶ 7-8.

### III. The Interest Of Justice Favors The Western District Of Pennsylvania

The factors a court may consider in evaluating the "interests of justice" include the comparative costs to the parties of litigating in each forum, judicial economy, and conflict of law issues. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). These factors support transfer, and even if not, they would not outweigh the inconvenience to Hanna Holdings and nonparty witnesses of litigating in this District. *See In re Apple*, 602 F.3d at 915 (transferring where "interest of justice" factors did "not definitively favor" transfer).

*First*, Hanna Holdings faces far greater costs litigating in Missouri than Plaintiffs would in Pennsylvania. Hanna Holdings will produce far more witnesses than Plaintiffs and will be required to pay for their transportation to and accommodations in Missouri for deposition and trial. These costs would be substantially reduced if the case was transferred. Meanwhile, because most named Plaintiffs do not live in Missouri, they will incur travel costs regardless.

9

*Second*, judicial economy supports transfer. Hanna Holdings maintains that this Court lacks personal jurisdiction over it, which will require its dismissal later in litigation or on appeal. *See* Dkts. 308, 590. Courts routinely find transfer "conserv[es] judicial resources" where the existence of personal jurisdiction presents "a debatable question, and one which might undermine any judgment th[e] court could render." *See Interlink Prods. Int'l, Inc. v. Crowfoot*, 2020 WL 6707946, at *8 (D.N.J. Nov. 16, 2020); *see also, e.g.*, *Bogard v. TikTok Inc.*, 725 F. Supp. 3d 897, 911-912 (S.D. Ind. 2024) (transfer "would save significant judicial resources by nullifying the need to address … personal jurisdiction" which "could be subject to reversal").

Further, given Hanna Holdings' pending motion for recusal, *see* Dkt. 688, transfer better ensures that the claim against Hanna Holdings will proceed before a judge experienced with the underlying facts and law of this case. Judge Stickman of the Western District of Pennsylvania is currently overseeing a similar case alleging that Hanna Holdings and other defendants conspired to inflate real estate brokerage commissions on West Penn MLS. *See Moratis v. West Penn Multi-List, Inc.*, No. 22-cv-2061 (W.D. Pa.), *on appeal*, No. 24-3101 (3d Cir.). And while transfer may require Plaintiffs to litigate in two districts,[1] judicial economy would not be adversely affected because Plaintiffs can "coordinate discovery in the two actions to the extent discovery overlaps." *Sitzer*, 2019 WL 11648563, at *3.

*Finally*, transfer does not create any conflict of law issues.

## CONCLUSION

The Court should grant Hanna Holdings' motion to transfer and transfer the claim against it to the Western District of Pennsylvania.

---

[1] Given how many Defendants have already settled, it is probable that named Plaintiffs will never have to travel to Missouri if the lawsuit against Hanna Holdings is transferred.

Dated: March 27, 2025

Robert Adams (MO #34612)
Michael S. Cargnel (MO #52631)
Hannah M. Smith (MO #73949)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 559-2101
rtadams@shb.com
mcargnel@shb.com
hsmith@shb.com

John Brumberg (*pro hac vice* forthcoming)
William Pietragallo II (*pro hac vice* forthcoming)
Quintin DiLucente (*pro hac vice* forthcoming)
PIETRAGALLO GORDON ALFANO
  BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Fl.
Pittsburgh, PA 15219
(412) 263-1836
JRB@Pietragallo.com
WP@Pietragallo.com
QD@Pietragallo.com

Respectfully submitted,

*/s/ David Z. Gringer*
David Z. Gringer (*pro hac vice*)
Emily Barnet (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.gringer@wilmerhale.com
emily.barnet@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Claire Bergeron (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
seth.waxman@wilmerhale.com
karin.dryhurst@wilmerhale.com
claire.bergeron@wilmerhale.com

*Attorneys for Defendant Hanna Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

>	*/s/ David Z. Gringer*
>	David Z. Gringer
>	*Attorney for Hanna Holdings, Inc.*