**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DON GIBSON, LAUREN CRISS, | ) | |
| JOHN MEINERS, and DANIEL UMPA, | ) | |
| *individually and on behalf of all others* | ) | |
| *similarly situated,* | ) | |
| Plaintiffs, | ) | Case No. 23-cv-00788-SRB |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL ASSOCIATION OF | ) | |
| REALTORS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before this Court are Defendant Berkshire Hathaway Energy Company's ("Berkshire Hathaway") Motion to Transfer (Doc. #713) and Defendant Crye-Leike, Inc.'s ("Crye-Leike") Motion to Transfer (Doc. #726). For the reasons discussed below, the Motions are DENIED.

## I.    FACTUAL BACKGROUND

The facts of this case are discussed in prior Orders and in the parties' briefs and will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the claims and defenses asserted in this case. Only those facts and issues necessary to resolve the pending motions are discussed below.

Plaintiffs are home sellers who listed homes on Multiple Listing Services ("MLS") in the United States and allege that several national real estate brokerages, brokerage owners, and franchisors entered into a conspiracy to implement, follow, and enforce anticompetitive restraints that caused home sellers to pay inflated commissions on the sale of their homes through a series of parallel and overlapping rules, specifically the NAR MLS Rules, the Non-NAR MLS Rules, and the NAR Code of Ethics Rules.

On December 16, 2024, the Court denied Hanna Holdings, Berkshire Hathaway, and Crye-Leike's motions to dismiss for lack of personal jurisdiction. (Doc. #590.) On February 18, 2025, Hanna Holdings filed a petition for writ of mandamus alleging this Court committed clear error by denying its motion to dismiss for lack of personal jurisdiction and motion to transfer. Mandamus Pet., *In re Hanna Holdings, Inc.* No. 25-1352 (8th Cir. Feb. 18, 2025). On March 20, 2025, the Eighth Circuit denied Hanna Holdings' petition for writ of mandamus and directed this Court to consider Hanna Holdings' motion to transfer in light of *In re Apple, Inc.*, 602 F.3d 909 (8th Cir. 2010). (Doc. #692.)

Following the Eighth Circuit's decision, Hanna Holdings,[1] Berkshire Hathaway, and Crye-Leike filed individual motions to transfer. (Docs. #705, 713, 726.) Berkshire Hathaway seeks to transfer the claim against it to the Southern District of Iowa. Crye-Leike seeks to transfer the claim against it to the Western District of Tennessee.

## II.    LEGAL STANDARD

Section 1404(a) governs the ability of a federal district court to transfer a case to another district. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no "exhaustive list of specific factors to consider in making the transfer decision, but district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d at 912. In *In re Apple,* the Court considered (1) the amount of deference a foreign plaintiff's selection warranted, (2) the convenience of the

---

[1] Hanna Holdings has since filed a notice of settlement, which mooted its motion to transfer. (Docs. #733, 734.)

parties and the witnesses, (3) the location of documents, (4) the location of alleged wrongs, (5) the interest of justice, and (6) judicial economy. *Id.* at 913–16. "The party moving for transfer bears the burden of proof and must make a clear showing of the right to transfer." *Clifton Tunley v. Wal-Mart Stores, Inc.*, No. 4:17-CV-00327-DGK, 2017 WL 3711811, at *1 (W.D. Mo. Aug. 28, 2017). "The burden on the moving party is substantial." *Battenfield Tech., Inc. v. Birchwood Lab., Inc.*, No. 2:11-CV-04099-NKL, 2011 WL 4088901, at *2 (W.D. Mo. Sept. 14, 2011). District courts enjoy broad discretion when deciding a § 1404(a) motion to transfer and the standard of review on appeal is abuse of discretion. *Terra Int'l,* 119 F.3d at 691.

