UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>NATIONAL ASSOCIATION OF REALTORS, et al.,<br><br>      Defendants. | Case No. 4:23-cv-00788-SRB<br>[Consolidated with 4:23-cv-00945-SRB]<br><br>Hon. Stephen R. Bough |

**JOINT MOTION TO STAY CASE AS TO WEICHERT REAL ESTATE AFFILIATES, INC., WEICHERT CO., eXp WORLD HOLDINGS, INC., AND eXp REALTY LLC WITH INCORPORATED SUGGESTIONS IN SUPPORT**

  Defendants Weichert Real Estate Affiliates, Inc., Weichert Co. (collectively, "Weichert"), eXp World Holdings, Inc., and eXp Realty LLC (collectively, "eXp"), through their undersigned attorneys, hereby notify the Court that by an Order entered May 23, 2025, the U.S. District Court for the Northern District of Georgia has granted preliminary approval of Weichert's and eXp's respective settlements with the plaintiffs in *1925 Hooper LLC, et al. v. The National Association of Realtors, et al*, 1:23-cv-05392-MHC (N.D. Ga) (the "*Hooper* settlements") and has set a final approval hearing for October 28, 2025. *Hooper*, ECF No. 183 (May 23, 2025 Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlements) ("Preliminary Approval Order"). If finally approved, as the *Hooper* Court has found likely, *id.* ¶¶ 6-7, the *Hooper* settlements will extinguish Plaintiffs' class claims against Weichert and eXp in this litigation. Accordingly, Weichert and eXp respectfully request a stay of this case pending the *Hooper* Court's final approval process.

Making Weichert and eXp expend resources on discovery and related motion practice and pulling its employees from their regular work to assist with document collection, answers to discovery requests and potentially for depositions would be prejudicial to the two companies and antithetical to the amicable resolution of the nationwide exposure they faced before resolving their claims with the *Hooper* Plaintiffs. It may also generate discovery or other disputes that would require this Court's involvement and expend its valuable judicial time and resources. Assuming Judge Cohen grants final approval of the settlements for the settlement class he already has provisionally certified, all of that effort will be for naught and Weichert and eXp prejudiced for no reason.

## **Applicable Standards Favor a Stay**

In considering whether a stay is appropriate, district courts must weigh the competing interests of the parties, including the potential prejudice or hardship to either party as well as concerns of judicial economy. *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (E.D. Mo. 2018). Courts "routinely" grant stays when "a pending nationwide settlement could impact the claims in the case before them." *Hennessey v. The Gap Inc.*, No. 4:19-CV-01867-SEP, 2021 WL 2665910, at *1 (E.D. Mo. June 29, 2021); *see, e.g.*, *George v. Blue Diamond Growers*, No. 4:15-CV-962 (CEJ), 2017 WL 11888201, at *1-2 (E.D. Mo. Feb. 14, 2017) (agreeing with defendants that action should be stayed "pending final approval" of class action settlement that had been preliminarily approved by another court and set for a fairness hearing); *In re RC2 Corp. Toy Lead Paint Prods. Liab. Litig.*, No. 07 C 7184, 2008 WL 548772, at *5 (N.D. Ill. Feb. 20, 2008) (granting stay pending final approval of settlement in separate action that involved similar putative classes and claims); *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99

2

F. Supp. 3d 288, 315 (E.D.N.Y. 2015)("Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims in the case before them.").

