IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DON GIBSON, LAUREN CRISS, and JOHN MEINERS, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 4:23-cv-00788-SRB |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| THE NATIONAL ASSOCIATION OF REALTORS, et al., | ) ) ) ) | |
| Defendants. | ) | |

**SUGGESTIONS IN SUPPORT OF
DEFENDANT BERKSHIRE HATHAWAY ENERGY COMPANY'S
MOTION TO CERTIFY PURSUANT TO 28 U.S.C. § 1292(b) THE COURT'S ORDER
DENYING BERKSHIRE HATHAWAY ENERGY COMPANY'S
MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404**

May 30, 2025

Jeffrey J. Simon
Taylor Concannon Hausmann
**HUSCH BLACKWELL LLP**
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000

Katherine B. Forrest (*pro hac vice*)
Andrew G. Gordon (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Anna R. Gressel (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1
BACKGROUND ................................................................................................................... 3
ARGUMENT ........................................................................................................................ 6
I.     The Transfer Order Involves Controlling Questions of Law .............................................. 6
II.    There Are Substantial Grounds for Difference of Opinion as to Each Controlling Legal Question ....................................................................................................... 9
III.   Immediate Review By the Eighth Circuit Will Advance This Litigation as to BHE ....... 12
CONCLUSION .................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alltrade, Inc.* v. *Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ...................................................................................11

*Am. Eagle Ins. Co.* v. *Thompson*,
   85 F.3d 327 (8th Cir. 1996) .......................................................................................2

*In re Apple, Inc.*,
   602 F.3d 909 (8th Cir. 2010) ............................................................................ *passim*

*Arnold* v. *LME, Inc.*,
   2020 WL 13470567 (W.D. Mo. Sept. 22, 2020) (Gaitan, J.) ...................................10

*Battenfeld Techs., Inc.* v. *Birchwood Lab'ys, Inc.*,
   2011 WL 4088901 (W.D. Mo. Sept. 14, 2011) ......................................................1, 7

*Bruce's Wrecker Serv., Inc.* v. *Auto. Club of Missouri*,
   2009 WL 10704968 (W.D. Mo. Apr. 10, 2009) .......................................................12

*In re Buccina*,
   657 F. App'x 350 (6th Cir. 2016) ..............................................................................7

*C-Mart, Inc.* v. *Metro. Life Ins. Co.*,
   2013 WL 2403666 (E.D. Mo. May 31, 2013) .........................................................11

*Caricato* v. *Nissan N. Am., Inc.*,
   2021 WL 5044867 (W.D. Mo. June 1, 2021) ..........................................................12

*Cunningham* v. *United Air Lines, Inc.*,
   2013 WL 3984513 (E.D. Mo. Aug. 1, 2013) ...........................................................10

*Eggleton* v. *Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH*,
   495 F.3d 582 (8th Cir. 2007) ..................................................................................8, 9

*Emps. Reinsurance Corp.* v. *Mass. Mut. Life Ins. Co.*,
   2010 WL 2540097 (W.D. Mo. June 16, 2010) ..........................................................6

*In re Extended Stay Hotel Antitrust Litig.*,
   2024 WL 5089159 (N.D. Ill. Dec. 12, 2024) ...........................................................11

*In re Eyewear Antitrust Litig.*,
   2024 WL 2956631 (D. Minn. June 12, 2024) ..........................................................11

*Grant* v. *Convergys Corp.*,
    2013 WL 1342985 (E.D. Mo. Apr. 3, 2013) ............................................................................ 6

*Gray* v. *Tyson Foods, Inc.*,
    46 F. Supp. 2d 948 (W.D. Mo. 1999) ........................................................................... 2, 7, 8

*Hunter* v. *Loandepot.com, LLC*,
    2024 WL 3087903 (W.D. Mo. June 21, 2024) ..................................................................... 12

*ICTSI Oregon, Inc.* v. *Int'l Longshore & Warehouse Union*,
    2020 WL 2768683 (D. Or. May 28, 2020) ............................................................................ 7

*Italian Colors Rest.* v. *Am. Express Co.*,
    2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) ................................................................... 11

*Karsjens* v. *Lourey*,
    988 F.3d 1047 (8th Cir. 2021) ............................................................................................ 2, 7

