# EXHIBIT A

# JENNIFER KEOUGH

## CHIEF EXECUTIVE OFFICER AND CO-FOUNDER





## I.

# INTRODUCTION

Jennifer Keough is Chief Executive Officer and a Co-Founder of JND Legal Administration ("JND"). She is the *only* judicially recognized expert in all facets of class action administration - from notice through distribution. With more than 25 years of legal experience, Ms. Keough has directly worked on hundreds of high-profile and complex administration engagements, including such landmark matters as the $20 billion Gulf Coast Claims Facility, $10 billion BP Deepwater Horizon Settlement, $3.4 billion Cobell Indian Trust Settlement (the largest U.S. government class action settlement ever), $2.67 billion Blue Cross Blue Shield antitrust settlement, $1.5 billion Mercedes-Benz Emissions Settlements, $1.3 billion Equifax Data Breach Settlement, $1 billion Stryker Modular Hip Settlement, National Assoc. of Realtors Settlements of over $1 billion thus far, $600 million Engle Smokers Trust Fund, $215 million USC Student Health Center Settlement, and countless other high-profile matters.

Ms. Keough has been appointed notice expert in many notable cases and has testified on settlement matters in numerous courts and before the Senate Committee for Indian Affairs. She was appointed in 2022 as a Board member of the RAND Corporation's "Kenneth R. Feinberg Center for Catastrophic Risk Management and Compensation (the Feinberg Center)." Among the Feinberg Center's missions is to identify and promote laws, programs, and institutions that reduce the adverse social and economic effects of natural and manmade catastrophes by:

- Improving incentives to reduce future losses;
- Providing just compensation to those suffering losses while appropriately allocating liability to responsible parties;
- Helping affected individuals, businesses, and communities to recover quickly; and
- Avoiding unnecessary legal, administrative, and other transaction costs.

Ms. Keough is honored to be included on the Board, which consists of only 18 people, three of whom are federal district court judges. She is the only person from the legal administration industry on the Board.

Ms. Keough is also the only female CEO/Co-Founder in the Legal Administration field. She oversees more than 300 employees throughout the country, including at JND's 35,000 square foot Seattle headquarters. She manages all aspects of JND's class action business from day-to-day processes to high-level strategies. Her comprehensive expertise with noticing, claims processing, Systems and IT work, call center, data analytics, recovery calculations, check and electronic payment distribution, and reporting gained her the reputation with attorneys on both sides of the aisle as the most dependable consultant for all legal administration needs. Ms. Keough also applies her knowledge and skills to other divisions of JND, including mass tort, lien resolution, government services, and eDiscovery. Given her extensive experience, Ms. Keough is often called upon to consult with parties prior to settlement, is frequently invited to speak on class action issues and has authored numerous articles in her multiple areas of expertise.

Ms. Keough launched JND with her partners in early 2016. Just a few months later she was named as the Independent Claims Administrator ("ICA") in a complex BP Solar Panel Settlement. Ms. Keough also started receiving numerous appointments as notice expert and in 2017 was chosen to oversee a $300 million restitution program in Canada where every adult in that country was eligible to participate. Also, in 2017, Ms. Keough was named a female entrepreneur of the year finalist in the 14th annual Stevie Awards for Women in Business. In 2015 and 2017, she was recognized as a "Woman Worth Watching" by Profiles in Diversity Journal.

Since JND's launch, Ms. Keough has also been featured in numerous media publications. In 2019, she was highlighted in an Authority Magazine article, "5 Things I wish someone told me before I became a CEO," and a Moneyish article, "This is exactly

how rampant 'imposter syndrome' is in the workforce." In 2018, she was featured in several Fierce CEO articles, "JND Legal Administration CEO Jennifer Keough aids law firms in complicated settlements," "Special Report—Women CEOs offer advice on defying preconceptions and blazing a trail to the top," and "Companies stand out with organizational excellence," as well as a Puget Sound Business Journal article, "JND Legal CEO Jennifer Keough handles law firms' big business." In 2013, Ms. Keough appeared in a CNN article, "What Changes with Women in the Boardroom."

Prior to forming JND, Ms. Keough was Chief Operating Officer and Executive Vice President for one of the then largest legal administration firms in the country, where she oversaw operations in several offices across the country and was responsible for all large and critical projects. Previously, Ms. Keough worked as a class action business analyst at Perkins Coie, one of the country's premier defense firms, where she managed complex class action settlements and remediation programs, including the selection, retention, and supervision of legal administration firms. While at Perkins she managed, among other matters, the administration of over $100 million in the claims-made Weyerhaeuser siding case, one of the largest building product class action settlements ever. In her role, she established a reputation as being fair in her ability to see both sides of a settlement program.

Ms. Keough earned her J.D. from Seattle University. She graduated from Seattle University with a B.A. and M.S.F. with honors.

# LANDMARK CASES

Jennifer Keough has the distinction of personally overseeing the administration of more large class action programs than any other notice expert in the field. Some of her largest engagements include the following:

## 1. *In re Blue Cross Blue Shield Antitrust Litig.*

**Master File No.: 13-CV-20000-RDP (N.D. Ala.)**

JND was appointed as the notice and claims administrator in the $2.67 billion Blue Cross Blue Shield proposed settlement. To notify class members, we mailed over 100 million postcard notices, sent hundreds of millions of email notices and reminders, and placed notice via print, television, radio, internet, and more. The call center was staffed with 250 agents during the peak of the notice program. More than eight million claims were received. In approving the notice plan designed by Jennifer Keough and her team, United States District Court Judge R. David Proctor, wrote:

> *After a competitive bidding process, Settlement Class Counsel retained JND Legal Administration LLC ("JND") to serve as Notice and Claims Administrator for the settlement. JND has a proven track record and extensive experience in large, complex matters... JND has prepared a customized Notice Plan in this case. The Notice Plan was designed to provide the best notice practicable, consistent with the latest methods and tools employed in the industry and approved by other courts...The court finds that the proposed Notice Plan is appropriate in both form and content and is due to be approved.*

## 2. *In re Equifax Inc. Customer Data Sec. Breach Litig.*

**No. 17-md-2800-TWT (N.D. Ga.)**

JND was appointed settlement administrator, under Ms. Keough's direction, for this complex data breach settlement valued at $1.3 billion with a class of 147 million individuals nationwide. Ms. Keough and her team oversaw all aspects of claims administration, including the development of the case website which provided notice in seven languages and allowed for online claim submissions. In the first week alone, over 10 million claims were filed. Overall, the website received more than 200 million hits and the Contact Center handled well over 100,000 operator calls. Ms. Keough and her team also worked closely with the Notice Provider to ensure that each element of the media campaign was executed in the time and manner as set forth in the Notice Plan.

Approving the settlement on January 13, 2020, Judge Thomas W. Thrash, Jr. acknowledged JND's outstanding efforts:

> JND transmitted the initial email notice to 104,815,404 million class members beginning on August 7, 2019. (App. 4, ¶¶ 53-54). JND later sent a supplemental email notice to the 91,167,239 class members who had not yet opted out, filed a claim, or unsubscribed from the initial email notice. (Id., ¶¶ 55-56). The notice plan also provides for JND to perform two additional supplemental email notice campaigns. (Id., ¶ 57)...JND has also developed specialized tools to assist in processing claims, calculating payments, and assisting class members in curing any deficient claims. (Id., ¶¶ 4, 21). As a result, class members have the opportunity to file a claim easily and have that claim adjudicated fairly and efficiently...The claims administrator, JND, is highly experienced in administering large class action settlements and judgments, and it has detailed the efforts it has made in administering the settlement, facilitating claims, and ensuring those claims are properly and efficiently handled. (App. 4, ¶¶ 4, 21; see also Doc. 739-6, ¶¶ 2-10). Among other things, JND has developed protocols and a database to assist in processing claims, calculating payments, and assisting class members in curing any deficient claims. (Id., ¶¶ 4, 21). Additionally, JND has the capacity to handle class member inquiries and claims of this magnitude. (App. 4, ¶¶ 5, 42). This factor, therefore, supports approving the relief provided by this settlement.

### 3. USC Student Health Ctr. Settlement

**No. 18-cv-04258-SVW (C.D. Cal.)**

JND was approved as the Settlement Administrator in this important $215 million settlement that provides compensation to women who were sexually assaulted, harassed and otherwise abused by Dr. George M. Tyndall at the USC Student Health Center during a nearly 30-year period. Ms. Keough and her team designed a notice effort that included: mailed and email notice to potential Class members; digital notices on Facebook, LinkedIn, and Twitter; an internet search effort; notice placements in USC publications/eNewsletters; and a press release. In addition, her team worked with USC staff to ensure notice postings around campus, on USC's website and social media accounts, and in USC alumni communications, among other things. Ms. Keough ensured the establishment of an all-female call center, whose operators were fully trained to handle delicate interactions, with the goal of providing excellent service and assistance to every woman affected. She also worked with the JND staff handling lien resolution for this case. Preliminarily approving the settlement, Honorable Stephen V. Wilson stated (June 12, 2019):

> The Court hereby designates JND Legal Administration ("JND") as Claims Administrator. The Court finds that giving Class Members notice of the Settlement

*is justified under Rule 23(e)(1) because, as described above, the Court will likely be able to: approve the Settlement under Rule 23(e)(2); and certify the Settlement Class for purposes of judgment. The Court finds that the proposed Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances.*

## 4. Gulf Coast Claims Facility (GCCF)

The GCCF was one of the largest claims processing facilities in U.S. history and was responsible for resolving the claims of both individuals and businesses relating to the Deepwater Horizon oil spill. The GCCF, which Ms. Keough helped develop, processed over one million claims and distributed more than $6 billion within the first year-and-a-half of its existence. As part of the GCCF, Ms. Keough and her team coordinated a large notice outreach program which included publication in multiple journals and magazines in the Gulf Coast area. She also established a call center staffed by individuals fluent in Spanish, Vietnamese, Laotian, Khmer, French, and Croatian.

## 5. In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010

### No. 2179 (MDL) (E.D. La.)

Following the closure of the Gulf Coast Claims Facility, the Deepwater Horizon Settlement claims program was created. There were two separate legal settlements that provided for two claims administration programs. One of the programs was for the submission of medical claims and the other was for the submission of economic and property damage claims. Ms. Keough played a key role in the formation of the claims program for the evaluation of economic and property damage claims. Additionally, Ms. Keough built and supervised the back-office mail and processing center in Hammond, Louisiana, which was the hub of the program. The Hammond center was visited several times by Claims Administrator Pat Juneau -- as well as by the District Court Judge and Magistrate -- who described it as a shining star of the program.

## 6. Loblaw Card Program

Jennifer Keough was selected by major Canadian retailer Loblaw and its counsel to act as program administrator in its voluntary remediation program. The program was created as a response to a price-fixing scheme perpetrated by some employees of the company involving bread products. The program offered a $25 gift card to all adults in Canada who purchased bread products in Loblaw stores between 2002 and 2015. Some 28 million Canadian residents were potential claimants. Ms. Keough and her team: (1) built an interactive website that was capable of withstanding hundreds of millions of "hits" in a short period

of time; (2) built, staffed and trained a call center with operators available to take calls twelve hours a day, six days a week; (3) oversaw the vendor in charge of producing and distributing the cards; (4) was in charge of designing and overseeing fraud prevention procedures; and (5) handled myriad other tasks related to this high-profile and complex project.

### 7. *Cobell v. Salazar*

**No. 96 CV 1285 (TFH) (D. D.C.)**

As part of the largest government class action settlement in our nation's history, Ms. Keough worked with the U.S. Government to implement the administration program responsible for identifying and providing notice to the two distinct but overlapping settlement classes. As part of the notice outreach program, Ms. Keough participated in multiple town hall meetings held at Indian reservations located across the country. Due to the efforts of the outreach program, over 80% of all class members were provided notice. Additionally, Ms. Keough played a role in creating the processes for evaluating claims and ensuring the correct distributions were made. Under Ms. Keough's supervision, the processing team processed over 480,000 claims forms to determine eligibility. Less than one half of one percent of all claim determinations made by the processing team were appealed. Ms. Keough was called upon to testify before the Senate Committee for Indian Affairs, where Senator Jon Tester of Montana praised her work in connection with notice efforts to the American Indian community when he stated: "Oh, wow. Okay... the administrator has done a good job, as your testimony has indicated, [discovering] 80 percent of the whereabouts of the unknown class members." Additionally, when evaluating the Notice Program, Judge Thomas F. Hogan concluded (July 27, 2011):

> ...that adequate notice of the Settlement has been provided to members of the Historical Accounting Class and to members of the Trust Administration Class.... Notice met and, in many cases, exceeded the requirements of F.R.C.P. 23(c)(2) for classes certified under F.R.C.P. 23(b)(1), (b)(2) and (b)(3). The best notice practicable has been provided class members, including individual notice where members could be identified through reasonable effort. The contents of that notice are stated in plain, easily understood language and satisfy all requirements of F.R.C.P. 23(c)(2)(B).

### 8. *The National Association of Realtors Settlements*

**No. 19-cv-00332 (W.D. Miss.)**

JND was appointed as Notice and Claims Administrator in the Real Estate Commission Litigation, including the Settlement with the National Association of Realtors (NAR) for $418 million. In total, JND is handling the administration for all Settling Defendants, with total Settlements valuing over $1 billion thus far. This

high-profile nationwide settlement arises from allegations that the Defendants conspired to inflate real estate agent commissions. The initial noticing program included direct notice to more than 37 million potential Class Members and a media effort through both online and print advertising.

In providing Final Approval of the first round of Settlements with Keller Williams, Anywhere, and RE/MAX, (*Burnett v. The Nat'l Assoc. of Realtors*, No. 19-cv-00332 (W.D. Miss.)), Judge Stephen R. Bough stated on May 9, 2024:

> At preliminary approval, the Court appointed JND Legal Administration ("JND") as the Settlement Administrator. As directed by the Court, JND implemented the parties' Class Notice Plan...Notice was provided by first-class U.S. mail, electronic mail, and digital and print publication. Without repeating all the details from Keough's declaration, the Court finds that the direct notice program was extremely successful and reached more than 95% of the potential Settlement class members...The media effort alone reached at least 71 percent of the Settlement Class members....Based on the record, the Court finds that the notice given to the Settlement Class constituted the best notice practicable under the circumstances and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that the notice given to the Settlement Class was adequate and reasonable.

