IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION OF REALTORS, et al. <br><br> Defendants. | Case No. 4:23-cv-00788-SRB <br> [Consolidated with 4:23-cv-00945-SRB] |

## PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO JOINT MOTION TO STAY CASE AS TO WEICHERT REAL ESTATE AFFILIATES, INC. WEICHERT CO., eXp WORLD HOLDINGS, INC., AND eXp REALTY LLC

Plaintiffs oppose the Joint Motion to Stay (Doc. 747, "**Motion**") filed by Defendants eXp World Holdings, Inc. and eXp Realty, LLC ("**eXp**") and Weichert Co. and Weichert Real Estate Affiliates, Inc. ("**Weichert**") (together, "**Defendants**"). This is the second time these Defendants have moved to stay proceedings against them here based on inadequate reverse-auction settlements they entered into with plaintiffs in a separate matter captioned *1925 Hooper LLC v. The Nat'l Ass'n of Realtors, et al.*, 1:23-cv-05392 (N.D. Ga.) ("***Hooper***"). The Court should again deny their Motion for three reasons.

**First**, while Defendants eventually acknowledge they "previously sought a stay" based on these same settlements and that their motion was denied, *see* Motion at 7, they contend this repeat Motion should fare differently. They note the *Hooper* Court entered an Order granting preliminary approval to Defendants' reverse-auction settlements, and they "[a]ssum[e]" that "final approval" will be granted after an October 28, 2025 final approval hearing. *Id.* at 1–2. But their assumption is misplaced, and they overstate the limited nature of the *Hooper* orders at issue.

1

On March 28, 2025, the *Hooper* Court issued an order denying a motion to intervene and transfer filed by Plaintiffs. *See Hooper* Doc. 174 (attached as **Ex. 1**). The Court repeatedly said the time for considering Plaintiffs' arguments about the reverse-auction nature of Defendants' inadequate settlements was at the "Rule 23 class action fairness hearing." **Ex. 1** (*Hooper* Doc. 174) at 28; *id.* at 23, 30. Then, the *Hooper* Court issued an Order on April 2, 2025 denying Plaintiffs' Motion for Leave to File a Surreply in Opposition to the *Hooper* Plaintiffs' Motion for Preliminary Approval. *Hooper* Doc. 179 (attached as **Ex. 2**). The *Hooper* Court noted it had denied Plaintiffs' Motion to Intervene and then stated Plaintiffs "are not currently parties and ***have no standing to respond to motions*** filed in this case." **Ex. 2** at 2 (emphasis added). And the Court again stated that Plaintiffs' arguments about the inadequate settlements would be considered "as a part of the Rule 23 class action fairness hearing." *Id.*

Those Orders make clear that the *Hooper* Court has not yet considered Plaintiffs' arguments and evidence about the reverse-auction settlements, as it found Plaintiffs had no standing to raise them at that juncture. And consistent with that view, when the *Hooper* Court granted preliminary approval, it referred to and cited ***only*** the settling parties' Motions. *See Hooper* Doc. 183 at 2 (citing *Hooper* Docs. 136, 142, 147) (attached as **Ex. 3**). Likewise, the *Hooper* Court stated it "considered the Preliminary Approval Motion, the Joinder Motions, and the proposed Settlement Agreements." **Ex. 3** at 2. The *Hooper* Court did ***not*** acknowledge as part of the record Plaintiffs' evidence showing the settlements were inadequate products of an improper reverse-auction process.[1] As that Court had made clear, the time to raise such evidence will be at the

---

[1] Defendants may suggest the next paragraph of the Preliminary Approval Order, referring to the "Court's consideration of all the submissions related to the Motion for Preliminary Approval," **Ex. 3** at 2, should be construed as showing the *Hooper* Court did consider Plaintiffs' filings, but that is contrary to the *Hooper* Court's prior rulings that the *Gibson* Plaintiffs "had no standing to respond to motions" in *Hooper*. **Ex. 2** at 2.

2

October 28, 2025 fairness hearing. Plaintiffs will do so, and the evidence is overwhelming that the settlements are unfair, unreasonable, and inadequate and should not be approved. *See also* Doc. 637 (1/17/2025 Order discussing "plausible evidence of a potential reverse auction"). Defendants should not simply assume that final approval will occur when the *Hooper* Court considers Plaintiffs' evidence and objections at the October 28 hearing. Preliminary approval of their reverse-auction settlements is not a material changed circumstance, and Defendants' re-do request for a stay based on their inadequate settlements should be rejected just like the first request.

