UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, et al.,<br><br>Defendants. | Case No. 4:23-cv-00788-SRB [Consolidated with 4:23-cv-00945-SRB]<br><br>Hon. Stephen R. Bough |

**REPLY IN SUPPORT OF JOINT MOTION TO STAY CASE AS TO WEICHERT REAL ESTATE AFFILIATES, INC., WEICHERT CO., eXp WORLD HOLDINGS, INC., AND eXp REALTY, LLC WITH INCORPORATED SUGGESTIONS IN SUPPORT**

Plaintiffs contend that the *Hooper* Court's preliminary approval of Weichert's and eXp's settlements creates no reason to expect that the *Hooper* Court will grant final approval—indeed, that the *Hooper* Court's Preliminary Approval Order ("PAO") is not even a "material changed circumstance." ECF No. 761 ("Opp.") at 3. In making this argument, Plaintiffs do not engage with the *Hooper* Court's express findings that Weichert's and eXp's settlements "appear to be the product of intensive, thorough, serious, informed, and non-collusive negotiations," "have no obvious deficiencies," and "appear to be fair, reasonable, and adequate"; that "Settlement Class Counsel will fairly and adequately represent the interests of the Class under Rule 23(a)(4), [and] have done so"; and that the *Hooper* Court "will likely be able to approve . . . the proposed nationwide Settlement Class." PAO ¶¶ 2, 5-7. Instead, Plaintiffs argue that all of these findings are irrelevant and likely to be reversed at the final approval stage, because the *Hooper* Court has

1

not yet considered Plaintiffs' objection that the settlements were the result of a "reverse auction." Opp. at 2.

On the contrary, in reaching the conclusions above, the *Hooper* Court expressly considered *and granted* Weichert's and eXp's respective Motions for Joinder in support of preliminary approval. PAO at 2, 14. Those Joinder Motions expressly addressed Plaintiffs' objections that the settlements were the result of "collusive reverse auctions," and presented evidence and argument that the settlements were reached through non-collusive arm's length negotiations. *See Hooper*, ECF Nos. 142, 147, 163, 166. Plaintiffs have no basis for their supposition that, despite expressly considering and granting the Motions in question, the *Hooper* Court did not really consider these arguments before issuing an Order finding that the settlements "appear to be the product of intensive, thorough, serious, informed, and non-collusive negotiations." PAO ¶ 6.

Thus, Weichert and eXp are not "simply assum[ing]" that final approval will be granted (*see* Opp. at 3); they are relying on the *Hooper* Court's express findings, based on unusually extensive evidentiary submissions, that the settlements appear to meet all requirements for final approval. At a minimum, these findings meaningfully increase the likelihood that final approval will be granted, such that it does not make sense for Plaintiffs to plow forward with litigating their claims against Weichert and eXp before the *Hooper* Court has a chance to complete the final approval process.

Next, Plaintiffs baldly assert that the stay Weichert and eXp are now requesting—a stay of parallel litigation after the preliminary approval of a nationwide class action settlement—is "extraordinary." Opp. at 3. On the contrary, a stay in these circumstances is "routine." *Hennessey v. The Gap Inc.*, No. 4:19-CV-01867-SEP, 2021 WL 2665910, at *1 (E.D. Mo. June

2

29, 2021); *accord In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015). Indeed, Plaintiffs do not dispute that both this Court and courts presiding over parallel litigation have routinely issued such stays pending completion of the final approval process.

Plaintiffs also contend that Weichert and eXp have failed to articulate how they would be prejudiced if a stay is denied. But Plaintiffs do not dispute that the Weichert and eXp settlements preliminarily approved by the *Hooper* court will, if finally approved, release Plaintiffs' class claims against Weichert and eXp in this case. Nor do Plaintiffs challenge the fact that any additional time and resources that Weichert and eXp are required to expend defending this case over the next four months—potentially including collecting, searching, and reviewing documents and otherwise actively defending an antitrust lawsuit—will all have been for nothing if the *Hooper* settlements are finally approved. *See* ECF No. 747 ("Joint Mot.") at 4. Indeed, antitrust discovery is among the most expensive and burdensome forms of discovery that exists in the law. *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1267 (11th Cir. 2019) (describing the "expensive quagmire" of antitrust discovery). And Plaintiffs do not deny that they intend to impose these expenses and burdens: they assert that they should "at the very least" be allowed to pursue "document and deposition discovery" (Opp. at 4), which, of course, are among the most burdensome aspects of an antitrust case.[1]

