IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, et al., <br><br> Defendants. | Case No. 4:23-cv-00788-SRB |

## ORDER

Before the Court is Defendants Weichert Real Estate Affiliates, Inc., Weichert Co. (collectively, "Weichert"), eXp World Holdings, Inc., and eXp Realty LLC's (collectively, "eXp") Motion to Stay Case. (Doc. #747.) For the following reasons, the motion is DENIED.

### I. FACTUAL BACKGROUND

The facts of this case are discussed in prior Orders and in the parties' briefs and will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the claims asserted in this case. Only those facts and issues necessary to resolve the pending motion are discussed below.

On November 06, 2024, Weichert notified the Court that they had "reached a settlement with plaintiffs 1925 Hooper LLC, Robert J. Arko, and Andrew M. Moore (collectively, the "*Hooper* Plaintiffs") in the litigation captioned *1925 Hooper LLC, et al. v. The National Association of Realtors, et al.*" (the "*Hooper* case") which is pending in the United States District Court for the Northern District of Georgia. (Doc. #536 at 1.) The settlement was "jointly negotiated with counsel for the *Hooper* Plaintiffs," and "subject to approval of the Hon.

1

Mark H. Cohen." *Id.* Weicher moved to stay this case pending the *Hooper* settlement. The Court denied Weichert's request and ordered discovery regarding Plaintiffs' allegations that Weichert had conducted a "reverse auction" in the *Hooper* settlement. (Docs. #543, 570.)

On May 23, 2025, Judge Cohen granted preliminary approval of Weichert's and eXp's respective settlements with the plaintiffs. (Doc. #761-3; *Hooper* Doc. #183.) Weichert and eXp move this Court to stay the case pending the *Hooper* final settlement approval hearing. Plaintiffs oppose Weichert and eXp's motion to stay the case. The parties' arguments are addressed below.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also McKeage v. Bass Pro Outdoor World, L.L.C.*, No. 12-03157-CV-S-GAF, 2014 WL 12754994, at *4 (W.D. Mo. Apr. 10, 2014) ("[I]t is within a court's inherent power to manage its docket and discovery matters."). Accordingly, a court has "broad discretion to stay proceedings when appropriate to control [its] docket." *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (E.D. Mo. 2018) (citing *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006)). In considering whether a stay is appropriate, district courts must weigh the competing interests of the parties, including the potential of prejudice or hardship to either party as well as concerns of judicial economy. *See Gould*, 326 F.R.D. at 531 (citation omitted). A stay is extraordinary relief such that the requesting party "must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis*, 299 U.S. at 255.

2

### III. DISCUSSION

Weichert and eXp argue a stay is warranted because they would be "unfairly prejudiced if forced to expend resources on discovery and briefing in *Gibson* regarding issues that would be mooted by a final approval of the *Hooper* settlements." (Doc. #747 at 4.) Weichert and eXp claim that Plaintiffs have presented discovery to the *Hooper* Court in opposing the preliminary approval and that the *Hooper* Court found the *Hooper* settlements "are likely" to meet all the criteria for final approval. *Id.* at 7. Weichert and eXp also argue that Plaintiffs would not be prejudiced because "this case is in its early stages and there are no deadlines between now and the October 28, 2025 final approval hearing in *Hooper*" and "Plaintiffs are members of the provisionally certified Settlement Class in *Hooper*, retaining rights provided under Federal Rule 23(e)(4) to opt-out or object to the Hooper settlements." *Id.*

Plaintiffs oppose the stay and argue that "the *Hooper* Court has not yet considered Plaintiffs' arguments and evidence about the reverse-auction settlements." (Doc. #761 at 2.) Plaintiffs note that the *Hooper* Court has declined to hear these arguments and indicated that the appropriate time to consider them is at the October 28, 2025 fairness hearing. Plaintiffs also argue that they would be prejudiced because even if Weichert and eXp are dismissed from this case, "eXp and Weichert are part of a nationwide conspiracy, and their transaction documents and information are a crucial and necessary part of Plaintiffs' showing of damages." *Id.* at 3. Specifically, Plaintiffs argue that "data about inflated commissions received by eXp and Weichert will need to be present at trial in this matter." *Id.* at 4. Plaintiffs also note that "the parties have already served discovery requests and progressed with custodian and search term negotiations." *Id.*

After considering the parties' arguments, the relevant factors, and the circumstances of this case, the Court declines to grant Weichert and eXp's requested stay. The Court finds that

3

Weichert and eXp have failed to "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Based upon a review of the *Hooper* Court's orders, this Court concludes that the *Hooper* Court has not yet considered Plaintiffs' arguments or evidence regarding whether the *Hooper* settlements are the result of a reverse auction. There is no good cause to delay discovery from taking place given that Plaintiffs intend to pursue discovery even if Weichert and eXp are dismissed and Plaintiffs have already served discovery requests and the parties have progressed with custodian and search term negotiations. The Court has "broad discretion to stay proceedings when appropriate to control [its] docket," and it is well within the Court's power to continue this case. *Gould*, 326 F.R.D. at 531.

## IV. CONCLUSION

Accordingly, Defendants Weichert and eXp's Motion to Stay Case (Doc. #747) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2025