IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00788-SRB |
| ) | |
| NATIONAL ASSOCIATION OF ) | |
| REALTORS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' Consented Motion Regarding Documents Produced in *Burnett* and *Moehrl*. (Doc. #779.) For good cause shown, the motion is **GRANTED**.

1. Subject to the procedures set forth in paragraphs 2 through 5 below, Plaintiffs shall produce to Defendants in this action all documents currently in the possession of Plaintiffs' counsel that were produced in *Burnett v. NAR*, No. 4:19-cv-00332 (W.D. Mo.), and *Moehrl v. NAR*, No. 1:19-cv-01610 (N.D. Ill.) (together, the "Prior Litigations"), including all documents produced by any party or third party to the Prior Litigations; all transcripts, including exhibits thereto, of all depositions taken in the Prior Litigations; all expert reports submitted by any party in the Prior Litigations, including but not limited to all opening reports, rebuttal reports, and responsive reports, as well as all exhibits, appendices, or other attachments thereto; all affidavits, declarations, or other statements submitted by or on behalf of any expert in the Prior Litigations, except that Plaintiffs need not produce (i) documents produced by or information disclosed by the named plaintiffs in the Prior Litigations who are not named plaintiffs in this action (the "Prior Plaintiffs"), (ii) portions of expert reports that disclose information produced by the Prior Plaintiffs, and

(iii) expert backup materials. Both parties reserve their rights related to requests that Defendants may make for specific expert backup materials.

2. Counsel for Plaintiffs must provide notice of this Order to all producing parties in the Prior Litigations within three business days from the entry of this Order.

3. All producing parties in the Prior Litigations shall have 30 days from the date notice of this Order is provided to them to file any objection before this Court to the disclosure of documents from the Prior Litigations.

4. To the extent a producing party in the Prior Litigations does not object to the disclosure of its information in the above-captioned matter within 30 days of the date notice of this Order is provided to it, such disclosure shall be permitted within 60 days of this Order. Any information produced in the Prior Litigations with a "confidential" or "highly confidential" designation and disclosed in the above-captioned matter shall be treated as "confidential" or "highly confidential" respectively in accordance with protective order entered in this matter.

5. To the extent a producing party in the Prior Litigations objects to the disclosure of its designated information in the above-captioned matter within 30 days of the date notice of this Order is provided to them, that party's information shall not be disclosed unless and until the Court rules on the objection and enters an order permitting such disclosure, in which case disclosure shall be required within 30 days of such order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: July 25, 2025