# Exhibit A

*Proposed Amended Answer and Defenses of Crye-Leike, Inc. to Plaintiffs' Consolidated Amended Class Action Complaint*

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 4:23-cv-00788-SRB [Consolidated with 4:23-cv-00945-SRB] |
|  | ) | Hon. Stephen R. Bough |
| Plaintiffs, | ) ) |  |
| v. | ) ) | **Jury Trial Demanded** |
| NATIONAL ASSOCIATION OF REALTORS, ET AL., | ) ) ) |  |
| Defendants. | ) ) |  |

**PROPOSED AMENDED ANSWER AND DEFENSES OF CRYE-LEIKE, INC. TO
PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant Crye-Leike, Inc. ("Crye-Leike")[1], through its undersigned counsel, submits its

Amended Answer and Defenses to Plaintiffs' Consolidated Amended Class Action Complaint

(Doc. # 232) (the "Complaint").

**Crye-Leike, Inc.'s General Denials and Objections to the Complaint**

1.      Crye-Leike has retained the headings contained in the Complaint for ease of

readability and reference.  The headings are for organizational purposes and do not constitute

allegations.  Therefore, Crye-Leike has not responded to the headings.  To the extent a response is

deemed to be required, Crye-Leike denies all of the allegations contained within the headings.

---

[1] "Crye-Leike" refers to Crye-Leike, Inc.—the only Crye-Leike Entity named as a defendant in this Action.  Crye-Leike, Inc. does not operate in Missouri.  Crye-Leike, Inc. has no agents that hold Missouri licenses.  Crye-Leike, Inc. has never engaged in a real estate transaction in Missouri.  Further, Crye-Leike, Inc. has never operated an office in Missouri.  Therefore, Crye-Leike, Inc. has no contacts with Missouri.

2. Plaintiffs' Complaint contains a Table of Contents. To the extent that this Table of Contents is deemed to contain allegations that require a response, Crye-Leike denies the allegations contained in the Table of Contents.

3. Plaintiffs use the following terms regarding REALTORS® interchangeably throughout the Complaint: "Realtor," "realtor," and "REALTOR®." Crye-Leike understands Plaintiffs use all three terms to mean "REALTOR®" defined as the real estate profession license holders who are members of the National Association of REALTORS® ("NAR") throughout the Complaint. If Plaintiffs intend for any of the terms to include real estate profession license holders who are not members of NAR, Crye-Leike objects to such use.

4. Crye-Leike denies all allegations not specifically admitted herein and denies that Plaintiffs are entitled to any relief.

5. Crye-Leike's response to a paragraph of the Complaint also responds to the footnotes in the paragraph unless the footnotes are specifically addressed in Crye-Leike's responding paragraph.

## Crye-Leike's Amended Answer to Allegations of the Complaint

### I. As to Introduction

1. Crye-Leike only admits so much of the allegations of Paragraph 1 of the Complaint as alleged that the Department of Justice is investigating practices in the residential real estate brokerage business. Crye-Leike denies that they agreed, combined, or conspired to impose and enforce an anticompetitive restraint in violation of federal antitrust laws in any way. Crye-Leike lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

2.      In response to Paragraph 2 of the Complaint, Crye-Leike denies the allegation that Crye-Leike possesses market power in local markets for real estate brokerage services.  Crye-Leike denies it controls any MLSs.  Further responding to Paragraph 2, Crye-Leike admits that an MLS is a database of properties listed for sale in a particular geographical region and that some percentage of homes in the United States that are sold are listed on an MLS database.  Further responding, Crye-Leike admits that access to the MLSs is conditioned on members agreeing to follow all mandatory rules set forth in NAR's Handbook on Multiple Listing Policy.  Crye-Leike lacks information or knowledge sufficient to form a belief about the truth about the remaining allegations in Paragraph 2 of the Complaint and, therefore, denies them.

3.      Crye-Leike denies that it participated in any "conspiracy" as alleged in Paragraph 3 of the Complaint.  Crye-Leike only admits so much of the allegations of Paragraph 3 of the Complaint as alleged that Policy Statement 7.23 was previously a mandatory policy in NAR's Handbook on Multiple Listing Policy.  Crye-Leike denies the remaining allegations of Paragraph 3 of the Complaint as they relate to Crye-Leike.  Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as they relate to other Defendants in Paragraph 3 of the Complaint and, therefore, denies them.

4.      Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint and, therefore, denies them.

5.      Crye-Leike denies the allegations in Paragraph 5 of the Complaint. REALTORS® are subject to NAR rules and are bound by NAR's Code of Ethics; however, non-REALTOR® real estate license holders are not.

6.      Crye-Leike admits so much of the allegations of Paragraph 6 of the Complaint as alleged that Standard of Practice 3-2 states as follows: "Any change in compensation offered for

cooperative services must be communicated to the other REALTOR® prior to the time that REALTOR® submits an offer to purchase/lease the property. After a REALTOR® has submitted an offer to purchase or lease property, the listing broker may not attempt to unilaterally modify the offered compensation with respect to that cooperative transaction." Crye-Leike denies the remaining allegations of Paragraph 6 of the Complaint.

7.    Crye-Leike lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding "one industry participant" or Stephen Brobeck in Paragraph 7 of the Complaint and, therefore, denies them. Crye-Leike denies the remaining allegations of Paragraph 7 of the Complaint.

8.    Crye-Leike denies that Crye-Leike participated in an anticompetitive conspiracy and denies the allegations of Paragraph 8 of the Complaint that relate to Crye-Leike. Crye-Leike denies the remaining allegations of Paragraph 8 of the Complaint.

9.    Crye-Leike denies that Crye-Leike has participated in any anticompetitive conspiracy and denies the allegations of Paragraph 9 of the Complaint.

10.    Crye-Leike denies that Crye-Leike has participated in any anticompetitive conspiracy and denies the allegations of Paragraph 10 of the Complaint.

11.    Crye-Leike denies participation in any anticompetitive conspiracy and denies the allegations of Paragraph 11 of the Complaint.

12.    Crye-Leike denies participation in any anticompetitive conspiracy and denies the allegations of Paragraph 12 of the Complaint.

13.    Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies them.

4

14.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies them.  Crye-Leike denies participation in any conspiracy.

15.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies them.

16.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies them.

