IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, et al.<br>Defendants. | Case No. 4:23-cv-00788<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION AND SUGGESTIONS IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS HANNA HOLDINGS, INC., WILLIAM RAVEIS REAL ESTATE, INC., EXIT REALTY CORP. INTERNATIONAL, EXIT REALTY CORP., USA, WINDERMERE REAL ESTATE SERVICES COMPANY, INC., WILLIAM L. LYON & ASSOCIATIONS, INC.; CERTIFICATION OF SETTLEMENT CLASSES; APPOINTMENT OF CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL; AND APPROVAL OF THE FORM AND MANNER OF NOTICE**

1

This Court has granted final approval of Settlements in this case with 17 Defendants—Compass, Real Brokerage, Realty One, @properties, Douglas Elliman, Redfin, Engel & Volkers, HomeSmart, United Real Estate, NextHome, Inc., The Keyes Company and Illustrated Properties, LLC, John L. Scott Real Estate Affiliates, Inc. and John L. Scott, Inc., The K Company Realty, LLC d/b/a LoKation, Real Estate One, Inc., and Baird & Warner Real Estate, Inc. (Docs. 530, 769). Following several months of negotiations, Plaintiffs have reached Settlements with six additional *Gibson* Defendants:

- Hanna Holdings, Inc. ("Hanna Holdings");
- William Raveis Real Estate, Inc. ("William Raveis");
- EXIT Realty Corp. International and EXIT Realty Corp., USA ("EXIT Realty"); and
- Windermere Real Estate Services Company, Inc. ("Windermere");
- William L. Lyon & Associates, Inc. ("Lyon") (collectively the "Settling Defendants").[1]

The Settlements with Hanna Holdings, William Raveis, EXIT Realty, Windermere, and Lyon are substantially similar to those reached with the seventeen previous *Gibson* Settling Defendants, as well as those reached with *Burnett* settling defendants Anywhere, RE/MAX, Keller Williams, and HomeServices.[2] The Settlements were the result of lengthy arms-length negotiations and evaluation of the risk and cost of litigation. *See* Berman Decl. (attached as Exhibit 1) at ¶¶ 9, 11, 14. As with the previous *Gibson* Settlements, these Settlements were reached after a detailed investigation of each Defendant's financial condition and ability to pay a judgment or settlement. *See id.* at ¶¶ 9, 12. The Settlements are fair, reasonable, and adequate, and beneficial to the

---

[1] The Settlement Agreements are attached as Exhibits A through D to the Declaration of Steve W. Berman, Exhibit 1 ("Berman Decl.").

Settlement Classes. *See id.* at ¶¶ 10, 12. Class counsel have discussed the Settlements with the *Gibson* Class Representatives, and they have approved them. *See id.* at ¶ 19.

A. **Settlement Class:**

The proposed Settlements with Hanna Holdings and William Raveis encompass the same Settlement Class that this Court certified for settlement of claims against Engel & Volkers, @properties, Keyes, John L. Scott, and Real Estate One, as follows:

> All persons who sold a home that was listed on a multiple listing service[2] anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:
>
> i. homes in Arkansas, Kentucky, and Missouri: October 31, 2018 to the date of Class Notice;
> ii. homes in Alabama, Georgia, Indiana, Maine, Michigan, Minnesota, New Jersey, Pennsylvania, Tennessee, Vermont, Wisconsin, and Wyoming: October 31, 2017 to the date of Class Notice;
> iii. for all other homes: October 31, 2019 to the date of Class Notice.

*See* Hanna Holdings Settlement Agreement at ¶ 15; William Raveis Settlement Agreement at ¶ 15.

The proposed Settlements with EXIT Realty, Windermere, and Lyon encompass the same Settlement Class that this Court certified (or preliminarily certified) for settlement of claims against Compass, Douglas Elliman, HomeSmart, Real Brokerage, Realty ONE, United Real Estate, NextHome, LoKation, and Baird & Warner as follows:

> All persons who sold a home that was listed on a multiple listing service[3] anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date range: October 31, 2019 to date of Class Notice.

---

[2] Multiple listing service includes all NAR and non-NAR multiple listing services, including but not limited to West Penn Multi-List, Inc. the Central New York Information Service, Real Estate Board of New York ("REBNY") and/or on the REBNY Residential Listing Service ("RLS"), MLS Property Information Network, Inc. ("MLS PIN"), Listing Information Network, Inc. ("LINK Nantucket"), Nantucket Association of Real Estate Brokers, Inc. ("NAREB/Association for Nantucket"), State Listings, Inc. ("NY State MLS"), and Resides, Inc. and/or Resides HHI, Inc. ("Resides MLS").

