IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:23-cv-00788-SRB |
| THE NATIONAL ASSOCIATION OF REALTORS, et al. | ) ) ) | Consolidated with 4:23-cv-00945-SRB |
| Defendants. | ) ) ) | |

## ORDER

Before the Court is Plaintiffs'[1] Motion for Preliminary Approval of Settlements with the following Defendant families and Approval of the Form and Manner of Notice:

- Hanna Holdings, Inc. ("Hanna Holdings");
- William Raveis Real Estate, Inc. ("William Raveis");
- EXIT Realty Corp. International and EXIT Realty Corp., USA ("EXIT Realty");
- Windermere Real Estate Services Company, Inc. ("Windermere);
- William L. Lyon & Associates, Inc. ("Lyon")

(together the "Settling Defendants," and together with Plaintiffs, the "Settling Parties").

Upon review, the Motion is GRANTED. The Court hereby ORDERS as follows:

---

[1] Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa (collectively, "Plaintiffs"). Capitalized terms shall have the same meaning as in the Settlement Agreements between the Settling Parties.

1

1. The Court finds that preliminary approval is appropriate and hereby grants preliminary approval of the Settlements subject to final determination following notice and a hearing (the "Fairness Hearing").

2. The Court finds that the proposed Settlements with Hanna Holdings, William Raveis, EXIT Realty, Windermere, and Lyon, as set forth in the Settlement Agreements, are fair, reasonable, and adequate; the class representatives have adequately represented the classes; the Settlement Agreements were negotiated at arm's-length by experienced counsel acting in good faith, including in several cases, mediation with a nationally recognized and highly experienced mediator, and the Settlement Agreements were reached as a result of those negotiations; there has been adequate opportunity for discovery for experienced counsel to evaluate the claims and risks at this stage of the litigation; and the Court will likely be able to approve the Settlements pursuant to Rule 23(e)(2).

3. For purposes of settlement of the claims against Hanna Holdings and William Raveis, the Court provisionally certifies the following class:

> All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:
>
> i. homes in Arkansas, Kentucky, and Missouri: October 31, 2018 to the date of Class Notice;
> ii. homes in Alabama, Georgia, Indiana, Maine, Michigan, Minnesota, New Jersey, Pennsylvania, Tennessee, Vermont, Wisconsin, and Wyoming: October 31, 2017 to the date of Class Notice;
> iii. for all other homes: October 31, 2019 to the date of Class Notice.

4. For purposes of settlement of the claims against EXIT Realty, Windermere, and Lyon, the Court provisionally certifies the following class:

> All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date range: October 31, 2019 to date of Class Notice.

5. For the avoidance of doubt, both Settlement Class definitions include a nationwide class with a nationwide settlement and release. The Settlement Classes encompasses persons who sold homes on any multiple listing service nationwide, regardless of affiliation with NAR or not.

6. The Court finds that provisional certification of the Settlement Classes is warranted in light of the proposed Settlements under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Classes are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Classes; (3) Plaintiffs' claims are typical of the claims of the Settlement Class Members; and (4) Plaintiffs and Co-Lead Counsel will fairly and adequately represent the interests of the Settlement Class Members.

7. The Court finds that provisional certification of the Settlement Classes is warranted in light of the proposed Settlements under Federal Rule of Civil Procedure 23(b)(3) because common issues, including whether the Settling Defendants entered into any conspiracy, predominate over any questions affecting only individual members of the Settlement Classes, and settlement of this Action on a class basis is superior to other means of resolving the Action as to the Settling Defendants.

8. The Court hereby appoints Plaintiffs Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa as the Settlement Class Representatives. The Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Classes because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class Members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class Members are

represented by qualified, reputable counsel, who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violation of the antitrust laws.

9. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum. The Court has also specifically considered that the Settlement Classes may be broader than the class alleged in the complaint. In the settlement context, courts in this district and elsewhere regularly certify broader classes. *See, e.g.*, *In re Gen. Am. Life Ins. Co. Sales Pracs. Litig.*, 357 F.3d 800, 805 (8th Cir. 2004) ("There is no impropriety in including in a settlement a description of claims that is somewhat broader than those that have been specifically pleaded. In fact, most settling defendants insist on this."); *Smith v. Atkins*, 2:18-cv-04004-MDH (W.D. Mo.). Here, the Court finds that certifying a nationwide class is warranted, including because Plaintiffs have conducted extensive discovery into the alleged nationwide conspiracy and have thoroughly litigated the claims, providing a robust factual record on which to assess the claims and base negotiations; Plaintiffs have made nationwide allegations in this matter; a nationwide settlement was a necessary condition of obtaining any settlement for the benefit of the Settlement Class Members; a nationwide settlement will conserve judicial and private resources; and Class Members will be fully apprised of the Settlement Class definitions through the notice process.

10. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby appoints the law firms of Ketchmark and McCreight P.C.; Boulware Law LLC; Williams Dirks Dameron LLC; Hagens Berman Sobol Shapiro LLP; Cohen Milstein Sellers & Toll PLLC; and Susman Godfrey LLP as Co-Lead Counsel for the Settlement Classes.

11. JND Legal Administration ("JND") is hereby APPOINTED as the Settlement Administrator to implement the terms of the proposed Settlement Agreements. The Settlement Administrator is authorized to implement the parties' Class Notice Plan as outlined in the Declaration of Jennifer M. Keough and in a form and manner substantially similar to that submitted to the Court. The Court also authorizes the Settlement Administrator to carry out other such responsibilities as are provided for in the Settlement Agreements or as may be agreed to by counsel for the Settling Parties. The Settlement Administrator is directed to include these settlements in the existing Settlement Website and to issue notice as outlined in Paragraph 15 of the Declaration of Jennifer M. Keough. The Court finds the notice plan to constitute the best notice practicable and satisfy the requirements of due process.

