**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, ET AL., <br><br> Defendants. | C/A NO.: 4:23-CV-00788-SRB <br><br> OBJECTION TO NATIONAL CLASS ACTION SETTLEMENTS FOR WILLIAM RAVEIS REAL ESTATE, INC.; HANNA HOLDINGS, INC.; EXIT REALTY CORP. INTERNATIONAL; EXIT REALTY CORP., USA; WINDERMERE REAL ESTATE SERVICES COMPANY, INC.; WILLIAM L. LYON & ASSOCIATES, INC.; CHARLES RUTENBERG REALTY, INC.; MY HOME GROUP REAL ESTATE, LLC; TIERRA ANTIQUA REALTY, LLC; AND WEST USA REALTY, INC., AND SUGGESTIONS IN SUPPORT OF THE OBJECTION |

In compliance with the Preliminary Approval Order and the Long Form Notice of Proposed Settlements of William Raveis Real Estate, Inc.; Hanna Holdings, Inc.; EXIT Realty Corp. International; EXIT Realty Corp. USA; Windermere Real Estate Services Company, Inc.; William L. Lyon & Associates, Inc.; Charles Rutenberg Realty, Inc.; My Home Group Real Estate, LLC; Tierra Antiqua Realty, LLC; and West USA Realty, Inc. (hereinafter referred to as Each Settling Defendant), the following members, who have only once objected previously in *Burnett, et al. v. The NAR, et al.*, C/A No. 19-CV-00332-SRB, as well as once before in the present litigation, object on behalf of the proposed class of individuals who sold homes on an MLS Listing Service servicing the District of South Carolina:

Robert Benjamin Douglas
Rdoug2172@gmail.com
Address: 63 ½ Maple Street
Charleston, SC 29403
Phone # (859) 699-3952
Home Sold: 14 N. Tracy Street
Charleston SC 29403
Date of Sale: 2/28/2023
Listing Broker: Daniel Ravenel
Sotheby's International Realty
Buyer's Broker: Maven Realty

Benny D. Cheatman
Benny_cheatham@yahoo.com
101 Five Oaks Drive, Landrum, SC 29356
Home Sold: 513 Minnow Drive, Pawleys Island, SC 29585
Date of Sale: 7/24/2023
Listing Broker: The Litchfield Company
Buyers Broker: The Litchfield Company

Douglas W. Fender II, Dena Marie Fender
doug.w.fender@gmail.com
134 Lancelot Court
Lexington, SC 29072
Telephone: (803) 542-8019
Home Sold: 208 Spring Water Drive
Columbia, SC 29233
Date of Sale: 8/30/23
Listing Broker: Century 21 Vanguard
Buyer's Broker: Coldwell Bank Realty

## I. Introduction

The Objectors oppose the national class action settlements in their present form and propose that the settlements be denied final approval for a number of reasons.

## II. The Settlements are Inadequate.

To begin, the settlements are inadequate based on the size of the national class. There appears to be no rational bases for the settlement amounts which provide class members very small remuneration for the damages which they suffered.

2

Objectors are part of a second class action which they filed in South Carolina against local realtors, MLSs, and local Boards of Realtors.  Two of the MLSs are not members of the National Association Board of Realtors and have formed their own independent MLSs.

Next, the settlement agreements at issue release local realtors whose annual sales volume is less than Two Billion ($2,000,000.00) Dollars per year without any consideration.  Elementary contract law provides that there cannot be a bilateral contract without mutual consideration.  It is axiomatic in our law that a release is a contract and subject to contractual principles.  It is further axiomatic that, for a contract to form, there must be consideration.  Consideration is "the exchange of something of value as between the parties, which may include a promise." *Crutcher v. Multiplan, Inc.*, 22 F.4th 756, 768 (8th Cir. 2022).  The proposed settlement in no way binds local realtors, Real Estate Boards, or MLSs because there is no exchange between the parties despite the fact that Plaintiffs' Complaint is replete with examples of local entities taking an active part in price fixing activities complained of and the formulation of the rules by which price fixing was accomplished.  It is uncontroverted that these local entities in this case paid no money toward the monetary settlement.  The second class action filed by these Objectors explicitly demands payment of damages by

3

these local entities in the State of South Carolina. These local entities must be held accountable. The second class action lawsuit in South Carolina by these Objectors endeavors to hold these local realtors, Real Estate Boards, and MLSs accountable in the State of South Carolina.

