# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, et al., <br><br> Defendants. | Case No. 4:23-cv-00788-SRB |

## AMENDED SCHEDULING ORDER

**1. INITIAL CONFERENCE UNDER RULE 26(f).** The parties conducted an initial conference under Fed. R. Civ. P. 26(f) via videoconference on February 16, 2024.

**2. RESPONSIVE PLEADING DEADLINE.** The deadline for Defendants to file new motions to dismiss or responsive pleadings, including based on lack of personal jurisdiction and arbitration clauses, shall be due on or before July 15, 2024.

**3. MOTION TO AMEND PLEADINGS.** Any motion to amend the pleadings shall be filed on or before April 17, 2026.

**4. MOTION TO JOIN ADDITIONAL PARTIES.** Any motion to join additional parties shall be filed on or before April 17, 2026.

**5. DISCOVERY**

    **a. Initial Disclosures Under Rule 26(a).** Any party that has not served initial disclosures under Rule 26(a) shall do so on or before July 31, 2024.

1

b. **Initial Discovery Deadlines.** Plaintiffs will serve initial RFPs on or before July 1, 2024. The parties shall produce reasonably available organizational charts (by whatever title) on or before July 31, 2024.

c. **Close of Fact Discovery.** All discovery, other than expert discovery, shall be completed on or before May 31, 2027.

d. **Expert Designation Deadlines for Class Certification.** Plaintiffs shall disclose any expert witness(es) they intend to rely on for class certification issues (including reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B)) on or before April 17, 2026. Defendants shall disclose any expert witness(es) for class certification issues (including reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B)) on or before June 23, 2026. Plaintiffs shall make any rebuttal expert disclosures for class certification on or before August 26, 2026. Each party shall make its expert witness(es) available for deposition within 28 days after designation.

e. **Close of Class Certification Expert Discovery.** Expert discovery for the purposes for class certification shall be completed on or before September 23, 2026.

f. **Expert Designation Deadlines for Trial.** Plaintiffs shall disclose any expert witness(es) they intend to call at trial (including reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B)) on or before June 4, 2027. Each Defendant shall disclose any expert witness(es) they intend to call at trial (including reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B)) on or before August 4, 2027. Plaintiffs shall make any rebuttal expert disclosures by September 4, 2027.

> Each party shall make its expert witness(es) available for deposition within 28 days after designation.
>
> g. **Close of Expert Discovery for Trial.** Expert discovery shall be completed on or before October 4, 2027.
>
> h. **Discovery Motions.** The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. In the event that a teleconference is needed, email your request to the Courtroom Deputy at Tracey_Peters@mow.uscourts.gov. A memorandum of the discovery dispute, not to exceed two pages in length, should be electronically submitted by each party no later than twenty-four hours prior to the teleconference.

8. **MOTION FOR CLASS CERTIFICATION AND *DAUBERT* MOTION DEADLINE RELATED TO CLASS-CERTIFICATION EXPERTS.**

Any motion for class certification will be filed on or before April 17, 2026. Defendants' opposition brief to class certification is due on or before June 23, 2026. Plaintiffs' reply brief in support of class certification is due on or before August 26, 2026.

Defendants' motions to strike class certification expert designations or preclude class certification expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before June 23, 2026. Plaintiffs' opposition brief is due on or before August 26, 2026. Defendants' reply brief in support of motion to strike class certification experts is due on or before September 23, 2026.

Plaintiffs' motions to strike class certification expert designations or preclude class certification expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before August 26, 2026. Defendants' brief in opposition is due on or before September 23, 2026. Plaintiffs' reply brief in support of motion to strike class

certification experts is due on or before October 21, 2026.

        **9.**    **DISPOSITIVE MOTION DEADLINE.**

All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before November 1, 2027. The parties shall file their responses to dispositive motions on or before December 21, 2027. The parties shall file replies in support of their dispositive motions on or before February 1, 2028. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

        **10.**    ***DAUBERT* MOTION DEADLINE FOR TRIAL EXPERTS.**

Any motions to strike trial expert designations or preclude expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before November 1, 2027. Oppositions to *Daubert* motions by December 21, 2027. Replies in support of *Daubert* motions regarding by February 1, 2028.

        **11.**    **TRIAL.** Trial shall begin on May 1, 2028, and be scheduled for three weeks. The pretrial conference shall be held on April 6, 2028, at 9:00 a.m.

