UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, *et al*.,<br><br>Defendants. | Civil Action No. 4:23-cv-00788-SRB |

## ORDER GOVERNING THE TAKING OF DEPOSITIONS

### I. GENERAL GUIDELINES AND SCOPE

1. This Order Governing the Taking of Depositions (the "Deposition Protocol") will govern the taking of fact depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure and the United States District Court for the Western District of Missouri Local Rules.

2. This Deposition Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence except to the extent those rules are specifically modified herein.

3. The Parties presume that this Deposition Protocol will govern the taking of expert depositions in addition to fact depositions. Unless and until the Court enters a separate order governing expert depositions that provides for different procedures, the terms of this Deposition Protocol also will apply to expert depositions.

- 1 -

## II. DEFINITIONS

4. "Attending Counsel" shall mean legal counsel for a Party or for the Witness who is not Deposing Counsel or Defending Counsel, but who is attending a deposition.

5. "Defending Counsel" shall mean the legal counsel of the Party, Parties, or Third Party defending a deposition in this litigation. In the event a Third-Party Witness does not have counsel, then "Defending Counsel" shall mean the Witness himself or herself.

6. "Deposing Counsel" shall mean the legal counsel of the Party or Parties noticing and taking a deposition in this litigation. For clarity, Deposing Counsel does not include any legal counsel who does not notice or cross-notice a deposition but is afforded reasonable time to ask follow-up questions of the deponent.

7. "Lead Counsel" shall mean a single designated Deposing Counsel, a single designated Defending Counsel for the Witness, and for all other Attending Counsel that are neither the Deposing Counsel nor Defending Counsel, one designated legal counsel for each Party attending the deposition. For clarity, the attorney for each Party who will present the witness or question the witness shall be specifically designated as Lead Counsel.

8. "Noticing Party" means a Party that noticed a deposition of a Witness pursuant to Federal Rule of Civil Procedure 30 or Federal Rule of Civil Procedure 45.

9. "Platform" means any computer program, application, or other technology or combination of technologies that enables the Parties to conduct a Remote Deposition in accord with this Protocol.

10. "Remote Deposition" means any deposition by oral examination conducted using a Platform pursuant to Federal Rules of Civil Procedure 27, 30, or 45 where all of the participants—including Deposing Counsel, Defending Counsel, Attending Counsel, the Witness,

- 2 -

court reporters, or videographers—are not physically present in the same location at the time the deposition is taken.

11. "Third Party" or "Third-Party Witness" shall mean all natural or legal persons that are not Parties, current or former employees of Parties who are represented by Parties' counsel, nor persons retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a deposition in this litigation.

12. "Witness" means the person, including Third Parties, whose deposition has been noticed in this litigation or any person designated to appear to give testimony pursuant to Federal Rule of Civil Procedure 30(b)(6).

### III. AGREEMENT TO CONDUCT DEPOSITIONS

13. The Noticing Party shall have absolute discretion to notice a deposition to occur either In-Person or Remotely. The Noticing Party, shall, at the time of noticing the deposition, indicate whether it intends to take the deposition In-Person or Remotely. The Noticing Party may change its indication of whether the deposition will occur In-Person or Remotely, but absent good cause, must indicate that change no later than 14 days before the deposition.

14. If any Party or Third-Party Witness objects to the taking of the deposition by remote means, it must notify the Noticing Party, in writing, of the objection within five (5) days of receiving the Noticing Party's notice of its intention to take a Remote Deposition. If any such objection cannot be resolved by the Parties and/or Third Party(ies), the Noticing Party may raise the dispute to the Court for resolution in compliance with Local Rule 37.1. The parties agree, subject to any objection of a Third-Party Witness, that the Party objecting to the taking of a Remote Deposition shall bear the burden of demonstrating specific good cause why the deposition in question should not proceed remotely, and why a Remote Deposition would unduly prejudice the objecting Party.

15. Deposing Counsel, Defending Counsel, and all Attending Counsel shall provide their respective email addresses and all email addresses of attendees from their Party, including the email address of the Witness or the Witness's Counsel, and all other persons intending to attend the deposition no later than two days before the deposition. In lieu of providing the Witness's email address, Defending Counsel may elect, upon notice to the Noticing Party, to forward the email invitation and other relevant information to the Witness directly. If a Party or Third Party has more than one attorney attending the deposition, the Party and/or Third Party shall specifically identify who will be its Lead Counsel.

16. The Parties agree that video recordings and/or transcripts of Remote Depositions may be used and relied upon to the same extent that a video recording and/or transcript of an in-person deposition may be used or relied upon, and hereby expressly waive their right to object to any Remote Deposition based on the fact that the deposition was taken using remote means. The Parties reserve all other objections to the use of any Remote Deposition testimony.

