| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, *et al.*, <br><br> Defendants. | Civil Action No. 4:23-cv-00788-SRB <br><br> [Consolidated with 4:23-cv-00945-SRB] <br><br> Hon. Stephen R. Bough <br><br> JURY TRIAL DEMANDED |

## STIPULATION AND PROTECTIVE ORDER REGARDING EXPERT DISCOVERY

1.      Plaintiffs and Defendants (collectively "Parties") to the above-captioned case (the "Action"), through their undersigned counsel, hereby stipulate and agree to modify the requirements of Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure, or any other potentially applicable law, rule, or regulation governing the Action, with respect to the scope of discovery in the Action concerning documents or information created in connection therewith by or on behalf of any witness whom a party ("Sponsoring Party") expects to use to provide expert testimony at trial or any hearing (a "Testifying Expert"), as set forth herein.

2.      This Stipulation and Order shall govern discovery related to Testifying Experts in this Action whose identities are required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(A) and this Stipulation and Order. The Parties agree that there shall be no discovery or disclosures with respect to any consulting expert retained by a current Party to this Action for purposes of this Action (a "Consulting Expert"), except to the extent that a Testifying Expert relies on any publication or other publicly disclosed materials created by a Consulting Expert who was paid, in whole or in part, in connection with that publication of those materials by a current or former Party

to this Action (or its parents, subsidiaries, or affiliates). In which case, the fact of such payment shall be disclosed and the Parties shall reserve their rights to seek discovery, including related to or directed at the consulting expert. To the extent this Stipulation and Order limits discovery that would otherwise be available pursuant to the Federal Rules of Civil Procedure, the Parties agree to abide by the limits set forth in this Stipulation and Order. Nothing in this Stipulation and Order constitutes an admission or concession that any of the information exempted from discovery by this Stipulation and Order would otherwise be discoverable or admissible. Further, nothing in this Stipulation and Order permits discovery of any information that would otherwise be protected from discovery by the attorney-client privilege, work-product doctrine, the common interest or joint-defense privilege, or other applicable privileges or protections.

3.     Each Sponsoring Party shall make all disclosures required by Rule 26(a)(2)(A) and (B)(i), (iii), (iv), (v), and (vi) of the Federal Rules of Civil Procedure, as modified by this Stipulation and Order, at the times provided by any applicable rules and Court order(s) governing the disclosure of expert testimony in this Action. Within five (5) calendar days of disclosing any expert testimony, including written reports, the Sponsoring Party(ies) shall produce to all Parties all facts, data and other information that the Testifying Expert relied upon in forming his or her opinion(s); provided, however, that to comply with this Paragraph, a Party need not produce, but may simply identify in writing, (i) the Bates ranges of documents or other information produced in this Action; (ii) the deponent names and dates for transcripts of depositions taken in this Action; (iii) the exhibit numbers of all exhibits from such depositions; and (iv) citations for publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other sources. To the extent the disclosures required by this Stipulation and Order describe or include exhibits, information, or data results generated, processed, or modeled by computer at the direction of a

2026-03-19 _FINAL_ Stip. and Protective Order (3504891.1)docx 3/19/2026

disclosed Testifying Expert and relied upon in forming his or her opinions, native and machine readable copies of the input data along with the appropriate computer program(s) and instructions (including a data dictionary if appropriate) sufficient to replicate such exhibits, information, and data results shall be produced to all Parties. All input data, computer program code, and instructions used to generate the exhibits, information, or data results relied upon by a disclosed Testifying Expert to form his or her opinion(s) shall be produced, except no Sponsoring Party need produce computer programs that are reasonably and readily commercially available but shall otherwise identify such programs to the other Parties.

4.  All electronic data, together with program(s) and instructions described in Paragraph 3, shall be made available within the five (5) calendar day period described therein, and shall be delivered by hand, overnight express, or electronic means (*e.g.*, FTP) to counsel for each Party.

5.  The following categories of data, information, or documents need not be preserved or disclosed by any Sponsoring Party and shall not be the subject of discovery, and no questions concerning their content or existence shall be permitted at any deposition, hearing, or trial, so long as the Testifying Expert did not rely on them in forming his or her disclosed opinion(s) or other testimony:

(a)  draft reports, draft studies, draft work papers, or notes of any kind on drafts; preliminary or intermediate calculations, computations, or data runs; or other preliminary, intermediate or draft materials created, prepared, or provided, by, for, or at the direction of a Testifying Expert in connection with the Action (including any such materials prepared by (i) persons working under the Testifying Expert's supervision, (ii) the Sponsoring Party or its

counsel, including agents and/or consultants of counsel, or (iii) other agents or consultants of the Sponsoring Party);[1] and

      (b)    any oral or written communication, or document constituting or reflecting any oral or written communication, between or among the Testifying Expert (or persons supporting the Testifying Expert) and some or all of the persons listed below:

      i.    Testifying Expert and the Testifying Expert's assistants and/or clerical or support staff;

      ii.    one or more other Testifying Experts or non-testifying expert consultants, and/or their assistants and/or clerical or support staff; and

      iii.    the Sponsoring Party, including any attorney, agent or consultant of the Sponsoring Party.

6. This Stipulation and Order does not impose any independent obligation to retain the information covered by Paragraph 5 herein.

7. This Stipulation and Order also does not preclude reasonable questions at deposition related to an expert witness's compensation, or to the number of hours the expert witness expended in preparing his or her opinion(s).

8. Further, nothing herein shall be construed to prevent questions relating to the substance of the Testifying Expert's opinion(s) (including alternative theories, methodologies, variables, or assumptions that the expert witness may not have relied upon in formulating his or her opinions). Thus, notwithstanding anything to the contrary herein, a Testifying Expert may be presented at deposition, hearing, or trial with documents, testimony, or other materials not

---

[1] For the avoidance of doubt, nothing in this paragraph 5(a) is intended to limit in any way the protections of Federal Rule of Civil Procedure 26(b)(4)(B).

contained in his or her expert report and questioned about whether the Testifying Expert relied or did not rely on such documents, testimony, or other materials in formulating his or her opinion(s), and whether such documents, testimony, or other materials would cause the Testifying Expert to alter her or his opinion(s) in any respect.

9.      Nothing herein shall limit or waive any Party's right to object to the admission into evidence of any report or opinion(s) or other materials of an opposing Party's Testifying Expert, or to the qualification of any person to serve as an expert witness.

10.     Nothing herein relieves a Party's Testifying Expert or non-testifying consultant from complying with the requirements of the Stipulated Protective Order entered in this Action on July 26, 2024 (Dkt. No. 368).

11.     No subpoena for deposition or documents need be served on any Testifying Expert. Instead, the Sponsoring Party shall make the Testifying Expert available for a deposition at a time and place mutually agreeable to the Parties and shall produce documents in accordance with the terms of this Stipulation and Order.

12.     This Stipulation and Order may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

13.     This Stipulation and Order may be executed in counterparts and shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

**IT IS SO ORDERED.**

*/s/ Stephen R. Bough*
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: March 23, 2026

2026-03-19 _FINAL_ Stip. and Protective Order (3504891.1)docx 3/19/2026