# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

DON GIBSON, et al., on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

THE NATIONAL ASSOCIATION OF REALTORS, et al.,

      Defendants.

Case No. 4:23-cv-00788-SRB

## JND LEGAL ADMINISTRATION'S SUBMISSION IN RESPONSE TO MAY 22, 2026 ORDER TO SHOW CAUSE

Non-Party JND Legal Administration ("JND") provides this submission in response to the Court's May 22, 2026 Order to Show Cause (Doc. 920; the "OSC").

By its OSC, the Court asked "why the Court should not appoint a special master under Federal Rule of Civil Procedure 53 to audit past and future JND bills." A special master audit of the extensive work JND has performed in this case would be potentially costly for the class/parties and a lengthy, burdensome process for all involved. Accordingly, while JND does not know what prompted the Court to issue this OSC, JND respectfully submits the accompanying declaration from Jennifer Keough, CEO and co-founder of JND, which it hopes may alleviate any concerns the Court has before it resorts to ordering a special master audit.[1]

As the Court is aware, JND has been forthcoming with disclosures whenever the Court has asked, including that it has provided prior declarations from Ms. Keough along with a statement of its bills as directed by the Court. JND is confident that any inquiry into its work and charges in

---

[1] Ms. Keough's Declaration is attached as **Exhibit A**.

this case will confirm that it has properly performed its administrator role professionally, in accord with counsel's direction, and without engaging in any impropriety—and JND intends to continue to follow the Court's directives to provide the transparency necessary to show the appropriateness of its conduct and invoices.

As such, while JND respectfully submits that a special master's audit of its bills is unnecessary and hopes that the expense and burden of such a process might be avoided, if the Court determines to proceed, JND would plan to cooperate to submit its bills and other relevant information related to this case to the Court (or an appointed special master) as necessary for the audit.

This Court already has a Protective Order in place in the case (Doc. 368), and JND will need to be able to invoke the protections of that Order for an audit of its bills given the competitive nature of the information it would provide. JND's pricing, rates, margins, and other information revealed within materials that may be requested for an audit are highly commercially sensitive. JND carefully protects the confidentiality of this information, as it would provide an undue competitive advantage for JND's competitors if they knew these details of JND's operations (and, *e.g.,* could leverage them to underbid JND in competitive RFPs). Thus, it is imperative that the competitively-sensitive, proprietary, and confidential information JND would provide for an audit be protected from potential disclosure to competitors by appropriate designations under the Court's Protective Order.

2

DATED: June 17, 2026                    Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By: */s/ Stacey R. Gilman*
    Stacey R. Gilman, MO Bar #55690
    2600 Grand Boulevard Suite 1200
    Kansas City, Missouri  64108
    Telephone:  (816) 561-7007
    Facsimile:   (816) 561-1888
    sgilman@berkowitzoliver.com

***Attorney for Non-Party JND Legal Administration***

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th Day of June, 2026, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which gave notice to all counsel of record.

/s/ Stacey R. Gilman
**Attorney for Non-Party JND Legal Administration**