UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE NATIONAL ASSOCIATIONS OF REALTORS, *et al.*,<br><br>Defendants. | Civil Action No. 4:19-CV-00332-SRB<br><br>Hon. Stephen R. Bough |
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, on behalf of themselves and all others simply situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE NATIONAL ASSOCIATIONS OF REALTORS, *et al.*,<br><br>Defendants. | Civil Action No. 4:23-CV00788-SRB<br><br>[Consolidated with 4:23-CV-00945-SRB]<br><br>Hon. Stephen R. Bough |

# ***LIMITED OBJECTIONS TO ENFORCEMENT OF PARAGRAPH 8(iv) OF THEIR APPENDICES TO REALTOR® MLS OPT-IN AGREEMENTS AND REQUEST FOR CLARIFICATION AND PROTECTIVE CONDITIONS PURSUANT TO THE COURT'S ORDER DATED AUGUST 6, 2026, DOC. # 1742 (00332) & Doc. # 935 (00788)***

COME NOW Non-Parties, Cooperative Listing Service of Cheyenne, Inc., Northwest Wyoming Board of REALTORS®, Multiple Listing Service of Teton County Board of

REALTORS®, Inc., Sheridan County Board of REALTORS®, Wyoming MLS, Northeast Wyoming Realtor Alliance, and Laramie Board of REALTORS® (collectively, the "Wyoming Parties"), by and through their undersigned counsel, and hereby submit their Limited Objections to Enforcement of Paragraph 8(iv) of their Appendices to REALTOR® MLS Opt-In Agreements and Request for Clarification and Protective Conditions Pursuant to the Court's Order Dated August 6, 2026, Doc. # 1742 (00332) & Doc. # 935 (00788).

The Wyoming Parties do not seek to avoid their reasonable cooperation obligations under their respective REALTOR® MLS Opt-In Agreements ("Appendices"). They object, however, to being deemed to have given blanket and irrevocable authorization for an unidentified third-party to produce an undefined universe of the Wyoming Parties' data, without prior disclosure of the subpoena or request and reasonably particular descriptions of the categories and time period of data sought, the intended recipients and uses of such data, the allocation of production costs, and the confidentiality protections that will govern the production. The Wyoming Parties therefore request clarification and narrowly tailored protective conditions before any production is deemed authorized.

***BACKGROUND***

Each of the Wyoming Parties executed Appendices to opt into the Settlement Agreement involving the National Association of REALTORS®. The Appendices incorporate defined terms from the Settlement Agreement and bind a stipulating MLS to specified practice changes and cooperation obligations.

Paragraph 8(iv) of the Appendices provides that the subject MLS will "stipulate that Plaintiffs have the consent to obtain from third parties relevant class member and listing data to

support the provision of class notice, administration of any settlements, or the litigation of the Actions."

The Court's Order dated August 6, 2026 establishes a procedure to address enforcement of Paragraph 8(iv). It provides that an opt-in MLS that does not timely object will be deemed to have authorized in writing the production by third parties of the MLS' data and that such production will be deemed authorized by Court order.

The notice received by the Wyoming Parties states generally that Plaintiffs have sought production from third parties, including MLS platform providers. The materials presently provided to the Wyoming Parties do not identify any specific subpoena or other particularized request directed to its platform provider, the specific data sought, the relevant time period, the requested format, the anticipated burden or expense, or whether Plaintiffs contend that any request encompasses confidential, proprietary, personal, private, archived, nonpublic, or security-sensitive information.

The Wyoming Parties use various third-party platform providers to assist them with the compilation of MLS related data. As of the communications presently available to the Wyoming Parties, the subject providers have yet to receive a formal subpoena requesting the production of documents or a custodian of records for deposition.

The NAR has circulated a protective order that was entered in the *Gibson* case on July 26, 2024 and suggested that the MLS consider directing their third-party platform providers to designate requested information under an appropriate confidentiality designations under the order. However, the Wyoming Parties were not included in the drafting process of that protective order and have not been provided sufficient request-specific information pursuant to any subpoenas to

determine whether the protective order currently in place and its available designations adequately protect every category of its data that may be sought.