Section 1404(a) "only authorizes the transfer of an entire action, not individual claims." *Arnold v. DIRECTV, LLC*, No. 4:10-CV-352-JAR, 2015 WL 1821088, at *3 (E.D. Mo. Apr. 21, 2015); *see Tillman v. Advanced Pub. Safety, Inc.,* No. 3:15-CV-00072 – JEG, 2015 WL 13754340, at *9 (S.D. Iowa Dec. 30, 2015) (collecting cases). "'When transferring a portion of a pending action to another jurisdiction, district courts first must sever the action under Rule 21 before effectuating the transfer.'" *Arnold,* 2015 WL 1821088, at *3 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991)). "Severance under Rule 21 is committed to the Court's sound discretion . . . [and] courts typically consider the same general factors elucidating the § 1404(a) analysis, including judicial economy, efficiency, witness convenience, the location of and access to sources of proof, the potential for delay, and similar factors." *Valspar Corp. v. E.I. DuPont de Nemours & Co.*, 15 F. Supp. 3d 928, 932 (D. Minn. 2014) (citing *Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003)). "[S]everance and transfer is only rarely appropriate." *Tillman,* 2015 WL 13754340, at *9 (citing *Chrysler*, 928 F.2d at 1519). "A court should not sever and transfer an action if a plaintiff would be required to litigate in two forums." *Id.*

## III. DISCUSSION

Balancing the factors enumerated in *In re Apple*, § 1404(a), and other relevant factors, this Court denies the transfer request.

### A. Choice of Forum

Berkshire Hathaway argues that Plaintiffs' choice of forum should receive less deference because this case involves a nationwide class action. (Docs. #714 at 11-12.) Berkshire Hathway further argues that Plaintiffs' choice of forum is entitled to no deference because Plaintiffs engaged in impermissible forum shopping. *Id.* at 12-13. Crye-Leike argues that Plaintiffs' choice of forum is entitled to less deference because it is not convenient and there is no meaningful connection to the forum. (Doc. #727 at 15-16.) Plaintiffs reject Berkshire Hathaway's allegation of impermissible forum shopping and argue that their choice of forum is entitled to deference because there is a connection between the named Plaintiffs, the events giving rise to their claims, and the forum. (Doc. #728 at 17.)

"[I]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer under [§] 1404(a) typically bears the burden of proving that a transfer is warranted." *In re Apple,* 602 F.3d at 913 (quoting *Terra Int'l.*, 119 F.3d at 695). In *In re Apple,* which the Eighth Circuit has specifically ordered this Court to consider, the Eighth Circuit held that a Taiwanese corporation's choice of forum was entitled to "minimal deference" because there was no connection between the forum and any party, witness, or the basis for the lawsuit. *Id.*

Berkshire Hathaway cites non-binding precedent that a plaintiff's choice of forum in a class action is entitled to less deference, but even assuming Berkshire Hathaway's argument, Plaintiffs' choice of forum is still given some weight in a class action. Berkshire Hathaway cites to no case law that supports its contention that Plaintiffs engaged in impermissible forum

shopping by filing the instant case in the same district where the plaintiffs in a related case, *Sitzer v. National Association of Realtors,* No. 4:19-cv-00332, received a favorable verdict. The cases Berkshire Hathaway cites are distinguishable as they involved plaintiffs who dismissed their cases only to quickly re-file in different jurisdictions. *See C-Mart, Inc. v. Metro. Life Ins. Co.*, No. 4:13-CV-00052, 2013 WL 2403666, at *5 (E.D. Mo. May 31, 2013); *Italian Colors Rest. v. Am. Express Co.,* No. C-03-3719-SI, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003); *In re Eyeware Antitrust Litig.,* No. 23-CV-3065, 2024 WL 2956631, at *11 (D. Minn. 2024). Finally, contrary to Crye-Leike's claim that there is no connection to the forum, the Court finds that there is a connection given that three of the four named Plaintiffs sold homes in the Western District of Missouri and two of them continue to live in the Kansas City metro. (Doc. #728 at 11.) Thus, Plaintiffs' choice of forum is entitled to deference.