Conservation of judicial resources and "providing for the just determination of cases" strongly favor a stay in this situation. *George*, 2017 WL 11888201, at *1. The *Hooper* settlements, if finally approved, will resolve the claims brought against Weichert and eXp in the present case. Judge Cohen has provisionally certified a "Settlement Class," and both the provisionally certified Settlement Class and the alleged class in *Hooper* subsume the alleged class in this case:

| Settlement Class in *Hooper* | Class Definition in *Hooper* | Class Definition in *Gibson* |
|---|---|---|
| [A]ll persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home between October 31, 2019, and [the] date of Class Notice.<br><br>Case No. 1:23-cv-05392-MHC (N.D. Ga.), ECF No. 183, ¶ 1. | All persons who, for the period December 6, 2019 through the present, engaged a listing broker affiliated with any Defendant in the sale of a residential property listed anywhere in the United States of America and incurred a commission payment to the buyer's broker in connection therewith.<br><br>Case No. 1:23-cv-05392-MHC (N.D. Ga.), ECF No. 6, ¶ 156. | All persons in the United States who, from December 27, 2019, through the present, used a listing broker affiliated with any Corporate Defendant in the sale of a home listed on an MLS, and who paid a commission to a cooperating broker in connection with the sale of the home, except as provided below.<br><br>Case No. 4:23-cv-00788-SRB (W.D. Mo.), ECF No. 232, ¶ 246. |

The terms of the *Hooper* settlements would also cover and release the claims in this case. For example, the *Hooper* settlements provide for the release of all claims "arising from or relating to conduct that was alleged or could have been alleged" in *Hooper*, based on "any or all of the same factual predicates" alleged in *Hooper*, including but not limited to "commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home." *Hooper*, ECF Nos. 136-3 (eXp Settlement Agreement) ¶ 11 & 136-4 (Weichert Settlement Agreement) ¶ 10. Because the claims in this case regarding brokerage commissions arise from

or relate to the same allegations and factual predicates as in *Hooper*, they would be released by the *Hooper* settlements. The *Hooper* settlements provide for monetary payments to the Settlement Class (which, as shown above, covers the proposed class members in *Gibson*) and broad-based changes to eXp's and Weichert's business practices (which would equally benefit the Settlement Class and proposed class members in *Gibson*). *See Hooper*, ECF Nos. 136-3 (eXp Settlement Agreement) ¶¶ 18, 49 & 136-4 (Weichert Settlement Agreement) ¶¶ 17, 47.

In *George*, the court found that proceeding with a case, while a preliminarily approved nationwide settlement that encompassed the plaintiff's claims was pending, would "cause the parties to expend considerable resources conducting discovery and briefing motions that may be unnecessary." 2017 WL 11888201, at *2. The court further determined that there was no hardship or inequity to the plaintiff from a stay because he retained "the option to file an objection" to the settlement in Arkansas or "opt out from the . . . settlement and not be bound by its terms." *Id.* So too here. It is not merely hypothetical that Weichert and eXp would be unfairly prejudiced if forced to expend resources on discovery and briefing in *Gibson* regarding issues that would be mooted by a final approval of the *Hooper* settlements—Weichert and eXp have been engaging with Plaintiffs for months on discovery, and those costs and burdens will only increase if this case is not stayed given the parties are now at the stage where search terms are negotiated and applied, custodians' files would have to be searched, and documents reviewed, tagged, and prepared for production. In contrast, Plaintiffs would not be prejudiced by a stay because: (a) this case is in its early stages, and there are no deadlines set between now and the October 28, 2025 final approval hearing in *Hooper*; and (b) Plaintiffs are members of the provisionally certified Settlement Class in *Hooper*, retaining rights provided under Federal Rule 23(e)(4) to opt-out or object to the *Hooper* settlements. *See id.*