*Leverage Leasing Co.* v. *Lincoln Ins. Co.*,
    1991 WL 626752 (W.D. Mo. Sept. 27, 1991) ..................................................................... 12

*Matheny-Willard* v. *Robinson*,
    2023 WL 5217799 (W.D. Mo. Aug. 14, 2023) .................................................................... 10

*McNamara* v. *Katten Muchin Rossman LLP*,
    2017 WL 11493632 (W.D. Mo. Apr. 21, 2017) (Bough, J.) .................................................. 7

*Newman* v. *Stryker Sales Corp.*,
    2010 WL 3926200 (D. Minn. Sept. 30, 2010) ..................................................................... 12

*Ozarks Coca-Cola/Dr. Pepper Bottling Co.* v. *Coca-Cola Co.*,
    2006 WL 696461 (W.D. Mo. Mar. 17, 2006) ...................................................................... 12

*Perry* v. *Johnson*,
    2010 WL 546774 (E.D. Mo. Feb. 9, 2010) ............................................................................ 9

*Petty* v. *Cancer Treatment Ctrs. of Am. Prof. Corp. of Okla., Inc.*,
    2017 WL 4181353 (W.D. Ark. Sept. 21, 2017) ..................................................................... 7

*Pro-Edge L.P.* v. *Gue*,
    2006 WL 8456918 (N.D. Iowa May 15, 2006) ...................................................................... 9

*Red Bull Assocs.* v. *Best W. Int'l, Inc.*,
    686 F. Supp. 447 (S.D.N.Y. 1988) .................................................................................... 8, 9

*S.W.* v. *NationsBenefits, LLC*,
    2023 WL 4562279 (W.D. Mo. July 17, 2023) ..................................................................... 12

*Silverberg* v. *H&R Block, Inc.*,
    2006 WL 1314005 (E.D. Mo. May 12, 2006) ....................................................................10

*Stewart Organization, Inc.* v. *Ricoh Corp.*,
    487 U.S. 22 (1988) ................................................................................................. *passim*

*Stokes* v. *Complete Mobile Dentistry*,
    2023 WL 6064849 (E.D. Mo. Sept. 18, 2023) ..................................................................12

*Terra Int'l, Inc.* v. *Miss. Chem. Corp.*,
    119 F.3d 688 (8th Cir. 1997) ...................................................................................1, 7, 12

*Thompson* v. *Stryker Corp.*,
    2010 WL 11640225 (D. Minn. Oct. 14, 2010) .................................................................12

*Tunley* v. *Wal-Mart Stores, Inc.*,
    2017 WL 3711811 (W.D. Mo. Aug. 28, 2017) .................................................................12

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................................ *passim*

28 U.S.C. § 1404(a) ........................................................................................................ *passim*

**Other Authorities**

*Forum Shopping*, Black's Law Dictionary (12th ed. 2024) ...........................................................11

Berkshire Hathaway Energy Company ("BHE") submits these Suggestions in support of its motion to certify for immediate appellate review the Court's order, ECF No. 741 (the "Transfer Order" or "Order"), denying BHE's motion to transfer under 28 U.S.C. § 1404(a), ECF No. 713 (the "Transfer Motion").

## PRELIMINARY STATEMENT

The Transfer Order presents two controlling questions of law as to which there are substantial grounds for a difference of opinion. An immediate appeal addressing either question, or both of them, would materially advance the ultimate termination of the litigation as to BHE. The Transfer Order is therefore appropriate for immediate review by the Eighth Circuit under 28 U.S.C. § 1292(b).

The first question is whether the Court incorrectly imposed on BHE the default "substantial" burden of proof for showing that transfer is appropriate. Courts generally give a plaintiff's chosen forum "considerable" deference when deciding motions to transfer under § 1404(a). *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (quoting *Terra Int'l, Inc.* v. *Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997)). Because of that deference, courts "shift the burden of proof to a movant seeking transfer under § 1404(a)." *Id.* By default, that burden is "substantial." *Battenfeld Techs., Inc.* v. *Birchwood Lab'ys, Inc.*, 2011 WL 4088901, at *2 (W.D. Mo. Sept. 14, 2011). When, however, the § 1404(a) movant shows that the plaintiff's chosen forum is entitled to less deference, the movant's burden of proof decreases. *Cf. Apple*, 602 F.3d at 913. Here, BHE demonstrated that Plaintiffs' chosen forum is entitled to less deference for four independent reasons. ECF No. 714 ("Transfer Br.") 7–9. Nevertheless, the Transfer Order imposed on BHE the default "substantial" burden when it should have imposed a lesser burden commensurate with the lesser deference owed to Plaintiffs' chosen forum. Order 3. This is a pure question of law because it concerns "whether the district court employed the correct legal