Judge Stephen R. Bough also stated on November 4, 2024 in his final approval order for *Gibson v. The Nat'l Assoc. of Realtors*, No. 23-cv-00788-SRB (W.D. Miss.):

> At preliminary approval, the Court appointed JND Legal Administration ("JND") as the Settlement Administrator. As directed by the Court, JND implemented the Class Notice Plan. In connection with their final approval motion, Plaintiffs submitted a declaration of Jennifer M. Keough from JND summarizing the notice that was given to class members and the resulting claims to date, opt-outs, and objections. (Doc. #521-3.). Notice was provided by first-class U.S. mail, electronic mail, and digital and print publication. Without repeating all the details from Keough's declaration, the Court finds that the direct notice program was extremely successful and reached more than 97% of identified Settlement Class members. Nearly 40 million direct notices were mailed or emailed to the Class. JND's digital effort alone delivered more than 300 million impressions, and its press release was picked up at least 495 times with a potential audience of 113 million. In addition to the formal class notice process, and beyond the paid press release, more than 470 news stories addressed the litigation and settlement, including full articles in outlets such as the New York Times, USAToday, and CNN. JND also implemented a Settlement Website that had over 2 million unique visitors and over 11 million page views...Based on the record, the Court finds that the notice given to the Settlement Class constituted the best notice practicable under the

> *circumstances and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that the notice given to the Settlement Class was adequate and reasonable.*

In the *Burnett* final approval order for Settlements with the National Association of Realtors ("NAR"), Judge Stephen R. Bough stated on November 27, 2024:

> *At preliminary approval, the Court appointed JND Legal Administration ("JND") as the Settlement Administrator. In connection with their final approval motion, Plaintiffs submitted a declaration of Jennifer M. Keough from JND summarizing the notice that was given to Class members and the resulting claims to date, opt-outs, and objections. (Doc. #1595-7.) As directed by the Court, JND implemented the Class Notice Plan. Notice was provided by first-class U.S. mail, electronic mail, and digital and print publication. As stated in that declaration, nearly 40 million direct notices were mailed or emailed to the Class. JND's digital notice effort delivered more than 300 million impressions. More than 500 news stories addressed the litigation and settlement, including full articles in outlets such as the ABC News, CBS News, NBC News, and the New York Times. JND also implemented a Settlement Website that had over 2 million unique visitors and over 12 million page views. The Court finds that the direct notice program was adequate and reached more than 99% of identified Settlement Class members.*

## 9.  *Allagas v. BP Solar Int'l, Inc.*
### No. 14-cv-00560 (N.D. Cal.)

Ms. Keough was appointed by the United States District Court for the Northern District of California as the Independent Claims Administrator ("ICA") supervising the notice and administration of this complex settlement involving inspection, remediation, and replacement of solar panels on homes and businesses throughout California and other parts of the United States. Ms. Keough and her team devised the administration protocol and built a network of inspectors and contractors to perform the various inspections and other work needed to assist claimants. She also built a program that included a team of operators to answer claimant questions, a fully interactive dedicated website with online claim filing capability, and a team trained in the very complex intricacies of solar panel mechanisms. In her role as ICA, Ms. Keough regularly reported to the parties and the Court regarding the progress of the case's administration. In addition to her role as ICA, Ms. Keough also acted as mediator for those claimants who opted out of the settlement to pursue their claims individually against BP. Honorable Susan Illston, recognized the complexity of the settlement when appointing Ms. Keough the ICA (December 22, 2016):

> *The complexity, expense and likely duration of the litigation favors the Settlement, which provides meaningful and substantial benefits on a much*

*shorter time frame than otherwise possible and avoids risk to class certification and the Class's case on the merits...The Court appoints Jennifer Keough of JND Legal Administration to serve as the Independent Claims Administrator ("ICA") as provided under the Settlement.*

## 10. *Health Republic Ins. Co. v. United States*

**No. 16-259C (F.C.C.)**

For this $1.9 billion settlement, Ms. Keough and her team used a tailored and effective approach of notifying class members via Federal Express mail and email. Opt-in notice packets were sent via Federal Express to each potential class member, as well as the respective CEO, CFO, General Counsel, and person responsible for risk corridors receivables, when known. A Federal Express return label was also provided for opt-in returns. Notice Packets were also sent via electronic-mail. The informational and interactive case-specific website posted the notices and other important Court documents and allowed potential class members to file their opt-in form electronically.

## 11. *In re Mercedes-Benz Emissions Litig.*

**No. 16-cv-881 (D.N.J.)**

JND Legal Administration was appointed as the Settlement Administrator in this $1.5 billion settlement wherein Daimler AG and its subsidiary Mercedes-Benz USA reached an agreement to settle a consumer class action alleging that the automotive companies unlawfully misled consumers into purchasing certain diesel type vehicles by misrepresenting the environmental impact of these vehicles during on-road driving. As part of its appointment, the Court approved Jennifer Keough's proposed notice plan and authorized JND Legal Administration to provide notice and claims administration services.

*The Court finds that the content, format, and method of disseminating notice, as set forth in the Motion, Declaration of JND Legal Administration, the Class Action Agreement, and the proposed Long Form Notice, Short Form Notice, and Supplemental Notice of Class Benefits (collectively, the "Class Notice Documents") – including direct First Class mailed notice to all known members of the Class deposited in the mail within the later of (a) 15 business days of the Preliminary Approval Order; or (b) 15 business days after a federal district court enters the US-CA Consent Decree – is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B). The Court approves such notice, and hereby directs that such notice be disseminated in the manner set forth in the Class Action Settlement to the Class under Rule 23(e)(1)...JND Legal Administration is hereby appointed as the Settlement Administrator and shall perform all duties of the Settlement Administrator set forth in the Class Action Settlement.*

On July 12, 2021, the Court granted final approval of the settlement:

> *The Court has again reviewed the Class Notice Program and finds that Class Members received the best notice practicable under the circumstances.*

## 12. *In re General Motors LLC Ignition Switch Litig.*

No. 2543 (MDL) (S.D.N.Y.)

GM Ignition Switch Compensation Claims Resolution Facility

Ms. Keough oversaw the creation of a Claims Facility for the submission of injury claims allegedly resulting from the faulty ignition switch. The Claims Facility worked with experts when evaluating the claim forms submitted. First, the Claims Facility reviewed thousands of pages of police reports, medical documentation, and pictures to determine whether a claim met the threshold standards of an eligible claim for further review by the expert. Second, the Claims Facility would inform the expert that a claim was ready for its review. Ms. Keough constructed a database which allowed for a seamless transfer of claim forms and supporting documentation to the expert for further review.

## 13. *In re General Motors LLC Ignition Switch Litig.*

No. 2543 (MDL) (S.D.N.Y.)

Class Action Settlement

Ms. Keough was appointed the class action settlement administrator for the $120 million GM Ignition Switch settlement. On April 27, 2020, Honorable Jesse M. Furman approved the notice program designed by Ms. Keough and her team and the notice documents they drafted with the parties:

> *The Court further finds that the Class Notice informs Class Members of the Settlement in a reasonable manner under Federal Rule of Civil Procedure 23(e)(1)(B) because it fairly apprises the prospective Class Members of the terms of the proposed Settlement and of the options that are open to them in connection with the proceedings.*

> *The Court therefore approves the proposed Class Notice plan, and hereby directs that such notice be disseminated to Class Members in the manner set forth in the Settlement Agreement and described in the Declaration of the Class Action Settlement Administrator…*

Under Ms. Keough's direction, JND mailed notice to nearly 30 million potential class members.

On December 18, 2020, Honorable Jesse M. Furman granted final approval:

> *The Court confirms the appointment of Jennifer Keough of JND Legal Administration ("JND") as Class Action Settlement Administrator and directs*

*Ms. Keough to carry out all duties and responsibilities of the Class Action Settlement Administrator as specified in the Settlement Agreement and herein...The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rules of Civil Procedure 23(c)(2)(b) and 23(e), and fully comply with all laws, including the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation.*

## 14. *Senne v. Office of the Commission of Baseball*

### No. 14-00608-JCS (N.D. Cal.)

Ms. Keough and her team acted as the Settlement Administrator in the $185M settlement encompassing nearly 25,000 minor league baseball players who signed a uniform player's contract and played in certain non-regular season periods from 2009 to 2022. The administration included direct notice by mail and e-mail, a media campaign, a primary distribution, and a redistribution of unclaimed funds to eligible class members. The administration also included a dedicated, bilingual online platform allowing players to submit work period disputes, update their addresses, view settlement payment estimates, and select the method in which they wished to receive their settlement payment. JND overcame unique challenges in the administration which included highly mobile class members who shared residences and sometimes accounts with fellow players, the provision of multi-lingual services, complex employment and non-employment tax reporting to most states and the federal government, as well as facilitating payment to the significant proportion of players who reside primarily outside the US.

## 15. *In re Navistar Maxx Force Engines Mktg., Sales Practices, and Prods.*

### No. 14-cv-10318 (N.D. Ill.)

The Navistar litigation resulted in a $135 million settlement on behalf of truck owners throughout the United States. The most complicating factor here was the number of claims filed by third-party claim preparers on behalf of the vehicle fleets. In short, every claim submission involved thousands of pages of documentation, all of which had to be reviewed and audited to confirm adherence to the settlement agreement and plan of allocation. Also compounding the complexity is the fact that both sides invoked the right to review claims to try to raise or lower the claim rate in their favor. As per the settlement agreement, JND was the arbiter of these disagreements and was required to mediate disputes between the parties about various claims.

Part of JND's responsibility pursuant to the court's direction was to ensure that class members had ample opportunity to submit claims. Through our efforts,

more than 66% of eligible vehicles claimed here – a very high rate for a class action. We were also charged with following up on the distribution of proceeds to make sure that claimants cashed their checks. Through our efforts over 99% of all monies ended up being cashed.

## 16. *Express Freight Int'l v. Hino Motors Ltd.*

**No. 22-cv-22483-Gayles/Torres (S.D. Fla.)**

JND was retained as the Settlement Administrator in this $237.5 million class action settlement stemming from allegations that the emission levels in certain Hino trucks were misrepresented and exceed regulatory limits. Ms. Keough and her team designed a robust notice program that combined direct notice, a press release, an internet search campaign, and industry targeted digital and publication notice to maximize reach. As the settlement class included numerous fleet owners, the JND team under Ms. Keough's leadership successfully implemented a claim submission process to facilitate the filing of bulk claims that resulted in over 55,000 fleet filer claims. On April 1, 2024 Judge Darrin P. Gayles approved the notice program:

> *The Court finds that Settlement Class Notice program was implemented in the manner approved by the Court in its Preliminary Approval Order. See Supplemental Keogh Decl. ¶¶ 4-9, 16. The Court finds that the form, content, and methods of disseminating notice to the Settlement Class Members: (1) comply with Rule 23(c)(2) of the Federal Rules of Civil Procedure as they are the best practicable notice under the circumstances and are reasonably calculated to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement; (2) comply with Rule 23(e), as they are reasonably calculated to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their right to object to, or opt out of, the proposed Settlement and other rights under the terms of the Settlement Agreement; (3) comply with Rule 23(h), as they are reasonably calculated to apprise the Settlement Class Members of any motion by Settlement Class Counsel for reasonable attorney's fees and costs, and their right to object to any such motion; (4) constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (5) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c), (e), and (h), and the Due Process Clause of the United States Constitution.*

### 17. *FTC v. Reckitt Benckiser Grp. PLC*

No. 19CV00028 (W.D. Va.)

Ms. Keough and her team designed a multi-faceted notice program for this $50 million settlement resolving charges by the FTC that Reckitt Benckiser Group PLC violated antitrust laws by thwarting lower-priced generic competition to its branded drug Suboxone.

The plan reached 80% of potential claimants nationwide, and a more narrowed effort extended reach to specific areas and targets. The nationwide effort utilized a mix of digital, print, and radio broadcast through Sirius XM. Extended efforts included local radio in areas defined as key opioid markets and an outreach effort to medical professionals approved to prescribe Suboxone in the U.S., as well as to substance abuse centers; drug abuse and addiction info and treatment centers; and addiction treatment centers nationwide.

### 18. *In re Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.*

No. 13-2441 (MDL) (D. Minn.)

Ms. Keough and her team were designated as the escrow agent and claims processor in this $1 billion settlement designed to compensate eligible U.S. Patients who had surgery to replace their Rejuvenate Modular-Neck and/or ABG II Modular-Neck hip stems prior to November 3, 2014. As the claims processor, Ms. Keough and her team designed internal procedures to ensure the accurate review of all medical documentation received; designed an interactive website which included online claim filing; and established a toll-free number to allow class members to receive information about the settlement 24 hours a day. Additionally, she oversaw the creation of a deficiency process to ensure claimants were notified of their deficient submission and provided an opportunity to cure. The program also included an auditing procedure designed to detect fraudulent claims and a process for distributing initial and supplemental payments. Approximately 95% of the registered eligible patients enrolled in the settlement program.

### 19. *In re The Engle Trust Fund*

No. 94-08273 CA 22 (Fla. 11th Jud. Cir. Ct.)

Ms. Keough played a key role in administering this $600 million landmark case against the country's five largest tobacco companies. Miles A. McGrane, III, Trustee to the Engle Trust Fund recognized Ms. Keough's role when he stated:

> *The outstanding organizational and administrative skills of Jennifer Keough cannot be overstated. Jennifer was most valuable to me in handling numerous substantive issues in connection with the landmark Engle Trust Fund matter. And, in her communications with affected class members, Jennifer proved to be a caring expert at what she does.*

### 20. *In re Air Cargo Shipping Servs. Antitrust Litig.*

No. 06-md-1775 (JG) (VVP) (E.D.N.Y.)

This antitrust settlement involved five separate settlements. As a result, many class members were affected by more than one of the settlements, Ms. Keough constructed the notice and claims programs for each settlement in a manner which allowed for the comparison of claims data. Each claims administration program included claims processing, review of supporting evidence, and a deficiency notification process. The deficiency notification process included mailing of deficiency letters, making follow up phone calls, and sending emails to class members to help them complete their claim. To ensure accuracy throughout the claims process for each of the settlements, Ms. Keough created a process which audited many of the claims that were eligible for payment.



# III.

# JUDICIAL RECOGNITION

Courts have favorably recognized Ms. Keough's work as outlined above and by the sampling of judicial comments from JND programs listed below.