**Second**, as they did before, Defendants misstate the legal standards regarding a stay, which constitutes "extraordinary relief." *E.g.* Doc. 543 (11/14/2024 Order) at 2 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Defendants argue that there is a "lack of prejudice to plaintiffs from a stay pending resolution of the final approval process" and highlight language from a case noting "plaintiffs failed to show prejudice." Motion at 5. This Court previously rejected a very similar argument: "While eXp argues that 'Plaintiffs have not identified any prejudice they would suffer if this case were stayed,' this incorrectly attempts to shift the burden away from eXp, the requesting party." Doc. 543 (11/14/204 Order) at 3 (quoting Doc. 533). Defendants' incorrect argument should be turned aside again.

**Third**, Plaintiffs do stand to suffer significant prejudice if all proceedings were stayed against eXp and Weichert pending the (contested) outcome of the October 28, 2025 final approval hearing. Plaintiffs allege that eXp and Weichert are part of a nationwide conspiracy, and their transaction documents and information are a crucial and necessary part of Plaintiffs' showing of damages. That is true even if their settlements receive final approval.

As the Court likely recalls, both Anywhere and RE/MAX appeared on the verdict forms in *Burnett*, notwithstanding their pre-trial settlements. *See Burnett v. Nat'l Ass'n of Realtors, et al.*,

3

No. 4:19-cv-00332-SRB, Doc. 1294 (Verdict Form) at 2. Data about inflated commissions received by eXp and Weichert will need to be presented at trial in this matter. While no stay should be entered at all, even if any portion of these proceedings are stayed as to eXp and Weichert, Plaintiffs should at the very least be permitted to obtain document and deposition discovery from these Defendants. Even assuming Defendants' reverse-auction settlements receive final approval, Plaintiffs' claims against them are extinguished, and Defendants are dismissed from this case, Plaintiffs would then be entitled seek such discovery from eXp and Weichert through Rule 45 subpoenas. But so long as Defendants remain part of this case, the proper avenue for obtaining discovery is through this case, and there is no good cause to delay such necessary discovery from taking place for six months or more—particularly when the parties have already served discovery requests and progressed with custodian and search term negotiations. Indeed, Plaintiffs and Weichert recently reached an agreement regarding custodians for document discovery. These discovery efforts should continue.

For the reasons stated above and in Plaintiffs' Oppositions to similar prior motions regarding these issues (*see* Docs. 513, 547, 582) and in the Court's Order denying their earlier motion to stay this case (Doc. 543), the Court should deny in full eXp and Weichert's Joint Motion to Stay. Alternatively, any stay should be narrowly tailored to permit Plaintiffs to obtain document and deposition discovery from Defendants.

Dated: June 12, 2025

**BOULWARE LAW LLC**

/s/ Jeremy M. Suhr
Brandon J.B. Boulware        MO # 54150
Jeremy M. Suhr               MO # 60075
Andrew J. Ascher             MO # 74551
1600 Genessee Street, Suite 956A
Kansas City, MO 64102
Tele:  (816) 492-2826
Fax:   (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com
andrew@boulware-law.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Benjamin D. Brown (*pro hac vice*)
Robert A. Braun (*pro hac vice*)
Sabrina Merold (*pro hac vice*)
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
bbrown@cohenmilstein.com
rbraun@cohenmilstein.com
smerold@cohenmilstein.com

Daniel Silverman (*pro hac vice*)
769 Centre Street
Suite 207
Boston, MA 02130
Telephone: (617) 858-1990
dsilverman@cohenmilstein.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

**KETCHMARK AND MCCREIGHT P.C.**
Michael Ketchmark            MO # 41018
Scott McCreight              MO # 44002
11161 Overbrook Rd. Suite 210
Leawood, Kansas 66211
Tele:   (913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

**WILLIAMS DIRKS DAMERON LLC**
Michael A. Williams          MO # 47538
Eric L. Dirks                MO # 54921
1100 Main Street, Suite 2600
Kansas City, MO 64105
Tele: (816) 945 7110
Fax: (816) 945-7118
mwilliams@williamsdirks.com
dirks@williamsdirks.com

**SUSMAN GODFREY L.L.P.**
Marc M. Seltzer (*pro hac vice*)
Steven G. Sklaver (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Beatrice C. Franklin (*pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
bfranklin@susmangodfrey.com

Matthew R. Berry (*pro hac vice*)
Floyd G. Short (*pro hac vice*)
Alexander W. Aiken (*pro hac vice*)
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
mberry@susmangodfrey.com
fshort@susmangodfrey.com
aaiken@susmangodfrey.com

Telephone: (510) 725-3000
riop@hbsslaw.com

Nathan Emmons (Mo. Bar. No. 70046)
Jeannie Evans (*pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
nathane@hbsslaw.com
jeannie@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

# CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2025 a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/ Jeremy M. Suhr
*Attorney for Plaintiffs and the Proposed Class*