Finally, Plaintiffs contend they will suffer "significant prejudice" if their claims against Weichert and eXp are stayed because "their transaction documents and information" will "need to be presented at trial in this matter." Opp. at 3-4. But Plaintiffs did not need or subpoena such information from Weichert and eXp to secure their prior jury verdict in *Burnett* and, due to this

---

[1] Accordingly, Plaintiffs' attempt to frame "document and deposition discovery" as a "narrowly tailored" compromise should be rejected.

3

Court's prior discovery orders (ECF Nos. 543, 621, 637), already have obtained a plethora of information from both companies on their finances and transactional volumes because that information was shared with Plaintiffs as part of the settlement negotiations process. Moreover, Plaintiffs do not identify any imminent case deadlines or otherwise attempt to explain why additional "transaction documents and information" must be provided *within the next four months*, while the *Hooper* Court's final approval process is pending. After all, trial in this case is not scheduled to occur until November 8, 2027, 2.5 years from now.

Plaintiffs note that that Anywhere and RE/MAX appeared on the verdict form in *Burnett* despite those companies' pre-trial settlements. Opp. at 3. But this Court *granted* a stay as to RE/MAX following notice of its settlement (*Burnett*, ECF No. 1140) and likewise granted stays to several other settling *Burnett* defendants (*id.* ECF Nos. 1117, 1408, 1463). Plaintiffs also admit that they will retain potential non-party discovery avenues against Weichert and eXp if the settlements are finally approved, which completely undermines Plaintiffs' unsupported contention that discovery must continue during the *Hooper* Court's final approval process.[2]

For the foregoing reasons and those stated in the opening Motion, Weichert and eXp respectfully request that the Court stay all proceedings against them in this litigation pending resolution of the final approval process in *Hooper*.

Dated: June 26, 2025                                    Respectfully submitted,

| */s/ Mark B. Schaffer* | */s/ Dylan I. Ballard* |
|---|---|
| Mark B. Schaffer  MO#52533 | Michael W. Scarborough (*pro hac vice*) |
| **Shaffer & Associates, Chartered** | Dylan I. Ballard (*pro hac vice*) |
| 10561 Barkley Street, Suite 620 | **VINSON & ELKINS LLP** |
| Overland Park, KS 66212 | 555 Mission Street, Suite 2000 |
| Telephone: (913) 345-0100 | San Francisco, CA 94105 |
| mschaffer@schafflaw.com | Telephone: (415) 979–6900 |

---

[2] Weichert and eXp are unaware of any instance in which Plaintiffs pursued any non-party discovery under Rule 45, much less against a settled defendant, in the *Burnett* case or this case.

James A. Morsch (*pro hac vice*)  
Francis X. Riley (*pro hac vice*)  
**SAUL EWING LLP**  
161 N. Clark Street, Suite 4200  
Chicago, IL 60601  
Telephone: (312) 876-7866  
jim.morsch@saul.com  
francis.riley@saul.com  

*Attorneys for Defendants eXp World Holdings, Inc. and eXp Realty, LLC*

mscarborough@velaw.com  
dballard@velaw.com  

Adam L. Hudes (*pro hac vice*)  
Stephen M. Medlock (*pro hac vice*)  
**VINSON & ELKINS LLP**  
2200 Pennsylvania Avenue NW  
Suite 500 West  
Washington, DC 20037  
Telephone: (202) 639–6500  
ahudes@velaw.com  
smedlock@velaw.com  

William D. Beil MO# 33922  
**GM LAW PC**  
1201 Walnut Street, Suite 2000  
Kansas City, MO 64106  
Telephone: (816) 471-7700  
billb@gmlawpc.com  

*Attorneys for Defendants Weichert Real Estate Affiliates, Inc. and Weichert Co.*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 26, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/ *Dylan I. Ballard*
DYLAN I. BALLARD