17.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations regarding the Wall Street Journal in Paragraph 17 of the Complaint and, therefore, denies them.  Crye-Leike denies participation in any anticompetitive conspiracy.

18.     Crye-Leike denies participation in any anticompetitive conspiracy and denies the remaining allegations of Paragraph 18 of the Complaint.

19.     Crye-Leike admits that Plaintiffs bring this action under the federal antitrust laws and seek the remedies described in Paragraph 19 of the Complaint.  Crye-Leike denies any conduct by Crye-Leike giving rise to Plaintiffs' claims.  Crye-Leike denies that a class should be certified.  Crye-Leike denies the remaining allegation of Paragraph 19 of the Complaint.

## II.     As to Jurisdiction and Venue

20.     Plaintiffs' have a second Paragraph 19 in the Complaint.  In responding to Plaintiffs' second Paragraph 19, Crye-Leike denies that Plaintiffs' Complaint sets forth a cognizable claim.  Crye-Leike further answers that any class members who signed Crye-Leike's form listing contract waived their right to participate in a class action and are excluded from the alleged class.  The remainder of the second Paragraph 19 sets forth legal conclusions and require

no response. To the extent a response is required, Crye-Leike denies the allegations of the second Paragraph 19 of the Complaint.

21. Crye-Leike denies that the Court has personal jurisdiction over Crye-Leike as alleged in Paragraph 20 of the Complaint for the reasons set forth in footnote 1 of this Amended Answer.

22. Crye-Leike denies the allegations in Paragraph 21 of the Complaint as they relate to Crye-Leike. Crye-Leike denies that the Court has personal jurisdiction over Crye-Leike for the reasons set forth in footnote 1 of this Amended Answer.

23. Crye-Leike denies the allegations in Paragraph 22 of the Complaint as they relate to Crye-Leike. Crye-Leike denies that the Court has personal matter jurisdiction over Crye-Leike for the reasons set forth in footnote 1 of this Amended Answer.

24. Paragraph 23 of the Complaint is not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint and, therefore, denies them.

25. Paragraph 24 of the Complaint is not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and, therefore, denies them.

26. Crye-Leike denies that it operated in this District as alleged in Paragraph 25 of the Complaint. Crye-Leike further denies that it was monitored and policed by the NAR in this District. Crye-Leike denies that this Court has personal jurisdiction over Crye-Leike for the

reasons set forth in footnote 1 of this Amended Answer. Crye-Leike denies the remaining allegations of Paragraph 25 of the Complaint as they relate to Crye-Leike.

27. Paragraph 26 of the Complaint is not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike admits NAR conducts lobbying on behalf of members. As to the remaining allegations of Paragraph 26, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of those allegations and, therefore, denies the same.

28. Crye-Leike denies that venue is proper in this District as to Crye-Leike as alleged in Paragraph 27 of the Complaint for the reasons set forth in footnote 1 of this Amended Answer.

## III.  As to Trade and Commerce

29. Crye-Leike admits so much of the allegations of Paragraph 28 of the Complaint as alleged that Crye-Leike is engaged in interstate commerce. Crye-Leike denies the remaining allegations of Paragraph 28 of the Complaint as they relate to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as it pertains to other Defendants in Paragraph 28 of the Complaint and, therefore, denies the same.

## IV.  As to the Parties

### A.  As to Plaintiffs

30. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint and, therefore, denies the same.

31. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and, therefore, denies the same.

32. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and, therefore, denies the same.

33. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and, therefore, denies the same.

### B. As to Defendants

34. Plaintiffs' have a second Paragraph 32 in the Complaint. The allegations contained in the second Paragraph 32 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in the second Paragraph 32 of the Complaint and, therefore, denies them.

35. The allegations contained in Paragraph 33 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and, therefore, denies them.

36. The allegations contained in Paragraph 34 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint and, therefore, denies them.

37. The allegations contained in Paragraph 35 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and, therefore, denies them.

38. The allegations contained in Paragraph 36 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-

Leike lacks information or knowledge to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and, therefore, denies them.

39.     The allegations contained in Paragraph 37 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint and, therefore, denies them.

40.     The allegations contained in Paragraph 38 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint and, therefore, denies them.

41.     The allegations contained in Paragraph 39 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint and, therefore, denies them.

42.     The allegations contained in Paragraph 40 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies them.

43.     The allegations contained in Paragraph 41 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint and, therefore, denies them.

44.    The allegations contained in Paragraph 42 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint and, therefore, denies them.

45.    The allegations contained in Paragraph 43 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and, therefore, denies them.

46.    Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint and, therefore, denies them.

47.    The allegations contained in Paragraph 45 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint and, therefore, denies them.

48.    The allegations contained in Paragraph 46 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint and, therefore, denies them.

49.    The allegations contained in Paragraph 47 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint and, therefore, denies them.

50.    The allegations contained in Paragraph 48 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint and, therefore, denies them.

51.    The allegations contained in Paragraph 49 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint and, therefore, denies them.

52.    The allegations contained in Paragraph 50 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint and, therefore, denies them.

53.    The allegations contained in Paragraph 51 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint and, therefore, denies them.

54.    The allegations contained in Paragraph 52 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint and, therefore, denies them.

55.    The allegations contained in Paragraph 53 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-

Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint and, therefore, denies them.

56. The allegations contained in Paragraph 54 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint and, therefore, denies them.

57. The allegations contained in Paragraph 55 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint and, therefore, denies them.

58. The allegations contained in Paragraph 56 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint and, therefore, denies them.

59. The allegations contained in Paragraph 57 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint and, therefore, denies them.

60. The allegations contained in Paragraph 58 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint and, therefore, denies them.

61.     The allegations contained in Paragraph 59 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint and, therefore, denies them.

62.     The allegations contained in Paragraph 60 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint and, therefore, denies them.

63.     The allegations contained in Paragraph 61 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint and, therefore, denies them.

64.     The allegations contained in Paragraph 62 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint and, therefore, denies them.

65.     The allegations contained in Paragraph 63 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint and, therefore, denies them.

66.     The allegations contained in Paragraph 64 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-

Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint and, therefore, denies them.

67. The allegations contained in Paragraph 65 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint and, therefore, denies them.

68. The allegations contained in Paragraph 66 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint and, therefore, denies them.

69. The allegations contained in Paragraph 67 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint and, therefore, denies them.

70. The allegations contained in Paragraph 68 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint and, therefore, denies them.