[3] Multiple listing service includes non-NAR multiple listing services.

3

*See* EXIT Realty Settlement Agreement at ¶ 15; Windermere and Lyon Settlement Agreement at ¶ 15.

The Settlement Agreements provide for a nationwide settlement class with a nationwide settlement and release. *See* Settlement Agreements at ¶ 15.

**B. Settlement Amounts:**

These four Settlements provide that the Settling Defendants will pay a total of 39.7 million for the benefit of the Settlement Class, as follows:

- Hanna Holdings: $32 million
- William Raveis: $4.1 million
- EXIT Realty: $1.5 million
- Windermere and Lyon: $2.1 million

*See* Settlement Agreements at ¶ 18.

In combination with the Settlements in this action and the *Burnett* action, Plaintiffs have recovered over $1 billion for the benefit of the Settlement Class. *See, e.g.*, Doc. 521 at 1. The non-monetary terms of these four Settlements are substantially the same in all material respects as the terms of the previous *Gibson* Settlements, including substantially similar Practice Changes or agreements to maintain certain practices (*See* Settlement Agreements at ¶¶ 49-51), Cooperation (*id*. at ¶¶ 52-55), and Release provisions (*id*. at ¶¶ 28-30).

Because the Settlements provide substantially similar relief as the Settlement this Court has already approved in *Burnett* (*Burnett* Docs. 1487, 1622), in addition to the Settlements that this Court has approved in this action (*Gibson* Docs. 530, 769), this Court should grant preliminary approval of the Hanna Holdings, William Raveis, EXIT Realty, Windermere, and Lyon Settlements. In support, Plaintiffs incorporate herein their previous motions for preliminary and

final approval. *See Burnett* Docs. 1458, 1518, 1538, 1595, 1596; *Gibson* Docs. 161, 294, 303, 521, 522, 531 655, 762.

### C. Form and Manner of Notice:

Plaintiffs also move this Court for approval of the settlement notice. This Court has previously approved the form and manner of class notice for fifteen prior settlements in the *Gibson* action, and for five prior settlements in the related *Burnett* action. *See, e.g.*, *Gibson* Doc. 161 (motion for preliminary approval of settlements and approval of notice plan); *Gibson* Doc. 163, ¶ 9 (Order approving notice plan); *Gibson* Doc 292 (motion to approve form of notices); *Gibson* Doc. 296 (Order approving form of notices); *Gibson* Doc. 673 (motion for order approving form and manner of class notice); *Gibson* Doc. 677 (Order approving notice); *Burnett* Doc. 1319 (motion for preliminary approval of settlements and approval of notice plan); *Burnett* Doc. 1321, ¶ 9 (Order approving notice plan); *Burnett* Docs. 1365 and 1371 (motions to approve form of notices); *Burnett* Doc. 1366 (Order approving form of notices). *See* Declaration of Jennifer Keough attached, as Exhibit 2.

Because notice has been disseminated to the class on four prior occasions and in order to make efficient use of settlement funds and maximize recovery for the Class, Plaintiffs propose that JND implement an email and digital notice program substantially similar to the prior rounds of notice. For any new addresses provided by Settling Defendants that were not already included in the prior notice campaigns, JND will implement an advanced email search and provide email notice to such class members. For those newly identified Settlement Class Members where an email address is unavailable or where the email bounces back and cannot be ultimately delivered, JND proposes sending a postcard notice. This plan, pursuant to Rule 23(c)(2)(B), provides the

5

"best notice practicable" to all potential Settlement Class Members who will be bound by the proposed Settlements. Accordingly, the Court should authorize the proposed notice plan.

Plaintiffs further request that this Court approve the content of the notices that will be sent and published. Exhibit 3 is the "long form" notice that will be posted to the settlement website. Exhibit 4 is the "email notice" that will be sent to identified Class Members via email. The notices are derived from and substantially similar to the notices of settlements provided to, and approved by, the Court in the *Gibson* and *Burnett* actions. *See, e.g.*, *Burnett* Doc. 1319-1 at 76 (Keough Declaration, Exhibit B); *Burnett* Docs. 1365, 1365-1, 1365-2, 1365-3, 1366 (proposed notices and order approving form of notices in Burnett). These notices include the deadlines for filing objections and exclusions as well as the date of the final approval hearing. Exhibit 5 is a postcard notice sent only to those who have not previously received one and an email cannot be found. The long form notice will be posted to the website, and any new postcard notice will be mailed to Class Members at least 60 days prior to the objection/opt out deadline. The email and publication campaign will continue throughout the notice period.