12. The Court approves the establishment of the Escrow Accounts under the Settlement Agreements as qualified settlement funds ("QSF") as defined in Section 1.468B-1(a) of the U.S. Treasury Regulations and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSFs. Co-Lead Counsel are, in accordance with the Settlement Agreements, authorized to withdraw up to the amounts allowed by the Settlement Agreements out of the Escrow Accounts .

13. Any Settlement Class Member who complies with the requirements of this paragraph and paragraph 14 may object to any aspect of any of the proposed Settlement Agreements either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who objects to any of the proposed Settlement Agreements must file with the Court and serve on Class Counsel and Counsel for Settling Defendants at the addresses set forth in the Settlement Agreements or the Court's docket, a written statement of objection postmarked no later than the Opt-Out/Objection Deadline, which deadline shall be specified on

the Settlement Website. Further, objecting Settlement Class Members are ordered to appear in person, with or without counsel, at the Fairness Hearing.

14. The written objection must include: (a) the full name, address, telephone number and email address, if any, of the Settlement Class Member; (b) the address of the home(s) sold, the date of the sale, the listing broker(s), and the buyer's broker(s); (c) a specific statement of all grounds for the objection and, if applicable, any legal support for the objection; (d) a statement whether the objection applies only to the objector, to a specific subset of the Classes, or to the entire Classes; (e) a statement whether the objection applies to all of the Settlements addressed in this order or only those with certain of the Settling Defendants; (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (g) a list of all class action settlements to which the Settlement Class Member has objected in the past five (5) years, if any; (h) copies of any papers, briefs, or other documents upon which the objection is based; and (i) the signature of the Settlement Class Member.

15. Any Settlement Class Member shall have the right to opt-out of the Settlement Classes for any or all of the Settlements with the Settling Defendants. In order to exercise this right, a Settlement Class Member must timely deliver a written request for exclusion to the Settlement Administrator's address, which will be listed on the Settlement Website. The written request must be submitted or postmarked no later than the Opt-Out/Objection Deadline, which deadline shall be specified on the Settlement Website. No person shall be deemed opted-out of the Classes through any purported "mass" or "class" opt-outs. So-called "mass" or "class" opt-outs shall not be allowed. To be effective, the Request for Exclusion must include the name of the Settlement Class Member, the address of the home sold, the approximate date of sale, and signature

6

of the Settlement Class Member. The Request must further specify whether it applies to all of the Settlements addressed in this order or only those with certain of the Settling Defendants.

16. Any Settlement Class Member who properly requests to be excluded from any or all of the Settlement Classes shall not: (a) be bound by any orders or judgments entered in the case relating to the applicable Settlement Agreement(s); (b) be entitled to relief under, or be affected by, the applicable Settlement Agreement(s); (c) gain any rights by virtue of the applicable Settlement Agreement(s); or (d) be entitled to object to any aspect of any of the applicable Settlement Agreement(s). Any Settlement Class Member who obtains relief pursuant to the terms of a Settlement Agreement after the receipt of the Notice gives up the right to exclude him or herself from that Settlement.

17. The parties shall contact the Court to schedule a final approval hearing to be held in Courtroom 7B, at: the U.S. District Court for the Western District of Missouri, 400 East Ninth Street, Kansas City, Missouri 64106.

18. In the event that a Settlement is not approved or is validly terminated or rescinded as provided for in the Settlement Agreements, all proceedings had in connection with that Settlement and any orders regarding that Settlement shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Settling Parties and Settlement Class Members.

19. In the event that a Settlement does not become final and effective for any reason or is validly terminated or rescinded, nothing in that Settlement Agreement, this Order, or proceedings or orders regarding that Settlement shall be construed to prejudice any position that any of the parties may assert in any aspect of the Action, and the Settling Parties shall be restored to their respective positions in the Action as of the dates set forth in the Settlement Agreements, and have the rights and obligations as further provided for in the Settlement Agreements.

20. The Actions are stayed as to Settling Defendants except as provided for in the Settlement Agreements and to the extent necessary to obtain final approval of the Settlements.

21. Members of the Settlement Classes, unless they exclude themselves from the Settlement Classes, are hereby temporarily enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any of the Released Claims against Hanna Holdings, William Raveis, EXIT Realty, Windermere, and Lyon, or other Released Parties, including, without limitation, claims that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home, pending completion of the Class Notice and claims process (including the opportunity for members of the Settlement Classes to opt-out of the Settlements) and this Court's ruling on a motion for final approval of the Settlements. *See* 28 U.S.C. § 1651; *Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 914 (8th Cir. 2010) (noting that "the district court has the inherent ability to protect its own jurisdiction over the dispute pending before it"); *Miles v. Medicredit, Inc.*, No. 4:20-cv-1186, 2022 WL 3643669, at *4 (E.D. Mo. Aug. 23, 2022) (entering injunction "[p]ending determination of … final approval of the Settlement Agreement"); *Hartley v. Sig Sauer, Inc.*, No. 4:18-CV-00267-SRB, 2020 WL 3473652, at *5 (W.D. Mo. June 25, 2020); *Cleveland v. Whirlpool Corp.*, 2021 WL 5937403, at *9 (D. Minn. Dec. 16, 2021) (entering injunction "[p]ending final approval").

**IT IS SO ORDERED**.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2025