### III. Pre-Certification Settlements

The Judge in charge of approving the settlement has a fiduciary responsibility to insure that the settlements are fair, adequate, and reasonable. It is incumbent that the district court act as a fiduciary serving as a guardian of the rights of the absent class members. *In re: Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). A Court sitting as fiduciary for absent class members weighs four factors: (1) the merits of the Plaintiffs' case weighed against the terms of the settlement; (2) the Defendants' financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Id*.

### IV. The Inadequacy of the Class Notices Denies to Class Due Process.

Where a class is certified under Rule 23(b)(3), Rule 23 and due process require that putative members be properly notified of the class action and that they must receive notice plus an opportunity to be heard and participate in the litigation in order to be bound by the judgment. *Phillips Petroleum Co. v.*

4

*Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965 (1985). To vindicate that right, the notice must describe the action and class members' rights including their right to exclude themselves from the class. *Id.* Where a class member's claim is extinguished by a class settlement, that extinguishment is essentially a waiver of her due process right to vindicate the wrong done her. As such, for a class member's relinquishment of her right, due process required "notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane* v. *Central Hanover Bank & Trust Co., et al.*, 339 U.S. 306, 314 (1950). *Mullane* continues, pointing out that "when notice is a person's due, process which is a mere gesture is not due process." *Id*.

*In Re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104 (5th Cir. 1977), in crafting a test to vindicate *Mullane*'s explication of due process principles, correctly points out that

> Absentee class members will generally have had no knowledge of the suit until they receive the initial class notice. This will be their primary, if not exclusive, source of information for deciding how to exercise their rights under rule 23. Although absentee class members are encouraged to make inquiry of the clerk of the district court where the case is filed, this worthwhile advice

5

>> cannot justify omitting material
>> information.

Next, the Class is being denied due process in that it is being denied an important constitutional right without due process, that being giving up their rights to a jury trial without adequate compensation.

The Fifth Circuit has held that "not only must substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain in the class and be bound by the final judgment or opt out of the class." *Id*. at 1104-1105. As such the standard crafted is "that the notice required by subdivision (c)(2) must contain information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class." *Id.* 552 F.2d 1088 (5th Cir. 1977). Although no rigid standard governs the contents of the class notice to members. The notice must fairly apprise the prospective members of the class of the terms of the proposed and the options that are open to them in connection with the proceedings. *Weinberger v. Kendrick*, 698 F.2d 61 (2nd Cir. 1982).

Finally, the proposed class action class notices are inadequate in that (1) there is only a mention of a 42 Million Dollar settlement involving ten (10) defendants without any mention of home sales involved; (2) there is no explanation of

6

the net worth of each of these settling defendants; (3) there is no way for class members to evaluate whether there could be better outcomes in their own jurisdictions.

## V. Presence

Objectors believe that this objection has merit and so intend at this time to be present at the fairness hearing through their undersigned attorneys. The class notice does not require the Objectors appear at the final (fairness) hearing, and these Objectors are unable to appear in person. This Court cannot assert jurisdiction over these Objectors and no federal circuit court has ruled that jurisdiction can be imposed on Objectors. It has been held that courts in class actions cannot impose jurisdiction on opt-outs. *In re Real Estate Title and Settlement Services Antitrust Litigation*, 869 F.2d 760 (1989), 57 USLW 2526, 1989-1 Trade Cases P 68, 471, 13 Fed.R.Serv.3d 500, 52 Ed. Law Rep. 476. The same would be constitutionally true for Objectors. Finally, the Class Notice does not require that Objectors appear in person.

****Signature Page to Follow****

7

PATRICK E. KNIE, P.A.

/s/ Patrick E. Knie
_____
Patrick E. Knie
Federal I.D. No. 2370
P.O. Box 5159
250 Magnolia Street
Spartanburg, S.C.   29304
Telephone No.  (864) 582-5118
Telefax No.    (864) 585-1615


Mitch Slade
MITCH SLADE LAW OFFICE, P.A.
Federal I.D. No. 5352
P.O. Box 1007
Spartanburg, S.C.   29304
Telephone: (864) 582-4212
mitch@mitchsladelaw.com

ATTORNEYS FOR PLAINTIFFS

December 19, 2025