The documents listed below shall be filed prior to the pretrial conference.

    a. Motions in Limine. Motions in limine shall be filed at least ten (10) business days prior to the final pretrial conference. Responses to motions in limine shall be filed within the time limit allowed by Local Rule 7.0 or at least three (3) business days prior to the final pretrial conference whichever is earlier. In order to ensure efficient use of trial time, the parties are encouraged to file motions in limine relating to key evidentiary issues.

    b. Stipulation of Uncontroverted Facts. At least three (3) business days prior to the final pretrial conference, the parties may file a stipulation of any uncontroverted facts.

    c. Witness List. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve a list of all witnesses who may be called to testify at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment.

d. Exhibit Index. At least five (5) business days prior to the final pretrial conference, each party shall file and serve an exhibit index of all exhibits that may be offered at trial. If an exhibit is not listed by a party, that exhibit will not be admitted absent leave of Court. The exhibit index should be prepared on a form provided by the Clerk's office that can be found at http://www.mow.uscourts.gov/forms.html#district. Each exhibit will be designated as either "Plaintiff's" or "Defendant's," numbered with a Roman numeral, and described following the enumeration. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. It is not necessary to include exhibits to be used only for impeachment or rebuttal purposes. After the time for filing the exhibit index has expired, no supplemental or amended index will be filed without leave of Court for good cause shown.

e. Stipulation as to the Admissibility of Evidence. At least three (3) business days prior to the final pretrial conference, the parties shall file a stipulation as to the admissibility of evidence, listing the exhibits for which authenticity and foundation are not contested.

f. Designation of Deposition Testimony. Fifteen (15) business days prior to the final pretrial conference, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence by that party.

g. Objections to Designated Deposition Testimony and Counter Designation. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve:

   i. Any objections to proposed deposition testimony designated by any other party; and
   ii. A designation, by page and line number, of any deposition testimony to be offered as counter-designation to deposition testimony designated by other parties.

h. Objections to Counter Designations. At least seven (7) business days prior to the final pretrial conference, each party shall file and serve any objections to proposed deposition testimony offered as a counter-designation by other parties.

i. Submission of Deposition Designations. At least seven (7) business days prior to the final pretrial conference, the Court should receive deposition designations in the following manner:

   i. The parties are to jointly submit one mini-script copy of each designated deposition.

5

ii. Each party is to highlight the portion of the deposition they want to designate, including counter-designations.

iii. Each party should use a different highlight color to indicate their designations (for example, plaintiff uses yellow; defendant uses blue).

iv. Each party should also indicate their objections on the actual deposition by bracketing those portions in the margin of the deposition, again using a different color to indicate the portion to which each party objects.

v. Each party should submit to the Court a Word version document of the Objections to Deposition Designations that the party filed in CM/ECF. Send that via email to the Courtroom Deputy at Tracey_Peters@mow.uscourts.gov.

j. Jury Instructions.

i. At least ten (10) business days prior to the final pretrial conference, the parties shall jointly file an original (without sources) set and an annotated (with sources) set of proposed jury instructions. Proposed instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of *Model Civil Jury Instructions for the District of Courts of the Eighth Circuit* and/or *Missouri Approved Instructions* (MAI) where available and appropriate. All instructions shall be designated as Instruction No. ___.

ii. The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, the parties shall jointly submit the instructions upon which they agree. Each party shall submit its proposed version of the instructions upon which the parties do not agree, along with a written objection to the other party's version.

iii. The instructions should also be submitted to the Court electronically, in Word format. Instructions should be sent via email to the Courtroom Deputy at Tracey_Peters@mow.uscourts.gov.

The Trial Procedures listed below shall be followed.

a. Trial Brief. At least five (5) business days prior to trial, counsel for each party may file a trial brief stating the party's factual and legal contentions in the case. The trial brief should address any important evidentiary issues.

b. Jury Statement. At least five (5) business days prior to trial, counsel for each party shall agree upon a statement to be read to the jury setting forth the background of the case and the claims to be asserted. This statement will be read

to the jury panel prior to voir dire. The jury statement shall be emailed in Word format to the Courtroom Deputy at Tracey_Peters@mow.uscourts.gov.

    c. The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

12. **MISCELLANEOUS.**

    a. All motions for extension of time pursuant to Fed. R. Civ. P. 6(b), 31, 33, 34, or 36 should be filed at least seven (7) days before the date of the original deadline and must state:

        i. The date when the pleading, response, or other action is/was first due;

        ii. The number of previous extensions and the date the last extension expires;

        iii. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

        iv. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

    b. All motions requesting leave to depart from Local Rule 7.0(f) page limitation must state:

        i. The number of previous requests for leave;

        ii. The particular reason for the request for leave, including a specific statement as to why the action due cannot be completed within the allotted page limit; and

        iii. Whether the request for leave is approved or opposed by opposing counsel (agreement by counsel of a request for leave is not binding on the Court).

    c. The parties should not submit proposed orders in conjunction with routine motions, *e.g.* motions for extension of time and motions to modify the scheduling order. The parties shall submit proposed orders in conjunction with all motions, other than dispositive motions, in which a specific, substantive ruling is sought by the Court, *e.g.* motions for entry of consent judgment, motions for temporary restraining order, motions for entry of a preliminary injunction, and motions for entry of a protective order. Such proposed orders shall be emailed in Word format to the Courtroom Deputy at Tracey_Peters@mow.uscourts.gov.

    d. The dispositive motion date, final pretrial conference date, and trial date shall be

changed only by leave of Court.

e. Any questions about this scheduling order or the procedures to be followed when practicing in this division should be directed to the Courtroom Deputy, Tracey Peters, at Tracey_Peters@mow.uscourts.gov.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 4, 2026

8

Case 4:23-cv-00788-SRB    Document 864    Filed 02/04/26    Page 8 of 8