## IV. SCHEDULING OF DEPOSITIONS

17. Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing, and taking of depositions.

18. All Parties agree to meet and confer in good faith with regard to any disputes concerning the scheduling of Depositions.

19. The Noticing Party shall bear the expense of videotaping and stenographic recording.

20. Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically via email.

21. Any subpoenas for deposition testimony shall be served on deponents as required by law, but copies may be served electronically via email on all Parties. The Party serving a

subpoena requesting the deposition of a non-party will contemporaneously provide the opposing Parties with the as-served copy of the subpoena via email. Any Party that did not serve the deposition notice on the non-party may cross-notice the non-party's deposition at least seven (7) days before the deposition. The Parties shall coordinate with each other and the Witness (or counsel for the Witness) on scheduling the deposition. Counsel for the Noticing Party shall serve a copy of this Order along with the subpoena to any non-party whose deposition is noticed.

22. In response to any notice or request for deposition, if the deponent is a former employee of any Party, counsel for that Party shall, within seven (7) Days after receiving the notice or request for deposition, inform Deposing Counsel whether counsel for the Party is representing the former employee and will accept service of the notice or request in lieu of a subpoena.

23. <u>A formal deposition notice is not required to start the process to request a deposition. Once the requesting Party seeks or provides one or more specific proposed dates for</u> Deposition, the responding Party will use reasonable efforts to reply to the Party requesting the Deposition within seven (<u>7</u>) Days of the request. In responding, the responding Party will accept one of the originally proposed dates or counter-propose at least two alternative dates, using reasonable efforts to propose dates that fall within (10) days after the latest originally proposed date.

24. Upon request, the Parties will work together in good faith about the possibility of arranging for hybrid depositions where counsel may attend in-person depositions remotely. Unless otherwise agreed to by the Parties, the conduct of an in-person deposition will not change if certain counsel elect to attend remotely.

V. INTERPRETERS

25. Counsel for any Witness shall give prompt notice to the Noticing Party if an interpreter will be required, and such prompt notice shall be given within fourteen (14) days of

receipt of the deposition notice or subpoena. In the event that an interpreter is required, the Noticing Party shall arrange for the participation of an official "lead" interpreter.

26. In the event that a "check interpreter" attends the deposition, such interpreter shall refrain from any interaction with the lead interpreter, except where a proposed correction to the accuracy of a translation is necessary. In that event, the colloquy between the check interpreter and lead interpreter shall be translated into English and confined to the extent necessary to address the concern of the check interpreter. The lead interpreter shall have discretion to decide whether to correct any translation, subject to objection by any Lead Counsel. Absent agreement by the Parties, the lead interpreter shall not participate in the preparation of any Witness for that Witness's deposition or for the preparation of Defending Counsel or Deposing Counsel for that Witness's deposition, except that Deposing Counsel may provide the lead interpreter with a list of specialized terms and/or abbreviations that may appear repeatedly during the deposition. The check interpreter shall be permitted to provide interpretation services for counsel during confidential communications with the Witness.

27. An objection to the interpretation of any question or answer must be stated briefly and recorded on the record. All objections (not only to the interpretation of any question or answer) and colloquy between counsel should be interpreted for non-English speaking deponents so those witnesses have the opportunity to understand what is happening.

## VI. DURATION OF REMOTE DEPOSITIONS

28. The Remote Deposition shall not commence until all Lead Counsel have been joined to the electronic "room" in which the deposition will take place.

29. Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of the Remote Deposition shall not count against the seven hours allowed for a deposition under the Federal Rules of Civil Procedure.

30. Each Lead Counsel has the right to have clear audio and video. Once the deposition begins, if a Lead Counsel becomes disconnected from the deposition, either audio, video, or both, that fact shall be noted on the record as soon as the Parties become aware and the deposition must immediately be suspended until that attorney has re-joined and has full access to both audio and video. The suspended time will not count against the seven (7) hour time limitation in Rule 30(d)(1). For clarity, the suspension of time will not apply to any Attending Counsel or other participant that is disconnected and is not designated as Lead Counsel for the deposition.

31. The court reporter will provide a telephone number for use by the participating attorneys to inform the court reporter if a Lead Counsel becomes disconnected or is otherwise experiencing technical difficulties.

32. Any portion of the deposition that has been transcribed while a Lead Counsel is absent or experiencing technical difficulties must be read again into the record upon the resolution of the technical difficulty and the Lead Counsel must be given an opportunity to object to any questions or answers that occurred in his or her absence.

## VII. THE TECHNOLOGY TO BE USED FOR REMOTE DEPOSITIONS

33. Any Platform must allow for the court reporter to accurately record, and for all participating attorneys and the court reporter to hear and see, the Witness, Deposing Counsel, Defending Counsel, and Lead Counsel, and any exhibits that are introduced on the Platform during the Remote Deposition.