## ***LIMITED OBJECTIONS***

The Wyoming Parties do not object to reasonably tailored, relevant, and properly protected production that falls within the scope of their contractual cooperation obligations under the Settlement Agreement. The Wyoming Parties do object to enforcement of that agreement through a blanket authorization mandating production of data before any actual request for documents is received by the Wyoming Parties and before the Wyoming Parties have had a meaningful opportunity to evaluate the scope, relevance, confidentiality, burden, and expense associated with any given request for documents.

Federal Rule of Civil Procedure 30, subsections (b)(2) and (6), govern subpoenas to non-parties for deposition and the production of documents. The rule provides, in relevant part, that the subpoena "must describe with reasonable particularity the matters for examination." *See* Fed. R. Civ. P. 30(b)(6) (emphasis added); *see also Shearin v. Charter Commc'ns, Inc.*, Case No. 1:25-cv-00083-SNLJ, 2026 U.S. Dist. LEXIS 59085 at *9–11 (E.D.Mo. Mar. 20, 2026) ("When the notice is overbroad, the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible.") (internal quotations omitted). Requests for documents must be reasonable in terms of relevancy, time, scope, and geography. *See id*.

The scope of discovery remains within the broad discretion of the trial court *Misc. Docket Matter 1 v. Misc. Docket Matter 2*, 197 F.3d 922, 925 (8th Cir. 1999). However, "district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. at 926

(internal quotations omitted). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Id*. at 927 (internal quotations omitted).

In this case, the phrase "relevant class member and listing data" in paragraph 8(iv) of the Appendices is entirely non-descript and violates the reasonable particularity requirements of Rule 30(b)(6). Without the subpoena or request present for consideration, the Wyoming Parties cannot determine what data Plaintiffs seek, whether the request is limited to relevant information, whether it includes material outside the contemplated scope, whether the information is confidential and requires confidential designation, or whether narrower or less burdensome means are available.

The notice procedure should not be construed to authorize categories of data never identified to the Wyoming Parties or to eliminate request-specific protections ordinarily available to the owner, custodian, or affected party, such as the right to object to the subpoena and seek an individualized protective order or designate under the blanket *Gibson* protective order. A general advance stipulation to obtain relevant data does not meaningfully resolve disputes over what data is relevant, who possesses it, the period covered, the method and cost of collection, or the protections required for sensitive information as it relates to any given one of the Wyoming Parties.

The Wyoming Parties also have legitimate confidentiality and data-stewardship concerns. In this regard, the Federal Rules of Civil Procedure provide non-parties with the right to an adequate opportunity to challenge and object to the scope of a subpoena on the grounds that documents requested by the subpoena constitute trade secrets or confidential information, and that such non-party may seek to obtain appropriate protection against wholesale disclosure of the same. *See* Fed. R. Civ. P. 45(d); *EnviroPak Corp. v. Zenfinity Capital, LLC*, Case No. 4:24-cv-00754-ERW, 2014 U.S. Dist. LEXIS 132499 *7 (E.D.Mo. Sep. 22. 2014) (Rule 45 permits district courts,

in order to protect a person subject to or affected by a subpoena, to modify or quash a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information); *Misc. Docket Matter 1*, 197 F.3d at 925 (same as to privacy rights of third parties).

Here, the Wyoming Parties' databases contain nonpublic listing information, historical fields, participant and subscriber information, private remarks, photographs and other media, and information supplied under MLS rules and contractual arrangements with private individuals. The Wyoming Parties cannot adequately assess appropriate redactions, field limitations, confidentiality designations, or safeguards for private individuals unless the contemplated production is identified beforehand in clear and particular terms.

While the protective order currently in place in *Gibson* may provide an appropriate framework for some information requested by a subpoena to the Wyoming Parties, the protective order may not address all possible situations presented by a subpoena. For example, the current protective order does not appear to establish which confidentiality designation Plaintiffs or any of the Wyoming Parties' third-party platform providers will apply, whether highly sensitive categories will be included, whether information will be filed publicly, how that information will be handled after its use, or whether the Wyoming Parties as non-parties to the lawsuit will receive advance notice of any proposed use or disclosure inconsistent with the designation.

A limited objection and clarification procedure will preserve Plaintiffs' ability to obtain relevant information while protecting Wyoming Parties from undefined, overbroad, unnecessary, or inadequately protected production. It will also permit the parties to address the request concretely rather than litigating hypothetical disputes. The Wyoming Parties should have the right to negotiate their own protective order and terms by which they will produce confidential information in response to any particularized subpoena or request for documents.