### B. Convenience to the Parties and Witnesses

Berkshire Hathaway argues that the Southern District of Iowa is a more convenient forum because Berkshire Hathway is headquartered there and most of the 12 current and former employees that Plaintiffs have proposed as document custodians reside "within a reasonable driving distance" from Berkshire Hathaway's headquarters. (Doc. #714 at 17.) Berkshire Hathaway also argues that the Southern District of Iowa is more convenient for at least one likely non-party witness employed by an entity based in Minnesota. *Id.* at 18. Crye-Leike argues the Western District of Tennessee is more convenient because Crye-Leike is headquartered in Memphis, party witnesses reside and work in Memphis and Nashville, and potential non-party witnesses reside in or are closer to the Western District of Tennessee than the Western District of Missouri. (Doc. #727 at 9, 12.) Plaintiffs argue that the convenience of the parties does not support transfer because (1) Plaintiffs will be forced to litigate the same conspiracy in separate forums; (2) the inconvenience to party witnesses is not a paramount

concern; (3) the witnesses identified are speculative.

The convenience of witnesses is often the most powerful consideration in a § 1404(a) analysis. *Sung v. Shinhan Diamond Indus. Co., Ltd.*, No. 4:13-CV-01072-BCW, 2014 WL 12601078, at *2 (W.D. Mo. Apr. 10, 2014); *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526, 533 (W.D. Mo. 1987). Several courts focus their analysis on non-party witnesses, since "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." *Discovery Pier Land Holdings, LLC v. Visioneering Envision.Design.Build, Inc.*, No. 4:14-CV-2073 CEJ, 2015 WL 1526005, at *4 (E.D. Mo. Apr. 2, 2015) (citing *Cosmetics Warriors Ltd., v. Abrahamson*, 723 F.Supp.2d 1102, 1106 (D. Minn. 2010) (internal citations omitted)). In *In re Apple*, the Eighth Circuit considered that the selected forum, Arkansas, was not convenient for *any* party or witness whereas defendant's headquarters, many of its potential party witnesses, and at least one important non-party witness was in Northern California. 602 F.3d at 913-14.

This case involves multiple Defendants headquartered around the country, rather than a single defendant as was the case in *In re Apple*. Although each Defendant would prefer to litigate where it is headquartered, neither Defendant cites any case law that prohibits this Court from considering the inconvenience to Plaintiffs of litigating in two or more forums if the claims against Berkshire Hathaway and Crye-Leike were severed and transferred. The cases cited by Berkshire Hathaway where courts severed defendants are distinguishable as they involved forum selection clauses. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988), *Valspar Corp. v. E.I. DuPont de Nemours & Co.,* 15 F. Supp. 3d 928, 930 (D. Minn. 2014). Here, severing and transferring one or more Defendant would shift and multiply the inconvenience to Plaintiffs, two of whom are in the Kansas City metro. Thus, the convenience of the parties weighs toward Plaintiffs.

6

The majority of the witnesses Defendants identify are their own employees. "[I]nconvenience caused to party-employees is not of 'paramount concern'" *Geismann v. ZocDoc, Inc.*, No. 4:14CV472 CDP, 2014 WL 4230910, at *2 (E.D. Mo. Aug. 26, 2014). Plaintiffs argue these depositions could be conducted remotely, and Defendants do not appear to contest this. Additionally, at least to Berkshire Hathaway, the drive time to Kansas City for all but one of the current or former employees Berkshire Hathaway identified as potential party witnesses is approximately three hours or less. (Doc. #712 at ¶¶ 27-29.) The remaining witness lives in Portland, Oregon and would have to travel comparable distances to either Iowa or Missouri.

As to non-party witnesses, Berkshire Hathaway states it is likely that Plaintiffs would seek to depose a corporate employee of a Minnesota Berkshire Hathaway entity regarding veil piercing. (Doc. #714 at 18.) Crye-Leike identifies potential non-party witnesses generically as "former/current Crye-Leike customers and MLS representatives in western and central Tennessee, Mississippi, Arkansas, Alabama, and North Georgia . . . [who will] testify regarding Crye-Leike's course of dealings when providing residential brokerage services." (Docs. #727 at 12; 727-1 at ¶ 5.) The Court agrees with Plaintiffs that these unnamed non-party witnesses are speculative and depositions could occur remotely. *See Svec v. Davis,* No. 23-CV-06040-SRB, 2023 WL 6536197, at *1 (W.D. Mo. May 31, 2023) ("This factor involves not merely a consideration of the number of witnesses located in or near the respective forums, but the nature and quality of their testimony in relationship to the issues of the case."), *C-Mart,* 2013 WL 2403666, at *3 ("Typically, 'the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover.'"). Thus, Defendants have not met their burden to show that witness convenience weighs in favor of transfer.