Courts across the country have found lack of prejudice to plaintiffs from a stay pending resolution of the final approval process. In *Campbell v. Citibank, NA*, the court stayed the case "pending resolution of the final approval motion" after finding that the plaintiffs failed to show prejudice as they had the ability to "pursue their objections to the [] settlement agreement in the Northern District of New York." No. 3:13-CV-02675, 2014 WL 3198195, at *1-2 (N.D. Ohio July 8, 2014). In *Musgrave v. Hyundai Motor Am., Inc.*, the court likewise stayed the case "pending the outcome of the settlement approval process" after finding that the plaintiffs "did not identify any meaningful prejudice" because "they may lodge any objections" pursuant to the settlement procedures in the other district court. No. 819CV01538JLSJDE, 2020 WL 2495545, at *3-4 & n.9 (C.D. Cal. Jan. 8, 2020). Similarly, in *Scoma Chiropractic v. Dental Equities, LLC*, the court stayed the case pending the final approval process, determining that (1) the plaintiffs' objections to the proposed settlement were "not a basis for prejudice" as the proper "forum to raise their objections" was in the other federal action, and (2) the plaintiffs could also "opt-out/exclude themselves from the [] settlement[.]" No. 2:16-CV-41-FTM-99MRM, 2016 WL 7448718, at *3 (M.D. Fla. Dec. 28, 2016).

This Court has generally stayed this case as to settling Defendants upon notice of a pending settlement and motion to stay. *See* ECF Nos. 137, 138, 148, 150, 158, 159, 167, 204, 250, 350, 411, 433, 460, 461, 556. Further, in its orders granting preliminary approval of settlements reached in this case, this Court has enjoined settlement class members from "filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any claims against [settling defendants] that arise from or relate to conduct that was alleged or could have been alleged [in this case] . . . pending . . . this Court's ruling on a motion for final approval of the Settlements." *See* ECF Nos. 163, 297, 348, 534, 663; *see also Liles v. Del Campo*, 350 F.3d

5

742, 746 (8th Cir. 2003) (affirming similar injunction of related litigation following the preliminary approval of a class settlement to preserve the settlement fund, eliminate the risk of inconsistent or varying adjudications, avoid confusion among class members, and save judicial resources). Likewise, other district courts presiding over parallel litigation have consistently stayed their own cases as to defendants who have reached settlements with Plaintiffs in this litigation or with the *Hooper* plaintiffs. *See*, *e.g.*, *Hooper*, ECF No. 84 (granting stay as to Redfin Corp.); *Burton v. Bluefield Realty Group, LLC*, Case No. 7:24-cv-01800-JDA (D.S.C.), ECF No. 95 (granting stay as to Realty One Group, Inc.); *Batton v. Compass, Inc., et al. (Batton II)*, Case No. 1:23-cv-15618 (N.D. Ill.), ECF No. 167 (granting stay as to Compass, Inc.); *Willsim Latham, LLC v. Metrolist Services, Inc., et al.*, Case No. 2:24-cv-00244-KJM-SC (E.D. Cal.), ECF No. 98 (granting stay as to eXp); *Whaley v. NAR, et al.*, Case No. 2:24-cv-00105-ART-MDC (D. Nev.), ECF No. 87 (granting stay as to eXp). Weichert and eXp seek analogous relief here.

Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the preliminarily-approved *Hooper* settlements are subject to final approval by the Honorable Mark H. Cohen of the Northern District of Georgia. Judge Cohen is likely to determine that the *Hooper* settlements are fair, reasonable, and adequate because he has already found, in granting preliminary approval, that the settlements (a) "appear to be the product of intensive, thorough, serious, informed, and non-collusive negotiations," (b) "have no obvious deficiencies," (c) "do not improperly grant preferential treatment" to the class representatives or segments of the class, (d) "appear to be fair, reasonable, and adequate;" and (e) "likely" enable the Court "to approve, under Rule 23(e)(2), the proposed nationwide Settlement Class[.]" Preliminary Approval Order,

¶¶ 2, 6-7.  Thus, a stay of pending final approval of the *Hooper* settlements would "conserve judicial resources and promote judicial economy."  *George*, 2017 WL 11888201, at *2.