standard." *Karsjens* v. *Lourey*, 988 F.3d 1047, 1050 (8th Cir. 2021). Moreover, "the proper burden of proof is an issue of substantive law." *Gray* v. *Tyson Foods, Inc.*, 46 F. Supp. 2d 948, 957 (W.D. Mo. 1999) (citing *Am. Eagle Ins. Co.* v. *Thompson*, 85 F.3d 327, 330 (8th Cir. 1996)). And, resolution of this question in BHE's favor would materially advance the termination of the litigation in this Court because, had the Court imposed on BHE the correct burden of proof, it very likely would have concluded that transfer is proper.

The second question is whether the Court properly interpreted and applied *Stewart Organization, Inc.* v. *Ricoh Corp.*, 487 U.S. 22 (1988), when it considered multiple parties' motions to transfer as a single motion. Specifically, the Transfer Order resolved both the Transfer Motion and a motion to transfer filed by BHE's co-defendant, Crye-Leike, Inc.,[1] ECF No. 726. In their combined opposition to both motions, ECF No. 728 ("Opposition" or "Opp."), Plaintiffs argued that transfer was improper because granting *both* motions would create multiple, duplicative litigations. Opp. 7–11, 16. As BHE showed, however, the Court was not entitled to consider the hypothetical impact of granting *both* motions because *Stewart* requires the Court to consider each motion on an "individualized" basis. ECF No. 735 ("Transfer Reply") 4–5. The Court distinguished *Stewart* on the ground that it involved a forum-selection clause. Order 6. But, that distinction is not supported by *Stewart* and is at odds with substantial authority interpreting and applying *Stewart*. This is also a purely legal question because it involves the proper interpretation and application of binding precedent. And resolution of this question would likewise materially advance the litigation in this Court because, had the Court properly applied *Stewart* and considered BHE's motion independently, it would have likely deemed transfer proper.

---

[1] Another of BHE's co-defendants, Hanna Holdings, Inc., had also moved to transfer the claims against it. ECF No. 705. Plaintiffs and Hanna Holdings entered into a settlement before briefing on Hanna Holdings' motion was complete. ECF No. 733. The Court therefore denied Hanna Holdings' motion as moot. ECF No. 734.

There is "substantial ground for difference of opinion" as to both questions because, in each case, the Court's determinations squarely conflict with other courts' decisions. § 1292(b). And appeal of either of those questions "may materially advance the ultimate termination of the litigation" as to BHE, *id.*, because the Court of Appeals' reversal and remand as to either question would likely result in the Court granting an order transferring the claims against BHE to the Southern District of Iowa, where BHE's personal jurisdiction and venue defenses will be moot. By contrast, if this action is not transferred, the parties will continue to litigate those defenses, including on summary judgment and, if necessary, appeal, thus elongating the timeline for "ultimate termination" of this litigation. *Id.*

## BACKGROUND

BHE moved to transfer Plaintiffs' claims against it under § 1404(a) to the Southern District of Iowa. ECF No. 713. The briefing supporting BHE's motion and the accompanying declaration of Natalie Hocken submitted by BHE, ECF No. 712 ("Hocken Declaration"), demonstrated that transfer under § 1404(a) was proper. First, BHE showed that the action "might have been brought" against BHE in the Southern District of Iowa. Transfer Br. 6 (quoting *Apple*, 602 F.3d at 912). In addition, BHE demonstrated that the § 1404(a) case-specific factors weighed in favor of transfer. *Id.* 7–15.

*First*, BHE demonstrated that Plaintiffs' choice of forum was not entitled to deference because: (i) BHE lacks any ties to Missouri, thus rebutting the "assumption that the plaintiff's choice will be a convenient one," *id.* 7 (quoting *Apple*, 602 F.3d at 913); (ii) three of the four named Plaintiffs do not reside in this District, Transfer Reply 6; (iii) Plaintiffs assert claims on behalf of a putative nationwide class, Transfer Br. 7–8; and (iv) Plaintiffs' choice of forum is the product of forum shopping, *id.* 8–9.