## 1. Honorable Terrence G. Berg

***Chapman v Gen. Motors, LLC,*** (July 16, 2024)
No. 19-CV-12333-TGB-DRG (E.D. Mich.):

*The Court has reviewed the plan for distributing Notice to the Settlement Class and finds that Settlement Class Members will receive the best notice practicable under the circumstances...The Court appoints JND Legal Administration as the Settlement Administrator.*

## 2. Honorable Joseph H. Rodriguez

***Cohen v. Subaru Corp.,*** (July 11, 2024)
No. 20-cv-8442-JHR-AMD (D.N.J.):

*The Court appoints JND Legal Administration as the Settlement Administrator ("Settlement Administrator")...The notices and Notice Program satisfy all applicable requirements of law, including, but not limited to, Rule 23 and the constitutional requirement of due process.*

## 3. Honorable Dana M. Sabraw

***In re Packaged Seafood Prods. Antitrust Litig. (EPP Class),*** (November 22, 2024)
No. 15-md-02670 (S.D. Cal.):

*The EPPs again retained JND, an experienced and well-respected claims administrator. The Court previously approved JND as Claims Administrator for the COSI Settlement and to disseminate the Class Notice...The Settlement Notice Plan, approved by the Court's Preliminary Approval Order, was robust and provided the Settlement Class Notice (in various forms) to Settlement Class Members...The digital and print efforts alone reached more than 70% of potential Settlement Class Members and further extended by Mail Notice.*

## 4. Honorable Joanna Seybert

***Natale v. 9199-4467 Quebec Inc.,*** (May 14, 2024)
No. 21-cv-6775-JS-SIL (E.D.N.Y.):

*The Court further finds that the method of dissemination of notice to the Settlement Class...satisfies Rule 23, due process, and constitutes the best notice practicable*

*under the circumstances…The Court appoints JND Legal Administration as the Settlement Administrator.*

## 5. Honorable Philip S. Gutierrez

***Grey Fox, LLC v. Plains All Am. Pipeline, L.P.,*** (May 1, 2024)
No. 16-cv-03157-PSG-JEM (C.D. Cal.):

*The Court appoints JND Legal Administration as Settlement Administrator and directs it to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement Section VI (B) and herein.*

## 6. Honorable Daniel J. Calabretta

***Weiner v. Ocwen Fin. Corp.,*** (March 28, 2024)
No. 14-cv-02597-DJC-DB (E.D. Cal.):

*The Court hereby appoints JND Legal Administration as Settlement Administrator… the Court finds that the proposed Notice program meets the requirements of due process under the U.S. Constitution and Rule 23; and that such Notice program, which includes direct notice to Settlement Class Members via e-mail and/or mail to the extent practicable, the establishment of a settlement website, the establishment of a toll-free telephone helpline, and the notice provided via internet search platforms and other online advertisements, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.*

## 7. Judge Barbara J. Rothstein

***Moore v Robinhood Fin. LLC,*** (February 13, 2024)
No. 21-cv-01571-BJR (W.D. Wash.):

*The Court appoints JND Legal Administration as the Settlement Administrator…The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, including its use of individual notice to all Settlement Class Members who can be identified with the available data and reasonable effort, and shall constitute due and sufficient notice to all persons entitled thereto.*

## 8. Honorable Jon S. Tigar

***Aberin v. Am. Honda Motor Co., Inc.,*** (February 1, 2024)
No. 16-cv-04384-JST (N.D. Cal.):

*The proposed Class Notice Program consists of (a) a mailed notice ("Class Notice," attached as Exhibit 1 to Plaintiffs' Preliminary Approval Motion), sent to the last known address of Settlement Class Members; (b) email follow-ups to each Settlement Class Member for whom email addresses are known; (c) a social-media component; (d) targeted notice based on search terms used by persons on Google; and (e) a website*

*publication of the Settlement Agreement and Class Notice and other case-related documents at a public website with a domain name related to the action With respect to such Class Notice Program, the Court finds that such Class Notice is fair and adequate. The Court further reaffirms its findings in support of the appointment of JND Legal Administration as Notice Administrator, ECF No. 326, and now appoints JND Legal Administration to serve as Settlement Notice Administrator.*

### 9. Judge Cormac J. Carney

***Doe v. MindGeek USA Incorp.,*** (January 26, 2024)
No. 21-cv-00338 (C.D. Cal.):

*...the Court finds that the notice and plan satisfy the statutory and constitutional requirements because, given the nature and complexity of this case, "a multi-faceted notice plan is the best notice that is practicable under the circumstances."*

### 10. Honorable Jesse M. Furman

***City of Philadelphia v. Bank of Am. Corp.,*** (October 12, 2023)
No. 19-CV-1608 (JMF) (S.D.N.Y.):

*The Court approves the form and contents of the Short-Form and Long-Form Notices (collectively, the "Notices")...In addition to directly mailing notice, JND will run digital ads targeting a custom audience using the Google Display Network (GDN) and LinkedIn in an effort to target likely Class Members...JND will cause the publication notice... to be published in the Wall Street Journal and Investor's Business Daily. JND will also cause an informational press release...to be distributed to approximately 11,000 media outlets nationwide.*

### 11. Chief Judge Stephanie M. Rose

***PHT Holding II LLC v. N. Am. Co. for Life and Health Ins.,*** (August 25, 2023)
No. 18-CV-00368 (S.D. Iowa):

*The Court appoints JND Legal Administration LLC ("JND") as the Settlement Administrator...The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to the Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

### 12. Judge Mary Kay Vyskocil

***Advance Trust & Life Escrow Serv., LTA v. PHL Variable Ins. Co.,*** (August 9, 2023)
No. 18-cv-03444 (MKV) (S.D.N.Y.):

*The Court appoints JND Legal Administration LLC ("JND"), which is a competent firm, as the Settlement Administrator... The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances, as well as*

*valid, due, and sufficient notice to the Class, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

## 13. Honorable Terrence G. Berg

***Chapman v Gen. Motors, LLC,*** (June 29, 2023)
No. 19-CV-12333-TGB-DRG (E.D. Mich.):

*Pursuant to Federal Rules of Civil Procedure 23(c)(2)(B), the Court finds that the content, format, and method of disseminating Class Notice...is the best notice practicable under the circumstances and satisfies all legal requirements, including Federal Rule of Civil Procedure 23(c)(2)(B) and the Due Process Clause.*

## 14. Honorable Virginia M. Kendall

***In re Local TV Advert. Antitrust Litig.,*** (June 14, 2023)
MDL No. 2867 (N.D. Ill.):

*JND Legal Administration is hereby appointed as the Settlement Administrator with respect to the CBS, Fox, Cox Entities, and ShareBuilders Settlements. The Court approves the proposed Notice Program, including the Email Notice, Postcard Notice, Print Notice, Digital Notice, Long Form Notice and the Claim Form...*

## 15. Judge Edward J. Davila

***In re MacBook Keyboard Litig.,*** (May 25, 2023)
No. 18-cv-02813-EDJ (N.D. Cal.):

*The Settlement Agreement is being administered by JND Legal Administration ("JND")...the Settlement Administrator provided direct and indirect notice through emails, postcards, and the settlement website, in addition to the press and media coverage the settlement received...the Court finds that the Settlement Class has been provided adequate notice.*

## 16. Honorable David O Carter

***Gutierrez, Jr. v. Amplify Energy Corp.,*** (April 24, 2023)
No. 21-cv-01628-DOC-JDE (C.D. Cal.):

*The Court finds that the Notice set forth in Article VI of the Settlement Agreement, detailed in the Notice Plan attached to the Declaration of Jennifer Keough of JND Legal Administration, and effectuated pursuant to the Preliminary Approval Order: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Classes of the terms of the Settlement Agreement and the Final Approval Hearing; and (c) fully complied with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, including the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.*

### 17. Honorable Joseph C. Spero

***Shuman v. Squaretrade Inc.,*** (March 1, 2023)
No. 20-cv-02725-JCS (N.D. Cal.):

*As of February 10, 2023, 703,729 Class Members were mailed or emailed at least one Notice that was not returned as undeliverable, representing over 99.76% of the total Class Member population. Supplemental Declaration of Jennifer Keough Regarding Notice Administration (dkt. no. 140-2) ("Keough Supp. Decl."), ¶ 7. The Court finds that notice was provided in the best practicable manner to class members and fulfills the requirements of due process.*

### 18. Honorable J.P. Boulee

***In re TransUnion Rental Screening Sol. Inc. FCRA Litig.,*** (January 6, 2023)
No. 20-md-02933-JPB (N.D. Ga.):

*The Parties have proposed JND Legal Administration as the Settlement Administrator for the Rule 23(b)(2) and Rule 23(b)(3) Settlement Classes. The Court has reviewed the materials about this organization and concludes that it has extensive and specialized experience and expertise in class action settlements and notice programs. The Court hereby appoints JND Legal Administration as the Settlement Administrator, to assist and provide professional guidance in the implementation of the Notice Plans and other aspects of the settlement administration.*

### 19. Honorable David O Carter

***Gutierrez, Jr. v. Amplify Energy Corp.,*** (December 7, 2022)
21-cv-01628-DOC-JDE (C.D. Cal.):

*The Court appoints JND Legal Administration as the Settlement Administrator in this Action...The Court approves, as to form and content, the Direct Notices, Long Form Notices, and Email notices substantially in the forms attached as Exhibits B-J to the Declaration of Jennifer Keough In Support of Motion for Preliminary Approval of Class Action Settlement and Direction of Notice ("Keough Declaration").*

### 20. Honorable Charles R. Breyer

***In re Volkswagen "Clean Diesel" Mktg., Sales Practice and Prods. Liab. Litig.,*** (November 9, 2022)
MDL 2672 CRB (N.D. Cal.):

*The Settlement Administrator has also taken the additional step to allow potential class members to submit claims without any documentation on the settlement website, allowing the settlement administrator to seek out the documentation independently (which can often be found without further aid from the class member). Id. at 5; Third Keough Decl. (dkt. 8076) ¶ 3. On October 6, 2022, the Settlement Administrator*

*also sent reminder notices to the class members who have not yet submitted a claim, stating that they may file a claim without documentation, and their claim will be verified based on the information they provide. Third Keough Decl. ¶ 4. In any case, Lochridge's concerns about the unavailability of documentation have not been borne out by the majority of claimants: According to the Settlement Administrator, of the 122,467 claims submitted, 100,657 have included some form of documentation. Id. ¶ 6. Lochridge's objection on this point is thus overruled…Additionally, the claims process has been unusually successful—as of October 20, 122,467 claim forms have been submitted, covering 22% of the estimated eligible Class vehicles. Third Keough Decl. ¶ 6. This percentage rises to 24% when the Sport+ Class vehicles that have already received a software update (thus guaranteeing their owners a $250 payment without submission of a claim form) are included. Id. This reaction strongly favors approval of the settlement.*

## 21. Honorable Joseph C. Spero

**Shuman v. Squaretrade Inc.,** (October 17, 2022)
No. 20-cv-02725-JCS (N.D. Cal.):

*JND Legal Administration is appointed to serve as the Settlement Administrator and is authorized to email and mail the approved Notice to members of the Settlement Class and further administer the Settlement in accordance with the Amended Agreement and this Order.*

## 22. Judge Stephen V. Wilson

**LSIMC, LLC v. Am. Gen. Life Ins. Co.,** (September 21, 2022)
No. 20-cv-11518 (C.D. Cal.):

*JND Legal Administration LLC ("JND") shall be appointed to serve as Class Notice Administrator…*

## 23. Judge Valerie Figueredo

**Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York,** (August 19, 2022)
No. 19-cv-06004 (S.D.N.Y.):

*The Court approves the retention of JND Legal Administration LLC ("JND") as the Notice Administrator.*

## 24. Honorable Dana M. Sabraw

**In re Packaged Seafood Prods. Antitrust Litig. (EPP Class),** (July 15, 2022)
No. 15-md-02670 (S.D. Cal.):

*An experienced and well-respected claims administrator, JND Legal Administration LLC ("JND"), administered a comprehensive and robust notice plan to alert Settlement*

*Class Members of the COSI Settlement Agreement...The Notice Plan surpassed the 85% reach goal...The Court recognizes JND's extensive experience in processing claim especially for millions of claimants...The Court finds due process was satisfied and the Notice Program provided adequate notice to settlement class members in a reasonable manner through all major and common forms of media.*

### 25. Honorable Charles R. Breyer

**In re Volkswagen "Clean Diesel" Mktg., Sales Practice and Prods. Liab. Litig.,** (July 8, 2022) MDL 2672 CRB (N.D. Cal.):

*As applied here, the Court finds that the content, format, and method of disseminating Notice—set forth in the Motion, the Declaration of Jennifer Keough on Settlement Notice Plan, and the Settlement Agreement and Release—is state of the art and satisfies Rule 23(c)(2) and all contemporary notice standards. The Court approves the notice program, and hereby directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement and Declaration of Jennifer Keough on Settlement Notice Plan to Class Members under Rule 23(e)(1).*

### 26. Judge Fernando M. Olguin

**Gupta v. Aeries Software, Inc.,** (July 7, 2022) No. 20-cv-00995 (C.D. Cal.):

*Under the circumstances, the court finds that the procedure for providing notice and the content of the class notice constitute the best practicable notice to class members and complies with the requirements of due process...The court appoints JND as settlement administrator.*

### 27. Judge Cormac J. Carney

**Gifford v. Pets Global, Inc.,** (June 24, 2022) No. 21-cv-02136-CJC-MRW (C.D. Cal.):

*The Settlement also proposes that JND Legal Administration act as Settlement Administrator and offers a provisional plan for Class Notice...*

*The proposed notice plan here is designed to reach at least 70% of the class at least two times. The Notices proposed in this matter inform Class Members of the salient terms of the Settlement, the Class to be certified, the final approval hearing and the rights of all parties, including the rights to file objections or to opt-out of the Settlement Class...This proposed notice program provides a fair opportunity for Class Members to obtain full disclosure of the conditions of the Settlement and to make an informed decision regarding the Settlement.*

## 28. Judge David J. Novak

***Brighton Tr. LLC, as Tr. v. Genworth Life & Annuity Ins. Co.,*** (June 3, 2022)
No. 20-cv-240-DJN (E.D. Va.):

*The Court appoints JND Legal Administration LLC ("JND"), a competent firm, as the Settlement Administrator.*