71. The allegations contained in Paragraph 69 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint and, therefore, denies them.

72.     The allegations contained in Paragraph 70 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint and, therefore, denies them.

73.     The allegations contained in Paragraph 71 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint and, therefore, denies them.

74.     The allegations contained in Paragraph 72 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint and, therefore, denies them.

75.     The allegations contained in Paragraph 73 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint and, therefore, denies them.

76.     The allegations contained in Paragraph 74 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint and, therefore, denies them.

77.     The allegations contained in Paragraph 75 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-

Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint and, therefore, denies them.

78.     The allegations contained in Paragraph 76 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint and, therefore, denies them.

79.     The allegations contained in Paragraph 77 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint and, therefore, denies them.

80.     The allegations contained in Paragraph 78 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint and, therefore, denies them.

81.     The allegations contained in Paragraph 79 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint and, therefore, denies them.

82.     The allegations contained in Paragraph 80 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Complaint and, therefore, denies them.

83.    The allegations contained in Paragraph 81 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Complaint and, therefore, denies them.

84.    The allegations contained in Paragraph 82 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint and, therefore, denies them.

85.    The allegations contained in Paragraph 83 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint and, therefore, denies them.

86.    The allegations contained in Paragraph 84 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 84 of the Complaint and, therefore, denies them.

87.    The allegations contained in Paragraph 85 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Complaint and, therefore, denies them.

88.    The allegations contained in Paragraph 86 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-

Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Complaint and, therefore, denies them.

89.    The allegations contained in Paragraph 87 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint and, therefore, denies them.

90.    The allegations contained in Paragraph 88 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Complaint and, therefore, denies them.

91.    The allegations contained in Paragraph 89 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Complaint and, therefore, denies them.

92.    The allegations contained in Paragraph 90 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Complaint and, therefore, denies them.

93.    The allegations contained in Paragraph 91 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Complaint and, therefore, denies them.

94.     The allegations contained in Paragraph 92 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Complaint and, therefore, denies them.

95.     The allegations contained in Paragraph 93 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint and, therefore, denies them.

96.     The allegations contained in Paragraph 94 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Complaint and, therefore, denies them.

97.     The allegations contained in Paragraph 95 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Complaint and, therefore, denies them.

98.     The allegations contained in Paragraph 96 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Complaint and, therefore, denies them.

99.     The allegations contained in Paragraph 97 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-

Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 97 of the Complaint and, therefore, denies them.

100.    The allegations contained in Paragraph 98 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Complaint and, therefore, denies them.

101.    The allegations contained in Paragraph 99 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Complaint and, therefore, denies them.

102.    The allegations contained in Paragraph 100 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 100 of the Complaint and, therefore, denies them.

103.    The allegations contained in Paragraph 101 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Complaint and, therefore, denies them.

104.    The allegations contained in Paragraph 102 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Complaint and, therefore, denies them.

105.     The allegations contained in Paragraph 103 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Complaint and, therefore, denies them.

106.     The allegations contained in Paragraph 104 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 104 of the Complaint and, therefore, denies them.

107.     The allegations contained in Paragraph 105 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Complaint and, therefore, denies them.

108.     The allegations contained in Paragraph 106 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 106 of the Complaint and, therefore, denies them.

109.     The allegations contained in Paragraph 107 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 107 of the Complaint and, therefore, denies them.

110.     The allegations contained in Paragraph 108 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-

Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 108 of the Complaint and, therefore, denies them.

111.    The allegations contained in Paragraph 109 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 109 of the Complaint and, therefore, denies them.

112.    The allegations contained in Paragraph 110 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Complaint and, therefore, denies them.

113.    The allegations contained in Paragraph 111 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 111 of the Complaint and, therefore, denies them.

114.    Crye-Leike admits so much of the allegations of Paragraph 112 of the Complaint that alleges Crye-Leike is incorporated in Tennessee and headquartered in Memphis, Tennessee. Crye-Leike denies that this Court has personal jurisdiction over Crye-Leike in this District.  The link in footnote 47 in Paragraph 112 states "404-Page Not Found" and, therefore, Crye-Leike denies the information contained in footnote 47 in Paragraph 112 of the Complaint.  Crye-Leike denies the remaining allegations of Paragraph 112 of the Complaint.

115.    The allegations contained in Paragraph 113 of the Complaint are not directed at Crye-Leike and, therefore, no response is required.  To the extent a response is required, Crye-

Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 113 of the Complaint and, therefore, denies them.

116. The allegations contained in Paragraph 114 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 114 of the Complaint and, therefore, denies them.

117. The allegations contained in Paragraph 115 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 115 of the Complaint and, therefore, denies them.

118. Crye-Leike admits so much of the allegations in Paragraph 116 of the Complaint as alleged that Crye-Leike has a presence in only Western Tennessee, North Mississippi, and in and around Crittenden County, Arkansas. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as it pertains to other Defendants in Paragraph 116 of the Complaint and, therefore, denies them.

### C. As to Co-Conspirators

119. Crye-Leike denies the allegations of Paragraph 117 of the Complaint as alleged that it participated in any conspiracy and denies that it has any co-conspirators. Crye-Leike denies the remaining allegations of Paragraph 117 as they relate to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as it pertains to other Defendants in Paragraph 117 of the Complaint and, therefore, denies them.

120. The allegations contained in Paragraph 118 of the Complaint are not directed at Crye-Leike and, therefore, no response is required. To the extent a response is required, Crye-

Leike denies that it participated in any conspiracy and denies that it has co-conspirators. Crye-Leike further denies any remaining allegations in Paragraph 118 of the Complaint as they relate to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as it pertains to other Defendants in Paragraph 117 of the Complaint and, therefore, denies them.

121.     Crye-Leike denies the allegations of Paragraph 119 of the Complaint as alleged that it participated in any conspiracy and that it had any co-conspirators. Crye-Leike denies the remaining allegations of Paragraph 119 of the Complaint as they relate to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as it pertains to other Defendants in Paragraph 119 of the Complaint and, therefore, denies them.

122.     In responding to Paragraph 120 of the Complaint, Crye-Leike denies that Crye-Leike participated in any conspiracy and denies that it has any co-conspirators. Crye-Leike denies the remaining allegation of Paragraph 120 of the Complaint as they relate to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as it pertains to other Defendants in Paragraph 120 of the Complaint and, therefore, denies them.