The parties wish to send these notices as soon as possible and, therefore, respectfully request that the Court grant this motion without delay and authorize the parties to send notice in substantial compliance with Exhibits 3-5.

Settling Defendants do not oppose this Motion for settlement purposes only.

Wherefore, Plaintiffs respectfully request that the Court enter an order: (1) preliminarily approving the Settlements with Hanna Holdings, William Raveis, EXIT Realty, Windermere, and Lyon; (2) certifying the Settlement Class as defined above for settlement purposes only; (3)

6

appointing *Gibson* Plaintiffs as Settlement Class Representatives;[4] (4) appointing Settlement Class Counsel;[5] (5) appointing JND as the notice administrator; and (6) approving the form and manner of class notice.

Dated: September 30, 2025                                  Respectfully submitted by:

| **COHEN MILSTEIN SELLERS & TOLL PLLC** | **WILLIAMS DIRKS DAMERON LLC** |
|---|---|
| */s/ Robert A. Braun* | */s/ Eric L. Dirks* |
| Benjamin D. Brown (*pro hac vice*) | Eric L. Dirks              MO # 54921 |
| Robert A. Braun (*pro hac vice*) | 1100 Main Street, Suite 2600 |
| Sabrina Merold (*pro hac vice*) | Kansas City, MO 64105 |
| 1100 New York Ave. NW, Fifth Floor | Tele: (816) 945 7110 |
| Washington, DC 20005 | Fax: (816) 945-7118 |
| Telephone: (202) 408-4600 | dirks@williamsdirks.com |
| bbrown@cohenmilstein.com | |
| rbraun@cohenmilstein.com | **KETCHMARK AND MCCREIGHT P.C.** |
| smerold@cohenmilstein.com | Michael Ketchmark         MO # 41018 |
| | Scott McCreight            MO # 44002 |
| Daniel Silverman (*pro hac vice*) | 11161 Overbrook Rd. Suite 210 |
| 769 Centre Street | Leawood, Kansas 66211 |
| Suite 207 | Tele:   (913) 266-4500 |
| Boston, MA 02130 | mike@ketchmclaw.com |
| Telephone: (617) 858-1990 | smccreight@ketchmclaw.com |
| dsilverman@cohenmilstein.com | |
| | **BOULWARE LAW LLC** |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | Brandon J.B. Boulware     MO # 54150 |
| | Jeremy M. Suhr            MO # 60075 |
| Steve W. Berman (*pro hac vice*) | Andrew J. Ascher          MO # 74551 |
| 1301 Second Avenue, Suite 2000 | 1600 Genessee Street, Suite 760 |
| Seattle, WA 98101 | Kansas City, MO 64102 |
| Telephone: (206) 623-7292 | Tele:   (816) 492-2826 |
| steve@hbsslaw.com | Fax:   (816) 492-2826 |

---

[4] *Gibson* Plaintiffs and proposed Settlement Class Representatives, are Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa.

[5] Proposed Settlement Class Counsel are Ketchmark & McCreight P.C., Boulware Law LLC, Williams Dirks Dameron LLC, Hagens Berman Sobol Shapiro LLP, Cohen Milstein Sellers & Toll PLLC, and Susman Godfrey LLP. (See, e.g., Doc. 530 at ¶ 88 and Doc. 534 at ¶ 8.)

Rio S. Pierce (*pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
riop@hbsslaw.com

Nathan Emmons (Mo. Bar. No. 70046)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
nathane@hbsslaw.com

**SUSMAN GODFREY L.L.P.**
Marc M. Seltzer (*pro hac vice*)
Steven G. Sklaver (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Beatrice C. Franklin (*pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
bfranklin@susmangodfrey.com

Matthew R. Berry (*pro hac vice*)
Floyd G. Short (*pro hac vice*)
Alexander W. Aiken (*pro hac vice*)
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
mberry@susmangodfrey.com
fshort@susmangodfrey.com
aaiken@susmangodfrey.com

***Attorneys for Plaintiffs and the Proposed Class***

brandon@boulware-law.com
jeremy@boulware-law.com
andrew@boulware-law.com