34. Any selected Platform must (a) have a web based option and not require the installation of any applications for use and (b) limit access to the Platform only to those participants agreed upon by the Parties.

35. Unless otherwise agreed, the Platform of the Noticing Party who first noticed the deposition shall be used for that Remote Deposition, and that original Noticing Party shall be

- 7 -

Case 4:23-cv-00788-SRB    Document 871    Filed 02/19/26    Page 7 of 14

responsible for paying for the use of that Platform for that Remote Deposition. The Noticing Party shall be responsible for providing a copy of this Deposition Protocol to the Vendor at least three business days in advance of the first Remote Deposition for which that Vendor is engaged.

36. The Platform for a Remote Deposition will be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record or for participation of counsel without the Witness. Conversations in the breakout rooms shall not be recorded.

37. The Noticing Party shall be responsible for arranging the taking of a Remote Deposition with the Vendor and ensuring that email invitations to attend the deposition remotely are sent to the Witness and participating attorneys.

38. Upon the request by any Party, the Witness, or Defending Counsel, which request shall occur no less than 24 hours before the deposition is set to begin, a Noticing Party whose Platform is to be used to conduct the Remote Deposition shall arrange for the Witness and all participating attorneys to have the ability to participate in a test run of the Platform. The Defending Counsel shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform, including but not limited to a computer with an internet speed of at least 1.5 Megabits per second; a webcam; and a phone, USB microphone, headphones with a microphone, or other technology sufficient to ensure the transmission of high-quality audio (and video, if applicable) via the Platform. The Parties may, by agreement, modify any of the requirements in this Paragraph.

39. Remote Depositions subject to this Protocol shall be recorded by stenographic means at the expense of the Noticing Party. The deposition may also be recorded by audiovisual means at the election of either side, at the electing side's expense. To ensure admissibility, the Party electing to record the deposition by audiovisual means shall retain a videographer or audio

- 8 -

Case 4:23-cv-00788-SRB    Document 871    Filed 02/19/26    Page 8 of 14

recorder and not rely on the Platform to record either audio or video of the Remote Deposition. No Party or person other than the court reporter, videographer, and/or audio recorder shall record any portion of the Remote Deposition. This prohibition extends to capturing images, audio, or footage by any means, including but not limited to taking screenshots, audio recordings, videos, or pictures of the proceedings.

40. The Witness, the single designated Deposing Counsel, and single designated Defending Counsel all must be visible via video on the Platform while the Remote Deposition is being conducted. All other Defending Counsel, Deposing Counsel, and Attending Counsel will remain muted and off video unless they have an immediate need to speak. Any video recording shall be conducted with the camera focused on the Witness, not Deposing Counsel, Lead Counsel, or Defending Counsel or any of the other attendees.

41. Any costs associated with providing the Platform for the taking of a Remote Deposition shall be the responsibility of the Noticing Party whose Platform is being used for the Remote Deposition. Other Parties will still bear their own costs for copies of transcripts and copies of video recordings (if applicable) from any deposition.

42. Any Party may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner. The Party electing to have a technical specialist attend shall be responsible for any expense associated with the technical specialist.

43. Due to known iPad-related technical issues, the Parties agree that no Witness, Deposing Counsel, Defending Counsel, or Attending Counsel will rely solely on an iPad to participate in a Remote Deposition. To be clear, any Witness, Deposing Counsel, Defending Counsel, or Attending Counsel must have a laptop computer or other device available for use during the Remote Deposition in the event that any iPad presents any technical issues.

## VIII.  EXHIBITS

44.     Pursuant to Fed. R. Civ. P. 30(f)(2), Deposing Counsel and Lead Counsel, shall be responsible for ensuring that any exhibits that counsel wishes to mark and use at a Remote Deposition can be shown to the Witness in a manner that enables the Witness, the court reporter, and counsel for all Parties to review the exhibits in their entirety during the course of the deposition.

45.     The preferred method of marking and using exhibits for a Remote Deposition is through the Remote Deposition Platform, which shall enable Deposing Counsel and Lead Counsel to share exhibits in their entirety with the Witness, court reporter, Defending Counsel, and Attending Counsel.

46.     Regardless of the method of delivery, Deposing Counsel, Attending Counsel, and any other Counsel examining the Witness, respectively, shall each be responsible for ensuring that all received exhibits or unused documents are deleted, destroyed, or returned at the conclusion of the Remote Deposition.

47.     The Witness, Defending Counsel, Attending Counsel, and any persons not affiliated with the Deposing Counsel other than the Vendor shall not review any exhibit until it is introduced as an exhibit by the Deposing Party at the Remote Deposition. No Witness, Defending Counsel, or Attending Counsel shall retain any copies of documents sent in advance of but not used during the deposition. If exhibits are provided to the Third-Party Witness either by hard copy or by electronic means other than through the Platform, the Deposing Counsel or Lead Counsel sending those exhibits shall provide a copy of the Stipulated Protective Order (ECF 368) and Exhibit A of the Stipulated Protective Order to be signed and returned by the Third-Party Witness or Defending Counsel.