In conclusion, any order forcing a pre-emptive blanket authorization is procedurally improper because it deprives the Wyoming Parties of their right to evaluate and object to specific discovery requests on the grounds of relevance, privilege, burden and expense, and confidentiality. By permitting discovery to bypass the case-by-case balancing of utility against burden, such an order violates the mandates of the Federal Rules of Civil Procedure and circumvents the protections established by controlling Eighth Circuit precedent.

***REQUESTED RELIEF***

The Wyoming Parties respectfully request that the Court sustain their limited objections and order that no production of the Wyoming Party data be deemed authorized unless and until the following conditions are satisfied:

a. Plaintiffs provide the Wyoming Parties and their counsel with a copy of each subpoena, request, or demand seeking Wyoming Party data from a third party, together with any instructions, definitions, specifications, attachments, or correspondence concerning the requested production;

b. The request identifies the third-party recipient, the specific categories or fields of data sought, the relevant time period, the proposed production format, and the purpose for which the data is sought;

c. The Wyoming Parties receive reasonable advance notice before production and a meaningful opportunity to confer and object, if necessary, regarding scope, relevance, burden, expense, privilege, privacy, proprietary information, and confidentiality;

d. Production is limited to relevant class-member and listing data within Paragraph 8(iv), is no broader than reasonably necessary for the stated purpose, and excludes privileged information and information outside the scope of the request;

e. Plaintiffs and the producing third party apply the July 26, 2024 *Gibson* protective order, including an appropriate confidentiality designation, to all nonpublic Wyoming Party data, without prejudice to Wyoming Parties seeking heightened protection for particular categories;

f. No confidential Wyoming Party data is filed publicly or disclosed outside the persons and purposes permitted by the protective order, absent advance notice to the subject Wyoming Party and further order of the Court;

g. Reasonable measures are used to redact or otherwise protect personal, private, proprietary, and security-sensitive information not necessary to the stated purpose;

h. The Wyoming Parties are not required to bear third-party extraction, processing, or production costs beyond any obligation expressly imposed by their Appendices, without further agreement or order; and

i. The Wyoming Parties retain the right to raise request-specific objections or seek additional protection after receiving any given subpoena or request and information sufficient to evaluate the contemplated production.

In the alternative, the Wyoming Parties request that the Court clarify that the August 6, 2026 Order deems consent only as to a particular request that has been disclosed to the MLS and determined to seek relevant data within Paragraph 8(iv), and that the Order does not waive request-specific objections concerning scope, relevance, privilege, confidentiality, burden, expense, or the manner of production.

***REQUEST FOR CONFERENCE AND RESERVATION OF RIGHTS***

The Wyoming Parties are prepared to confer promptly with Plaintiffs, NAR, and the relevant third-party platform providers to determine whether the matter can be resolved through a

defined request and agreed protective conditions. The Appendices also provide a mechanism for mediation of unresolved disputes concerning the agreement. Because the Court's Order requires a timely objection, the Wyoming Parties are filing these objections to preserve their rights while remaining willing to pursue an expedited consensual resolution.

The Wyoming Parties reserve the right to supplement these objections after receiving any specific subpoenas or requests for documents, the relevant vendor agreement and response, and sufficient information concerning the categories, period, use, custodians, format, burden, costs, and confidentiality treatment of the proposed production.

WHEREFORE, Non-Parties Cooperative Listing Service of Cheyenne, Inc., Northwest Wyoming Board of REALTORS®, Multiple Listing Service of Teton County Board of REALTORS®, Inc., Sheridan County Board of REALTORS®, Wyoming MLS, Northeast Wyoming Realtor Alliance, and Laramie Board of REALTORS® respectfully request that the Court sustain their limited objections, impose the protective and clarification conditions stated above, direct the parties to confer promptly, and grant any such other and further relief as the Court deems just and appropriate under the circumstances.

*/s/ Maxwell L. Knudsen*

Nicholas P. Meriage #66077
Maxwell L. Knudsen #72886
PITZER SNODGRASS, P.C.
Attorneys for Wyoming Parties
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
Phone (314) 421-5545
Email: meriage@pspclaw.com
Email: knudsen@pspclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record or U.S. mail for parties not registered with CM/ECF, on this 13th day of August, 2026.

*/s/ Maxwell L. Knudsen*