### C. Location of Documents

Defendants argue that the location of relevant documents, including potentially undigitized records, weigh in favor of transfer as documents are located at their respective headquarters. (Docs. #714 at 19, 727 at 10, 735 at 14.) Plaintiffs argue that "essentially all documentary evidence is stored or will be produced electronically." (Doc. #728 at 26.)

In *In re Apple,* the Eighth Circuit held that "[w]hile electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation" then the company's headquarters "would prove more convenient." 602 F.3d at 914. In the fifteen years since the Eighth Circuit's decision in *In re Apple,* the location of documents has become even less relevant given technological advances. *See Discovery Pier Land Holdings, LLC v. Visioneering Envision.Design.Build, Inc.*, No. 4:14-CV-2073 CEJ, 2015 WL 1526005, at *5 (E.D. Mo. Apr. 2, 2015) (noting that most documents are produced electronically). The Court finds that this factor weighs slightly in favor of transfer.

### D. Location of Alleged Wrongs

Berkshire Hathaway argues the location of its alleged misconduct is its headquarters in Iowa. (Doc. #714 at 16-17.) And Crye-Leike argues it is its headquarters in Tennessee. (Doc. #727 at 12-13.) Plaintiffs argue that in "a nationwide scheme with multiple loci of operative facts, courts have that this factor is neutral." (Doc. #728 at 20.)

In *In re Apple,* the Eighth Circuit held that if the defendant carried out a plan to harm the plaintiff, the alleged wrongs occurred at the defendant's corporate headquarters. 602 F.3d at 914. *In re Apple* involved a singular defendant and does not provide the Court with guidance on how to weigh this factor when there are multiple defendants. Neither party cites binding caselaw on this factor in the context of an alleged conspiracy and multiple defendants. Berkshire Hathaway appears to argue that because its decisions were made in Iowa, the Court

should ignore decisions made by other Defendants at their respective headquarters in evaluating this factor. The Court does not find this argument compelling in the context of an alleged conspiracy and multiple defendants. The Court holds that this factor is neutral.

### E. Interest of Justice & Judicial Economy

Berkshire Hathaway and Crye-Leike argue that the interest of justice and judicial economy favor transfer because this Court lacks personal jurisdiction over them. (Doc. #714 at 13; 727 at 14.) Plaintiffs argue that severance of the claims into multiple forums would force them to litigate the same conspiracy in multiple forums which is not in the interest of justice and does not promote judicial economy. (Doc. #728 at 12-16.) Plaintiffs also note that this Court has denied Defendants' motions to dismiss for lack of personal jurisdiction and the Eighth Circuit denied Hanna Holdings' petition for writ of mandamus on personal jurisdiction. *Id.* at 17.

The only interest of justice factor the Eighth Circuit considered *In re Apple* was whether any state law applied to the plaintiff's claim. 602 F.3d at 915. The Eighth Circuit held that because the plaintiff pled a cause of action predicated on a violation of California law, this factor weighed in favor of transfer to California. *Id.* Here, as Plaintiff points out, the claims at issue raise federal (rather than state) law issues. (Doc. #728 at 11.) As to judicial economy, the only factor the Eighth Circuit considered in *In re Apple* was docket congestion, 602 F.3d at 915, which the parties did not brief here.

The Court holds that severing this case into multiple duplicative cases does not serve the interest of justice of judicial economy. The Court has denied Defendants motions to dismiss based on personal jurisdiction. Although Defendants continue to dispute personal jurisdiction, this does not outweigh the more immediate costs and issues presented by duplicative litigation.

**IV.    CONCLUSION**

Accordingly, it is hereby ORDERED that Defendant Berkshire Hathaway's Motion to Transfer (Doc. #713) and Defendant Crye-Leike's Motion to Transfer (Doc. #726) are DENIED.

**IT IS SO ORDERED.**

*/s/ Stephen R. Bough*
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>May 12, 2025</u>