Weichert and eXp previously sought a stay from this Court immediately following the consummation of their respective settlements with the *Hooper* plaintiffs.  ECF Nos. 489, 533, 536, 569.  The Court denied a stay at that time to allow discovery regarding Plaintiffs' assertions that Weichert and eXp reached settlements by engaging in "collusive" "reverse auctions."  ECF No. 543 (November 14, 2024 Order Denying eXp Stay and Ordering Settlement Discovery), at 3-6; ECF No. 570 (December 5, 2024 Order Denying Weichert Stay and Ordering Settlement Discovery), at 3-5.  Weichert and eXp have since fully complied with the discovery ordered by the Court, including through document productions and 30(b)(6) depositions, and Plaintiffs subsequently presented that discovery to the *Hooper* court in opposing the preliminary approval of Weichert's and eXp's settlements.  *Hooper*, ECF No. 153-2 (Declaration of Robert Braun ISO *Gibson* Intervenors' Opposition to Motion for Preliminary Approval) ¶¶ 37-66; ECF No. 153-3–153-15 & 153-22–153-27 (Exhibits A-M & T-Y to Declaration of Robert Braun).  In granting preliminary approval, the *Hooper* court found that the *Hooper* settlements "are likely" to meet all of the criteria for final approval, including that they were the product of "non-collusive negotiations" and that they appear to be "fair, reasonable and adequate."  Preliminary Approval Order, ¶¶ 6, 7.  Judge Cohen ordered the parties to provide notice to the class, establish a settlement website, and file their Motion for Final Approval and Motion for Attorneys' Fees and Costs over the next 120 days.  *Id*. at ¶10.  Judge Cohen also gave class members, like the Plaintiffs here, an opportunity to opt-out of the settlement class or to file objections to the settlements.  *Id*.  Under that schedule, Weichert and eXp will be working with the *Hooper* Plaintiffs, other settling Defendants, and the Settlement Administrator over the next four months

to ensure the due process rights of members of the settlement class (including the Plaintiffs in this action) are protected and that Judge Cohen is in a position by the October 28th hearing to decide final approval of the settlements.

For the foregoing reasons, Weichert and eXp respectfully request that the Court stay all proceedings against them in this litigation pending resolution of the final approval process in *Hooper*.

Dated:  May 29, 2025                                    Respectfully submitted,

*/s/ Mark B. Schaffer*                                  */s/ Dylan I. Ballard*
Mark B. Schaffer     MO#52533                           Michael W. Scarborough (*pro hac vice*)
**Shaffer & Associates, Chartered**                     Dylan I. Ballard (*pro hac vice*)
10561 Barkley Street, Suite 620                         **VINSON & ELKINS LLP**
Overland Park, KS 66212                                 555 Mission Street, Suite 2000
Telephone: (913) 345-0100                               San Francisco, CA 94105
mschaffer@schafflaw.com                                 Telephone: (415) 979–6900
                                                        mscarborough@velaw.com
James A. Morsch (*pro hac vice*)                        dballard@velaw.com
Francis X. Riley (*pro hac vice*)
**SAUL EWING LLP**                                      Adam L. Hudes (*pro hac vice*)
161 N. Clark Street, Suite 4200                         Stephen M. Medlock (*pro hac vice*)
Chicago, IL 60601                                       **VINSON & ELKINS LLP**
Telephone: (312) 876-7866                               2200 Pennsylvania Avenue NW
jim.morsch@saul.com                                     Suite 500 West
francis.riley@saul.com                                  Washington, DC 20037
                                                        Telephone: (202) 639–6500
*Attorneys for Defendants eXp World*                    ahudes@velaw.com
*Holdings, Inc. and eXp Realty, LLC*                    smedlock@velaw.com

                                                        William D. Beil MO# 33922
                                                        **GM LAW PC**
                                                        1201 Walnut Street, Suite 2000
                                                        Kansas City, MO 64106
                                                        Telephone: (816) 471-7700
                                                        billb@gmlawpc.com

                                                        *Attorneys for Defendants Weichert Real*
                                                        *Estate Affiliates, Inc. and Weichert Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/ *Dylan I. Ballard*
DYLAN I. BALLARD