3

*Second*, BHE showed that judicial economy (one of the § 1404(a) factors) favors transfer because BHE will continue to assert its meritorious personal jurisdiction and venue defenses throughout this case and, if necessary, on appeal. *Id.* 9–10. On the other hand, BHE explained, there is no dispute that jurisdiction exists and that venue is proper in the Southern District of Iowa. *Id.* 6, 9. Accordingly, if the claims against BHE are transferred, BHE's personal jurisdiction and venue defenses will become moot, and the litigation will proceed more efficiently on the merits. *Id.* 9. BHE also showed that judicial economy favors transfer because no party would be prejudiced by transfer at this early stage of the litigation and because there is no overriding efficiency gained by keeping the claims in this Court given the relatively few defendants that remain. *Id.*

*Third*, BHE showed that the "convenience of parties and witnesses" (another § 1404(a) factor) favors transfer because BHE is headquartered in the Southern District of Iowa, its employees with relevant knowledge work there, and its documents are located there. *Id.* 10. Thus, traveling to and from this District will impose significant burdens as compared to litigating in Iowa. *Id.* On the other hand, BHE explained, any inconvenience to Plaintiffs from transfer would be immaterial because three of the four named Plaintiffs will need to travel regardless of whether the case is litigated in this District or in Iowa. *Id.* 11. Such inconvenience also carries little weight because they serve as putative representatives for a nationwide class, so replacements are likely available in any District across the country. *Id.* 11–12. BHE also explained that the convenience of witnesses favors transfer in part because most of Plaintiffs' proposed document custodians reside within reasonable driving distance from BHE's headquarters, while none reside in Missouri. *Id.* 13–14.

*Fourth*, BHE explained that the "locus of operative facts" (another § 1404(a) factor) favors transfer because any alleged misconduct occurred in Iowa. *Id.* 12–13. That is because courts have

4

Case 4:23-cv-00788-SRB    Document 750    Filed 05/30/25    Page 9 of 20

determined that, in cases like this, the site of the alleged misconduct is where the alleged corporate decisions occurred, and BHE's corporate decisions occur at its headquarters in Iowa. *Id.*

*Finally*, BHE explained that much of BHE's documentary evidence, including undigitized paper documents, is located at its headquarters in Iowa (another § 1404(a) factor), thus favoring transfer. *Id.* 15

In denying the Transfer Motion, the Court held that BHE bore a "substantial" burden to make a "clear showing" of the right to transfer. Order 2–3. The Court did not credit BHE's argument that class-action plaintiffs' chosen forums are entitled to less deference and rejected BHE's argument that Plaintiffs' chosen forum was the product of forum shopping. *Id.* 4–5. It did not address BHE's argument that Plaintiffs' forum choice was not entitled to deference because BHE rebutted the presumption that their choice was convenient. Nor did it consider BHE's argument that Plaintiffs' forum choice is entitled to less deference because three of the four named Plaintiffs do not reside in the District. Instead, the Court summarily ruled that "Plaintiffs' choice of forum is entitled to deference." *Id.* 5.

With respect to the interest of justice and judicial economy considerations, the Court considered the Transfer Motion together with Crye-Leike's transfer motion and concluded that granting *both* motions would not serve either justice or economy. *Id.* 6, 9. The Court rejected BHE's argument that the Court should not consider multiple transfer motions together under *Stewart*, Transfer Reply 4–5, on the basis that *Stewart* involved a forum-selection clause, Order 6.

As to the convenience of the parties and witnesses, the Court rejected BHE's arguments regarding the convenience of litigating in the District, acknowledging that BHE "would prefer" to litigate where its headquarters is located. *Id.* The Court then concluded that "severing and transferring one or more Defendant would shift and multiply the inconvenience to Plaintiffs." *Id.* 9.

5
Case 4:23-cv-00788-SRB    Document 750    Filed 05/30/25    Page 10 of 20

The Court deemed the "locus of operative fact" factor "neutral" because *Apple*, 602 F.3d at 909, "does not provide the Court with guidance on how to weigh this factor when there are multiple defendants." *Id.* 8–9. Finally, the Court concluded that, although the location of documents is "less relevant given technological advances," that factor "weighs slightly in favor of transfer." *Id.* 8.