## 29. Judge Donovan W. Frank

***Advance Trust & Life Escrow Serv., LTA v. ReliaStar Life Ins. Co.,*** (June 2, 2022)
No. 18-cv-2863-DWF-ECW (D. Minn.):

*The Court approves the retention of JND Legal Administration LLC ("JND") as the Notice Administrator.*

## 30. Honorable Philip S. Gutierrez

***Andrews v. Plains All Am. Pipeline, L.P.,*** (May 25, 2022)
No. 15-cv-04113-PSG-JEM (C.D. Cal.):

*Court appoints JND Legal Administration as the Settlement Administrator in this Action...The Court approves, as to form and content, the Mail Notice and the Publication Notice, substantially in the forms attached as Exhibits D, E, and F to the Declaration of Jennifer Keough In Support of Motion for Preliminary Approval of Class Action Settlement and Direction of Notice ("Keough Declaration").*

## 31. Judge Victoria A. Roberts

***Graham v. Univ. of Michigan,*** (March 29, 2022)
No. 21-cv-11168-VAR-EAS (E.D. Mich.):

*The Court has received and reviewed...the proposed notice plan as described in the Declaration of Jennifer Keough...The Court finds that the foregoing program of Class Notice and the manner of its dissemination is sufficient under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to the Settlement. The Court further finds that the Class Notice program is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.*

## 32. Honorable Michael Markman

***DC 16 v. Sutter Health,*** (March 11, 2022)
No. RG15753647 (Cal. Super. Ct.):

*The Court approves and appoints JND Legal Administration ("JND") to serve as the notice provider and directs JND to carry out all duties and responsibilities of providing notice and processing requests for exclusion.*

### 33. Honorable P. Kevin Castel

***Hanks v. Lincoln Life & Annuity Co. of New York,*** (February 23, 2022)
No. 16-cv-6399 PKC (S.D.N.Y.):

*The Court appoints JND Legal Administration LLC ("JND"), a competent firm, as the Settlement Administrator...The form and content of the notices, as well as the manner of dissemination described below, meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

### 34. Judge David G. Campbell

***In re Arizona Theranos, Inc. Litig.,*** (February 2, 2022)
No. 16-cv-2138-DGC (D. Ariz.):

*The Court appoints JND Legal Administration ("JND") to serve as Class Administrator and directs JND to carry out all duties and responsibilities of the Class Administrator as specified in the Notice Plan...This approval includes the proposed methods of providing notice, the proposed forms of notice attached as Exhibits B through D to the Declaration of Jennifer M. Keough (Doc. 445-1 – "Keough Decl."), and the proposed procedure for class members to opt-out.*

### 35. Judge William M. Conley

***Bruzek v. Husky Oil Operations Ltd.,*** (January 31, 2022)
No. 18-cv-00697 (W.D. Wis.):

*The claims administrator estimates that at least 70% of the class received notice... the court concludes that the parties' settlement is fair, reasonable and adequate under Rule 23(e).*

### 36. Honorable Dana M. Sabraw

***In re Packaged Seafood Prods. Antitrust Litig. (DPP Class),*** (January 26, 2022)
No. 15-md-02670 (S.D. Cal.):

*The rigorous notice plan proposed by JND satisfies requirements imposed by Rule 23 and the Due Process clause of the United States Constitution. Moreover, the contents of the notice satisfactorily informs Settlement Class members of their rights under the Settlement.*

### 37. Honorable Dana M. Sabraw

***In re Packaged Seafood Prods. Antitrust Litig. (EPP Class),*** (January 26, 2022)
No. 15-md-02670 (S.D. Cal.):

*Class Counsel retained JND, an experienced notice and claims administrator, to serve as the notice provider and settlement claims administrator. The Court approves*

*and appoints JND as the Claims Administrator. EPPs and JND have developed an extensive and robust notice program which satisfies prevailing reach standards. JND also developed a distribution plan which includes an efficient and user-friendly claims process with an effective distribution program. The Notice is estimated to reach over 85% of potential class members via notice placements with the leading digital network (Google Display Network), the top social media site (Facebook), and a highly read consumer magazine (People)... The Court approves the notice content and plan for providing notice of the COSI Settlement to members of the Settlement Class.*

### 38. Judge Alvin K. Hellerstein

**Leonard v. John Hancock Life Ins. Co. of NY,** (January 10, 2022)
No. 18-CV-04994 (S.D.N.Y.):

*The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to the Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

### 39. Honorable Justice Edward Belobaba

**Kalra v. Mercedes-Benz Canada Inc.,** (December 9, 2021)
No. 15-MD-2670 (Ont. Super. Ct.):

*THIS COURT ORDERS that JND Legal Administration is hereby appointed the Settlement Administrator to implement and oversee the Notice Program, the Claims Program, the Honorarium Payment to the Class Representative, and the payment of the Levy to the Class Proceedings Fund.*

### 40. Judge Timothy J. Corrigan

**Levy v. Dolgencorp, LLC,** (December 2, 2021)
No. 20-cv-01037-TJC-MCR (M.D. Fla.):

*No Settlement Class Member has objected to the Settlement and only one Settlement Class Member requested exclusion from the Settlement through the opt-out process approved by this Court...The Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice. The Notice Program fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

### 41. Honorable Nelson S. Roman

***Swetz v. GSK Consumer Health, Inc.,*** (November 22, 2021)
No. 20-cv-04731 (S.D.N.Y.):

*The Notice Plan provided for notice through a nationwide press release; direct notice through electronic mail, or in the alternative, mailed, first-class postage prepaid for identified Settlement Class Members; notice through electronic media—such as Google Display Network and Facebook—using a digital advertising campaign with links to the dedicated Settlement Website; and a toll-free telephone number that provides Settlement Class Members detailed information and directs them to the Settlement Website. The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order.*

### 42. Honorable James V. Selna

***Herrera v. Wells Fargo Bank, N.A.,*** (November 16, 2021)
No. 18-cv-00332-JVS-MRW (C.D. Cal.):

*On June 8, 2021, the Court appointed JND Legal Administration ("JND") as the Claims Administrator... JND mailed notice to approximately 2,678,266 potential Non-Statutory Subclass Members and 119,680 Statutory Subclass Members. Id. ¶ 5. 90% of mailings to Non-Statutory Subclass Members were deemed delivered, and 81% of mailings to Statutory Subclass Members were deemed delivered. Id. ¶ 9. Follow-up email notices were sent to 1,977,514 potential Non-Statutory Subclass Members and 170,333 Statutory Subclass Members, of which 91% and 89% were deemed delivered, respectively. Id. ¶ 12. A digital advertising campaign generated an additional 5,195,027 views. Id. ¶ 13...Accordingly, the Court finds that the notice to the Settlement Class was fair, adequate, and reasonable.*

### 43. Judge Mark C. Scarsi

***Patrick v. Volkswagen Grp. of Am., Inc.,*** (September 18, 2021)
No. 19-cv-01908-MCS-ADS (C.D. Cal.):

*The Court finds that, as demonstrated by the Declaration of Jennifer M. Keough and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with Fed. R. Civ. P. 23(e) and the approved Notice Plan set forth in the Court's Preliminary Approval Order. The Court finds that said Notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

### 44. Judge Morrison C. England, Jr.

***Martinelli v. Johnson & Johnson,*** (September 27, 2021)
No. 15-cv-01733-MCE-DB (E.D. Cal.):

*The Court appoints JND, a well-qualified and experienced claims and notice administrator, as the Settlement Administrator.*

### 45. Honorable Nathanael M. Cousins

***Malone v. Western Digital Corp.,*** (July 21, 2021)
No. 20-cv-03584-NC (N.D. Cal.):

*The Court hereby appoints JND Legal Administration as Settlement Administrator...The Court finds that the proposed notice program meets the requirements of Due Process under the U.S. Constitution and Rule 23; and that such notice program—which includes individual direct notice to known Settlement Class Members via email, mail, and a second reminder email, a media and Internet notice program, and the establishment of a Settlement Website and Toll-Free Number—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the forms of the notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt-out, and the proposed Settlement and its terms.*

### 46. Judge Mark H. Cohen

***Pinon v. Mercedes-Benz USA, LLC and Daimler AG,*** (March 29, 2021)
No. 18-cv-3984 (N.D. Ga.):

*The Court finds that the content, format, and method of disseminating the Notice Plan, as set forth in the Motion, the Declaration of the Settlement Administrator (Declaration of Jennifer M. Keough Regarding Proposed Notice Plan) [Doc. 70-7], and the Settlement Agreement, including postcard notice disseminated through direct U.S. Mail to all known Class Members and establishment of a website: (a) constitutes the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies all requirements provided Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designated to be readily understandable by the Settlement Class.*

### 47. Honorable Daniel D. Domenico

***Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.,*** (January 29, 2021)
No. 18-cv-01897-DDD-NYW (D. Colo.):

*The court approves the form and contents of the Short-Form and Long Form Notices attached as Exhibits A and B, respectively, to the Declaration of Jennifer M. Keough, filed on January 26, 2021...The proposed form and content of the Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B)...The court approves the retention of JND Legal Administration LLC as the Notice Administrator.*

### 48. Honorable Virginia A. Phillips

***Sonner v. Schwabe N. Am., Inc.,*** (January 25, 2021)
No. 15-cv-01358 VAP (SPx) (C.D. Cal.):

*Following preliminary approval of the settlement by the Court, the settlement administrator provided notice to the Settlement Class through a digital media campaign. (Dkt. 203-5). The Notice explains in plain language what the case is about, what the recipient is entitled to, and the options available to the recipient in connection with this case, as well as the consequences of each option. (Id., Ex. E). During the allotted response period, the settlement administrator received no requests for exclusion and just one objection, which was later withdrawn. (Dkt. 203-1, at 11).*

*Given the low number of objections and the absence of any requests for exclusion, the Class response is favorable overall. Accordingly, this factor also weighs in favor of approval.*

### 49. Honorable R. Gary Klausner

***A.B. v. Regents of the Univ. of California,*** (January 8, 2021)
No. 20-cv-09555-RGK-E (C.D. Cal.):

*The parties intend to notify class members through mail using UCLA's patient records. And they intend to supplement the mail notices using Google banners and Facebook ads, publications in the LA times and People magazine, and a national press release. Accordingly, the Court finds that the proposed notice and method of delivery sufficient and approves the notice.*

### 50. Judge Nathanael M. Cousins

***King v. Bumble Trading Inc.,*** (December 18, 2020)
No. 18-cv-06868-NC (N.D. Cal.):

*Pursuant to the Court's Preliminary Approval Order, the Court appointed JND Settlement Administrators as the Settlement Administrator... JND sent court-approved Email Notices to millions of class members...Overall, approximately 81% of the Settlement Class Members were successfully sent either an Email or Mailed Notice...*

*JND supplemented these Notices with a Press Release which Global Newswire published on July 18, 2020... In sum, the Court finds that, viewed as a whole, the settlement is sufficiently "fair, adequate, and reasonable" to warrant approval.*

## 51. Judge Vernon S. Broderick, Jr.

***In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,*** (December 16, 2020) No. 14-md-02542 (S.D.N.Y.):

*I further appoint JND as Claims Administrator. JND's principals have more than 75 years-worth of combined class action legal administration experience, and JND has handled some of the largest recent settlement administration issues, including the Equifax Data Breach Settlement. (Doc. 1115 ¶ 5.) JND also has extensive experience in handling claims administration in the antitrust context. (Id. ¶ 6.) Accordingly, I appoint JND as Claims Administrator.*

## 52. Honorable Laurel Beeler

***Sidibe v. Sutter Health,*** (November 5, 2020) No. 12-cv-4854-LB (N.D. Cal.):

*Class Counsel has retained JND Legal Administration ("JND"), an experienced class notice administration firm, to administer notice to the Class. The Court appoints JND as the Class Notice Administrator. JND shall provide notice of pendency of the class action consistent with the procedures outlined in the Keough Declaration.*

## 53. Judge Carolyn B. Kuhl

***Sandoval v. Merlex Stucco Inc.,*** (October 30, 2020) No. BC619322 (Cal. Super. Ct.):

*Additional Class Member class members, and because their names and addresses have not yet been confirmed, will be notified of the pendency of this settlement via the digital media campaign outlined by the Keough/JND Legal declaration...the Court approves the Parties selection of JND Legal as the third-party Claims Administrator.*

## 54. Honorable Louis L. Stanton

***Rick Nelson Co. v. Sony Music Ent.,*** (September 16, 2020) No. 18-cv-08791 (S.D.N.Y.):

*The parties have designated JND Legal Administration ("JND") as the Settlement Administrator. Having found it qualified, the Court appoints JND as the Settlement Administrator and it shall perform all the duties of the Settlement Administrator as set forth in the Stipulation...The form and content of the Notice, Publication Notice and Email Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of*

*Civil Procedure, due process. and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

## 55. Judge Steven W. Wilson

**Amador v Baca,** (August 11, 2020)
No. 10-cv-1649 (C.D. Cal.):

*Class Counsel, in conjunction with JND, have also facilitated substantial notice and outreach to the relatively disparate and sometimes difficult to contact class of more than 94,000 individuals, which has resulted in a relatively high claims rate of between 33% and 40%, pending final verification of deficient claims forms. Their conduct both during litigation and after settlement was reached was adequate in all respects, and supports approval of the Settlement Agreement.*

## 56. Judge Stephanie M. Rose

**Swinton v. SquareTrade, Inc.,** (April 14, 2020)
No. 18-CV-00144-SMR-SBJ (S.D. Iowa):

*This publication notice appears to have been effective.  The digital ads were linked to the Settlement Website, and Google Analytics and other measures indicate that, during the Publication Notice Period, traffic to the Settlement Website was at its peak.*

## 57. Judge Joan B. Gottschall

**In re Navistar MaxxForce Engines Mktg., Sales Practices and Prods.,** (January 3, 2020)
No. 14-cv-10318 (N.D. Ill.):

*WHEREAS, the Parties have agreed to use JND Legal Administration ("JND"), an experienced administrator of class action settlements, as the claims administrator for this Settlement and agree that JND has the requisite experience and expertise to serve as claims administrator; The Court appoints JND as the claims administrator for the Settlement.*

## 58. Judge Edward M. Chen

**In re MyFord Touch Consumer Litig.,** (December 17, 2019)
No. 13-cv-3072 (EMC) (N.D. Cal.):

*The Court finds that the Class Notice was the best practicable notice under the circumstances, and has been given to all Settlement Class Members known and reasonably identifiable in full satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process… The Court notes that the reaction of the class was positive: only one person objected to the settlement although, by request of the objector and in the absence of any opposition from the parties, that objection was converted to an opt-out at the hearing.*