**V.      Background of the Real Estate Industry**

123.     Crye-Leike admits so much of the allegations of Paragraph 121 of the Complaint as alleged that state licensing laws regulate who can represent sellers and buyers in the real estate market and that the state laws regulate real estate brokers and the individual real estate licensees or agents. Crye-Leike denies any remaining allegations in Paragraph 121 of the Complaint.

124.     The allegations in Paragraph 122 of the Complaint state legal conclusions and, therefore, no response is required. To the extent a response is required, Crye-Leike denies the allegations in Paragraph 122 of the Complaint.

125.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 123 of the Complaint and, therefore, denies them.

126.     Crye-Leike admits so much of the allegations of Paragraph 124 of the Complaint as alleged that commissions are generally paid to brokers and agents when a home is sold.  Crye-Leike does not know what is meant by the "standard practice in the residential real estate industry" and, therefore, denies the remaining allegations in Paragraph 124 of the Complaint.

127.     Crye-Leike admits so much of the allegations of Paragraph 125 of the Complaint as alleged that brokers and agents represent buyers in some transactions and sellers in other transactions.  Crye-Leike denies the remaining allegations of Paragraph 125 of the Complaint.

128.     Crye-Leike admits so much of the allegations of Paragraph 126 of the Complaint as alleged that a listing agreement is a contract between the seller and the listing broker and that the listing agreement generally includes the terms of the listing.  Crye-Leike craves reference to the listing agreement signed by any Plaintiff for its terms and denies any inconsistent characterization alleged in the Complaint.  Crye-Leike denies the remaining allegations of Paragraph 126 of the Complaint.

129.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 127 of the Complaint and, therefore, denies them.

130.     Crye-Leike admits so much of the allegations of Paragraph 128 of the Complaint as alleged that a listing agreement is a contract between the seller and the listing broker and that the listing agreement generally includes the terms of the listing.  Crye-Leike denies the remaining allegations of Paragraph 128 of the Complaint.

131.     Crye-Leike admits so much of the allegations of Paragraph 129 of the Complaint as alleged that buyers sometimes enter into contracts with their brokers and that these contracts

sometimes provide that the buyer's broker will be compensated, at least in part, by the listing broker. Crye-Leike craves reference to the listing agreement signed by any plaintiff for its terms and denies any inconsistent characterization alleged in the Complaint. Crye-Leike denies the remaining allegations of Paragraph 129 of the Complaint.

132. In responding to Paragraph 130 of the Complaint, Crye-Leike admits that an MLS is a database of properties listed for sale in a particular geographical region and that some percentage of homes in the United States that are sold are listed on an MLS database. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 130 of the Complaint and, therefore, denies them.

133. In responding to Paragraph 131 of the Complaint, Crye-Leike admits that Policy Statement 7.23 was previously a mandatory policy in the Handbook on Multiple Listing Policy. Crye-Leike denies the remaining allegations of Paragraph 131 of the Complaint.

134. Crye-Leike does not know what is meant by "how this process typically works" and, therefore, denies the allegations of Paragraph 132 of the Complaint, including subparts (a) through (d).

## VI.  As to the Anticompetitive Agreement with NAR

135. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 133 of the Complaint and, therefore, denies them.

136. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 134 of the Complaint and, therefore, denies them.

137. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 135 of the Complaint and, therefore, denies them.

138.     In responding to Paragraph 136 of the Complaint, Crye-Leike denies that it participated in an anticompetitive scheme.  Crye-Leike further denies the remaining allegations of Paragraph 136 of the Complaint.

139.     Crye-Leike admits so much of the allegations of Paragraph 137 of the Complaint as alleged that the Handbook on Multiple Listing Policy is amended from time to time.  Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 137 of the Complaint and, therefore, denies them.

140.     Crye-Leike denies the allegations of Paragraph 138 of the Complaint as alleged that it participated in any conspiracy and denies the remaining allegations as they relate to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as they relate to other Defendants in Paragraph 138 of the Complaint and, therefore, denies them.

141.     Crye-Leike admits so much of the allegations of Paragraph 139 of the Complaint as alleged that the 2025 NAR Handbook on Multiple Listing Policy provides that "Association and association-owned MLSs must conform their governing documents to the mandatory MLS policies established by the National Association's Board of Directors to ensure continued status as member boards and to ensure coverage under the master professional liability insurance program." Crye-Leike denies any remaining allegations of Paragraph 139 of the Complaint as they relate to Crye-Leike.

142.     Crye-Leike denies that the 2025 Handbook on Multiple Listing Policy states the allegations in Paragraph 140 of the Complaint.

143.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 141 of the Complaint and, therefore, denies them.  Crye-Leike

denies the remaining allegations in Paragraph 141 of the Complaint as they relate to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as they relate to other Defendants in Paragraph 141 of the Complaint and, therefore, denies them.

144.     Crye-Leike denies the allegations in Paragraph 142 of the Complaint.

145.     Crye-Leike denies the allegations in Paragraph 143 of the Complaint.

146.     Crye-Leike denies the allegations in Paragraph 144 of the Complaint.

147.     Crye-Leike denies the allegations in Paragraph 145 of the Complaint.

148.     Crye-Leike denies the allegations in Paragraph 146 of the Complaint.

149.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 147 of the Complaint regarding the discounter comments and, therefore, denies them.  Crye-Leike denies the remaining allegations in Paragraph 147.

150.     Responding to Paragraph 148 of the Complaint, Crye-Leike admits that in certain markets in its operating area the Multiple Listing Service for that market uses Matrix and, therefore, Crye-Leike's agents also use Matrix in that area.  Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations of the remaining allegations in Paragraph 148 of the Complaint and, therefore, denies them.

151.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 149 of the Complaint and, therefore, denies them.

152.     Crye-Leike admits so much of the allegations of Paragraph 150 of the Complaint that alleges the Department of Justice is conducting an investigation into potentially anticompetitive practices.  Crye-Leike lacks information or knowledge sufficient to form a belief

about the truth of the remaining allegations in Paragraph 150 of the Complaint and, therefore, denies them.

153.    Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 151 of the Complaint, including footnote 72 and, therefore, denies them.

154.    Crye-Leike denies the allegations in Paragraph 152 of the Complaint.

155.    Crye-Leike denies the allegations of Paragraph 153 of the Complaint.

156.    Crye-Leike admits that MLS listings contained fields that only participants could view but denies the remaining allegations of Paragraph 154 of the Complaint.