48. If the Platform for a Remote Deposition does not permit the court reporter to mark exhibits remotely, Deposing Counsel or Lead Counsel shall be responsible for marking exhibits and ensuring that such marks are communicated to the court reporter and all participating attorneys on the record during the Remote Deposition.

49. If, during the course of questioning, a Witness annotates or otherwise modifies an exhibit at the request of counsel, the modified exhibit shall be marked as a new exhibit with a distinct exhibit number.

50. The Court will impose appropriate sanctions against counsel who fail to act in good faith in compliance with the protocol.

## IX. COMPLIANCE WITH THE FEDERAL RULES

51. As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the Witness.

52. A Remote Deposition will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer attends the deposition via the same Platform used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

53. Notwithstanding any other rule to the contrary, the Parties agree that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness or located in the same state. Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the parties agree that the convenience of the parties warrant proceeding remotely and that the transcripts may be used by or against all parties in this litigation to the same extent as if taken in person and with an authorized court reporter.

54. Notwithstanding any other rule to the contrary, the Parties stipulate that no Witness shall be required to have their signing of the errata sheet notarized to be deemed effective.

55. Deposing Counsel, Attending Counsel, and Defending Counsel respectively shall be responsible for ensuring that they have a means of communicating with co-counsel or the Witness, as appropriate, during breaks in the deposition. The Parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications among co-counsel during the Remote Deposition.

### X.   MISCELLANEOUS PROVISIONS

56. The Witness, Deposing Counsel, and Defending Counsel will enable both an audio and video connection at all times during a Remote Deposition. The audio connection shall be muted when appropriate, but the video connection shall remain active, with the camera turned on, at all times during a Remote Deposition, except during breaks so long as the Platform connection is maintained.

57. If privileged information is disclosed during a Remote Deposition inadvertently as a result of a technical disruption or other technical issue, such disclosure shall not be deemed a waiver of privilege.

58. No person may be physically located in the same room as the Witness during the taking of a Remote Deposition except for (a) a non-attorney who is present solely for the purpose of providing technical assistance to the Witness in using the Platform, or (b) Defending Counsel, provided that all present Defending Counsel are on camera during the taking of the deposition, except during designated breaks. At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the Deposition must be identified for the record. Any person joining or leaving the Deposition after its beginning must be identified at the time of his or her arrival or departure.

59. During a Remote Deposition, the Witness may not communicate with any person, except through the Platform, to obtain information in connection with his or her testimony, without the express consent of counsel for all parties participating in the deposition, by any means, including through gestures, handwritten communications, email, chat, instant messaging, or text messaging. As referenced in Paragraph 30, all private chat features provided in a Platform must be disabled. This restriction does not apply to conversations between the Witness and Defending Counsel during breaks or other recesses not on the record; such conversations can occur in breakout rooms provided by the Platform or other means, to the extent such breaks or recesses and any such conversations taking place during them occur in the manner permitted under applicable federal and local rules and procedures. Notwithstanding the requirements of this Paragraph 59, a Witness may consult privately with Defending Counsel for the purpose of determining whether a privilege should be asserted so long as the Witness or Defending Counsel states on the record that such consultation is occurring. For the avoidance of any doubt, and in keeping with normal deposition practice, Deposing Counsel, Defending Counsel, Attending Counsel, and Third Party Counsel may engage in private communications or discussion amongst themselves during a Remote Deposition, using any appropriate means (such as email, texting, etc.).

60. The Witness may not review, read, have before them, or otherwise access any document, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the Witness as exhibits during the Remote Deposition, without the express consent of counsel for all Parties. During the deposition, the Witness shall not consult any outside sources of information except through the Platform, to obtain information in connection with his or her testimony, without the express consent of counsel for all parties participating in the deposition, including but not limited to, cell phones, smart phones, computers, the Internet, text or

instant messaging services, emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn, unless requested by Deposing Counsel.

62. If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties make the completion of a Remote Deposition impracticable, the counsel for the Parties and the Witness shall resume the Remote Deposition within three (3) business days unless agreed otherwise.

62. Based on their experience under this Deposition Protocol and the needs of individual witnesses, (a) the Parties, or the Parties and any Third-Party Witness, may stipulate to modifications of this Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Protocol applicable to all depositions.

63. All persons attending Remote Depositions are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this Deposition Protocol who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending depositions taken pursuant to this Deposition Protocol shall undertake best efforts to ensure that they can do so in a space that is relatively free from distractions that would interfere with the deposition.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2026