## ARGUMENT

Under § 1292(b), the Court may certify an order for interlocutory review when: (1) the "order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" as to that legal question; and (3) immediate appeal "may materially advance the ultimate termination of the litigation." Questions of venue are particularly appropriate for interlocutory review. *See Stewart*, 487 U.S. at 24–25, 28 & n.8 (affirming circuit court's reversal of district court order denying § 1404(a) motion after district court certified order under § 1292(b)). Indeed, the Eighth Circuit has recognized that the "usual post-judgment appeal process is not an adequate remedy for an improper failure to transfer," concluding that even extraordinary relief may be appropriate to correct an erroneous ruling under § 1404(a). *Apple*, 602 F.3d at 912.

### I.     The Transfer Order Involves Controlling Questions of Law

The Transfer Order presents two "controlling question[s] of law." § 1292(b). "A 'question of law,' as construed in § 1292(b), refers to a purely, abstract legal question." *Emps. Reinsurance Corp.* v. *Mass. Mut. Life Ins. Co.*, 2010 WL 2540097, at *2 (W.D. Mo. June 16, 2010). A question of law is "controlling" if it would "materially affect the outcome of litigation in the district court." *Grant* v. *Convergys Corp.*, 2013 WL 1342985, at *2 (E.D. Mo. Apr. 3, 2013). As this Court has recognized, "the question[s] need not be dispositive of the lawsuit in order to be regarded as controlling." *McNamara* v. *Katten Muchin Rossman LLP*, 2017 WL 11493632, at *2 (W.D. Mo. Apr. 21, 2017) (Bough, J.).

6

Case 4:23-cv-00788-SRB    Document 750    Filed 05/30/25    Page 11 of 20

**Burden of Proof.** The first question—whether the Court correctly imposed the default "substantial" burden of proof on BHE—is a question of law because "whether the district court applied the correct legal standard" is a pure "question of law." *Karsjens*, 988 F.3d at 1050; *Petty v. Cancer Treatment Ctrs. of Am. Prof. Corp. of Okla., Inc.*, 2017 WL 4181353, at *7 (W.D. Ark. Sept. 21, 2017). Indeed, whether the Court imposed on BHE "the proper burden of proof is an issue of substantive law," *Gray*, 46 F. Supp. 2d at 957 (citing *Thompson*, 85 F.3d at 330), which courts have deemed a controlling legal question for purposes of § 1292(b), *see ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 2020 WL 2768683, at *5 (D. Or. May 28, 2020) (proper burden of proof is a controlling question of law); *In re Buccina*, 657 F. App'x 350, 351 (6th Cir. 2016) (controlling question of law exists when the answer "determines which party bears the burden of proof").

Courts generally accord a plaintiff's chosen forum "considerable" deference when considering § 1404(a) motions. *Apple*, 602 F.3d at 913 (quoting *Terra*, 119 F.3d at 695). As a matter of law, that deference "shift[s] the burden of proof to a movant seeking transfer under § 1404(a)." *Id.* By default, that burden is "substantial." *Battenfeld*, 2011 WL 4088901, at *2. However, when the moving party shows that the plaintiff's forum is entitled to less deference, the burden of proof on the movant decreases in turn. *Cf. Apple*, 602 F.3d at 913.

Here, BHE established that Plaintiffs' choice of forum is entitled to less deference, Transfer Br. 7–9; Transfer Reply 2–4, and BHE's burden therefore lessened in turn. Nevertheless, the Transfer Order imposed on BHE a "substantial" burden. Order 3 (citing *Battenfeld*, 2011 WL 4088901, at *2). Not only is the proper burden of proof a question of law, *Gray*, 46 F. Supp. at 957, but it is also "controlling." Had the Court determined that Plaintiffs' chosen forum was

7

entitled to less deference and applied a lesser burden of proof on BHE, the Court likely would have deemed transfer proper.

**Interpretation of Precedent.** The second question—whether the Court properly interpreted and applied *Stewart* when it considered BHE's and Crye-Leike's transfer motions as a single motion—is also a question of law because it concerns the proper interpretation and application of binding precedent. *See Eggleton* v. *Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 585 (8th Cir. 2007) (accepting interlocutory appeal involving proper application of Eighth Circuit precedent); *Red Bull Assocs.* v. *Best W. Int'l, Inc.*, 686 F. Supp. 447, 453 (S.D.N.Y. 1988) (court's "interpretation" of Supreme Court precedent is a controlling question of law).