### 59. Honorable Steven I. Locke

***Donnenfield v. Petro, Inc.,*** (December 4, 2019)
No. 17-cv-02310 (E.D.N.Y.):

*WHEREAS, the Parties have agreed to use JND Legal Administration ("JND"), an experienced administrator of class action settlements, as the claims administrator for this Settlement and agree that JND has the requisite experience and expertise to serve as claims administrator; The Court appoints JND as the claims administrator for the Settlement.*

### 60. Honorable Amy D. Hogue

***Trepte v. Bionaire, Inc.,*** (November 5, 2019)
No. BC540110 (Cal. Super. Ct.):

*The Court appoints JND Legal Administration as the Class Administrator... The Court finds that the forms of notice to the Settlement Class regarding the pendency of the action and of this settlement, and the methods of giving notice to members of the Settlement Class... constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class. They comply fully with the requirements of California Code of Civil Procedure section 382, California Civil Code section 1781, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.*

### 61. Judge Barbara Jacobs Rothstein

***Wright v. Lyft, Inc.,*** (May 29, 2019)
No. 17-cv-23307-MGC 14-cv-00421-BJR (W.D. Wash.):

*The Court also finds that the proposed method of distributing relief to the class is effective. JND Legal Administration ("JND"), an experienced claims administrator, undertook a robust notice program that was approved by this Court...*

### 62. Judge J. Walton McLeod

***Boskie v. Backgroundchecks.com,*** (May 17, 2019)
No. 2019CP3200824 (S.C. C.P.):

*The Court appoints JND Legal Administration as Settlement Administrator...The Court approves the notice plans for the HomeAdvisor Class and the Injunctive Relief Class as set forth in the declaration of JND Legal Administration. The Court finds the class notice fully satisfies the requirements of due process, the South Carolina Rules of Civil Procedure. The notice plan for the HomeAdvisor Class and Injunctive Relief Class constitutes the best notice practicable under the circumstances of each Class.*

### 63. Honorable James Donato

***In re Resistors Antitrust Litig.,*** (May 2, 2019)
No. 15-cv-03820-JD (N.D. Cal.):

*The Court approves as to form and content the proposed notice forms, including the long form notice and summary notice, attached as Exhibits B and D to the Second Supplemental Declaration of Jennifer M. Keough Regarding Proposed Notice Program (ECF No. 534-3). The Court further finds that the proposed plan of notice – including Class Counsel's agreement at the preliminary approval hearing for the KOA Settlement that direct notice would be effectuated through both U.S. mail and electronic mail to the extent electronic mail addresses can be identified following a reasonable search – and the proposed contents of these notices, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.The Court appoints the firm of JND Legal Administration LLC as the Settlement Administrator.*

### 64. Honorable Leigh Martin May

***Bankhead v. First Advantage Background Serv. Corp.,*** (April 30, 2019)
No. 17-cv-02910-LMM-CCB (N.D. Ga.):

*The Court appoints JND Legal Administration as Settlement Administrator... The Court approves the notice plans for the Class as set forth in the declaration of the JND Legal Administration. The Court finds that class notice fully satisfies the requirements of due process of the Federal Rules of Civil Procedure. The notice plan constitutes the best notice practicable under the circumstances of the Class.*

### 65. Honorable P. Kevin Castel

***Hanks v. Lincoln Life & Annuity Co. of New York,*** (April 23, 2019)
No. 16-cv-6399 PKC (S.D.N.Y.):

*The Court approves the form and contents of the Short-Form Notice and Long-Form Notice (collectively, the "Notices") attached as Exhibits A and B, respectively, to the Declaration of Jennifer M. Keough, filed on April 2, 2019, at Docket No. 120...The form and content of the notices, as well as the manner of dissemination described below, therefore meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto...the Court approves the retention of JND Legal Administration LLC ("JND") as the Notice Administrator.*

### 66. Judge Kathleen M. Daily

***Podawiltz v. Swisher Int'l, Inc.,*** (February 7, 2019)
No. 16CV27621 (Or. Cir. Ct.):

*The Court appoints JND Legal Administration as settlement administrator...The Court finds that the notice plan is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, ORCP 32, and any other applicable laws.*

### 67. Honorable Kenneth J. Medel

***Huntzinger v. Suunto Oy,*** (December 14, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the Class Notice and the Notice Program implemented pursuant to the Settlement Agreement and Preliminary Approval Order constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully complied with the due process requirement under all applicable statutes and laws and with the California Rules of Court.*

### 68. Honorable Thomas M. Durkin

***In re Broiler Chicken Antitrust Litig.,*** (November 16, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

### 69. Judge Maren E. Nelson

***Granados v. Cnty. of Los Angeles,*** (October 30, 2018)
No. BC361470 (Cal. Super. Ct.):

*JND's Media Notice plan is estimated to have reached 83% of the Class. The overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at ¶12.). Based upon the notice campaign outlined in the Keough Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.*

### 70. Judge Maren E. Nelson

***McWilliams v. City of Long Beach,*** (October 30, 2018)
No. BC261469 (Cal. Super. Ct.):

*It is estimated that JND's Media Notice plan reached 88% of the Class and the overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at 12.). Based upon the notice campaign outlined in the Keough Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.*

### 71. Judge Cheryl L. Pollak

***Dover v. British Airways, PLC (UK),*** (October 9, 2018)
No. 12-cv-5567 (E.D.N.Y.), in response to two objections:

*JND Legal Administration was appointed as the Settlement Claims Administrator, responsible for providing the required notices to Class Members and overseeing the claims process, particularly the processing of Cash Claim Forms…the overwhelmingly positive response to the Settlement by the Class Members, reinforces the Court's conclusion that the Settlement is fair, adequate, and reasonable.*

### 72. Judge Edward J. Davila

***In re Intuit Data Litig.,*** (October 4, 2018)
No. 15-CV-1778-EJD (N.D. Cal.):

*The Court appoints JND Legal Administration ("JND") to serve as the Settlement Administrator…The Court approves the program for disseminating notice to Class Members set forth in the Agreement and Exhibit A thereto (herein, the "Notice Program"). The Court approves the form and content of the proposed forms of notice, in the forms attached as Attachments 1 through 3 to Exhibit A to the Agreement. The Court finds that the proposed forms of notice are clear and readily understandable by Class Members. The Court finds that the Notice Program, including the proposed forms of notice, is reasonable and appropriate and satisfies any applicable due process and other requirements, and is the only notice to the Class Members of the Settlement that is required.*

### 73. Honorable Otis D. Wright, II

***Chester v. The TJX Cos.,*** (May 15, 2018)
No. 15-cv-01437 (C.D. Cal.):

*… the Court finds and determines that the Notice to Class Members was complete and constitutionally sound, because individual notices were mailed and/or emailed to all Class Members whose identities and addresses are reasonably known to the Parties, and Notice was published in accordance with this Court's Preliminary Approval Order, and such notice was the best notice practicable …*

### 74. Honorable Susan J. Dlott

***Linneman v. Vita-Mix Corp.,*** (May 3, 2018)
No. 15-cv-01437 (C.D. Cal.):

*JND Legal Administration, previously appointed to supervise and administer the notice process, as well as oversee the administration of the Settlement, appropriately issued notice to the Class as more fully set forth in the Agreement, which included the creation and operation of the Settlement Website and more than 3.8 million mailed or emailed notices to Class Members. As of March 27, 2018, approximately 300,000 claims have been filed by Class Members, further demonstrating the success of the Court-approved notice program.*

### 75. Honorable David O. Carter

***Hernandez v. Experian Info. Sols., Inc.,*** (April 6, 2018)
No. 05-cv-1070 (C.D. Cal.):

*The Court finds, however, that the notice had significant value for the Class, resulting in over 200,000 newly approved claims—a 28% increase in the number of Class members who will receive claimed benefits—not including the almost 100,000 Class members who have visited the CCRA section of the Settlement Website thus far and the further 100,000 estimated visits expected through the end of 2019. (Dkt. 1114-1 at 3, 6). Furthermore, the notice and claims process is being conducted efficiently at a total cost of approximately $6 million, or $2.5 million less than the projected 2009 Proposed Settlement notice and claims process, despite intervening increases in postage rates and general inflation. In addition, the Court finds that the notice conducted in connection with the 2009 Proposed Settlement has significant ongoing value to this Class, first in notifying in 2009 over 15 million Class members of their rights under the Fair Credit Reporting Act (the ignorance of which for most Class members was one area on which Class Counsel and White Objectors' counsel were in agreement), and because of the hundreds of thousands of claims submitted in response to that notice, and processed and validated by the claims administrator, which will be honored in this Settlement.*

### 76. Judge Ann D. Montgomery

***In re Wholesale Grocery Prod. Antitrust Litig.,*** (November 16, 2017)
No. 9-md-2090 (ADM) (TNL) (D. Minn.):

*Notice provider and claims administrator JND Legal Administration LLC provided proof that mailing conformed to the Preliminary Approval Order in a declaration filed contemporaneously with the Motion for Final Approval of Class Settlement. This notice program fully complied with Fed. R. Civ. P. 23, satisfied the requirements of due process, is the best notice practicable under the circumstances, and constituted due and adequate notice to the Class of the Settlement, Final Approval Hearing and other matters referred to in the Notice.*



# IV.

# CASE EXPERIENCE

Ms. Keough has played an important role in hundreds of matters throughout her career. A partial listing of her notice and claims administration case work is provided below.