157.    Crye-Leike admits so much of the allegations of Paragraph 155 of the Complaint as alleged that Section 10 of the Handbook on Multiple Listing Policy used to state: "Any information provided by the multiple listing service to the participants shall be considered official information of the service.  Such information shall be considered confidential and exclusively for the use of participants and real estate licensees affiliated with such participants and those participants who are licensed or certified by an appropriate state regulatory agency to engage in the appraisal of real property and licensed or certified appraisers affiliated with such participants." Crye-Leike denies the remaining allegations of Paragraph 155 of the Complaint.

158.    Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 156 of the Complaint and, therefore, denies them.

159.     Crye-Leike denies the allegations in Paragraph 157 of the Complaint.

160.    Crye-Leike admits so much of the allegations of Paragraph 158 of the Complaint as alleged that Standard of Practice 12-2 previously stated that "REALTORS® may represent their services as 'free' or without cost even if they expect to receive compensation from a source other

than their client provided that the potential for the REALTOR® to obtain a benefit from a third party is clearly disclosed at the same time." Standard of Practice 12-2 was deleted in the 2020 edition of the Code of Ethics and Standards of Practices. Crye-Leike denies the remaining allegations in Paragraph 158 of the Complaint.

161.    Crye-Leike denies the allegations of Paragraph 159 of the Complaint.

162.    Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 160 of the Complaint regarding the Consumer Federation of America and, therefore, denies them. Crye-Leike denies the remaining allegations of Paragraph 160.

163.    Crye-Leike denies the allegations of Paragraph 161 of the Complaint.

164.    Crye-Leike denies the allegations of Paragraph 162 of the Complaint.

165.    Crye-Leike denies the allegations of Paragraph 163 of the Complaint as they relate to Crye-Leike.

166.    Crye-Leike denies the allegations of Paragraph 164 of the Complaint.

167.    Crye-Leike denies the allegations of Paragraph 165 of the Complaint.

168.    Crye-Leike denies the allegations of Paragraph 166 of the Complaint.

169.    Crye-Leike admits so much of the allegations of Paragraph 167 of the Complaint as alleged that NAR's Standard of Practice 16-16 states: "REALTORS®, acting as subagents or buyer/tenant representatives or brokers, shall not use the terms of an offer to purchase/lease to attempt to modify the listing broker's offer of compensation to subagents or buyer/tenant representatives or brokers nor make the submission of an executed offer to purchase/lease contingent on the listing broker's agreement to modify the offer of compensation." Crye-Leike denies the remaining allegations of Paragraph 167 of the Complaint.

170. Crye-Leike admits so much of the allegations of Paragraph 168 of the Complaint as alleged that a portion of NAR Case Interpretation #16-15 is accurately quoted. Crye-Leike denies the remaining allegations of Paragraph 168 of the Complaint.

171. Crye-Leike admits so much of the allegations of Paragraph 169 of the Complaint as alleged that NAR's Standard of Practice 3-2 is accurately quoted. Crye-Leike denies the remaining allegations of Paragraph 169 of the Complaint.

172. Crye-Leike denies the allegations of Paragraph 170 of the Complaint.

173. Crye-Leike denies the allegations of Paragraph 171 of the Complaint.

174. Crye-Leike denies the allegations of Paragraph 172 of the Complaint.

## VII. As to NAR Has Required Local Associations to Agree to These Anticompetitive Restraints

175. Crye-Leike admits so much of the allegations of Paragraph 173 of the Complaint as alleged that compliance with some of the rules in the NAR Handbook on Multiple Listing Policy and the NAR Code of Ethics is mandatory. Crye-Leike denies the remaining allegations of Paragraph 173 of the Complaint.

176. Crye-Leike admits so much of the allegations of Paragraph 174 of the Complaint that the quoted language is accurate and appears in Policy Statement 7.19 of the 2025 Handbook. Crye-Leike denies the remaining allegations of Paragraph 174 of the Complaint.

177. In responding to Paragraph 175 of the Complaint, Crye-Leike admits that the NAR's 2025 Code of Ethics and Arbitration Manual states, in part, "Any Member Board which shall neglect or refuse to maintain and enforce the Code of Ethics with respect to the business activities of its members may, after due notice and opportunity for hearing, be expelled by the Board of Directors from membership in the National Association." Crye-Leike denies the remaining allegations of Paragraph 175 of the Complaint.

178. The allegations in Paragraph 176 of the Complaint do not adequately identify the MLSs discussed, and, therefore, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of whether the MLSs are owned and operated by local REALTOR® associations and, therefore, denies them. Crye-Leike denies the remaining allegations of Paragraph 176.

179. Crye-Leike admits so much of the allegations of Paragraph 177 of the Complaint as alleged that a broker or agent who is not a member of an MLS cannot list properties on the MLS. Crye-Leike denies the remaining allegations of Paragraph 177 of the Complaint.

180. Crye-Leike admits so much of the allegations of Paragraph 178 of the Complaint that alleges NAR has established and disseminated bylaw provisions and that compliance with some of those bylaw provisions is mandatory. Crye-Leike denies the remaining allegations of Paragraph 178 of the Complaint.

181. Crye-Leike admits so much of the allegations of Paragraph 179 of the Complaint alleging compliance with NAR's mandatory rules is necessary to ensure coverage under NAR's master professional liability insurance program. Crye-Leike denies the remaining allegations in Paragraph 179 of the Complaint.

182. Crye-Leike admits so much of the allegations of Paragraph 180 of the Complaint that allege that NAR requires local associations periodically to certify compliance with mandatory bylaw provisions. Crye-Leike denies the remaining allegations in Paragraph 180 of the Complaint.

183. Crye-Leike admits so much of the allegations of Paragraph 181 of the Complaint that allege NAR clarified its position on offers of compensation. Crye-Leike lacks information or knowledge sufficient to form a belief as to the truth of the allegations in footnotes 78 and 79 in

Paragraph 181 of the Complaint and, therefore, denies them. Crye-Leike denies the remaining allegations of Paragraph 181 of the Complaint.

184. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 182 of the Complaint and, therefore, denies them.