BHE previously argued that judicial economy favors transfer because BHE will continue to assert its defenses to personal jurisdiction and venue throughout this case if it remains in this District. Transfer Br. 9–10. As BHE explained, if the Court concludes on summary judgment, or the Eighth Circuit concludes on appeal, that this Court lacked personal jurisdiction over BHE all along, the resources expended litigating the merits of this case will have been wasted. *Id.*

The Court nonetheless concluded that transfer would be inefficient on the basis that granting both BHE and Crye-Leike's transfer motions together would cause duplicative litigation. Order 9. However, as BHE showed, the Court was required to consider each defendant's transfer motion separately, citing *Stewart*, which held that § 1404(a) requires courts to "adjudicate motions for transfer according to an '*individualized, case-by-case* consideration of convenience and fairness.'" Transfer Reply 4–5 (emphasis added; quoting *Stewart*, 487 U.S. at 29). The Court distinguished *Stewart* on the grounds that it involved a forum-selection clause. Order 6. The Court

8

Case 4:23-cv-00788-SRB    Document 750    Filed 05/30/25    Page 13 of 20

did acknowledge that "Defendants continue to dispute personal jurisdiction," but held that "this does not outweigh the more immediate costs and issues presented by duplicative litigation." *Id.* 9.

The question whether the Court was required to consider the Transfer Motion independently from Crye-Leike's motion under *Stewart*, or whether *Stewart*'s "individualized, case-by-case consideration" requirement applies *only* to cases involving forum-selection clauses (as the Court held), is a question of law because it concerns the proper interpretation and application of binding precedent. *See Eggleton*, 495 F.3d at 585; *Red Bull*, 686 F. Supp. at 453. This question is also controlling. The Transfer Order cited the "multiple duplicative cases" against BHE and Crye-Leike as the sole basis for its conclusion that transfer does not serve the "interest of justice" or "judicial economy." Order 9. However, if BHE's interpretation of *Stewart* were correct, then this would likely "materially affect" the Court's conclusion that transfer would not be in the "interest of justice" or "judicial economy." At that point, the remaining consideration for purposes of the economy factor is the likelihood of time-consuming and expansive future litigation over BHE's jurisdiction and venue defenses, which (as BHE previously argued) would be mooted by transfer. *See* Order 9.

## II. There Are Substantial Grounds for Difference of Opinion as to Each Controlling Legal Question

The second requirement for certification is that there be a "substantial ground for difference of opinion" as to each legal question. § 1292(b). That requirement is satisfied here in light of the ample caselaw supporting BHE's positions on each controlling legal question. *Perry* v. *Johnson*, 2010 WL 546774, at *2 (E.D. Mo. Feb. 9, 2010) (finding a substantial ground for a difference of opinion in part because of conflicting district court decisions); *Pro-Edge L.P.* v. *Gue*, 2006 WL 8456918, at *2 (N.D. Iowa May 15, 2006) (holding "courts have come to differing conclusions" such that it shows a substantial ground for difference of opinion).

9

**Burden of Proof.** As to the first question—whether the Court correctly imposed the default "substantial" burden of proof on BHE—the Court required BHE to shoulder a "substantial" burden, which flowed from its conclusion that Plaintiffs' choice of forum was entitled to "considerable" deference. Order 3–4. This holding was at odds with substantial authority that would accord Plaintiffs' chosen forum minimal deference.

*First*, the Eighth Circuit has held that the typical "considerable deference" accorded to a plaintiff's chosen forum "is based on an assumption that the plaintiff's choice will be a convenient one." *Apple*, 602 F.3d at 913. But Plaintiffs' choice of forum is *not* a convenient one for BHE: BHE lacks any ties to Missouri. It does not transact business or have any physical presence in Missouri. Hocken Decl. ¶¶ 3–8. Nor do any of its direct subsidiaries. *Id.* ¶¶ 7, 15. The Transfer Order ignored these considerations—which Plaintiffs did not dispute in their Opposition, Transfer Reply 6—altogether in holding that Plaintiffs' forum choice nonetheless merited deference.