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Aaland v. Contractors.com and One Planet Ops* | 19-2-242124 SEA | Wash. Super. Ct. |
| *A.B. v. Regents of the Univ. of California* | 20-cv-09555-RGK-E | C.D. Cal. |
| *Aberin v. Am. Honda Motor Co., Inc.* | 16-cv-04384-JST | N.D. Cal. |
| *Achziger v. IDS Prop. Cas. Ins.* | 14-cv-5445 | W.D. Wash. |
| *Adair v. Michigan Pain Specialist, PLLC* | 14-28156-NO | Mich. Cir. |
| *Adkins v. EQT Prod. Co.* | 10-cv-00037-JPJ-PMS | W.D. Va. |
| *Advance Trust & Life Escrow Serv., LTA v. PHL Variable Ins. Co.* | 18-cv-03444 (MKV) | S.D.N.Y. |
| *Advance Trust & Life Escrow Serv., LTA v. ReliaStar Life Ins. Co.* | 18-cv-2863-DWF-ECW | D. Minn. |
| *Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.* | 18-cv-01897-DDD-NYW | D. Colo. |
| *Ahmed v. HSBC Bank USA, NA* | 15-cv-2057-FMO-SPx | N.D. Ill. |
| *Alexander v. District of Columbia* | 17-1885 (ABJ) | D.D.C. |
| *Allagas v. BP Solar Int'l, Inc.* | 14-cv-00560 (SI) | N.D. Cal. |
| *Allen v. Apache Corp.* | 22-cv-00063-JAR | E.D. Okla. |
| *Amador v. Baca* | 10-cv-1649 | C.D. Cal. |
| *Amin v. Mercedes-Benz USA, LLC* | 17-cv-01701-AT | N.D. Ga. |
| *Armstead v. VGW Malta Ltd.* | 2022-CI-00553 | Ky. Cir. Ct. |
| *Andrews v. Plains All Am. Pipeline, L.P.* | 15-cv-04113-PSG-JEM | C.D. Cal. |
| *Anger v. Accretive Health* | 14-cv-12864 | E.D. Mich. |
| *Arnold v. State Farm Fire and Cas. Co.* | 17-cv-148-TFM-C | S.D. Ala. |
| *Arthur v. Sallie Mae, Inc.* | 10-cv-00198-JLR | W.D. Wash. |
| *Atkins v. Nat'l. Gen. Ins. Co.* | 16-2-04728-4 | Wash. Super. Ct. |
| *Atl. Ambulance Corp. v. Cullum & Hitti* | MRS-L-264-12 | N.J. Super. Ct. |
| *Backer Law Firm, LLC v. Costco Wholesale Corp.* | 15-cv-327 (SRB) | W.D. Mo. |
| *Baker v. Equity Residential Mgmt., LLC* | 18-cv-11175 | D. Mass. |
| *Bankhead v. First Advantage Background Servs. Corp.* | 17-cv-02910-LMM-CCB | N.D. Ga. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Banks v. R.C. Bigelow, Inc.* | 20-cv-06208-DDP (RAOx) | C.D. Cal. |
| *Barbanell v. One Med. Grp., Inc.* | CGC-18-566232 | Cal. Super. Ct. |
| *Barrios v. City of Chicago* | 15-cv-02648 | N.D. Ill. |
| *Beaucage v. Ticketmaster Canada Holdings, ULC* | CV-20-00640518-00CP | Ont. Super. Ct. |
| *Belanger v. RoundPoint Mortg. Servicing* | 17-cv-23307-MGC | S.D. Fla. |
| *Belin v. Health Ins. Innovations, Inc.* | 19-cv-61430-AHS | S.D. Fla |
| *Beltran v. InterExchange, Inc.* | 14-cv-3074 | D. Colo. |
| *Benson v. DoubleDown Interactive, LLC* | 18-cv-00525-RSL | W.D. Wash. |
| *Bland v. Premier Nutrition Corp.* | RG19-002714 | Cal. Super. Ct. |
| *Blankenship v. HAPO Cmty. Credit Union* | 19-2-00922-03 | Wash. Super. Ct. |
| *Blasi v. United Debt Serv., LLC* | 14-cv-0083 | S.D. Ohio |
| *Bollenbach Enters. Ltd. P'ship. v. Oklahoma Energy Acquisitions* | 17-cv-134 | W.D. Okla. |
| *Boskie v. Backgroundchecks.com* | 2019CP3200824 | S.C. C.P. |
| *Botts v. Johns Hopkins Univ.* | 20-cv-01335-JRR | D. Md. |
| *Boyd v. RREM Inc., d/b/a Winston* | 2019-CH-02321 | Ill. Cir. Ct. |
| *Bradley v. Honecker Cowling LLP* | 18-cv-01929-CL | D. Or. |
| *Brasch v. K. Hovnanian Enter. Inc.* | 30-2013-00649417-CU-CD-CXC | Cal. Super. Ct. |
| *Brighton Tr. LLC, as Tr. v. Genworth Life & Annuity Ins. Co.* | 20-cv-240-DJN | E.D. Va. |
| *Brna v. Isle of Capri Casinos* | 17-cv-60144 (FAM) | S.D. Fla. |
| *Bromley v. SXSW LLC* | 20-cv-439 | W.D. Tex. |
| *Browning v. Yahoo!* | C04-01463 HRL | N.D. Cal. |
| *Bruzek v. Husky Oil Operations Ltd.* | 18-cv-00697 | W.D. Wis. |
| *Burnett v. Nat'l Assoc. of Realtors* | 19-CV-00332-SRB | W.D. Mo. |
| *Careathers v. Red Bull N. Am., Inc.* | 13-cv-369 (KPF) | S.D.N.Y. |
| *Carillo v. Wells Fargo Bank, N.A.* | 18-cv-03095 | E.D.N.Y. |
| *Carmack v. Amaya Inc.* | 16-cv-1884 | D.N.J. |
| *Cavallaro v. USAA* | 20-CV-00414-TSB | S.D. Ohio |
| *Cecil v. BP Am. Prod. Co.* | 16-cv-410 (RAW) | E.D. Okla. |
| *Chapman v. GEICO Cas. Co.* | 37-2019-00000650-CU-CR-CTL | Cal. Super. Ct. |
| *Chapman v. Gen. Motors, LLC* | 19-CV-12333-TGB-DRG | E.D. Mich. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *City of Philadelphia v. Bank of Am. Corp.* | 19-CV-1608 (JMF) | S.D.N.Y. |
| *Chester v. TJX Cos.* | 15-cv-1437 (ODW) (DTB) | C.D. Cal. |
| *Chieftain Royalty Co. v. BP Am. Prod. Co.* | 18-cv-00054-JFH-JFJ | N.D. Okla. |
| *Chieftain Royalty Co. v. Marathon Oil Co.* | 17-cv-334 | E.D. Okla. |
| *Chieftain Royalty Co. v. Newfield Exploration Mid-Continent Inc.* | 17-cv-00336-KEW | E.D. Okla. |
| *Chieftain Royalty Co. v. SM Energy Co.* | 18-cv-01225-J | W.D. Okla. |
| *Chieftain Royalty Co. v. XTO Energy, Inc.* | 11-cv-00029-KEW | E.D. Okla. |
| *Christopher v. Residence Mut. Ins. Co.* | CIVDS1711860 | Cal. Super. Ct. |
| *City of Los Angeles v. Bankrate, Inc.* | 14-cv-81323 (DMM) | S.D. Fla. |
| *Cline v. Sunoco, Inc.* | 17-cv-313-JAG | E.D. Okla. |
| *Cline v. TouchTunes Music Corp.* | 14-CIV-4744 (LAK) | S.D.N.Y. |
| *Cobell v. Salazar* | 96-cv-1285 (TFH) | D.D.C. |
| *Cohen v. Subaru Corp.* | 20-cv-8442-JHR-AMD | D.N.J. |
| *Common Ground Healthcare Coop. v. United States* | 17-877C | F.C.C. |
| *Condo. at Northpointe Assoc. v. State Farm Fire & Cas. Co.* | 16-cv-01273 | N.D. Ohio |
| *Cooper Clark Found. v. Oxy USA* | 2017-CV-000003 | D. Kan. |
| *Corker v. Costco Wholesale Corp.* | 19-cv-00290-RSL | W.D. Wash. |
| *Corona v. Sony Pictures Entm't Inc.* | 14−CV−09600−RGK−E | C.D. Cal. |
| *Courtney v. Avid Tech., Inc.* | 13-cv-10686-WGY | D. Mass. |
| *Cowan v. Devon Energy Corp.* | 22-cv-00220-JAR | E.D. Okla. |
| *DC 16 v. Sutter Health* | RG15753647 | Cal. Super. Ct. |
| *D'Amario v. Univ. of Tampa* | 20-cv-03744 | S.D.N.Y. |
| *Dahy v. FedEx Ground Package Sys., Inc.* | GD-17-015638 | C.P. Pa. |
| *Dargoltz v. Fashion Mkting & Merch. Grp.* | 2021-009781-CA-01 | Fla. Cir. Ct. |
| *DASA Inv., Inc. v. EnerVest Operating LLC* | 18-cv-00083-SPS | E.D. Okla. |
| *Davis v. Carfax, Inc.* | CJ-04-1316L | D. Okla. |
| *Davis v. State Farm Ins.* | 19-cv-466 | W.D. Ky. |
| *DDL Oil & Gas, LLC v. Tapstone Energy, LLC* | CJ-2019-17 | D. Okla. |
| *DeCapua v. Metro. Prop. and Cas. Ins. Co.* | 18-cv-00590 | D.R.I. |
| *DeFrees v. Kirkland and U.S. Aerospace, Inc.* | CV 11-04574 | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Deitrich v. Enerfin Res. I Ltd. P'ship* | 20-cv-084-KEW | E.D. Okla. |
| *de Lacour v. Colgate-Palmolive Co.* | 16-cv-8364-KW | S.D.N.Y. |
| *Delkener v. Cottage Health Sys.* | 30-2016-847934 (CU) (NP) (CXC) | Cal. Super. Ct. |
| *DeMarco v. AvalonBay Communities, Inc.* | 15-cv-00628-JLL-JAD | D.N.J. |
| *Diel v. Salal Credit Union* | 19-2-10266-7 KNT | Wash. Super. Ct. |
| *Dinsmore v. ONEOK Field Serv. Co., L.L.C.* | 22-cv-00073-GKF-CDL | N.D. Okla. |
| *Dinsmore v. Phillips 66 Co.* | 22-CV-44-JFH | E.D. Okla. |
| *Djoric v. Justin Brands, Inc.* | BC574927 | Cal. Super. Ct. |
| *Doan v. CORT Furniture Rental Corp.* | 30-2017-00904345-CU-BT-CXC | Cal. Super. Ct. |
| *Doan v. State Farm Gen. Ins. Co.* | 1-08-cv-129264 | Cal. Super. Ct. |
| *Dobbins v. Bank of Am., N.A.* | 17-cv-00540 | D. Md. |
| *Doe v. California Dep't. of Pub. Health* | 20STCV32364 | Cal. Super. Ct. |
| *Doe v. MasterCorp, Inc.* | 24-cv-678 | E.D. Va. |
| *Doe v. MindGeek USA Incorp.* | 21-cv-00338 | C.D. Cal. |
| *Donnenfield v. Petro, Inc.* | 17-cv-02310 | E.D.N.Y. |
| *Dougherty v. Barrett Bus. Serv., Inc.* | 17-2-05619-1 | Wash. Super. Ct. |
| *Doughtery v. QuickSIUS, LLC* | 15-cv-06432-JHS | E.D. Pa. |
| *Dover v. British Airways, PLC (UK)* | 12-cv-5567 | E.D.N.Y. |
| *Duarte v. US Metals Ref. Co.* | 17-cv-01624 | D.N.J. |
| *Dwyer v. Snap Fitness, Inc.* | 17-cv-00455-MRB | S.D. Ohio |
| *Dye v. Richmond Am. Homes of California, Inc.* | 30-2013-00649460-CU-CD-CXC | Cal. Super. Ct. |
| *Edwards v. Arkansas Cancer Clinic, P.A.* | 35CV-18-1171 | Ark. Cir. Ct. |
| *Edwards v. Hearst Commc'ns., Inc.* | 15-cv-9279 (AT) (JLC) | S.D.N.Y. |
| *Elec. Welfare Trust Fund v. United States* | 19-353C | Fed. Cl. |
| *Engquist v. City of Los Angeles* | BC591331 | Cal. Super. Ct. |
| *Expedia Hotel Taxes & Fees Litig.* | 05-2-02060-1 (SEA) | Wash. Super. Ct. |
| *Express Freight Int'l v. Hino Motors, LTD.* | 22-cv-22483 | S.D. Fla. |
| *Family Med. Pharmacy LLC v. Impax Labs., Inc.* | 17-cv-53 | S.D. Ala. |
| *Family Med. Pharmacy LLC v. Trxade Grp. Inc.* | 15-cv-00590-KD-B | S.D. Ala. |
| *Farmer v. Bank of Am.* | 11-cv-00935-OLG | W.D. Tex. |
| *Farris v. Carlinville Rehab and Health Care Ctr.* | 2019CH42 | Ill. Cir. Ct. |
| *Ferrando v. Zynga Inc.* | 22-cv-00214-RSL | W.D. Wash. |

| CASE NAME | CASE NUMBER | LOCATION |
|-----------|-------------|----------|
| Fielder v. Mechanics Bank | BC721391 | Cal. Super. Ct. |
| Finerman v. Marriott Ownership Resorts, Inc. | 14-cv-1154-J-32MCR | M.D. Fla. |
| Fishon v. Premier Nutrition Corp. | 16-CV-06980-RS | N.D. Cal. |
| Fitzgerald v. Lime Rock Res. | CJ-2017-31 | Okla. Dist. Ct. |
| Folweiler v. Am. Family Ins. Co. | 16-2-16112-0 | Wash. Super. Ct. |
| Fosbrink v. Area Wide Protective, Inc. | 17-cv-1154-T-30CPT | M.D. Fla. |
| Franklin v. Equity Residential | 651360/2016 | N.Y. Super. Ct. |
| Frederick v. ExamSoft Worldwide, Inc. | 2021L001116 | Ill. Cir. Ct. |
| Frost v. LG Elec. MobileComm U.S.A., Inc. | 37-2012-00098755-CU-PL-CTL | Cal. Super. Ct. |
| FTC v. AT&T Mobility, LLC | 14CV4785 | N.D. Cal. |
| FTC v. Consumerinfo.com | SACV05-801 AHS (MLGx) | C.D. Cal. |
| FTC v. Fashion Nova, LLC | C4759 | |
| FTC v. Reckitt Benckiser Grp. PLC | 19CV00028 | W.D. Va. |
| Gagnon v. Gen. Motors of Canada Co. and Gen. Motors LLC | 500-06-000687-141 and 500-06-000729-158 | Quebec Super. Ct. |
| Gehrich v. Howe | 37-2018-00041295-CU-SL-CTL | N.D. Ga. |
| Gibson v. Nat'l Assoc. of Realtors | 23-cv-00788-SRB | W.D. Mo. |
| Gifford v. Pets Global, Inc. | 21-cv-02136-CJC-MRW | C.D. Cal. |
| Gomez v. Mycles Cycles, Inc. | 37-2015-0043311-CU-BT-CTL | Cal. Super. Ct. |
| Gonzalez v. Banner Bank | 20-cv-05151-SAB | E.D. Wash. |
| Gonzalez-Tzita v. City of Los Angeles | 16-cv-00194 | C.D. Cal. |
| Graf v. Orbit Machining Co. | 2020CH03280 | Ill. Cir. Ct. |
| Gragg v. Orange Cab Co. | C12-0576RSL | W.D. Wash. |
| Graham v. Univ. of Michigan | 21-cv-11168-VAR-EAS | E.D. Mich. |
| Granados v. Cnty. of Los Angeles | BC361470 | Cal. Super., Ct. |
| Grey Fox, LLC v. Plains All Am. Pipeline, L.P. | 16-cv-03157-PSG-JEM | C.D. Cal. |
| Gudz v. Jemrock Realty Co., LLC | 603555/2009 | N.Y. Super. Ct. |
| Gupta v. Aeries Software, Inc. | 20-cv-00995 | C.D. Cal. |
| Gutierrez, Jr. v. Amplify Energy Corp. | 21-cv-01628-DOC-JDE | C.D. Cal. |
| Hahn v. Hanil Dev., Inc. | BC468669 | Cal. Super. Ct. |
| Haines v. Washington Trust Bank | 20-2-10459-1 | Wash. Super. Ct. |
| Halperin v. YouFit Health Clubs | 18-cv-61722-WPD | S.D. Fla. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Hanks v. Lincoln Life & Annuity Co. of New York* | 16-cv-6399 PKC | S.D.N.Y. |
| *Harrington v. Wells Fargo Bank NA* | 19-cv-11180-RGS | D. Mass. |
| *Harris v. Chevron U.S.A., Inc.* | 15-cv-00094 | W.D. Okla. |
| *Hartnett v. Washington Fed., Inc.* | 21-cv-00888-RSM-MLP | W.D. Wash. |
| *Hawker v. Pekin Ins. Co.* | 20-cv-00830 | S.D. Ohio |
| *Hay Creek Royalties, LLC v. Mewbourne Oil Co.* | CIV-20-1199-F | W.D. Okla. |
| *Hay Creek Royalties, LLC v. Roan Res. LLC* | 19-cv-00177-CVE-JFJ | N.D. Okla. |
| *Health Republic Ins. Co. v. United States* | 16-259C | F.C.C. |
| *Heathcote v. SpinX Games Ltd.* | 20-cv-01310 | W.D. Wis. |
| *Henry Price Trust v. Plains Mkting* | 19-cv-00390-RAW | E.D. Okla. |
| *Hernandez v. Experian Info. Sols., Inc.* | 05-cv-1070 (DOC) (MLGx) | C.D. Cal. |
| *Hernandez v. Wells Fargo Bank, N.A.* | 18-cv-07354 | N.D. Cal. |
| *Herrera v. Wells Fargo Bank, N.A.* | 18-cv-00332-JVS-MRW | C.D. Cal. |
| *Hicks v. State Farm Fire and Cas. Co.* | 14-cv-00053-HRW-MAS | E.D. Ky. |
| *Hill v. Valli Produce of Evanston* | 2019CH13196 | Ill. Cir. Ct. |
| *Hill-Green v. Experian Info. Solutions, Inc.* | 19-cv-708-MHL | E.D. Va. |
| *Holmes v. LM Ins. Corp.* | 19-cv-00466 | M.D. Tenn. |
| *Holt v. Murphy Oil USA, Inc.* | 17-cv-911 | N.D. Fla. |
| *Hoog v. PetroQuest Energy, L.L.C.* | 16-cv-00463-KEW | E.D. Okla. |
| *Horton v. Cavalry Portfolio Serv., LLC and Krejci v. Cavalry Portfolio Serv., LLC* | 13-cv-0307-JAH-WVG and 16-cv-00211-JAH-WVG | C.D. Cal. |
| *Howell v. Checkr, Inc.* | 17-cv-4305 | N.D. Cal. |
| *Hoyte v. Gov't of D.C.* | 13-cv-00569 | D.D.C. |
| *Hufford v. Maxim Inc.* | 19-cv-04452-ALC-RWL | S.D.N.Y. |
| *Huntzinger v. Suunto Oy* | 37-2018-27159 (CU) (BT) (CTL) | Cal. Super. Ct. |
| *In re Air Cargo Shipping Servs. Antitrust Litig.* | 06-md-1775 (JG) (VVP) | E.D.N.Y. |
| *In re Am. Express Fin. Advisors Sec. Litig.* | 04 Civ. 1773 (DAB) | S.D.N.Y. |
| *In re AMR Corp. (Am. Airlines Bankr.)* | 1-15463 (SHL) | S.D.N.Y. |
| *In re Arizona Theranos, Inc. Litig.* | 16-cv-2138-DGC | D. Ariz. |
| *In re Auction Houses Antitrust Litig.* | 00-648 (LAK) | S.D.N.Y. |
| *In re AXA Equitable Life Ins. Co. COI Litig.* | 16-cv-740 (JMF) | S.D.N.Y. |
| *In re Banner Health Data Breach Litig.* | 16-cv-02696 | D. Ariz. |