## VIII. <u>As to Corporate Defendants Participate In, Facilitate, and Implement the Conspiracy</u>

185. Crye-Leike admits so much of Paragraph 183 alleging that Crye-Leike brokers and agents are, in some markets, actively involved in local REALTOR® associations and MLS. Crye-Leike denies the remaining allegations in Paragraph 183 of the Complaint

186. Crye-Leike denies the allegations in Paragraph 184 of the Complaint.

187. Crye-Leike admits so much of the allegations of Paragraph 185 of the Complaint as alleged that its representatives attend biannual NAR meetings and, at times, Crye-Leike representatives belong to NAR certain NAR, state and local association boards. Crye-Leike denies the remaining allegations of Paragraph 185 as they apply to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 185 of the Complaint and, therefore, denies them.

188. Crye-Leike admits so much of the allegations of Paragraph 186 of the Complaint as alleged Steve Brown held a position in RES in 2019. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 186 of the Complaint, including the bullet points and footnote 81 and, therefore, denies them.

189. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 187 of the Complaint and, therefore, denies them.

190. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 188 of the Complaint and, therefore, denies them.

191. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 189 of the Complaint and, therefore, denies them.

192. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 190 of the Complaint, including footnote 84 and, therefore, denies them.

193. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 191 of the Complaint and, therefore, denies them.

194. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 192 of the Complaint and, therefore, denies them.

195. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 193 of the Complaint and, therefore, denies them.

196. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 194 of the Complaint and, therefore, denies them.

197. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 195 of the Complaint and, therefore, denies them.

198. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 196 of the Complaint and, therefore, denies them.

199. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 197 of the Complaint and, therefore, denies them.

200. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 198 of the Complaint, including footnote 88 and, therefore, denies them.

201. Crye-Leike denies the allegations of Paragraph 199 of the Complaint as they relate to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations as it pertains to other Defendants in Paragraph 199 of the Complaint and, therefore, denies them.

202. Crye-Leike denies the allegations of Paragraph 200 of the Complaint as they relate to Crye-Leike. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 200 of the Complaint as they pertain to other Defendants and, therefore, denies them.

203. Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 201 of the Complaint and, therefore, denies them.

204. Crye-Leike denies the allegations in Paragraph 202 of the Complaint.

205. The allegations contained in Paragraph 203 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 203 of the Complaint and, therefore, denies them.

206. The allegations contained in Paragraph 204 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 204 of the Complaint and, therefore, denies them.

207. The allegations contained in Paragraph 205 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 205 of the Complaint and, therefore, denies them.

208.    The allegations contained in Paragraph 206 of the Complaint are not directed at Crye-Leike and require no response.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 206 of the Complaint and, therefore, denies them.

209.    The allegations contained in Paragraph 207 of the Complaint are not directed at Crye-Leike and require no response.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 207 of the Complaint and, therefore, denies them.

210.    The allegations contained in Paragraph 208 of the Complaint are not directed at Crye-Leike and requires no response.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 208 of the Complaint and, therefore, denies them.

211.    The allegations contained in Paragraph 209 of the Complaint are not directed at Crye-Leike and require no response.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 209 of the Complaint and, therefore, denies them.

212.    The allegations contained in Paragraph 210 of the Complaint are not directed at Crye-Leike and require no response.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 210 of the Complaint and, therefore, denies them.

213.    The allegations contained in Paragraph 211 of the Complaint are not directed at Crye-Leike and require no response.  To the extent a response is required, Crye-Leike lacks

information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 211 of the Complaint and, therefore, denies them.

214. To the extent Crye-Leike is one of the "Corporate Defendants," Crye-Leike denies the allegations of Paragraph 212 of the complaint. Otherwise, the allegations contained in Paragraph 212 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 212 of the Complaint and, therefore, denies them.

215. The allegations contained in Paragraph 213 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 213 of the Complaint and, therefore, denies them.

216. The allegations contained in Paragraph 214 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 214 of the Complaint and, therefore, denies them.

217. The allegations contained in Paragraph 215 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 215 of the Complaint and, therefore, denies them.

218. The allegations contained in Paragraph 216 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks

information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 216 of the Complaint and, therefore, denies them.

219. The allegations contained in Paragraph 217 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 217 of the Complaint and, therefore, denies them.

220. The allegations contained in Paragraph 218 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 218 of the Complaint and, therefore, denies them.

221. The allegations contained in Paragraph 219 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 219 of the Complaint and, therefore, denies them.

222. The allegations contained in Paragraph 220 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 220 of the Complaint and, therefore, denies them.

223. The allegations contained in Paragraph 221 of the Complaint are not directed at Crye-Leike and require no response. To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 221 of the Complaint and, therefore, denies them.

224.     The allegations contained in Paragraph 222 of the Complaint are not directed at Crye-Leike and require no response.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 222 of the Complaint and, therefore, denies them.

225.     The allegations contained in Paragraph 223 of the Complaint are not directed at Crye-Leike and require no response.  To the extent a response is required, Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 223 of the Complaint and, therefore, denies them.

226.     Crye-Leike specifically denies that it operated in any Missouri district and, therefore, this Court does not have personal jurisdiction over Crye-Leike.  Crye-Leike denies the remaining allegations of Paragraph 224.

**IX.     As to the Effects of the Conspiracy**

227.     Crye-Leike denies the allegations in Paragraph 225 of the Complaint.

228.     Crye-Leike denies the allegations of Paragraph 226 of the Complaint.

229.     Crye-Leike denies the allegations of Paragraph 227 of the Complaint.

230.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 228 of the Complaint and, therefore, denies them.

231.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 229 of the Complaint and, therefore, denies them.

232.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 230 of the Complaint and, therefore, denies them.

233.     Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 231 of the Complaint and, therefore, denies them.

234.    Crye-Leike denies the allegations of Paragraph 232 of the Complaint.

235.    Crye-Leike denies the allegations of Paragraph 233 of the Complaint.

236.    Crye-Leike denies the allegations of Paragraph 234 of the Complaint.

237.    Crye-Leike lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 235 of the Complaint and, therefore, denies them.

238.    Crye-Leike lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Hsieh and Moretti in Paragraph 236 of the Complaint and, therefore, denies them.  Crye-Leike denies the remaining allegations of Paragraph 236 of the Complaint.