*Second*, courts have held that "[w]hen a plaintiff chooses a forum other than her home forum, that choice [of forum] receives less deference." *Matheny-Willard* v. *Robinson*, 2023 WL 5217799, at *2 (W.D. Mo. Aug. 14, 2023); *accord Apple*, 602 F.3d at 913. Plaintiffs conceded that three of them do not reside in this District. Opp. 2.

*Third*, the vast weight of authority, which includes cases from this District, has held that plaintiffs' forum choices are entitled to less deference in the context of putative nationwide class actions. *See Arnold* v. *LME, Inc.*, 2020 WL 13470567, at *6 (W.D. Mo. Sept. 22, 2020) (Gaitan, J.); *Cunningham* v. *United Air Lines, Inc.*, 2013 WL 3984513, at *4 (E.D. Mo. Aug. 1, 2013); *Silverberg* v. *H&R Block, Inc.*, 2006 WL 1314005, at *2 n.6 (E.D. Mo. May 12, 2006) (citing *Koster* v. *Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947), for the proposition that "where there are hundreds of potential plaintiffs, claim of any one plaintiff that home forum is appropriate

is 'considerably weakened'"); *In re Eyewear Antitrust Litig.*, 2024 WL 2956631, at *10 (D. Minn. June 12, 2024); *In re Extended Stay Hotel Antitrust Litig.*, 2024 WL 5089159, at *3 (N.D. Ill. Dec. 12, 2024) ("Because this is a nationwide class action, and because only one of the 18 named Plaintiffs resides in Illinois, the Court gives Plaintiffs' choice of forum little weight.").

*Finally*, numerous courts have held that a plaintiff's choice of forum is entitled to little deference when it is the product or creates the perception of forum shopping. *See C-Mart, Inc.* v. *Metro. Life Ins. Co.*, 2013 WL 2403666, at *5 (E.D. Mo. May 31, 2013) ("[T]he Court finds that the interests of justice weigh heavily in favor of transfer because Plaintiff's choice of forum creates the perception of impermissible forum shopping"); *Italian Colors Rest.* v. *Am. Express Co.*, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003) (citing *Alltrade, Inc.* v. *Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)); *In re Eyewear Antitrust Litig.*, 2024 WL 2956631, at *11; *see also Apple*, 602 F.3d at 913. Here, BHE demonstrated that Plaintiffs chose to bring these claims against BHE in this District for the apparent and sole purpose of extracting settlement leverage after their counsel obtained a favorable verdict, preceded by favorable rulings, in *Sitzer*. Transfer Br. 8–9.[2]

**Interpretation of Precedent.** As to the second question—whether the Court properly interpreted and applied *Stewart* when it considered BHE's and Crye-Leike's transfer motions as a single motion—there are substantial grounds to disagree with the Court's determination that the individualized review described in *Stewart* does not apply to § 1404(a) motions outside the context of forum-selection clauses. *See* Order 6. As an initial matter, *Stewart* itself did not confine its reasoning to forum-selection clauses; rather, the Supreme Court stated generally that "Section

---

[2] The Court rejected BHE's forum-shopping argument solely because it found that BHE had not cited cases that showed Plaintiffs engaged in forum shopping. Order 4–5. That conclusion was misguided. Forum shopping is the "practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *Forum Shopping*, *Black's Law Dictionary* (12th ed. 2024). Each of the cases on which BHE relied, *see* Transfer Br. 8–9, showed that forum shopping occurs when plaintiffs select an improper forum to gain an advantage unrelated to the merits of their claims—just as Plaintiffs did here.