| CASE NAME | CASE NUMBER | LOCATION |
| --- | --- | --- |
| *In re Blue Cross Blue Shield Antitrust Litig.* | 13-CV-20000-RDP | N.D. Ala. |
| *In re Broiler Chicken Antitrust Litig.* | 16-cv-08637 | N.D. Ill. |
| *In re Chaparral Energy, Inc.* | 20-11947 (MFW) | D. Del. Bankr. |
| *In re Classmates.com* | C09-45RAJ | W.D. Wash. |
| *In re Equifax Inc. Customer Data Sec. Breach Litig.* | 17-md-2800-TWT | N.D. Ga. |
| *In re Farm-raised Salmon and Salmon Prod. Antitrust Litig.* | 19-cv-21551-CMA | S.D. Fla. |
| *In re Gen. Motors LLC Ignition Switch Litig.* | 14-md-2543 | S.D.N.Y. |
| *In re Glob. Tel*Link Corp. Litig.* | 14-CV-5275 | W.D. Ark. |
| *In re Guess Outlet Store Pricing* | JCCP No. 4833 | Cal. Super. Ct. |
| *In re Intuit Data Litig.* | 15-CV-1778-EJD | N.D. Cal. |
| *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig. (Indirect-Purchasers)* | 14-md-02542 | S.D.N.Y. |
| *In re LIBOR-Based Fin. Instruments Antitrust Litig.* | 11-md-2262 (NRB) | S.D.N.Y. |
| *In re Local TV Advert. Antitrust Litig.* | MDL No. 2867 | N.D. Ill. |
| *In re MacBook Keyboard Litig.* | 18-cv-02813-EDJ | N.D. Cal. |
| *In re Mercedes-Benz Emissions Litig.* | 16-cv-881 (KM) (ESK) | D.N.J. |
| *In re MyFord Touch Consumer Litig.* | 13-cv-3072 (EMC) | N.D. Cal. |
| *In re Navistar MaxxForce Engines Mktg., Sales Practices and Prods. Liab. Litig.* | 14-cv-10318 | N.D. Ill. |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* | 2179 (MDL) | E.D. La. |
| *In re Packaged Seafood Products Antitrust Litig. (DPP and EPP Class)* | 15-md-02670 | S.D. Cal. |
| *In re PHH Lender Placed Ins. Litig.* | 12-cv-1117 (NLH) (KMW) | D.N.J. |
| *In re Pokémon Go Nuisance Litig.* | 16-cv-04300 | N.D. Cal. |
| *In re Polyurethane Foam Antitrust Litig.* | 10-md-196 (JZ) | N.D. Ohio |
| *In re Pre-Filled Propane Tank Antitrust Litig.* | 14-md-02567 | W.D. Mo. |
| *In re Processed Egg Prod. Antitrust Litig.* | 08-MD-02002 | E.D. Pa. |
| *In re Resistors Antitrust Litig.* | 15-cv-03820-JD | N.D. Cal. |
| *In re Ripple Labs Inc. Litig.* | 18-cv-06753-PJH | N.D. Cal. |
| *In re Rockwell Med. Inc. Stockholder Derivative Litig.* | 19-cv-02373 | E.D. N.Y. |
| *In re Sheridan Holding Co. I, LLC* | 20-31884 (DRJ) | Bankr. S.D. Tex. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.* | 13-md-2441 | D. Minn. |
| *In re Subaru Battery Drain Prods. Liab. Litig.* | 20-cv-03095-JHR-MJS | D.N.J. |
| *In re The Engle Trust Fund* | 94-08273 CA 22 | Fla. 11th Cir. Ct. |
| *In re TransUnion Rental Screening Sol. Inc. FCRA Litig.* | 20-md-02933-JPB | N.D. Ga. |
| *In re Unit Petroleum Co.* | 20-32738 (DRJ) | Bankr. S.D. Tex. |
| *In re Volkswagen "Clean Diesel" Mktg., Sales Practice and Prods. Liab. Litig.* | MDL 2672 CRB | N.D. Cal. |
| *In re Washington Mut. Inc. Sec. Litig.* | 8-md-1919 (MJP) | W.D. Wash. |
| *In re Webloyalty.com, Inc. Mktg. & Sales Practices Litig.* | 06-11620-JLT | D. Mass. |
| *In re Wholesale Grocery Prod. Antitrust Litig.* | 9-md-2090 (ADM) (TNL) | D. Minn. |
| *In re Yahoo! Inc. Sec. Litig.* | 17-cv-373 | N.D. Cal. |
| *In the Matter of the Complaint of Dordellas Finance Corp.* | 22-cv-02153-DOC-JDE | C.D. Cal. |
| *James v. PacifiCorp.* | 20cv33885 | Or. Cir. Ct. |
| *Jerome v. Elan 99, LLC* | 2018-02263 | Tx. Dist. Ct. |
| *Jet Capital Master Fund L.P. v. HRG Grp. Inc.* | 21-cv-552-jdp | W.D. Wis. |
| *Jeter v. Bullseye Energy, Inc.* | 12-cv-411 (TCK) (PJC) | N.D. Okla. |
| *Johnson v. Hyundai Capital Am.* | BC565263 | Cal. Super. Ct. |
| *Johnson v. MGM Holdings, Inc.* | 17-cv-00541 | W.D. Wash. |
| *Johnston v. Camino Natural Res., LLC* | 19-cv-02742-CMA-SKC | D. Colo. |
| *Jones v. USAA Gen. Indem. Co.* | D01CI200009724 | D. Neb. |
| *Jordan v. WP Co. LLC, d/b/a The Washington Post* | 20-cv-05218 | N.D. Cal. |
| *Kain v. Economist Newspaper NA, Inc.* | 21-cv-11807-MFL-CI | E.D. Mich. |
| *Kalra v. Mercedes-Benz Canada Inc.* | CV-16-550271-00CP | Ont. Super. Ct. |
| *Kennedy v. McCarthy* | 16-cv-2010-CSH | D. Conn. |
| *Kent v. R.L. Vallee, Inc.* | 617-6-15 | D. Vt. |
| *Kernen v. Casillas Operating LLC* | 18-cv-00107-JD | W.D. Okla. |
| *Khona v. Subaru of Am., Inc.* | 19-cv-09323-RMB-AMD | D.N.J. |
| *Kin-Yip Chun v. Fluor Corp.* | 8-cv-01338-X | N.D. Tex. |
| *King v. Bumble Trading Inc.* | 18-cv-06868-NC | N.D. Cal. |
| *Kissel v. Code 42 Software Inc.* | 15-1936 (JLS) (KES) | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|-----------|-------------|----------|
| *Kokoszki v. Playboy Enter., Inc.* | 19-cv-10302 | E.D. Mich. |
| *Komesar v. City of Pasadena* | BC 677632 | Cal. Super. Ct. |
| *Kommer v. Ford Motor Co.* | 17-cv-00296-LEK-DJS | N.D.N.Y. |
| *Konecky v. Allstate* | CV-17-10-M-DWM | D. Mont. |
| *Krueger v. Ameriprise Fin., Inc.* | 11-cv-02781 (SRN/JSM) | D. Minn. |
| *Kunneman Props. LLC v. Marathon Oil Co.* | 17-cv-00456-GKF-JFJ | N.D. Okla. |
| *Lambert v. Navy Fed. Credit Union* | 19-cv-00103-LO-MSN | E.D. Va. |
| *Langan v. Johnson & Johnson Consumer Co.* | 13-cv-01471 | D. Conn. |
| *Langer v. CME Grp.* | 2014CH00829 | Ill. Cir. Ct. |
| *Larson v. Allina Health Sys.* | 17-cv-03835 | D. Minn. |
| *Lee v. Hertz Corp., Dollar Thrifty Auto. Grp. Inc.* | CGC-15-547520 | Cal. Super. Ct. |
| *Lee v. PetroQuest Energy, L.L.C.* | 16-cv-00516-KEW | E.D. Okla. |
| *Leonard v. John Hancock Life Ins. Co. of NY* | 18-CV-04994 | S.D.N.Y. |
| *Lerman v. Apple Inc* | 15-cv-07381 | E.D.N.Y. |
| *Levy v. Dolgencorp, LLC* | 20-cv-01037-TJC-MCR | M.D. Fla. |
| *Linderman v. City of Los Angeles* | BC650785 | Cal. Super. Ct. |
| *Linneman v. Vita-Mix Corp.* | 15-cv-748 | S.D. Ohio |
| *Liotta v. Wolford Boutiques, LLC* | 16-cv-4634 | N.D. Ga. |
| *Lippert v. Baldwin* | 10-cv-4603 | N.D. Ill. |
| *Lloyd v. CVB Fin. Corp.* | 10-cv-6256 (CAS) | C.D. Cal. |
| *Loblaw Card Program* | Remediation Program | |
| *Loftus v. Outside Integrated Media, LLC* | 21-cv-11809-MAG-DRG | E.D. Mich. |
| *LSIMC, LLC v. Am. Gen. Life Ins. Co.* | 20-cv-11518 | C.D. Cal. |
| *Mabrey v. Autovest* | CGC-18-566617 | Cal. Super. Ct. |
| *Macias v. Los Angeles County Dep't. of Water and Power* | BC594049 | Cal. Super. Ct. |
| *Malin v. Ambry Gentics Corp.* | 30-2018-00994841-CU-SL-CXC | Cal. Super. Ct. |
| *Malone v. Western Digital Corp.* | 20-cv-03584-NC | N.D. Cal. |
| *Marical v. Boeing Employees' Credit Union* | 19-2-20417-6 | Wash. Super. Ct. |
| *Markson v. CRST Int'l, Inc.* | 17-cv-01261-SB (SPx) | C.D. Cal. |
| *Martin v. Lindenwood Univ.* | 20-cv-01128 | E.D. Mo. |
| *Martinelli v. Johnson & Johnson* | 15-cv-01733-MCE-DB | E.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| McCall v. Hercules Corp. | 66810/2021 | N.Y. Super. Ct. |
| McClellan v. Chase Home Fin. | 12-cv-01331-JGB-JEM | C.D. Cal. |
| McClintock v. Continuum Producer Serv., LLC | 17-cv-00259-JAG | E.D. Okla. |
| McClintock v. Enter. | 16-cv-00136-KEW | E.D. Okla. |
| McGann v. Schnuck Markets Inc. | 1322-CC00800 | Mo. Cir. Ct. |
| McGraw v. Geico Gen. Ins. Co. | 15-2-07829-7 | Wash. Super. Ct. |
| McKibben v. McMahon | 14-2171 (JGB) (SP) | C.D. Cal. |
| McKnight Realty Co. v. Bravo Arkoma, LLC | 17-CIV-308 (KEW); 20-CV-428-KEW | E.D. Okla. |
| McNeill v. Citation Oil & Gas Corp. | 17-CIV-121 (KEW) | E.D. Okla. |
| McWilliams v. City of Long Beach | BC361469 | Cal. Super. Ct. |
| Messner v. Cambridge Real Estate Servs., Inc. | 19CV28815 | Or. Cir. Ct. |
| Metzner v. Quinnipiac Univ. | 20-cv-00784 | D. Conn. |
| Mid Is. LP v. Hess Corp. | 650911/2013 | N.Y. Super. Ct. |
| Miller Revocable Trust v. DCP Operating Co., LP | 18-cv-00199-JH | E.D. Okla. |
| Miller v. Carrington Mortg. Serv., LLC | 19-cv-00016-JDL | D. Me. |
| Miller v. Guenther Mgmt. LLC | 20-2-02604-32 | Wash. Super. Ct. |
| Miller v. Mut. of Enumclaw Ins. Co. | 19-2-12357-1 | Wash. Super. Ct. |
| Milstead v. Robert Fiance Beauty Sch., Inc. | CAM-L-328-16 | N.J. Super. Ct. |
| Mitchell v. Red Bluff Res. Operating, LLC | CJ-2021-323 | D. Okla. |
| Moehrl v. Nat'l Assoc. of Realtors | 19-cv-01610-ARW | N.D. Ill. |
| Moeller v. Advance Magazine Publishers, Inc. | 15-cv-05671 (NRB) | S.D.N.Y. |
| Mojica v. Securus Techs., Inc. | 14-cv-5258 | W.D. Ark. |
| Molnar v. 1-800-Flowers Retail, Inc. | BC 382828 | Cal. Super. Ct. |
| Monteleone v. Nutro Co. | 14-cv-00801-ES-JAD | D.N.J. |
| Moodie v. Maxim HealthCare Servs. | 14-cv-03471-FMO-AS | C.D. Cal. |
| Moore v Robinhood Fin. LLC | 21-cv-01571-BJR | W. D. Wash. |
| Muir v. Early Warning Servs., LLC | 16-cv-00521 | D.N.J. |
| Mylan Pharm., Inc. v. Warner Chilcott Pub. Ltd. | 12-3824 | E.D. Pa. |
| Nasseri v. Cytosport, Inc. | BC439181 | Cal. Super. Ct. |
| Natale v. 9199-4467 Quebec Inc., d/b/a Earth Rated | 21-cv-6775-JS-SIL | E.D.N.Y. |
| Nesbitt v. Postmates, Inc. | CGC-15-547146 | Cal. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *New Orleans Tax Assessor Project* | Tax Assessment Program | |
| *NMPA Late Fee Program Grps. I-IVA* | Remediation Program | CRB |
| *Noble v. Northland* | UWY-CV-16-6033559-S | Conn. Super. Ct. |
| *Novoa v. GEO Grp., Inc.* | 17-cv-02514-JGB-SHK | C.D. Cal. |
| *Nozzi v. Housing Auth. of the City of Los Angeles* | CV 07-0380 PA (FFMx) | C.D. Cal. |