## X.    **As to Market Power**

239.    Crye-Leike denies the allegations in Paragraph 237 of the Complaint.

240.    Crye-Leike denies the allegations in Paragraph 238 of the Complaint.

241.    Crye-Leike denies the allegations in Paragraph 239 of the Complaint.

242.    Crye-Leike denies the allegations in Paragraph 240 of the Complaint.

243.    Crye-Leike denies the allegations in Paragraph 241 of the Complaint.

244.    Crye-Leike denies the allegations in Paragraph 242 of the Complaint.

245.    Crye-Leike lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 243 of the Complaint and, therefore, denies them.

## XI.    **As to Continuous Accrual**

246.    Crye-Leike denies the allegations in Paragraph 244 of the Complaint.

247.    Crye-Leike denies the allegations in Paragraph 245 of the Complaint.

## XII.    **As to Class Action Allegations**

248.    In responding to Paragraph 246 of the Complaint, Crye-Leike denies that Plaintiffs' Complaint sets forth a cognizable claim.  Crye-Leike denies that Plaintiffs have identified a class

that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in Paragraph 246 of the Complaint. Crye-Leike denies the remaining allegations of Paragraph 246 of the Complaint.

249. In responding to Paragraph 247 of the Complaint, Crye-Leike denies that Plaintiffs' Complaint sets forth a cognizable claim. Crye-Leike further denies that Plaintiffs have identified a class that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and denies the remaining allegations of Paragraph 247 of the Complaint.

250. Crye-Leike denies the allegations of Paragraph 248 of the Complaint.

251. Crye-Leike denies the allegations of Paragraph 249 of the Complaint.

252. Crye-Leike denies the allegations of Paragraph 250 of the Complaint.

253. Crye-Leike denies the allegations of Paragraph 251 of the Complaint.

254. Crye-Leike lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 252 of the Complaint and, therefore, denies them.

255. Crye-Leike denies the allegations of Paragraph 253 of the Complaint.

256. Crye-Leike denies the allegations of Paragraph 254 of the Complaint. Further answering Paragraph 254, all Crye-Leike customers signing a listing agreement with Crye-Leike containing a class action waiver clause are excluded from any class if a class is certified.

## XIII.  As to Claim for Relief

### As to Violation of Section 1 of the Sherman Act. 15 U.S.C. § 1

257. In responding to Paragraph 255 of the Complaint, Crye-Leike incorporates by reference its responses above.

258. Crye-Leike denies the allegations in Paragraph 256 of the Complaint.

259. Crye-Leike denies the allegations in Paragraph 257 of the Complaint

260. Crye-Leike denies the allegations in Paragraph 258 of the Complaint

261. Crye-Leike denies the allegations in Paragraph 259 of the Complaint

262. Crye-Leike denies the allegations in Paragraph 260 of the Complaint. Further responding, Crye-Leike denies that this Court has personal jurisdiction over Crye-Leike for the reasons set forth in footnote 1 of this Amended Answer.

263. Crye-Leike denies the allegations in Paragraph 261 of the Complaint

264. Crye-Leike denies the allegations in Paragraph 262 of the Complaint

265. Crye-Leike denies the allegations in Paragraph 263 of the Complaint

266. Crye-Leike denies the allegations in Paragraph 264 of the Complaint

## XVI. As to Requested Relief

267. In responding to Plaintiffs' Requested Relief, Crye-Leike denies that Plaintiffs are entitled to any relief as requested in subparts (A) through (G). Further, Crye-Leike denies, to the extent required, any fact contained in Plaintiffs' Requested Relief paragraph.

## ADDITIONAL DEFENSES

### FIRST DEFENSE
*(Failure to State a Claim Upon Which Relief May Be Granted)*

268. Plaintiffs' claims should be dismissed because the Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
*(Failure to Allege Relevant Product & Geographic Market)*

269. Plaintiffs' Complaint fails to allege proper relevant products and geographic markets. Therefore, the injuries and damages alleged by Plaintiffs do not constitute legally cognizable antitrust injuries within a relevant, properly defined market.

## THIRD DEFENSE
### *(No Antitrust Injury to Business Property)*

270. Plaintiffs' claims are barred, in whole or in part, because they have not suffered antitrust injury to their business or property within the meaning of 15 U.S.C. §15.

## FOURTH DEFENSE
### *(The Direct-Purchaser Requirement)*

271. Plaintiffs' claims are barred, in whole or in part, by the direct-purchaser requirement of *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

## FIFTH DEFENSE
### *(Failure to Meet the Requirements for Class Certification)*

272. Plaintiffs' request for class certification is barred because Plaintiffs cannot meet the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure and any applicable state laws.

## SIXTH DEFENSE
### *(Lack of Standing)*

273. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing under Article III, Section 2, Claus 1 of the United States Constitution or they lack antitrust standing to bring this action.

## SEVENTH DEFENSE
### *(No Entitlement to Injunctive Relief)*

274. Plaintiffs' lack standing to bring this action for injunctive relief, and are not entitled to such relief, because the alleged violation of the antitrust laws does not threaten immediate, irreparable loss or damage within the meaning of 15 U.S.C. § 26.

## EIGHTH DEFENSE
### (No Entitlement to Equitable Relief)

275.    Plaintiffs' claims are barred, in whole or in part, because the equitable relief demanded by Plaintiffs would not further the public interest, public policy, or equity and would cause harm to third parties far beyond any benefit to Plaintiffs.

## NINTH DEFENSE
### (Lack of Personal Jurisdiction)

276.    This Court lacks personal jurisdiction over Crye-Leike as it has not contacts with the state of Missouri.

## TENTH DEFENSE
### (Improper Venue)

277.    Venue in this District is improper as to Crye-Leike as it has not contacts with this judicial district and none of the events related to a possible claim against Crye-Leike occurred in this judicial district.

## ELEVENTH DEFENSE
### (Failure to Join Necessary & Indispensable Parties)

278.    Plaintiffs have failed to join one or more necessary and/or indispensable parties.

## TWELFTH DEFENSE
### (Doctrine of Accord & Satisfaction)

279.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction to the extent that any Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

## THIRTEENTH DEFENSE
### (Doctrine of Waiver)

280.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH DEFENSE
### (Doctrine of Estoppel)

281. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTEENTH DEFENSE
### (Doctrine of Laches)

282. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SIXTEENTH DEFENSE
### (Doctrine of Unclean Hands)

283. Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in parli dilecto* and/or unclean hands.