1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" 487 U.S. at 29. In addition, many courts, including in this District, have held—citing *Stewart*—that § 1404(a) requires an "individualized, case-by-case consideration of convenience and fairness," even when a forum-selection clause is not involved. *See, e.g.*, *Hunter* v. *Loandepot.com, LLC*, 2024 WL 3087903, at *1 (W.D. Mo. June 21, 2024) (quoting *Stewart*, 487 U.S. at 29, and granting transfer of putative class action); *S.W.* v. *NationsBenefits, LLC*, 2023 WL 4562279, at *1 (W.D. Mo. July 17, 2023) (quoting *Stewart* and granting transfer); *Caricato* v. *Nissan N. Am., Inc.*, 2021 WL 5044867, at *2 (W.D. Mo. June 1, 2021) (same); *Tunley* v. *Wal-Mart Stores, Inc.*, 2017 WL 3711811, at *1 (W.D. Mo. Aug. 28, 2017) (same); *Bruce's Wrecker Serv., Inc.* v. *Auto. Club of Missouri*, 2009 WL 10704968, at *1–2 (W.D. Mo. Apr. 10, 2009) (same); *Ozarks Coca-Cola/Dr. Pepper Bottling Co.* v. *Coca-Cola Co.*, 2006 WL 696461, at *4 (W.D. Mo. Mar. 17, 2006) (same); *Leverage Leasing Co.* v. *Lincoln Ins. Co.*, 1991 WL 626752, at *4, *6 (W.D. Mo. Sept. 27, 1991) (same); *Stokes* v. *Complete Mobile Dentistry*, 2023 WL 6064849, at *2–3 (E.D. Mo. Sept. 18, 2023) (same).

Other district courts in the Eighth Circuit have likewise held that, when evaluating a § 1404(a) motion, the "Court may [] decide *only the instant motion, and every proposed transfer requires an individual evaluation*." *Newman* v. *Stryker Sales Corp.*, 2010 WL 3926200, at *3 (D. Minn. Sept. 30, 2010) (emphasis added; citing *Terra*, 119 F.3d at 697). Thus, the Court should "evaluate the propriety of a transfer as to each case separately." *Thompson* v. *Stryker Corp.*, 2010 WL 11640225, at *3 (D. Minn. Oct. 14, 2010). There are thus substantial grounds for disagreement with the Court's interpretation of *Stewart*.

III. **Immediate Review By the Eighth Circuit Will Advance This Litigation as to BHE**

Immediate appeal will materially advance this litigation as to BHE.

As to the first question—whether the Court correctly imposed the default "substantial" burden of proof on BHE—if the Eighth Circuit concludes that the Court accorded too much deference to Plaintiffs' chosen forum and thus imposed too high a burden on BHE, then the Court's analysis under § 1404(a) will be necessarily more favorable to BHE and thus likely result in transfer to the Southern District of Iowa.

As to the second question—whether the Court properly interpreted and applied *Stewart* when it considered BHE's and Crye-Leike's transfer motions as a single motion—if the Eighth Circuit determines that the individualized review described in *Stewart* applies to § 1404(a) motions that do not involve forum-selection clauses, then the Court on remand will be precluded from considering how resolution of other pending motions might factor into the Court's § 1404(a) analysis. The Court's subsequent analysis of the "convenience of parties and witnesses" as well as the "interest of justice" and "judicial economy" factors, all of which turned in part on the existence of Crye-Leike's motion, Order 6, 9, would then likely tilt in favor of transfer.

## CONCLUSION

For the foregoing reasons, BHE respectfully moves the Court to certify the Transfer Order for immediate interlocutory review.

| Dated: May 30, 2025 | /s/ Jeffrey J. Simon |
|---|---|

        **HUSCH BLACKWELL LLP**
        Jeffrey J. Simon, MO #35558
        Taylor Concannon Hausmann, MO #67056
        4801 Main Street, Suite 1000
        Kansas City, Missouri 64112
        Telephone: (816) 983-8000
        Facsimile: (816) 983-8080
        Jeff.Simon@huschblackwell.com
        Taylor.Hausmann@huschblackwell.com

        **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
        Katherine B. Forrest (*pro hac vice*)
        Andrew G. Gordon (*pro hac vice*)
        Gregory F. Laufer (*pro hac vice*)
        Anna R. Gressel (*pro hac vice*)
        Yotam Barkai (*pro hac vice*)
        1285 Avenue of the Americas
        New York, New York 10019-6064
        Telephone: (212) 373-3000
        Facsimile: (212) 757-3990
        kforrest@paulweiss.com
        agordon@paulweiss.com
        glaufer@paulweiss.com
        agressel@paulweiss.com
        ybarkai@paulweiss.com

        *Attorneys for Defendant*
        *Berkshire Hathaway Energy Company*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served on May 30, 2025 on all counsel of record by virtue of the Court's CM/ECF system.

<em>/s/ Jeffrey J. Simon</em>