| *Nwabueza v. AT&T* | C 09-01529 SI | N.D. Cal. |
| *Nwauzor v. GEO Grp., Inc.* | 17-cv-05769 | W.D. Wash. |
| *Oberski v. Gen. Motors LLC and Gen. Motors of Canada Ltd.* | CV-14-502023-00CP | Ont. Super. Ct. |
| *Ocana v. Renew Fin. Holdings, Inc.* | BC701809 | Cal. Super. Ct. |
| *O'Donnell v. Fin. Am. Life Ins. Co.* | 14-cv-01071 | S.D. Ohio |
| *Ostendorf v. Grange Indem. Ins. Co.* | 19-cv-01147-ALM-KAJ | S.D. Ohio |
| *Paetzold v. Metro. Dist. Comm'n* | X07-HHD-CV-18-6090558-S | Conn. Super. Ct. |
| *Palmer v. City of Anaheim* | 30-2017-00938646 | Cal. Super. Ct. |
| *Parker v. Time Warner Entm't Co.* | 239 F.R.D. 318 | E.D.N.Y. |
| *Parker v. Universal Pictures* | 16-cv-1193-CEM-DCI | M.D. Fla. |
| *Patrick v. Volkswagen Grp. of Am., Inc.* | 19-cv-01908-MCS-ADS | C.D. Cal. |
| *Pauper Petroleum, LLC v. Kaiser-Francis Oil Co.* | 19-cv-00514-JFH-JFJ | N.D. Okla. |
| *Pemberton v. Nationstar Mortg. LLC* | 14-cv-1024-BAS (MSB) | S.D. Cal. |
| *Pena v. Wells Fargo Bank* | 19-cv-04065-MMC-TSH | N.D. Cal. |
| *Perchlak v. Liddle & Liddle* | 19-cv-09461 | C.D. Cal. |
| *Perez v. DIRECTV* | 16-cv-01440-JLS-DFM | C.D. Cal. |
| *Perez v. Wells Fargo Co.* | 17-cv-00454-MMC | N.D. Cal. |
| *Peterson v. Apria Healthcare Grp., Inc.* | 19-cv-00856 | M.D. Fla. |
| *Petersen v. Costco Wholesale Co.* | 13-cv-01292-DOC-JCG | C.D. Cal. |
| *Phillips v. Hobby Lobby Stores, Inc.* | 18-cv-01645-JHE; 16-cv-837-JHE | N.D. Ala. |
| *PHT Holding II LLC v. N. Am. Co. for Life and Health Ins.* | 18-CV-00368 | S.D. Iowa |
| *Pierce v. Anthem Ins. Cos.* | 15-cv-00562-TWP-TAB | S. D. Ind. |
| *Pine Manor Investors v. FPI Mgmt., Inc.* | 34-2018-00237315 | Cal. Super. Ct. |
| *Pinon v. Mercedes-Benz USA, LLC and Daimler AG* | 18-cv-3984 | N.D. Ga. |
| *Podawiltz v. Swisher Int'l, Inc.* | 16CV27621 | Or. Cir. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Press v. J. Crew Grp., Inc.* | 56-2018-512503 (CU) (BT) (VTA) | Cal. Super. Ct. |
| *Pruitt v. Par-A-Dice Hotel Casino* | 2020-L-000003 | Ill. Cir. Ct. |
| *Purcell v. United Propane Gas, Inc.* | 14-CI-729 | Ky. 2nd Cir. |
| *Quezada v. ArbiterSports, LLC* | 20-cv-05193-TJS | E.D. Pa. |
| *Ramos v. Hopele of Fort Lauderdale, LLC* | 17-cv-62100 | S.D. Fla. |
| *Rayburn v. Santander Consumer USA, Inc.* | 18-cv-1534 | S.D. Ohio |
| *RCC, P.S. v. Unigard Ins. Co.* | 19-2-17085-9 | Wash. Super. Ct. |
| *Reed v. Scientific Games Corp.* | 18-cv-00565-RSL | W.D. Wash. |
| *Reirdon v. Cimarex Energy Co.* | 16-CIV-113 (KEW) | E.D. Okla. |
| *Reirdon v. XTO Energy Inc.* | 16-cv-00087-KEW | E.D. Okla. |
| *Rhea v. Apache Corp.* | 14-cv-00433-JH | E.D. Okla. |
| *Rice v. Burlington Res. Oil & Gas Co., LP* | 20-cv-00431-GFK-FHM | N.D. Cal. |
| *Rice v. Insync* | 30-2014-00701147-CU-NP-CJC | Cal. Super. Ct. |
| *Rice-Redding v. Nationwide Mut. Ins. Co.* | 18-cv-01203 | N.D. Ga. |
| *Rich v. EOS Fitness Brands, LLC* | RIC1508918 | Cal. Super. Ct. |
| *Rick Nelson Co. v. Sony Music Ent.* | 18-cv-08791 | S.D.N.Y. |
| *Rocchio v. Rutgers, The State Univ. of New Jersey* | MID-L-003039-20 | N.J. Super. Ct. |
| *Rollo v. Universal Prop. & Cas. Ins.* | 2018-027720-CA-01 | Fla. Cir. Ct. |
| *Rosado v. Barry Univ., Inc.* | 20-cv-21813 | S.D. Fla. |
| *Rosenberg, D.C., P.A. v. Geico Gen. Ins. Co.* | 19-cv-61422-CANNON/Hunt | S.D. Fla. |
| *Roth v. GEICO Gen. Ins. Co. and Joffe v. GEICO Indem. Co.* | 16-cv-62942 | S.D. Fla. |
| *Rounds v. FourPoint Energy, LLC* | CIV-20-00052-P | W.D. Wis. |
| *Routh v. SEIU Healthcare 775NW* | 14-cv-00200 | W.D. Wash. |
| *Ruppel v. Consumers Union of United States, Inc.* | 16-cv-2444 (KMK) | S.D.N.Y. |
| *Russett v. Nw. Mut. Life Ins. Co.,* | 19-cv-07414-KMK | S.D.N.Y. |
| *Saccoccio v. JP Morgan Chase* | 13-cv-21107 | S.D. Fla. |
| *Salgado v. UPMC Jameson* | 30008-18 | C.P. Pa. |
| *Sanders v. Glob. Research Acquisition, LLC* | 18-cv-00555 | M.D. Fla. |
| *Sandoval v. Merlex Stucco Inc.* | BC619322 | Cal. Super. Ct. |
| *Santa Barbara Channelkeeper v. State Water Res. Control Bd.* | 37-2020-00005776 | Cal. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Schlesinger v. Ticketmaster | BC304565 | Cal. Super. Ct. |
| Schulte v. Liberty Ins. Corp. | 19-cv-00026 | S.D. Ohio |
| Schwartz v. Intimacy in New York, LLC | 13-cv-5735 (PGG) | S.D.N.Y. |
| Seegert v. P.F. Chang's China Bistro | 37-2017-00016131-CU-MC-CTL | Cal. Super. Ct. |
| Senne v. Office of the Comm'r of Baseball | 14-cv-00608-JCS | N.D. Cal. |
| Sholopa v. Turkish Airlines, Inc. | 20-cv-03294-ALC | S.D.N.Y. |
| Shumacher v. Bank of Hope | 18STCV02066 | Cal. Super. Ct. |
| Sidibe v. Sutter Health | 12-cv-4854-LB | N.D. Cal. |
| Silverstein v. Genworth Life Ins. Co. | 23-cv-684 | E.D. Va. |
| Smith v. Pulte Home Corp. | 30-2015-00808112-CU-CD-CXC | Cal. Super. Ct. |
| Soderstrom v. MSP Crossroads Apartments LLC | 16-cv-233 (ADM) (KMM) | D. Minn. |
| Solorio v. Fresno Comty. Hosp. | 15CECG03165 | Cal. Super. Ct. |
| Solberg v. Victim Serv., Inc. | 14-cv-05266-VC | N.D. Cal. |
| Sonner v. Schwabe N. Am., Inc. | 15-cv-01358 VAP (SPx) | C.D. Cal. |
| Speed v. JMA Energy Co., LLC | CJ-2016-59 | Okla. Dist. Ct. |
| Staats v. City of Palo Alto | 2015-1-CV-284956 | Cal. Super. Ct. |
| Stanley v. Capri Training Ctr. | ESX-L-1182-16 | N.J. Super. Ct. |
| Staunton Lodge No. 177 v. Pekin Ins. Co. | 2020-L-001297 | Ill. Cir. Ct. |
| Steele v. PayPal, Inc. | 05-CV-01720 (ILG) (VVP) | E.D.N.Y. |
| Stewart v. Early Warning Serv., LLC | 18-cv-3277 | D.N.J. |
| Stier v. PEMCO Mut. Ins. Co. | 18-2-08153-5 | Wash. Super. Ct. |
| Stillman v. Clermont York Assocs. LLC | 603557/09E | N.Y. Super. Ct. |
| Stout v. The GEO Grp., Inc. | 37-2019-00000650-CU-CR-CTL | Cal. Super. Ct. |
| Strano v. Kiplinger Washington Editors, Inc. | 21-cv-12987-TLL-PTM | E.D. Mich. |
| Strickland v. Carrington Mortg. Servs., LLC | 16-cv-25237 | S.D. Fla. |
| Strohm v. Missouri Am. Water Co. | 16AE-CV01252 | Mo. Cir. Ct. |
| Stuart v. State Farm Fire & Cas. Co. | 14-cv-04001 | W.D. Ark. |
| Sullivan v. Wenner Media LLC | 16–cv–00960–JTN–ESC | W.D. Mich. |
| Swafford v. Ovintiv Exploration Inc. | 21-cv-00210-SPS | E.D. Okla. |
| Swetz v. GSK Consumer Health, Inc. | 20-cv-04731 | S.D.N.Y. |
| Swinton v. SquareTrade, Inc. | 18-CV-00144-SMR-SBJ | S.D. Iowa |
| Sylvain v. Longwood Auto Acquisitions, Inc. | 2021-CA-009091-O | Fla. Cir. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|-----------|-------------|----------|
| *Terrell v. Costco Wholesale Corp.* | 16-2-19140-1-SEA | Wash. Super. Ct. |
| *Timberlake v. Fusione, Inc.* | BC 616783 | Cal. Super. Ct. |
| *Tkachyk v. Traveler's Ins.* | 16-28-m (DLC) | D. Mont. |
| *T-Mobile Remediation Program* | Remediation Program | |
| *Townes, IV v. Trans Union, LLC* | 04-1488-JJF | D. Del. |
| *Townsend v. G2 Secure Staff* | 18STCV04429 | Cal. Super. Ct. |
| *Trepte v. Bionaire, Inc.* | BC540110 | Cal. Super. Ct. |
| *Tyus v. Gen. Info. Sols. LLC* | 2017CP3201389 | S.C. C.P. |
| *Udeen v. Subaru of Am., Inc.* | 10-md-196 (JZ) | D.N.J. |
| *Underwood v. NGL Energy Partners LP* | 21-CV-0135-CVE-SH | N.D. Okla. |
| *United States v. City of Austin* | 14-cv-00533-LY | W.D. Tex. |
| *United States v. City of Chicago* | 16-c-1969 | N.D. Ill. |
| *United States v. Greyhound Lines, Inc.* | 16-67-RGA | D. Del. |
| *USC Student Health Ctr. Settlement* | 18-cv-04258-SVW | C.D. Cal. |
| *Van Jacobs v. New World Van Lines, Inc.* | 2019CH02619 | Ill. Cir. Ct. |
| *Vasquez v. Libre by Nexus, Inc.* | 17-cv-00755-CW | N.D. Cal. |
| *Vassalle v. Midland Funding LLC* | 11-cv-00096 | N.D. Ohio |
| *Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York* | 19-cv-06004 | S.D.N.Y. |
| *Viesse v. Saar's Inc.* | 17-2-7783-6 (SEA) | Wash. Super. Ct. |
| *Wahl v. Yahoo! Inc.* | 17-cv-2745 (BLF) | N.D. Cal. |
| *Wake Energy, LLC v. EOG Res., Inc.* | 20-cv-00183-ABJ | D. Wyo. |
| *Watson v. Checkr, Inc.* | 19-CV-03396-EMC | N.D. Cal. |
| *Weimar v. Geico Advantage Ins. Co.* | 19-cv-2698-JTF-tmp | W.D. Tenn. |
| *Weiner v. Ocwen Fin. Corp.* | 14-cv-02597-DJC-DB | E.D. Cal. |
| *Welsh v. Prop. and Cas. Ins. Co. of Hartford* | 20-2-05157-3 | Wash. Super. Ct. |
| *White Family Minerals, LLC v. EOG Res., Inc.* | 19-cv-409-KEW | E.D. Okla. |
| *Williams v. Children's Mercy Hosp.* | 1816-CV 17350 | Mo. Cir. Ct. |
| *Williams v. Weyerhaeuser Co.* | 995787 | Cal. Super. Ct. |
| *Wills v. Starbucks Corp.* | 17-cv-03654 | N.D. Ga. |
| *Wilner v. Leopold & Assoc,* | 15-cv-09374-PED | S.D.N.Y. |
| *Wilson v. Santander Consumer USA, Inc.* | 20-cv-00152 | E.D. Ark. |

| CASE NAME | CASE NUMBER | LOCATION |
|-----------|-------------|----------|
| *Wornicki v. Brokerpriceopinion.com, Inc.* | 13-cv-03258 (PAB) (KMT) | D. Colo. |
| *Wright v. Lyft, Inc.* | 14-cv-00421-BJR | W.D. Wash. |
| *Wright v. Southern New Hampshire Univ.* | 20-cv-00609 | D.N.H. |
| *Yamagata v. Reckitt Benckiser, LLC* | 17-cv-03529-CV | N.D. Cal. |
| *Yates v. Checkers* | 17-cv-09219 | N.D. Ill. |
| *Yeske v. Macoupin Energy* | 2017-L-24 | Ill. Cir. Ct. |
| *Z.B. v. Birmingham Cmty. Charter High Sch.* | 19STCV17092 | Cal. Super. Ct. |