## SEVENTEENTH DEFENSE
### (Ratification & Consent)

284. Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' ratification of, and consent to, Crye-Leike's alleged conduct.

## EIGHTEENTH DEFENSE
### (Statutes of Limitations & Repose)

285. Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations or repose.

## NINETEENTH DEFENSE
### (Injuries Arising After Filing of Original Complaint)

286. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs suffered any alleged damages or injuries after the filing of Plaintiffs' Original Complaint.

## TWENTIETH DEFENSE
### (Class Action Waiver Clause)

287. Plaintiffs' claims are barred, in whole or in part, to the extent they waived by contract class action treatment for their claims.

## TWENTY-FIRST DEFENSE
### *(Proximate Causation – Intervening & Superseding Causes)*

288. Plaintiffs' claims are barred by the existence of intervening and superseding causes.

## TWENTY-SECOND DEFENSE
### *(Proximate Causation – Acts or Omissions of Plaintiffs & Third Parties)*

289. Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Crye-Leike, and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs themselves, or third parties including, without limitation, the prior, intervening, or superseding conduct of such Plaintiffs or third parties.

## TWENTY-THIRD DEFENSE
### *(Crye-Leike's Conduct – Permitted by Law)*

290. Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct, or statements that are specifically permitted by law.

## TWENTY-FOURTH DEFENSE
### *(Crye-Leike's Conduct – Business Justification/Pro-Competitive Effects)*

291. Plaintiffs' claims are barred on the grounds that the alleged actions of Crye-Leike, to the extent they occurred, were taken without malice, for legitimate business purposes, without intent to injure competition, and the procompetitive effect of the actions outweighed any negative impact on competition.

## TWENTY-FIFTH DEFENSE
### *(Remedies Unconstitutional & Contrary to Public Policy)*

292. Plaintiffs' claims should be dismissed to the extent Plaintiffs seek remedies that are unconstitutional, contrary to public policy, or otherwise unauthorized.

## TWENTY-SIXTH DEFENSE
### *(Damages – Speculative)*

293.    Plaintiffs' claims should be dismissed because Plaintiffs suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent Plaintiffs purportedly suffered injury or damage—which Crye-Leike expressly denies—Crye-Leike maintains that any such purported injury or damage was not caused by any act or omission of Crye-Leike.

## TWENTY-SEVENTH DEFENSE
### *(Damages – Speculative & Uncertain)*

294.    Plaintiffs' claims should be dismissed because the alleged damages are too speculative and uncertain such that they cannot be practically ascertained or allocated.

## TWENTY-EIGHTH DEFENSE
### *(Damages – Failure to Mitigate)*

295.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate any alleged damages they may have suffered.

## TWENTY-NINTH DEFENSE
### *(Damages – Right to Set Off)*

296.    Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying the same, Plaintiffs' claims are barred, in whole or in part, by Crye-Leike's right to set off any amounts paid to Plaintiffs by any Defendants other than Crye-Leike who have settled, or do settle, Plaintiffs' claims against them in this action, or in any other class action in which Plaintiffs' claims and allegations arise from the same alleged conduct and conspiracy related to the alleged anticompetitive restraints causing home sellers to pay inflated commissions on the sale of their homes.  These actions include, but are not limited to, *Burnett v. Nat'l Ass'n of Realtors*, *et al*., No. 19-CV-332-SRB (W.D. Mo.), *1925 Hooper LLC v. Nat'l Ass'n of Realtors*, 1:23-cv-05392 (N.D. Ga.), *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610 (N.D.

Ill.), *Nosalek, v. MLS Prop. Info. Network, Inc.*, No. 1:20-cv-12244 (D. Mass.) and *Keel v. Seven Gables Real Estate, Inc.*, No. 4:25-cv-00055 (W.D. Mo.) ("Related Settlements").

**THIRTIETH DEFENSE**
*(Damages – Offset by Benefit Received)*

297.    Plaintiffs' claims are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct, including benefits received in the Related Settlements.

**THIRTY-FIRST DEFENSE**
*(Contractual Limitations Period)*

298.    Any damages claimed by Plaintiffs before the limitation period stated in any contract signed by a Plaintiff are barred by the contractual limitation period.

**THIRTY-SECOND DEFENSE**
*(Accord and Satisfaction)*

299.    The settlement between Plaintiffs and the National Association of REALTORS® includes Crye-Leike as a released party.  Crye-Leike pleads accord and satisfaction as a complete bar to the relief requested in the Complaint.

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

300.    Crye-Leike will assert and rely upon any and all such other defenses and affirmative defenses that may become available or apparent as this action proceeds, and thus reserves the right to amend its Amended Answer to assert such defenses.

September 9, 2025                                        Respectfully submitted,

                                        /s/ Marcus Angelo Manos
                                        Marcus Angelo Manos, *(Pro hac vice)*
                                        mmanos@maynardnexsen.com
                                        **MAYNARD NEXSEN PC**
                                        1230 Main Street, Suite 700 (29201)
                                        Post Office Box 2426
                                        Columbia, South Carolina 29202
                                        Telephone: (803) 253-8275

**Carl S. Burkhalter (***Pro hac vice***)**
cburkhalter@maynardnexsen.com
**MAYNARD NEXSEN PC**
1901 Sixth Avenue N, Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1081
Facsimile: (205) 254-1991

**Alexandra Harrington Austin (***Pro hac vice***)**
aaustin@maynardnexsen.com
**MAYNARD NEXSEN PC**
205 King Street, Suite 400
Charleston, SC 29401
Telephone: (843) 579-7827
Facsimile: (843) 414-8227

**Joseph C Blanton, Jr**
jblanton@blantonlaw.com
**Thomas W. Collins, III**
tcollins@blantonlaw.com
**Diedre A Peters**
dpeters@blantonlaw.com
**Mark D. Blanton**
mblanton@blantonlaw.com
**Shaune D. Hanschen (***Pro hac vice***)**
shanschen@blantonlaw.com
**Blanton, Nickell, Collins, Douglas, Hanschen & Peters, LLC**
219 South Kingshighway
P.O. Box 805
Sikeston, MO 63801
Telephone: (573) 471-1000
Fax: (573) 471-1012

***Attorneys for Defendant Crye-Leike, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/ Marcus Angelo Manos

**Marcus Angelo Manos,** *(Pro hac vice)*
*Attorney for Defendant Crye-Leike, Inc.*